Paul Anton Zevnik (I.D. No. 43453)
Dennis J. Valenza (I.D. No. 35130)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
215.963.5000 (telephone)
215.963.5001 (facsimile)
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, | **Civil Action No.** |
| *Plaintiffs,* | **COMPLAINT FOR BREACH OF CONTRACT; DECLARATORY JUDGMENT; AND OTHER RELIEF** |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation, | **Jury Trial Demanded** |
| *Defendants.* | |

Plaintiffs Blackwater Security Consulting LLC, a Delaware Limited Liability Company, and Blackwater Lodge and Training Center, Inc., a Delaware Corporation ("plaintiffs") for their complaint, upon knowledge as to their own acts and information and belief as to the acts of all others, allege as follows:

Dockets.Justia.com

## NATURE OF THIS ACTION

1.      This is an action for declaratory judgment, breach of contract and ancillary relief

against Westchester Surplus Lines Insurance Company ("Westchester"), Evanston Insurance

Company ("Evanston"), and Fidelity & Casualty Company of New York ("Fidelity"), and for

declaratory judgment against Liberty Insurance Underwriters, Inc. ("Liberty") (collectively

"defendants") under insurance policies (the "Insurance Policies") issued by defendants to

plaintiffs that cover plaintiffs against legal liability and which provide for a defense or the

reimbursement of defense costs for, among other things, a suit captioned *Nordan v. Blackwater

Security Consulting LLC, et al.,* originally filed in the Superior Court, Wake County, North

Carolina, removed to the United States District Court for the Eastern District of North Carolina

(Western Division), with the latter Court's August 11, 2005 Order remanding the action now

stayed on appeal to the United States Court of Appeals for the Fourth Circuit (No. 05-1049, CA-

05-48-5) (the "*Nordan* Suit"), that has been brought against plaintiffs.  The Insurance Policies are

attached hereto as Exhibits B (Westchester), C (Evanston), D (Fidelity), and E (Liberty).

2.      In the *Nordan* Suit, Richard P. Nordan, as Ancillary Administrator for the separate

Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J. K.

Batalona (collectively "decedents"), seeks damages for wrongful death and contract claims

arising from the murders of decedents on or about March 31, 2004 by Iraqi insurgents while

decedents were working in support of plaintiffs' contract serving the United States military effort

in Iraq.  A true and correct copy of the complaint in the *Nordan* Suit is attached hereto as Exhibit

A.  The injuries and damages alleged in the *Nordan* Suit took place during the policy periods of

the Insurance Policies.  The *Nordan* Suit was also brought against individuals whose defense

costs are being paid for by plaintiffs herein. This action embraces all defendants named in the *Nordan* Suit as "insureds" within the meaning of the Insurance Policies.

3.      Plaintiffs seek declaratory judgment and damages against defendants Evanston, Fidelity and Westchester for breach of contract under the Insurance Policies. Plaintiffs also seek damages against Westchester, Evanston, and Fidelity for: (i) failure or refusal to meet obligations to pay plaintiffs' costs and expenses of investigation and defense for legal liabilities that have been, and may in the future be, imposed by law upon plaintiffs, or (ii) having engaged in other breaches of insuring obligations, all in connection with the *Nordan* Suit.

4.      Plaintiffs also seek a declaration that the defendants are obligated pursuant to the terms of their insurance contracts to pay the costs and expenses including, without limitation, the costs of investigation, defense and legal liabilities arising from or in connection with the *Nordan* Suit.

5.      Plaintiffs also seek a declaration and order against defendants, pursuant to the terms of the Insurance Policies, that defendants are required to defend and indemnify plaintiffs including payment of judgments and settlements.

6.      Plaintiffs also seek declarations as to their rights under the Insurance Policies, in accordance with the contractual provisions of the policies, insuring obligations implied or imposed by law, and plaintiffs' reasonable expectations.

7.      Since on or before January 2005, plaintiffs have put defendants on notice of and have tendered to defendants the *Nordan* Suit and in doing so expected defendants to comply with their insuring obligations.

8.      Despite plaintiffs' timely notice and tender of the *Nordan* Suit to defendants, Westchester, Evanston, and Fidelity have failed or refused to defend, have failed or refused to

pay or reimburse defense costs of their insureds, and failed or refused to agreed to pay for the cost of defense and settlement of the *Nordan* Suit, as required by the Insurance Policies, or have otherwise breached their insuring obligations. By their actions, or refusal to act, Westchester, Evanston, and Fidelity have deprived plaintiffs of the protection they sought when they paid substantial premiums. By their actions, or failure or refusal to act, Westchester, Evanston, and Fidelity have needlessly placed plaintiffs' assets at risk. Moreover, the actions, or failures to act, of Westchester, Evanston, and Fidelity are in violation of Pennsylvania's Unfair Insurance Practices Act, 40 Pa. Stat. Ann. § 1171.5.

9.      Plaintiffs further seek damages for breach of contract against Westchester, Evanston, and Fidelity for their failure or refusal fully to meet their obligations to pay or reimburse plaintiffs' costs and expenses of investigation and defense for legal liabilities that have been, and may in the future be, imposed by law upon plaintiffs, or have engaged in other breaches of their insuring obligations, all in connection with the *Nordan* Suit.

10.      Plaintiffs also seek statutory and other remedies pursuant to Pennsylvania statutory law and any other applicable state statutory law, rule, or regulation.

11.      Plaintiffs have performed all acts necessary under the Insurance Policies identified in this complaint, specifically including (without limitation) payment of premiums and notice and tender of claims, which have been satisfied, among other things, by and through the filing of this complaint. All conditions to defendants' performance have been satisfied or performed by plaintiffs, or deemed satisfied, or their performance is or has been waived or excused by the conduct of these defendants or by operation of law.

12.      Plaintiffs, under legal compulsion, have paid and incurred, and will continue to pay and incur substantial expenses in defending against and investigating the *Nordan* Suit on

behalf of themselves and on behalf of all defendants named in the *Nordan* Suit (the "insureds"). Plaintiffs' unreimbursed defense and investigation costs exceed $75,000, exclusion of interest and costs, and plaintiffs' damages are continuing and increasing.  Plaintiffs contend that these expenses are covered in full by one or more of the Insurance Policies issued by defendants. Defendants dispute their obligations to plaintiffs.

13.    The amount of loss sought against insureds for the *Nordan* Suit is sufficient to invoke the coverages of each of the defendants' Insurance Policies pursuant to governing law and the "all sums" rule for allocation of loss.  *J.H. France Refractories Co. v. Allstate Ins. Co.*, 626 A.2d 502, 508-09 (Pa. 1993).

14.    Plaintiffs have tendered the *Nordan* Suit to Westchester, Evanston and Fidelity, and demanded payment under these defendants' Insurance Policies.  These defendants have refused to pay for the cost of defense of the *Nordan* Suit, as required under the explicit contract terms and have otherwise breached the contracts of insurance they sold or issued to plaintiffs.

### *JURISDICTION*

15.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

### *VENUE*

16.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because defendants are subject to this Court's personal jurisdiction as a result of (i) being licensed to do, and/or doing business in this District or (ii) being residents of this District, including (without limitation) the principal place of business of first-named insurer Westchester Surplus Lines Insurance Company.

## PARTIES

17.    Blackwater Security Consulting LLC is a company incorporated under the laws of the Delaware, with its principal place of business in Moyock, North Carolina.

18.    Blackwater Lodge and Training Center, Inc. is a corporation incorporated in Delaware with its principal place of business in Moyock, North Carolina.

19.    Westchester is an insurance company incorporated under the laws of the State of Georgia with its principal place of business in Philadelphia, Pennsylvania, in this judicial district. Westchester issued Commercial General Liability Policy No. GLW 778197 to Blackwater Security Consulting, LLC and Blackwater Lodge and Training Systems, Inc. for the annual policy period January 23, 2004 to January 23, 2005.

20.    Evanston is an insurance company incorporated under the laws of the State of Illinois with its principal place of business in Deerfield, Illinois. Evanston issued Professional Liability Policy No. EO 819173 to Blackwater Lodge and Training Center, Inc. and Blackwater Security Consulting, LLC, for the annual policy periods March 17, 2003 to March 17, 2005.

21.    Fidelity is an insurance company incorporated under the laws of the State of South Carolina with its principal place of business in Chicago, Illinois. Fidelity issued International Voluntary Workers Compensation and Employers Liability Policy No. DBA 22 390 1731 to Blackwater Security Consulting, LLC for the policy period March 18, 2004 to June 18, 2004.

22.    Liberty is an insurance company incorporated under the laws of the Commonwealth of Massachusetts with its principal place of business in New York, New York. Liberty issued Commercial Umbrella Liability Policy No. LQ1-B71-200233-014 to Blackwater Lodge and Training Center, Inc. for the policy period January 27, 2004 to January 23, 2005.

### INSUREDS' DAMAGES

23.     The *Nordan* Suit brought against plaintiffs alleges breach of contract and wrongful death arising from the murders of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalonoia ("decedents") by Iraqi insurgents while decedents were working in support of plaintiffs' contract serving the United States military effort in Iraq.

24.     Plaintiffs have tendered the *Nordan* Suit to defendants and demanded that each defendant meet its coverage obligations under the insurance policies each issued to plaintiffs, including to defend, or pay defense and indemnity costs related to the *Nordan* Suit.

25.     Among other things, in or about January 2005, plaintiffs demanded that Westchester indemnify the insureds for costs related to the defense and resolution of the *Nordan* Suit that triggered Westchester's insurance policy.  Westchester has failed or refused to indemnify the insureds for this covered loss as required by the contract of insurance it sold or issued to plaintiffs.

26.     Among other things, in or about January 2005, plaintiffs demanded that Evanston indemnify the insureds for costs related to the defense and resolution of the *Nordan* Suit that triggered Evanston's insurance policy.  Evanston has failed or refused to indemnify the insureds for this covered loss as required by the contract of insurance it sold or issued to plaintiffs.

27.     Among other things, in or about January 2005, plaintiffs demanded that Fidelity indemnify the insureds for costs related to the defense and resolution of the *Nordan* Suit that triggered Fidelity's insurance policy.  Fidelity has failed or refused to indemnify the insureds for this covered loss as required by the contract of insurance it sold or issued to plaintiffs.

28.     Among other things, in or about January 2005, plaintiffs provided notice to Liberty of the *Nordan* Suit and have requested that Liberty agree to make its policy limits

available to satisfy the demands of the *Nordan* Suit. To date, Liberty has failed or refused to affirmatively do so.

29.     Plaintiffs have vigorously defended the *Nordan* Suit. Plaintiffs have denied the allegations therein, but have been forced to expend in excess of $75,000 to investigate and defend the *Nordan* Suit. The monies spent and to be spent in response to the *Nordan* Suit are covered under the Insurance Policies. Based on the allegations of the referenced *Nordan* Suit, there is the potential for coverage under the Insurance Policies sold or issued by defendants, which are, accordingly, required to pay or reimburse the insureds' costs of investigation, defense, and settlement.

### THE INSURANCE POLICIES

30.     Plaintiffs have satisfied, shall be deemed to have satisfied, or have been or shall be relieved from satisfying, by operation of law or by virtue of defendants' conduct, all terms and conditions of defendants' Insurance Policies, including without limitation payment of premiums and notice and tender of claims, and are entitled to the full benefit of said insurance.

31.     The Insurance Policies consists of multiple-page contracts composed of printed or typed forms. The Insurance Policies are integrated written contracts that must be construed as a whole and no policy term or condition may be viewed in isolation. Furthermore, each contract must be construed in order to achieve its purpose, which is to provide insurance protection. Any ambiguity must be construed in favor of coverage, and any reasonable interpretation by the insureds or any individual insured must be adopted.

32.     The Insurance Policies under which relief is sought herein were issued to or in the name of the entities identified herein, or otherwise provide comprehensive coverage to the plaintiffs, their subsidiaries, affiliates, and joint ventures, and other insureds within the meaning

of the Insurance Policies. All defendants named in the *Nordan* Suit are entitled to receive the benefits of the Insurance Policies.

33.     The allegations asserted against plaintiffs in the *Nordan* Suit, the damages sought therein, and the costs of investigation and defense of the *Nordan* Suit, are covered by the Insurance Policies issued to plaintiffs by defendants, and do not come within any exception to or exclusion from coverage.

34.     Defendants are obligated to pay in full plaintiffs' costs of defense and investigation and the insureds' legal liabilities, including all sums spent in settlement, in connection with the *Nordan* Suit. However, defendants have failed or refused to fully honor or undertake their contractual obligations to plaintiffs.

35.     Defendants' conduct is willful, wanton, and/or malicious, is without basis in law or fact, and has been and is undertaken by defendants solely to protect their own pecuniary interests at the expense of the interests of plaintiffs, and in violation of plaintiffs' known rights. Defendants' conduct constitutes a violation of 42 Pa. Stat. Ann. § 8371 ("§ 8371").

36.     As a direct and natural consequence of defendant's violation of § 8371, plaintiffs are entitled to money damages in an amount to be proven at trial.

37.     As a direct and natural consequence of defendant's violation of § 8371, plaintiffs are entitled to exemplary damages in an amount sufficient to deter future violations of violation of § 8371 by defendants, and others, attorney fees and costs, and interest on plaintiffs' claims as set forth in § 8371 (1).

38.     An actual controversy exists between plaintiffs and defendants regarding the rights and obligations of plaintiffs, including without limitation the enforceability of contractual obligations, limitations or exclusions set forth in any contract of insurance, including without

limitation any provision purporting to limit any defendant's aggregate or per occurrence limits of liability, purporting to exclude certain types of damages, or purporting to impose a duty on plaintiffs to cooperate or to mitigate damages, or to give notice of occurrence or claims.

### COUNT I
### Breach of Contract
#### (Westchester, Evanston, and Fidelity)

39.    Plaintiffs repeat and reallege paragraphs 1 through 38 as though fully set forth herein.

40.    Plaintiffs have timely and properly notified Westchester, Evanston, and Fidelity of the *Nordan* Suit and have properly and timely tendered the defense and indemnity of such claims to these parties pursuant to the terms of the relevant insurance policies and applicable law.

41.    Westchester, Evanston, and Fidelity have failed and refused fully to investigate, fully to defend their insureds, fully to reimburse their insureds' defense and investigation costs, and/or fully to acknowledge their insuring agreements with plaintiffs.

42.    By their failure and refusal fully to investigate and defend their insureds, to fully reimburse their insureds' defense and investigation costs, or fully to acknowledge their insuring obligations to plaintiffs, these defendants have breached their contracts of insurance with plaintiffs.

43.    As a direct result of the foregoing breaches of contract, plaintiffs have suffered, and are entitled to recover money damages in an amount to be proven at trial.

### COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing
#### (Westchester, Evanston, and Fidelity)

44.    Plaintiffs repeat and reallege paragraphs 1 through 43 as though fully set forth herein.

45.    The insurance policies issued by Westchester, Evanston, and Fidelity to plaintiffs contain an implied covenant of good faith and fair dealing.

46.    By their failure and refusal fully to investigate and defend their insureds or fully to reimburse their insureds' defense and investigation costs, or fully to acknowledge their obligations to plaintiffs, these defendants have breached their contracts of insurance with plaintiffs, including (without limitation) the implied covenant of good faith and fair dealing contained in the Insurance Policies.

47.    As a result of their breaches of good faith and fair dealing, these defendants must defend and indemnify plaintiffs completely against any damages that their insureds pay or have paid, or incur concerning *Nordan Suit.*

48.    Westchester's, Evanston's, and Fidelity's conduct was and is undertaken solely to avoid required payments under their Insurance Policies and to protect their own pecuniary interests at the expense of plaintiffs' interests, and in violation of plaintiffs' own rights.

49.    As a direct and natural consequence of the above breaches, plaintiffs are entitled to money damages in amounts to be proven at trial.

### COUNT III
### BREACH OF DUTY TO DEFEND
### *(Westchester, Evanston, and Fidelity)*

50.    Plaintiffs repeat and reallege paragraphs 1 through 43 as though fully set forth herein.

51.    Plaintiffs have notified Westchester, Evanston, and Fidelity of the *Nordan* Suit and have tendered the defense and indemnity of such claims to defendants, pursuant to the terms of the individual insurance policies covering the insureds.

11

52.    The duty to defend contained in the insurance policy each defendant issued to plaintiffs is triggered when a complaint alleges claims that potentially fall within the policy's coverage. Once the defense obligation is triggered, each defendant is obligated to defend the entire action unless and until no potential for coverage exists.

53.    The *Nordan* Suit complaint that plaintiffs have tendered to these defendants under the Insurance Policies alleges claims that potentially are covered by the Insurance Policies issued by defendants to plaintiffs.

54.    Defendants have failed and refused to fully defend their insureds or to pay or reimburse their insureds defense and investigation costs, or to acknowledge their insuring obligations to do so.

55.    By their failure and refusal to defend their insureds or to acknowledge their insuring obligations to do so, Westchester, Evanston, and Fidelity have breached their contracts of insurance with plaintiffs.

56.    As a direct result of the foregoing breaches of contract, plaintiffs have suffered, and are entitled to recover, money damages in an amount to be proven at trial.

### COUNT IV
### *Violation of 42 Pa. Stat. Ann. § 8371 and Pa. Stat. Ann. § 1171.5*
### *(Westchester, Evanston, and Fidelity)*

57.    Plaintiffs repeat and reallege paragraphs 1 through 56 as though fully set forth herein.

58.    Westchester's, Evanston's, and Fidelity's insurance contracts obligate them to defend their insureds against the *Nordan* Suit. In addition, these defendants are obligated to pay or reimburse their insureds for payments made in connection with the *Nordan* Suit. Since no later than January 2005, plaintiffs have requested that defendants acknowledge and undertake

their respective insuring obligations pursuant to the terms of the insurance agreements in connection with the *Nordan* Suit. Defendants have failed or refused to respond to plaintiffs' demands for reimbursement and/or have otherwise failed or refused to acknowledge, accept or undertake without reservation their contractual obligations.

59.    Defendants' actions, or failure or refusal to act, are willful, wanton, and malicious, without basis in law or fact, and have been and are undertaken by defendants solely to protect their own pecuniary interests at the expense of the interests of plaintiffs, and in violation of plaintiffs' known rights. Defendant's actions, or failure or refusal to act, constitute a violation of 42 Pa. Stat. Ann. § 8371 and 40 Pa. Stat. Ann. § 1171.5.

60.    By the actions alleged herein, defendants deliberately, systematically, and repeatedly violated 42 Pa. Stat. Ann. § 8371 and 40 Pa. Stat. Ann. § 1171.5, which prohibit unfair insurance trade and settlement practices.

61.    Defendants' actions, or failure or refusal to act, were and are knowing, willful, wanton, intentional, deliberate, frivolous, and malicious, are without basis in law or fact, and have been and are undertaken solely to avoid their required payments under the Insurance Policies and to protect their own pecuniary interests at the expense of plaintiffs' interests, and in violation of plaintiffs' known rights.

62.    As a result of their statutory violations, Westchester's, Evanston's, and Fidelity's policies are without limitation and defendants will thus be responsible to defend and indemnify their insureds completely against any loss resulting from the *Nordan* Suit.

63.    In light of the foregoing, and otherwise, these defendants may not enforce or attempt to enforce against plaintiffs any purported contractual obligation, limitation or exclusion

set forth in the Insurance Policies or any contractual term or condition allegedly running in their favor.

64.    In light of the foregoing, and otherwise, these defendants have an unlimited duty to pay for loss under their Insurance Policies, irrespective of any allegation that any such policy has a limit of liability, per occurrence, aggregate or otherwise.

65.    As a direct and natural consequence of the above statutory violations, the plaintiffs are entitled to money damages in an amount to be proven at trial.

66.    As a direct and natural consequence of Westchester's, Evanston's, and Fidelity's statutory violations, plaintiffs are entitled to punitive damages in an amount sufficient to deter future violations of § 8371 by these defendants and others, attorney fees and costs, interest on plaintiffs' claims and damages in an amount to be determined at trial.

*COUNT V*
*Declaratory Judgment*
*(All Defendants)*

67.    Plaintiffs repeat and reallege paragraphs 1 through 38 as though fully set forth herein.

68.    Plaintiffs seek a declaration that each defendant is obligated, pursuant to the terms of its insurance contract with plaintiffs, to provide insurance benefits for the *Nordan* Suit. Specifically, plaintiffs seek a declaration:

        (a)    That, if any allegation or part or cause of action in the *Nordan* Suit is actually or potentially covered under the Insurance Policies, defendants must defend their insureds or reimburse the costs of defending their insureds against all of said allegations and causes of action contained in such complaint;

14

(b)    That defendants are required to pay or reimburse all sums that their insureds are legally obligated or reasonably required to pay as damages by reason of bodily injury, property damage (or combination thereof) and any other damage or injury, specifically including the costs of investigation, defense, settlement and judgment in connection with the *Nordan* Suit;

(c)    That each defendant has a duty to completely defend their insureds from the *Nordan* Suit or to reimburse defense and investigation costs for the *Nordan* Suit; and

(d)    That such a duty to defend is joint and indivisible.

69.    The foregoing declarations are based on the language of defendants' insurance contracts that are the subject of this action. These policies require each defendant to pay or reimburse all sums that their insureds are or become legally obligated or reasonably required to pay or incur by reason of bodily injury, property damage (or combination thereof) or any other damages, specifically including the costs of investigation, defense, settlement and judgment, in connection with the *Nordan* Suit. These declarations are also based on the reasonable expectations of plaintiffs and on insuring obligations implied or imposed by law.

70.    An actual controversy exists between plaintiffs and defendants regarding the rights and obligations of the parties.

### *PRAYER FOR RELIEF*

**WHEREFORE**, plaintiffs demand judgment as follows:

A.    With respect to Counts I, II and III:

(1)    For money damages according to proof and trial and an order that defendants thereby are estopped from and have waived their ability to enforce any contractual

obligation or provision running in favor of the defendants, including without limitation any

purported contractual obligation, limitation or exclusion on the limits of liability;

     (2)     Pre- and post-judgment interest; and

     (3)     Attorneys' fees and costs;

B.     With respect to Count IV:

     (1)     For money damages in accordance with proof at trial;

     (2)     Punitive or exemplary damages;

     (3)     Interest in plaintiffs' claims from January 2005 at the prime rate plus three

percent (3%), as provided by statute, and post-judgment interest; and

     (4)     Attorneys' fees and costs;

C.     With respect to Count V, a declaration and order to the effect that:

     (1)     If any allegation or part or portion of a complaint or cause of action in the

*Nordan* Suit is actually or potentially covered under each defendant's insurance policy, that each

defendant must defend its insureds or reimburse the costs of defending its insureds against all of

said allegations and causes of action contained in the *Nordan* Suit;

     (2)     Defendants are required to pay or reimburse all sums that their insureds

are legally obligated or reasonably required to pay as damages by reason of bodily injury,

property damage (or combination thereof) and any other damage or injury, specifically including

the costs of investigation, defense, settlement and judgment, in connection with the *Nordan* Suit;

     (3)     Each defendant has a duty to completely defend its insureds from the

*Nordan* Suit or to reimburse defense and investigation costs for the *Nordan* Suit; and

     (4)     That such a duty to defend is joint and indivisible.

D.     On All Counts:

(1)    Such orders, including injunctive relief, as are necessary to effectuate this

Prayer for Relief or to preserve this Court's jurisdiction over the parties and issues herein; and

(2)    Such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of any and all issues so triable.

DATED:   November 16, 2005               Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dennis Valenza (I.D. No. 35130)
Paul A. Zevnik (I.D. No. 43453)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
215.963.5000 (telephone)
215.963.5001 (facsimile)

*and*

Harvey Bartle, IV (I.D. No. 91566)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, D.C. 20004
202.739.3000 (telephone)
202.739.3001 (facsimile)