# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation<br>Plaintiffs,<br>vs.<br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation<br>and<br>EVANSTON INSURANCE COMPANY, an Illinois Corporation<br>and<br>FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation<br>and<br>LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation<br>Defendants. | CIVIL ACTION NO. 05-6020 |

## ANSWER OF DEFENDANT, WESTCHESTER SURPLUS LINES INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Westchester Surplus Lines Insurance Company (hereinafter "WSLIC") by and through its counsel, Deasey, Mahoney & Bender, Ltd., hereby responds to Plaintiffs' Complaint and avers, upon information and belief in support of the same, as follows:

1. Denied as stated. The averments contained in paragraph 1 of Plaintiffs' Complaint refer to a pleading and an insurance policy, both of which are written documents and, therefore, speak for themselves. The same are, therefore, denied and strict proof demanded at trial.

2. Denied as stated. It is admitted only that a true and correct copy of the Complaint in the Nordan suit is attached as Exhibit A to Plaintiffs' Complaint. The remaining averments contained in paragraph 2 of Plaintiffs' Complaint are denied and strict proof thereof demanded at trial.

3. Denied as stated. It is admitted only that Plaintiffs' Complaint filed in the United States District Court for the Eastern District of Pennsylvania under Civil Action No. 05-6020 is a pleading which is a written document and, therefore, speaks for itself. It is specifically denied that Answering Defendant WSLIC failed or refused to meet obligations to pay Plaintiffs' costs and expenses of investigation and defense for legal liabilities that have been, and may in the future, be imposed by law upon Plaintiffs or has engaged in other breaches of insuring obligations, all in connection with the Nordan suit.

4. Denied as stated. It is admitted only that Plaintiffs' Complaint filed in the United States District Court for the Eastern District of Pennsylvania under Civil Action No. 05-6020 is a pleading which is a written document and, therefore, speaks for itself. The remaining averments contained in paragraph 4 of Plaintiffs' Complaint are specifically denied and strict proof thereof demanded at time of trial.

5. Denied as stated. It is admitted only that Plaintiffs' Complaint filed in the United States District Court for the Eastern District of Pennsylvania under Civil Action No. 05-6020 is a pleading which is a written document and, therefore, speaks for itself. The remaining averments contained in paragraph 5 of Plaintiffs' Complaint are specifically denied and strict proof thereof demanded at time of trial.

6. Denied as stated. It is admitted only that Plaintiffs' Complaint filed in the United States District Court for the Eastern District of Pennsylvania under Civil Action No. 05-6020 is pleading which is a written document and, therefore, speaks for itself. The remaining averments contained in paragraph 6 of Plaintiffs' Complaint are specifically denied and strict proof thereof demanded at time of trial.

7. Denied as stated. It is admitted only that Defendant WSLIC has been put on notice of and tendered the defense of the Defendants in the Nordan suit. After reasonable investigation, Answering Defendant WSLIC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of Plaintiffs' Complaint. The same are, therefore, denied and strict proof demanded at trial.

8. Denied as stated. The averments contained in paragraph 8 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 8 of Plaintiffs' Complaint as they relate to WSLIC require a responsive pleading pursuant to the Federal Rules of Civil Procedure, Answering Defendant WSLIC specifically denies the averments since Answering Defendant WSLIC has agreed to provide a defense in the Nordan suit subject to a Reservation of Rights.

9. Denied as stated. It is admitted only that Plaintiffs' Complaint filed in the United States District Court for the Eastern District of Pennsylvania under Civil Action No. 05-6020 is a written document which therefore speaks for itself. Answering Defendant WSLIC specifically denies the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint relating to WSLIC and demands strict proof thereof at time of trial.

10. It is admitted only that Plaintiffs' Complaint filed in the United States District Court for the Eastern District of Pennsylvania is a written document and, therefore, speaks for itself. Answering Defendant WSLIC denies the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint and demand strict proof thereof at time of trial.

11. The averments contained in paragraph 11 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent that the averments contained in paragraph 11 of Plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, the same are, therefore, denied and strict proof demanded at trial.

12. The averments contained in paragraph 12 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 12 of Plaintiffs' Complaint relating to WSLIC require a responsive pleading pursuant to the Federal Rules of Civil Procedure, the same are, therefore, specifically denied and strict proof thereof demanded at time of trial.

13. The averments contained in paragraph 13 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 13 of Plaintiffs' Complaint relating to WSLIC require a responsive pleading pursuant to the Federal Rules of Civil Procedure, the same are, therefore, specifically denied and strict proof thereof demanded at time of trial.

14. Denied as stated. It is admitted only that Plaintiffs have tendered the Nordan suit to WSLIC. The remaining averments contained in paragraph 14 of Plaintiffs' Complaint relating to WSLIC are specifically denied and strict proof thereof demanded at time of trial.

15. Admitted.

16. The averments contained in paragraphs 16 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

17-18. After reasonable investigation, Answering Defendant WSLIC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 17 and 18 of Plaintiffs' Complaint. The same are, therefore, denied and strict proof demanded at trial.

19. Denied as stated. It is admitted that WSLIC is an insurance company incorporated under the laws of the State of Georgia. It is specifically denied that WSLIC's principal place of business is Philadelphia, Pennsylvania. WSLIC's principal place of business is Roswell, Georgia. It is admitted only that WSLIC issued a commercial general liability policy No. GLW-778197 to the named insured Blackwater Lodge and Training Center, Inc. for the policy period 01/23/04 to 01/23/05.

20-22. After reasonable investigation, Answering Defendant WSLIC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 20 through 22 inclusive of Plaintiffs' Complaint. The same are, therefore, denied and strict proof demanded at trial.

23. Denied as stated. It is admitted only that the Complaint filed in the Nordan suit is a written document and, therefore, speaks for itself.

24. Denied as stated. It is admitted only that Plaintiffs have tendered the Nordan suit to Defendant WSLIC. The remaining averments contained in paragraph 24, relating to

Answering Defendant WSLIC, are specifically denied and strict proof thereof demanded at time of trial.

25.     Denied as stated. It is admitted only that Plaintiffs tendered the defense of the Nordan suit to WSLIC. It is specifically denied that WSLIC has failed or refused to indemnify the insured for this covered loss. To the contrary, WSLIC has agreed to defend the Nordan lawsuit under a Reservation of Rights.

26-28.  After reasonable investigation, Answering Defendant WSLIC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 26 through 28 inclusive of Plaintiffs' Complaint. The same are, therefore, denied and strict proof demanded at trial.

29.     Denied as stated. The averments contained in paragraph 29 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 29 of Plaintiffs' Complaint relating to WSLIC require a responsive pleading pursuant to the Federal Rules of Civil Procedure, Answering Defendant WSLIC is without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments contained in paragraph 29 of Plaintiffs' Complaint. The same are, therefore, denied and strict proof demanded at trial.

30.     The averments contained in paragraph 30 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 30 of Plaintiffs' Complaint require a responsive pleading

pursuant to the Federal Rules of Civil Procedure, the same are, therefore, denied and strict proof demanded at trial.

31.     The averments contained in paragraph 31 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 31 of Plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, the same are, therefore, denied and strict proof demanded at trial since the insurance policies referred to in paragraph 31 are written documents which speak for themselves.

32.     The averments contained in paragraph 32 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 32 of Plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, the same are, therefore, denied and strict proof demanded at trial since the insurance policies referred to in paragraph 32 are written documents which speak for themselves.

33.     The averments contained in paragraph 33 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 33 of Plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, the same are, therefore, denied and strict proof

demanded at trial since the insurance policies referred to in paragraph 33 are written documents which speak for themselves.

34. The averments contained in paragraph 34 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

35. The averments contained in paragraph 35 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

36. The averments contained in paragraph 36 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

37. The averments contained in paragraph 37 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

38. The averments contained in paragraph 38 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

39. Answering Defendant, WSLIC, incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 38 inclusive of Plaintiffs' Complaint as fully as though the same were set forth herein at length.

40. Denied as stated. It is admitted only that Plaintiffs have notified WSLIC of the Nordan suit. The remaining averments contained in paragraph 40 of Plaintiffs' Complaint state

conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

41. Denied as to Answering Defendant WSLIC. To the contrary, it is specifically averred that WSLIC has accepted the defense of the Nordan lawsuit under a Reservation of Rights.

42. The averments contained in paragraph 42 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

43. The averments contained in paragraph 43 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

44. Answering Defendant, WSLIC incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 43 inclusive of Plaintiffs' Complaint as fully as though the same were set forth herein at length.

45. The averments contained in paragraph 45 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

46. The averments contained in paragraph 46 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

47. The averments contained in paragraph 47 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

48. The averments contained in paragraph 48 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

49. The averments contained in paragraph 49 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

50. Answering Defendant WSLIC incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 49 inclusive as fully as though the same were set forth herein at length.

51. Denied as stated. It is admitted only that Plaintiffs have notified WSLIC of the Nordan suit. The remaining averments contained in paragraph 51 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

52. The averments contained in paragraph 52 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

53. The averments contained in paragraph 53 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

54. Denied as stated. The averments contained in paragraph 54 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 54 of Plaintiffs' Complaint relating to WSLIC require a responsive pleading pursuant to the Federal Rules of Civil Procedure, said averments are specifically denied since WSLIC has accepted the defense of the Nordan lawsuit under a Reservation of Rights.

55. The averments contained in paragraph 55 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

56. The averments contained in paragraph 56 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

57. Answering Defendant, WSLIC incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 56 inclusive of Plaintiffs' Complaint as fully as though the same were set forth herein at length.

58. Denied as stated. The averments contained in paragraph 58 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 58 of Plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, said averments relating to WSLIC are specifically and strict proof thereof is demanded at time of trial. To the contrary, it is specifically

averred that WSLIC has accepted the defense of the Nordan lawsuit under a Reservation of Rights.

59. The averments contained in paragraph 59 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

60. The averments contained in paragraph 60 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

61. The averments contained in paragraph 61 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

62. The averments contained in paragraph 62 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

63. The averments contained in paragraph 63 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

64. The averments contained in paragraph 64 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

65. The averments contained in paragraph 65 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

66. The averments contained in paragraph 66 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

67. Answering Defendant, WSLIC, incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 66 inclusive as fully as though the same were set forth herein at length.

68. Denied as stated. The averments contained in paragraph 68 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 68 of Plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, Answering Defendant WSLIC denies that Plaintiffs are entitled to the declaratory relief sought in paragraph 68 of Plaintiffs' Complaint

69. Denied as stated. The averments contained in paragraph 69 of Plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent the averments contained in paragraph 69 of Plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, said averments are specifically denied and strict proof thereof demanded at time of trial.

70. Admitted.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred and/or limited by the appropriate Statute of Limitations and/or Laches.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

Service was improper.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed and/or refused to comply with all conditions precedent and subsequent to the contract of insurance referred to herein.

**SEVENTH AFFIRMATIVE DEFENSE**

Any coverage afforded to Plaintiffs under the WSLIC policy identified in Plaintiffs' Complaint or the Nordan suit may be barred and/or limited by the following policy terms and conditions:

Condition entitled "Other Insurance";

Exclusion entitled "Designated Professional Services";

Exclusion entitled "Employment-Related Practices";

Limited exclusion of Certified Acts of Terrorism;

Exclusion of punitive damages related to a Certified Acts of Terrorism;

Exclusion A entitled "Expected or Intended Injury";

Exclusion E entitled "Employers Liability";

Exclusion entitled "War";

Exclusion for "Contractual Liability";

Exclusion for "bodily injury" to employees;

Exclusion for claims the Defense Bad Act;

Exclusion for Workers' Compensation claims.

The actions alleged in the Nordan suit do not constitute "bodily injury" or "property damage" caused by an "occurrence."

WHEREFORE, Answering Defendant, Westchester Surplus Lines Insurance Company demands judgment in its favor and against Plaintiffs on Plaintiffs' Complaint together with interest and costs and whatever further relief this Honorable Court deems appropriate under the circumstances.

 

BY: /s/ Francis J. Deasey (Valid Code FD1214)
/s/ James W. Daly (Valid Code JD1216)
FRANCIS J. DEASEY, ESQUIRE (Atty. ID 25699)
JAMES W. DALY, ESQUIRE (Atty. ID 37660)
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
215-587-9400 (PHONE)/215-587-9456 (FAX)
fjdeasey@dmbphila.com
jwdaly@dmpphila.com

DATED: 2/9/06

## CERTIFICATE OF SERVICE

I, FRANCIS J. DEASEY, ESQUIRE, hereby certify that a true and correct copy of the Answer of Defendant, Westchester Surplus Lines Insurance Company to Plaintiffs' Complaint with Affirmative Defenses, was served this date, via United States First Class Mail, postage prepaid, to all counsel of record addressed as follows:

| | |
|---|---|
| Dennis J. Valenza, Esquire<br>Morgan, Lewis & Bockius, LLP<br>1701 Market Street<br>Philaelphia, PA 19103-2921<br>215-963-5000 (PHONE)<br>215-963-5001 (FAX) | Paul A. Zevnick, Esquire<br>Harvey Bartle, IV, Esquire<br>Morgan, Lewis & Bockius, LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br>202-739-3000 (PHONE)<br>202-739-3001 (FAX) |
| John C. Sullivan, Esquire<br>Post & Schell, P.C.<br>Four Penn center<br>1600 John F. Kennedy Boulevard<br>Philadelphia, PA 19103 | |
| L. D. Simmons, II, Esquire<br>Helms, Mulliss, Wicker<br>201 N. Tryon Street<br>Charlotte, NC 28202 | Francis P. Burns, III, Esquire<br>Lavin, O'Neill, Riccio, Cedrone & DiSipio<br>190 North Independence Mall West<br>Suite 500, 6th & Race Streets<br>Philadelphia, PA 19106 |
| William Briggs, Jr., Esquire<br>Ross, Dixon & Bell, LLP<br>2001 K Street NW<br>Washington, DC 20006-1040 | |

BY: /s/ Francis J. Deasey (Valid Code FD1214)
　　/s/ James W. Daly (Valid Code JD1216)
　　FRANCIS J. DEASEY, ESQUIRE (Atty. ID 25699)
　　JAMES W. DALY, ESQUIRE (Atty. ID 37660)
　　Deasey, Mahoney & Bender, Ltd.
　　1800 John F. Kennedy Boulevard, Suite 1300
　　Philadelphia, PA 19103
　　215-587-9400 (PHONE)/215-587-9456 (FAX)
　　fjdeasey@dmbphila.com
DATED:　2/9/06　　jwdaly@dmpphila.com