UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation, <br><br> Defendants. | CIVIL ACTION NO. 05-CV-06020 |

**ANSWER OF LIBERTY INTERNATIONAL UNDERWRITERS TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Liberty International Underwriters ("Liberty") improperly named as Liberty Insurance Underwriters, by and through its attorneys, Post & Schell, P.C., hereby responds to the Complaint of Plaintiffs, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. and in support thereof, avers as follows:

***NATURE OF THIS ACTION***

1.    Denied.   Liberty denies that a true and correct copy of the of the Commercial Umbrella Liability policy, number LQ1 B71 200 233-014 ("Liberty Policy"), issued to Blackwater Lodge & Training Center, Inc. by Liberty is attached to plaintiffs' complaint as Exhibit E.  Further, Liberty is without knowledge or information sufficient to form a belief as to

the truth or accuracy of the remaining allegations set forth in paragraph 1 and, accordingly, said allegations are denied. To the extent paragraph 1 sets forth legal conclusions, no response is required. To the extent a response is deemed required, Liberty denies the same.

2.     Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 2 and, accordingly, said allegations are denied. To the extent paragraph 2 sets forth legal conclusions, no response is required. To the extent a response is deemed required, Liberty denies the same. Liberty further asserts that the complaint in the *Nordan* Suit is in writing and speaks for itself.

3.     Denied. Paragraph 3 contains description only, to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies same.

4.     Denied. Paragraph 4 contains description only, to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies same.

5.     Denied. Paragraph 5 contains description only, to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies same.

6.     Denied. Paragraph 6 contains description only, to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies same.

7.     Admitted in part, denied in part. It is admitted only that Liberty received notice of this claim from Blackwater Lodge & Training Center, Inc. in or about January 2005. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 7 and, accordingly, said allegations are denied.

8.     Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 8 and, accordingly, said

allegations are denied. To the extent paragraph 8 sets forth legal conclusions, no response is required. To the extent a response is deemed required, Liberty denies the same. By way of further answer, plaintiffs have not established that Pennsylvania law applies in construing the Liberty insurance policy or Liberty's obligations, if any, thereunder.

9.    Denied. Paragraph 9 contains description only, to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies same.

10.    Denied. Paragraph 10 contains description only, to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies same.

11.    Denied. Paragraph 11 sets forth legal conclusions to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies the same.

12.    Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 12 and, accordingly, said allegations are denied. To the extent paragraph 12 sets forth legal conclusions, no response is required. To the extent a response is deemed required, Liberty denies the same.

13.    Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 13 and, accordingly, said allegations are denied. To the extent paragraph 13 sets forth legal conclusions, no response is required. To the extent a response is deemed required, Liberty denies the same. By way of further answer, plaintiffs have not established that Pennsylvania law applies in construing the Liberty insurance policy or Liberty's obligations, if any, thereunder.

14.    Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 14 and, accordingly,

said allegations are denied.  To the extent paragraph 14 sets forth legal conclusions, no response is required.  To the extent a response is deemed required, Liberty denies the same.

### *JURISDICTION*

15.    Denied.  Paragraph 15 sets forth legal conclusions to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

### *VENUE*

16.    Denied.  Paragraph 16 sets forth legal conclusions to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

### *PARTIES*

17.    Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 17, and accordingly, said allegations are denied.

18.    Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 18, and accordingly, said allegations are denied.

19.    Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 19, and accordingly, said allegations are denied.

20.    Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 20, and accordingly, said allegations are denied.

21.     Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 21, and accordingly, said allegations are denied.

22.     Admitted in part, denied in part.  It is admitted only that Liberty International Underwriters is an insurance company incorporated under the laws of Massachusetts with its principal place of business in New York.  It is further admitted only that Liberty International Underwriters issued a Commercial Umbrella Liability Policy, number LQ1 B71 200 233-014, to Blackwater Lodge and Training Center, Inc. for the policy period January 27, 2004 to January 23, 2005.  By way of further answer, Liberty denies that Liberty Insurance Underwriters, Inc. issued any policy of insurance to Blackwater Security Consulting, LLC.

### *INSUREDS' DAMAGES*

23.     Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 23 and, accordingly, said allegations are denied.  Further, Liberty states that the complaint in the *Nordan* Suit is in writing and speaks for itself.

24.     Admitted in part, denied in part.  It is admitted only that Blackwater Lodge and Training Center, Inc. has notified Liberty of the *Nordan* Suit.  That notice is in writing and speaks for itself.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 24 and, accordingly, said allegations are denied.

25.     Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 25 and, accordingly, said allegations are denied.

26.    Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 26 and, accordingly, said allegations are denied.

27.    Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 27 and, accordingly, said allegations are denied.

28.    Admitted in part, denied in part. It is admitted only that Liberty received notice of this claim in or about January 2005 and that Liberty reserved its rights to deny coverage for the underlying claim on or about August 31, 2005. Both the notice and the denial are in writing and speak for themselves. Liberty specifically denies the remaining allegations set forth in paragraph 28.

29.    Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 29 and, accordingly, said allegations are denied. To the extent paragraph 29 sets forth legal conclusions, no response is required. To the extent a response is deemed required, Liberty denies the same.

### THE INSURANCE POLICIES

30.    Denied. Paragraph 30 sets forth conclusions of law to which no response by Liberty is required. To the extent a response is deemed required, Liberty denies same.

31.    Denied. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 31 and, accordingly, said allegations are denied. To the extent paragraph 31 sets forth legal conclusions, no response is required. To the extent a response is deemed required, Liberty denies the same.

32.    Admitted in part, denied.  It is admitted only that Liberty issued a Commercial Umbrella Liability policy to Blackwater Lodge and Training Center, Inc. for the policy period beginning January 27, 2004 and ending January 23, 2005.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 32 and, accordingly, said allegations are denied.  To the extent paragraph 32 sets forth legal conclusions, no response is required.  To the extent a response is deemed required, Liberty denies the same.

33.    Denied.  Paragraph 33 sets forth conclusions of law to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.  By way of further answer, Liberty has no obligation to defend or indemnify Blackwater Lodge and Training Center, Inc. in connection with the *Nordan* Suit.  Furthermore, Liberty has no obligation to defend or indemnify Blackwater Security Consulting, LLC because it was not insured under the Liberty Policy.

34.    Denied.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 34 and, accordingly, said allegations are denied.  To the extent paragraph 34 sets forth legal conclusions, no response is required.  To the extent a response is deemed required, Liberty denies the same.  By way of further answer, Liberty has no obligation to defend or indemnify Blackwater Lodge and Training Center, Inc. in connection with the *Nordan* Suit and has breached no obligations owed to Blackwater Lodge and Training Center, Inc.  Furthermore, Liberty has no obligation to defend or indemnify Blackwater Security Consulting, LLC because it was not an insured under the Liberty Policy.

35.     Denied.  Paragraph 35 sets forth conclusions of law to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.  By way of further answer, plaintiffs have not established that Pennsylvania law applies in construing the Liberty insurance policy or Liberty's obligations, if any, thereunder.

36.     Denied.  Paragraph 36 sets forth conclusions of law to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.  By way of further answer, plaintiffs have not established that Pennsylvania law applies in construing the Liberty insurance policy or Liberty's obligations, if any, thereunder.

37.     Denied.  Paragraph 37 sets forth conclusions of law to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.  By way of further answer, plaintiffs have not established that Pennsylvania law applies in construing the Liberty insurance policy or Liberty's obligations, if any, thereunder.

38.     Denied.  Paragraph 38 sets forth conclusions of law to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

### COUNT I
### Breach of Contract
### (Westchester, Evanston, and Fidelity)

39.     Liberty incorporates by reference its responses to paragraphs 1 through 38 to plaintiffs' complaint as if fully set forth at length herein.

40-43.  The allegations set forth in paragraphs 40-43 are not asserted against Liberty, therefore no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

### COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Westchester, Evanston, and Fidelity)

44.    Liberty incorporates by reference its responses to paragraphs 1 through 43 of plaintiffs' complaint as if fully set forth at length herein.

45-49. The allegations set forth in paragraphs 45-49 are not asserted against Liberty, therefore no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

**COUNT III**
***Breach of Duty to Defend***
***(Westchester, Evanston, and Fidelity)***

50.    Liberty incorporates by reference its responses to paragraphs 1 through 49 of plaintiffs' complaint as if fully set forth at length herein.

51-56. The allegations set forth in paragraphs 51-56 are not asserted against Liberty, therefore no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

**COUNT IV**
***Violation of 42 Pa. Stat. Ann. § 1171.5***
***(Westchester, Evanston, and Fidelity)***

57.    Liberty incorporates by reference its responses to paragraphs 1 through 56 of plaintiffs' complaint as if fully set forth at length herein.

58-66. The allegations set forth in paragraphs 59-66 are not asserted against Liberty, therefore no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

**COUNT V**
***Declaratory Judgment***
***(All Defendants)***

67.    Liberty incorporates by reference its responses to paragraphs 1 through 66 of plaintiffs' complaint as if fully set forth at length herein.

68(a)-(d).    Denied.    Paragraph 68 and its corresponding subsections (a) through (d) contain description only, to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

69.    Denied.  Paragraph 69 sets forth conclusions of law to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

70.    Denied.  Paragraph 70 sets forth conclusions of law to which no response by Liberty is required.  To the extent a response is deemed required, Liberty denies same.

### *PRAYER FOR RELIEF*

WHEREFORE, Liberty International Underwriters respectfully requests that the Court enter judgment in this matter as follows:

(a)    dismissing the Complaint of Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. against Liberty with prejudice;

(b)    declaring that Liberty has no obligation or duty to defend or indemnify Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. with respect any allegation or part or cause of action in the *Nordan* Suit;

(c)    declaring that Liberty has no obligation to pay or reimburse any sums that Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. may be required to pay as damages by reason of bodily injury, property damage (or combination thereof) and any other damage or injury, specifically including the costs of investigation, defense, settlement and judgment in connection with the *Nordan* Suit;

(c)     awarding Liberty its costs and reasonable attorneys' fees incurred in this action; and

(d)     making such other determinations and/or declarations and granting such other relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Liberty upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of General Endorsement No. 2 to the Liberty policy – the War/Terrorism Exclusion – which states:

> This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" caused by, arising from or related in any way, directly or indirectly, to:
>
> A)     "War and Military Action" which included without limitation the following:
>
> 1)     War, including undeclared or civil war;
>
> 2)     Warlike action by military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; and
>
> 3)     Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.
>
> B)     Any actual or threatened act of domestic or international "terrorism" committed by a person or persons acting: 1) alone or on behalf of or in connection with any

organization; and 2) with the goal of furthering any political, social, or religious objective.

This exclusion also applies to "bodily injury", "property damage" and "advertising injury" liability caused by action taken to prevent or defend against an act of "terrorism".

"Terrorism" means an act or acts:

1)      that are violent in nature or are dangerous to human life:

     a)      that are a violation of the criminal laws of the United States or any State or that would be a criminal violation if committed within the jurisdiction of the United States or any State; and

     b)      that have the apparent intent of:

     i)      intimidating or coercing any civilian population;

     ii)      influencing the policy of any government by intimidation or coercion; or

     iii)      affecting the conduct of any government by mass destruction, assassination, or kidnapping,....

## THIRD AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of Exclusion A which states that the insurance provided by Liberty does not apply to "bodily injury expected or intended from the standpoint of the Insured."

## FOURTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of Exclusion B which states that the insurance provided by Liberty does not apply to "obligation of the Insured under a Worker's

Compensation, Unemployment Compensation or Disability Benefits Law, or under any similar law, regulation or ordinance."

## FIFTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of Exclusion C which states that the insurance provided by Liberty does not apply to "any obligation of the Insured under a No Fault, Uninsured Motorist or Underinsured Motorist law, or any similar law, regulation or ordinance."

## SIXTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of Exclusion Q.1 which states that the insurance provided by Liberty does not apply to liability of "any employee with respect to 'bodily injury' … to you or another employee of the same employer injured in the course of such employment."

## SEVENTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of Exclusion Q.4 which states that the insurance provided by Liberty does not apply to bodily injury to an employee of any Insured arising out of and in the course of employment by any Insured or performing duties related to the conduct of any Insured's business or the bodily injury of the spouse, child, parent, brother or sister of that employee as a consequence of the bodily injury to an employee of any Insured.

## EIGHTH AFFIRMATIVE DEFENSE

Coverage under the Liberty Policy is subject to a "retained limit," which is the greater of the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other insurance providing coverage to

the insured during the policy period or the amounts of the self-insured retention. If there was a covered claim, which is denied, Liberty would have no obligation to indemnify Blackwater Lodge and Training Center, Inc. in connection with the *Nordan* Suit to the extent that the damages have not exceeded the retained limit.

## NINTH AFFIRMATIVE DEFENSE

Liberty has no obligation under its policy to defend or indemnify any claim for punitive or exemplary damages, fines or penalties because the policy only affords coverage only for damages because of "bodily injury," "property damage," "personal injury," or "advertising injury" and it is denied that punitive damages or exemplary damages, fines or penalties are damages because of "bodily injury," "property damage," "personal injury," or "advertising injury."

## TENTH AFFIRMATIVE DEFENSE

Liberty has no obligation under its policy to indemnify any claim for punitive damages or exemplary damages, fines or penalties because such damages, fines or penalties are uninsurable as a matter of public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

The obligations of Liberty under its policy, if any obligations exist, are defined by, limited by and controlled by such policy or insurance as Liberty may have issued, including the coverage defined in such policy, and the conditions, terms, deductibles, limits and exclusions set forth in such policy.

## TWELFTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of the exclusion for "any liability imposed by law,

or assumed by any Insured under an insured contract because of Employers Liability, except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance in the Liberty Policy and for no broader coverage than is provided by such coverage."

## THIRTEENTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of the exclusion for "any liability for, caused by, arising out of, or in connection with the rendering of or failure to render any professional service."

## FOURTEENTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of the exclusion of "any liability of any 'Insured' covered under this policy to any other 'Insured' covered under this policy."

## FIFTEENTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the claims asserted in the *Nordan* Suit as a result of The Terrorism Risk Insurance Act of 2002 as a result of Blackwater's election to "reject this offer of coverage." As a result of this rejection, Blackwater "will have no coverage for losses arising from an 'act of terrorism'" under the Liberty Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Liberty has no obligation to defend or pay any judgment or settlement with respect to the any claim against Blackwater Security Consulting, LLC which does not qualify as an insured under the Liberty Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any loss averred in the Complaint is covered in whole or in part under any other policy, the amount owed by Liberty must be reduced by any amounts due on account of such loss under such other insurance.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Liberty reserves the right to assert each defense which has been asserted in prior communications with the insured.

## NINETEENTH AFFIRMATIVE DEFENSE

Liberty reserves the right to assert further defenses which may be appropriate based upon matters to which discovery has been or will be directed with respect to the claims set forth in the Complaint.

WHEREFORE, Liberty International Underwriters respectfully requests that the Court enter judgment in this matter as follows:

(a)     dismissing the Complaint of Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. against Liberty with prejudice;

(b)     declaring that Liberty has no obligation or duty to defend or indemnify Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. with respect any allegation or part or cause of action in the *Nordan* Suit;

(c)     declaring that Liberty has no obligation to pay or reimburse any sums that Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. may be required to pay as damages by reason of bodily injury, property damage (or combination thereof) and any other damage or injury,

specifically including the costs of investigation, defense, settlement and judgment in connection with the *Nordan* Suit;

(c)     awarding Liberty its costs and reasonable attorneys' fees incurred in this action; and

(d)     making such other determinations and/or declarations and granting such other relief as this Court deems just and appropriate.

Dated:  February 21, 2006                    **POST & SCHELL, P.C.**

                                        By:     */s/ John C. Sullivan*
                                                JOHN C. SULLIVAN, ESQUIRE
                                                Attorney ID # 32262
                                                Signature Validation Code: JCS7648
                                                STACEY Z. JUMPER, ESQUIRE
                                                Attorney ID # 88537
                                                Signature Validation Code: SZJ5395
                                                Four Penn Center
                                                1600 John F. Kennedy Boulevard
                                                Philadelphia, PA  19103-2808
                                                (215) 587-1000
                                                ***Attorneys for Defendant,***
                                                ***Liberty International Underwriters***
                                                ***improperly named as Liberty***
                                                ***Insurance Underwriters***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of Liberty International Underwriters to Plaintiffs' Complaint and Affirmative Defenses was served on this 21st day of February 2006, upon the following counsel of record via First-Class Mail, postage prepaid.

Dennis J. Valenza, Esquire
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Francis Deasey, Esquire
James W. Daly, Esquire
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard, Ste. 1300
Philadelphia, PA 19103

Francis P. Burns, III, Esquire
LAVIN, O'NEIL, RICCI, CEDRONE, & DISIPIO
190 North Independence Mall West
6th and Race Streets
Ste. 500
Philadelphia, PA 19106

L.D. Simmons, II, Esquire
Brian A. Kahn, Esquire
HELMS MULLISS & WICKER
201 North Tryon Street
Charlotte, North Carolina 28231

Erik Prtichard, Esquire
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006

_/s/ Stacey Z. Jumper_
STACEY Z. JUMPER, ESQUIRE