BLACKWATER SECURITY CONSULTING, LLC et al v. WESTCHESTER SURPLUS LINES INSURANCE COMPANY et al    Doc. 11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation,<br><br>Defendants. | **Civil Action No. 05-6020 (PBT)** |

### ANSWER OF THE FIDELITY AND
### CASUALTY COMPANY OF NEW YORK

Defendant The Fidelity and Casualty Company of New York ("Fidelity"), by and through its attorneys, hereby answers the Complaint of Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. as follows:

333471

## FIRST DEFENSE

The Complaint fails to state a claim against Fidelity upon which relief can be granted.

## SECOND DEFENSE

Venue is improper.

## THIRD DEFENSE

Neither the State of Pennsylvania nor this Judicial District has any connection with this dispute. For the convenience of the parties and the witnesses and in the interest of justice, this action should be transferred to the United States District Court for the Eastern District of North Carolina.

## FOURTH DEFENSE

Plaintiffs have failed and/or refused to comply with all conditions precedent and subsequent to the contract of insurance issued by Fidelity.

## FIFTH DEFENSE

Fidelity has fully complied with all the terms and conditions of its Policy. Specifically, Fidelity has provided and continues to provide Plaintiffs with a defense to the allegations of the *Nordan* Suit under a full reservation of its rights.

333471

## SIXTH DEFENSE

Any coverage afforded to Plaintiffs under the Fidelity policy is subject to, and may be barred and/or limited by, the policy's terms and conditions:

## SEVENTH DEFENSE

Fidelity reserves the right to amend its Answer, to add other defenses, to delete or withdraw defenses, and to add counterclaims as they may become necessary after reasonable opportunity for appropriate discovery.

## EIGHTH DEFENSE

Answering the numbered paragraphs of Plaintiffs' Complaint, Fidelity states as follows:

1-6.    The allegations contained in Paragraphs 1-6 are characterizations of Plaintiffs' claims to which no response is required. To the extent that a response is required, Fidelity denies the allegations contained in these paragraphs.

7-8.    Denied.

9-10.    The allegations contained in Paragraphs 9-10 are characterizations of Plaintiffs' claims to which no response is required. To the extent that a response is required, Fidelity denies the allegations contained in these paragraphs.

333471

11-14.     Denied.

15-16.     The allegations in Paragraphs 15-16 are conclusions of law to which no response is required. To the extent that a response is required, Fidelity denies the allegations contained in these paragraphs.

17-20.     Fidelity is without information or knowledge sufficient to admit or deny the allegations contained in Paragraphs 17-20, therefore denied.

21.     Admitted that Fidelity was re-organized under South Carolina law as part of its South Carolina re-domestication. Further admitted that Fidelity issued Policy No. DBA 22 390 1731 to Blackwater Security Consulting, LLC for March 18, 2004 to June 18, 2004. Fidelity denies the remaining allegations contained in this paragraph.

22.     Fidelity is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 22, therefore denied.

23.     Fidelity refers the Court to the Complaint in the *Nordan* Suit for a complete and accurate description of the allegations alleged in the *Nordan* Suit. To the extent that the allegations of Paragraph 23 purport to completely and accurately describe the allegations of the *Nordan* Suit, denied.

24.     Admitted that the *Nordan* Suit has been tendered to Fidelity. Answering further, Fidelity states that it has provided and continues to provide

Plaintiffs with a defense to the allegations of the *Nordan* Suit pursuant to a full reservation of its rights. Fidelity is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 24, therefore denied.

25-26.   Fidelity is without information or knowledge sufficient to admit or deny the allegations contained in Paragraphs 25-26, therefore denied.

27.   Denied.

28.   Fidelity is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 28, therefore denied.

29-30.   Denied.

31-32.   The allegations in Paragraphs 31-32 are conclusions of law to which no response is required. To the extent that a response is required, Fidelity denies the allegations contained in these paragraphs.

33-37.   Denied.

38.   The allegations in Paragraph 38 are conclusions of law to which no response is required. To the extent that a response is required, Fidelity denies the allegations contained in this paragraph.

39.   Fidelity repeats and re-alleges its responses to the allegations contained in Paragraphs 1-38, as if fully set forth.

333471

40.     Admitted that the *Nordan* Suit has been tendered to Fidelity. Answering further, Fidelity states that it has provided and continues to provide Plaintiffs with a defense to the allegations of the *Nordan* Suit pursuant to a full reservation of its rights. Fidelity is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 40, therefore denied.

41.     Denied as to Fidelity. Answering further, Fidelity states that it has provided and continues to provide Plaintiffs with a defense to the allegations of the *Nordan* Suit pursuant to full reservation of its rights. Fidelity is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 41, therefore denied.

42-43.  Denied.

44.     Fidelity repeats and re-alleges its responses to the allegations contained in Paragraphs 1-43, as if fully set forth.

45.     The allegations in Paragraph 45 are conclusions of law to which no response is required. To the extent that a response is required, Fidelity denies the allegations contained in this paragraph.

46-49.  Denied.

333471

50.     Fidelity repeats and re-alleges its responses to the allegations contained in Paragraphs 1-49, as if fully set forth.

51.     Admitted that the *Nordan* Suit has been tendered to Fidelity. Answering further, Fidelity states that it has provided and continues to provide Plaintiffs with a defense to the allegations of the *Nordan* Suit pursuant to a full reservation of its rights. Fidelity is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 51, therefore denied.

52-53.  The allegations in Paragraphs 52-53 are conclusions of law to which no response is required. To the extent that a response is required, Fidelity denies the allegations contained in these paragraphs.

54.     Denied as to Fidelity. Answering further, Fidelity states that it has provided and continues to provide Plaintiffs with a defense to the allegations of the *Nordan* Suit pursuant to a full reservation of its rights. Fidelity is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 54, therefore denied.

55-56.  Denied.

57.     Fidelity repeats and re-alleges its responses to the allegations contained in Paragraphs 1-56, as if fully set forth.

333471

58-66.    Denied as to Fidelity.  Answering further, Fidelity states that it has provided and continues to provide Plaintiffs with a defense to the allegations of the *Nordan* Suit pursuant to a full reservation of its rights.  Fidelity is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraphs 58-66; further, the allegations contained in Paragraphs 58-66 are conclusions of law to which no response is required.  To the extent that a response is required to any of the allegations contained in Paragraphs 58-66, denied.

67.    Fidelity repeats and re-alleges its responses to the allegations contained in Paragraphs 1-66, as if fully set forth.

68.    The allegations contained in Paragraph 68 are characterizations of Plaintiffs' claims to which no response is required.  To the extent that a response is required, Fidelity denies the allegations contained in this paragraph.

69.    The allegations in Paragraph 69 are conclusions of law to which no response is required.  To the extent that a response is required, Fidelity denies the allegations contained in this paragraph.

70.    Admitted.

Fidelity denies that Plaintiffs are entitled to any of the relief they seek.

333471

Fidelity denies each and every allegation in the Complaint not specifically admitted herein. Fidelity further denies that it is liable to Plaintiffs under any theory of law or fact.

WHEREFORE, Fidelity respectfully requests that the Court enter an Order transferring this action to the United States District Court for the Eastern District of North Carolina. In the alternative, Fidelity respectfully requests that the Court enter an Order:

    (1)    dismissing the Complaint with prejudice;

    (2)    denying all relief sought by the Complaint; and

    (3)    providing for such other relief as the Court may deem appropriate.

Dated: February 21, 2006

By: /s/
William H. Briggs, Jr.
Paul C. Vitrano (Bar No. 76759)
Erik M. Pritchard
Ross, Dixon & Bell, LLP
2001 K Street, NW
Washington, DC 20006-1040
(202) 662-2000 (telephone)
(202) 662-2190 (facsimile)

*Counsel for Defendant The Fidelity and Casualty Company of New York*

333471

## CERTIFICATE OF SERVICE

The foregoing Answer of The Fidelity and Casualty Company of New York was filed electronically on February 21, 2006, and it is available for viewing and downloading from the Court's ECF system.

/s/
Erik M. Pritchard

333471