UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, and BLACKWATER LODGE AND TRAINING CENTER, INC. | Civil Action No. 05 6020 |
| | Electronically Filed |
| Plaintiffs, | Assigned to Judge Petrese B. Tucker |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, EVANSTON INSURANCE COMPANY, FIDELITY AND CASUALTY COMPANY OF NEW YORK, and LIBERTY INSURANCE UNDERWRITERS, | **ANSWER AND COUNTERCLAIMS OF DEFENDANT EVANSTON INSURANCE COMPANY** |
| Defendants. | |

Defendant Evanston Insurance Company (hereinafter "Evanston") answers the Complaint as follows:

## FIRST DEFENSE

As a first defense, Evanston alleges that the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

As a second defense, Evanston responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

1.    Evanston admits that it issued a Service and Technical Professional Liability insurance policy (the "Evanston Policy"), policy number EO-819173, for the policy period of March 17, 2004 to March 17, 2005 with a retroactive date of March 17, 2003. Evanston denies that the Evanston Policy obligates Evanston to defend, indemnify or provide coverage to Plaintiffs for the claims in the lawsuit captioned *Nordan v. Blackwater Security Consulting LLC, et al.* (the "Nordan Lawsuit"). Evanston admits that Plaintiffs attached copies of insurance

Dockets.Justia.com

policies allegedly issued by Westchester Surplus Lines Insurance Company ("Westchester"),
Fidelity & Casualty Company of New York ("Fidelity") and Liberty Insurance Underwriters,
Inc. ("Liberty") (Evanston will refer collectively to Westchester, Fidelity, Liberty and Evanston
as the "Insurers"), but denies that the document attached to Plaintiffs' Complaint as Exhibit C is
a true and accurate copy of the Evanston Policy and lacks knowledge or information sufficient to
admit that the other polices are true and correct copies. To the extent that Paragraph 1
characterizes Plaintiffs' own pleadings, no response is required of Evanston. Except as admitted,
the allegations in this paragraph are denied.

2.      Evanston admits that Blackwater Security Consulting, LLC and Blackwater
Lodge and Training Center, Inc. ("Plaintiffs" or "Blackwater") attached a true and correct copy
of the complaint in the Nordan Lawsuit, which speaks for itself, as Exhibit A to their Complaint.
Evanston admits that both Plaintiffs are insureds under the Evanston Policy. Evanston admits
that the deaths of the Decedents occurred during the time the Evanston Policy was in effect. To
the extent that Paragraph 2 characterizes the Nordan Lawsuit, no response is required of
Evanston. Except as admitted, the allegations in this paragraph are denied.

3.      Paragraph 3 characterizes Plaintiffs' claims and requires no response from
Evanston. Evanston specifically denies that it has failed or refused to meet any obligation to
Blackwater or has breached any obligation to Blackwater in connection with the Nordan
Lawsuit.

4.      Paragraph 4 characterizes Plaintiffs' claims and requires no response from
Evanston. Evanston specifically denies that it is obligated to pay the costs and expenses arising
from or in connection with the Nordan Lawsuit.

5.      Paragraph 5 characterizes Plaintiffs' claims and requires no response from
Evanston. Evanston specifically denies that it is obligated to defend, indemnify or provide
coverage to Blackwater in connection with the Nordan Lawsuit.

6.    To the extent that Paragraph 6 characterizes Plaintiffs' own pleadings in this action, no response is required of Evanston. Evanston specifically denies that it has failed or refused to meet or that it has breached any obligation to Blackwater.

7.    Evanston admits that in January 2005 Evanston was notified of the *Nordan Lawsuit* and provided a copy of the Nordan Lawsuit. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

8.    Evanston admits that in January 2005 Evanston was notified of the Nordan Lawsuit. Evanston admits that it has declined to defend Blackwater in the Nordan Lawsuit. Evanston alleges, upon information and belief, that one or more of the Insurers have agreed to defend Blackwater in the Nordan Lawsuit under a reservation of rights. Evanston specifically denies that it has wrongfully deprived Blackwater of the protections of the Evanston Policy , that it has placed Blackwater's assets at risk or that it has violated Pennsylvania law. Evanston specifically denies that the court should consider the law of Pennsylvania in connection with Blackwater's claims. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

9.    Paragraph 9 characterizes Plaintiffs' claims and requires no response from Evanston. Evanston specifically denies that it has failed or refused to meet or has breached any obligation to Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

10.    Paragraph 10 characterizes Plaintiffs' claims and requires no response from Evanston. Evanston specifically denies that the court should consider the law of Pennsylvania in connection with Blackwater's claims.

11.    Evanston admits that Blackwater has paid all premiums owed under the Evanston Policy and that Blackwater provided timely notice to Evanston of the Nordan Lawsuit. Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in connection with the Nordan Lawsuit. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

12.    Evanston alleges, upon information and belief, that one or more insurers have agreed to defend Blackwater in the Nordan Lawsuit. Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in connection with the Nordan Lawsuit. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

13.    Evanston denies that the "all sums" rule for allocation of loss applies in this case. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied. Evanston specifically denies that the court should consider the law of Pennsylvania in connection with Blackwater's claims.

14.    Evanston admits that Evanston was notified of the Nordan Lawsuit and provided a copy of the Nordan Lawsuit. Evanston further admits that it has declined to defend Blackwater in the Nordan Lawsuit. Evanston alleges, upon information and belief, that one or more insurers have agreed to defend Blackwater in the Nordan Lawsuit. Evanston specifically denies that it has breached its insurance contract with Blackwater. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

15.    Admitted.

4

16.     Evanston admits that venue is proper in the Eastern District of Pennsylvania but denies that the Eastern District of Pennsylvania is the most convenient venue for the action pursuant to 28 U.S.C. § 1404. Evanston admits that it is an eligible surplus lines carrier in the State of Pennsylvania. Evanston denies that any defendant either resides or has its principal place of business in the Eastern District of Pennsylvania and specifically denies that Westchester has its principal place of business in the Eastern District of Pennsylvania. Except as admitted, Evanston denies the allegations of this paragraph.

17.     Admitted on information and belief.

18.     Admitted on information and belief.

19.     Evanston is informed and believes that Westchester is a Georgia corporation with its principal place of business in Roswell, Georgia. Evanston denies that Westchester's principal place of business is in Pennsylvania. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

20.     Evanston admits that it is an Illinois corporation with its principal place of business in Deerfield, Illinois. Evanston admits that it issued a Service and Technical Professional Liability insurance policy, policy number EO-819173, for the policy period of March 17, 2004 to March 17, 2005 with a retroactive date of March 17, 2003 which is in writing and speaks for itself. Except as admitted, the allegations of this paragraph are denied.

21.     Evanston is informed and believes that Fidelity is a South Carolina corporation with its principal place of business in Chicago, Illinois. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

22.     Evanston is informed and believes that Liberty is a Massachusetts corporation with its principal place of business in New York, New York. Evanston lacks knowledge or

5

information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

23.    Admitted.

24.    Evanston admits, upon information and belief, that Blackwater has sought a defense from Westchester, Fidelity and Evanston and has sought coverage from Liberty. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

25.    Evanston admits, upon information and belief, that Blackwater has sought a defense from Westchester. Evanston alleges upon information and belief that one or more insurers have agreed to defend Blackwater in the Nordan Lawsuit. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

26.    Evanston was notified of the Nordan Lawsuit and provided a copy of the Nordan Lawsuit. Evanston further admits that it has declined to defend Blackwater in the Nordan Lawsuit. Evanston admits that it has declined to defend Blackwater. Evanston alleges, upon information and belief, that one or more insurers have agreed to defend Blackwater in the Nordan Lawsuit. Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit. Except as admitted, the allegations of this paragraph are denied.

27.    Evanston admits, upon information and belief that Blackwater has sought a defense from Fidelity. Evanston alleges upon information and belief, that one or more insurers have agreed to defend Blackwater in the Nordan Suit. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

6

28.     Evanston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore those allegations are denied.

29.     Evanston admits, on information and belief, that Blackwater has defended the Nordan Lawsuit.  Evanston admits, upon information and belief, that Blackwater has sought defense and indemnification from each Insurer.  Evanston alleges, upon information and belief, that one or more of the Insurers has agreed to defend Blackwater in the Nordan Lawsuit. Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.  Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

30.     To the extent Paragraph 30 alleges legal conclusions, no response is required of Evanston.  To the extent that a response is required, Evanston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore those allegations are denied.

31.     It is admitted that the Evanston Policy is a multiple-page contract composed of printed or typed forms.  Except as admitted the allegations of Paragraph 31 are denied.

32.     It is admitted that the Evanston Policy is a written document which speaks for itself.  To the extent that Paragraph 32 alleges legal conclusions, no response is required of Evanston.  To the extent that a response is required, Evanston denies the allegations of this paragraph.

33.     Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.  Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

34.     Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit. Evanston admits that it has declined to defend Blackwater in the Nordan Lawsuit. Except as admitted the allegations of Paragraph 34 are denied.

35.     Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Suit. Evanston specifically denies that its conduct is willful, wanton, malicious, without basis in law or fact or was undertaken by Evanston solely to protect its own pecuniary interests at the expense of the interest of Blackwater. Evanston also specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

36.     Evanston denies that Blackwater is entitled to recover damages from it. Evanston also specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

37.     Evanston denies that Blackwater is entitled to recover damages from it. Evanston also specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

38.     Evanston admits that an actual controversy exists between Blackwater and Evanston regarding the rights and obligations of Blackwater and Evanston in connection with the *Nordan* Suit. Evanston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore those allegations are denied.

**COUNT *I***
***Breach of* Contract**
***(Westchester, Evanston, and Fidelity)***

39.     Evanston incorporates its responses to Paragraphs 1 through 38.

8

40.    Evanston admits that in January of 2005, Evanston was notified timely of the Nordan Lawsuit and provided a copy of the Nordan Lawsuit. Evanston alleges, upon information and belief, that one or more of the Insurers have agreed to defend Blackwater in the Nordan Lawsuit. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

41.    Evanston admits that it has declined to defend Blackwater in the Nordan Lawsuit. Evanston alleges upon information and belief that one or more insurers have agreed to defend Blackwater in the Nordan Lawsuit. Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit. Evanston denies that any Insurer has any present duty to indemnify Blackwater. Evanston denies that it failed to investigate whether it has any coverage obligation to Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

42.    Evanston denies that it has breached its contract of insurance with Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

43.    Denied.

### COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Westchester, Evanston, and Fidelity)

44.    Evanston incorporates its responses to Paragraphs 1 through 43.

45.    Paragraph 45 alleges legal conclusions requiring no response. To the extent a response is required, Evanston denies the allegations in this paragraph.

46.    Evanston denies that it has breached its contract of insurance with Blackwater and denies that it has breached any other duties to Blackwater. Evanston is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this
paragraph and those allegations are therefore denied.

47.    Evanston admits that it has declined to defend Blackwater. Evanston alleges upon
information and belief that one or more insurers have agreed to defend Blackwater in the Nordan
Suit. Evanston denies that it is obligated to defend, indemnify or provide coverage to
Blackwater in the Nordan Suit. Evanston specifically denies that any Insurer has any present
duty to indemnify Blackwater. Evanston is without knowledge or information sufficient to form
a belief as to the truth of the remaining allegations of this paragraph and those allegations are
therefore denied.

48.    Evanston denies that its conduct was or is undertaken solely to avoid required
payments under the Evanston Policy or to protect Evanston's own pecuniary interests at the
expense of Blackwater's interests. Evanston is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations of this paragraph and those allegations
are therefore denied.

49.    Denied.

### COUNT III
### Breach of Duty to Defend
### (Westchester, Evanston, and Fidelity)

50.    Evanston incorporates its responses to Paragraphs 1 through 49.

51.    Evanston admits that in January of 2005, Evanston was timely notified of the
Nordan Lawsuit and was provided a copy of the Nordan Lawsuit. Evanston alleges, upon
information and belief, that one or more of the Insurers have agreed to defend Blackwater in the
Nordan Lawsuit. Evanston is without knowledge or information sufficient to form a belief as to
the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

52.    Paragraph 52 alleges legal conclusions requiring no response. To the extent a
response is required, Evanston denies the allegations in this paragraph.

53.    Evanston denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

54.    Evanston admits that it has declined to defend Blackwater. Evanston alleges upon information and belief that one or more insurers have agreed to defend Blackwater in the Nordan Suit. Evanston denies that it is obligated to defend Blackwater in the Nordan Suit. Evanston specifically denies that any Insurer has any present duty to indemnify Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

55.    Evanston denies that it has breached its contract of insurance with Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

56.    Denied.

### COUNT IV
### Violation of 42 Pa. Stat. Ann. § 8371 and Pa. Stat. Ann. § 1171.5
### (Westchester, Evanston, and Fidelity)

57.    Evanston incorporates its responses to Paragraphs 1 through 56.

58.    Evanston admits that in January of 2005, Evanston was notified of the Nordan Lawsuit and was provided a copy of the Nordan Lawsuit. Evanston admits that it has declined to defend Blackwater. Evanston alleges, upon information and belief, that one or more insurers have agreed to defend Blackwater in the Nordan Lawsuit. Evanston denies that it is obligated to defend Blackwater in the Nordan Lawsuit. Evanston specifically denies that any Insurer has any present duty to indemnify Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

59.     Evanston denies that its conduct is willful, wanton, malicious, without basis in law or fact or was undertaken by Evanston solely to protect its own pecuniary interests at the expense of the interests of Blackwater or was in violation of Blackwater's known rights. Evanston specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

60.     Evanston denies that it violated the statutory provisions cited in paragraph 60. Evanston specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

61.     Evanston denies that its conduct was or is willful, wanton, frivolous, malicious, without basis in law or fact or was undertaken by Evanston solely to protect its own pecuniary interests at the expense of the interests of Blackwater or was in violation of Blackwater's known rights. Evanston specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

62.     Paragraph 62 alleges legal conclusions requiring no response. To the extent a response is required, Evanston denies the allegations in this paragraph.

63.     Paragraph 63 alleges legal conclusions requiring no response. To the extent a response is required, Evanston denies the allegations in this paragraph.

64.     Paragraph 64 alleges legal conclusions requiring no response. To the extent a response is required, Evanston denies the allegations in this paragraph.

65.    Denied.

66.    Evanston specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater and to the extent a response is required, Evanston denies the allegations in this paragraph.

### COUNT V
### Declaratory Judgment
### (All Defendants)

67.    Evanston incorporates its responses to Paragraphs 1 through 66.

68.    To the extent that Paragraph 68 characterizes Plaintiffs' own claims, no response is required of Evanston.  To the extent a response is required, Evanston denies the allegations in this paragraph.

69.    To the extent that Paragraph 69 characterizes Plaintiffs' own claims, no response is required of Evanston.  To the extent a response is required, Evanston specifically denies that it is obligated to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit. Evanston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and those allegations are therefore denied.

70.    Admitted.

### THIRD DEFENSE

The State of Pennsylvania has no connection with this dispute.  For the convenience of the parties and the witnesses and in the interest of justice, the Court should transfer this action to the United States District Court for the Eastern District of North Carolina.

### FOURTH DEFENSE

Evanston has complied fully with all the terms and conditions of the Evanston Policy. Evanston has no obligation to defend, indemnify or provide coverage to Blackwater because the claims against Blackwater in the Nordan Lawsuit are not covered under the Evanston Policy.

## FIFTH DEFENSE

The Evanston Policy contains the following exclusion:

**This Policy Does Not Apply to any Claim made against the Insured:**

(b)  by or in the right of any Insured or parent companies or predecessors of the Named Insured or any of their respective subsidiaries, affiliated agencies, or associated entities, or any contractor or subcontractor thereof;

Plaintiffs in this action against Evanston are both "Insureds" and "Named Insureds" under the Evanston Policy. The Evanston Policy defines "Insured" to include "any present or former . . . employee of the Named Insured . . . ." The decedents on whose behalf the Plaintiffs in the Nordan Lawsuit seek damages from Blackwater are either employees or contractors of Blackwater. Because the decedents were either employees or contractors of Blackwater, under the terms of this exclusion, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## SIXTH DEFENSE

The Evanston Policy contains the following exclusion:

**This Policy Does Not Apply to any Claim made against the Insured:**

(a)  based upon or arising out of any dishonest, deliberately fraudulent, malicious, willful or knowingly wrongful act or omission committed by or at the direction of the Insured;

The claims in Nordan Lawsuit arise from allegedly dishonest, deliberately fraudulent, malicious, willful or knowingly wrongful acts by Blackwater. Therefore, under the terms of this exclusion, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

14

## SEVENTH DEFENSE

Liability insurance coverage exists only for fortuitous losses. The damages sought in the Nordan Lawsuit all arise from intentional misconduct. Therefore, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## EIGHTH DEFENSE

To the extent that Blackwater knew or had reason to know, at the time Evanston issued its Policy, that there was a substantial probability that loss or damage would take place following the inception date of the Evanston Policy, the "loss-in-progress" or "known-loss" doctrines bar coverage for the claims against Blackwater in the Nordan Lawsuit and Evanston would have no duty to defend, indemnify or provide coverage to the Blackwater in the Nordan Lawsuit.

## NINTH DEFENSE

The Evanston Policy provides coverage only for an "act, error or omission in Professional Services rendered or that should have been rendered" by Blackwater.

The Evanston Policy defines "Professional Services" in Endorsement No. 6 as follows:

**6.    PROFESSIONAL SERVICES:**

-Law enforcement & military personnel training
-Private Security personnel training, including defensive &
evasive drivers training
-Design & construction of target/shooting ranges (in line
w/target systems they manufacture)
-K-9 Training
-Worldwide security assessments for clients
-Worldwide contract security operations

To the extent that the damages sought in the Nordan Lawsuit did not arise from the provision of the professional services defined and identified in this endorsement, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## TENTH DEFENSE

The Evanston Policy includes the following exclusion in Endorsement No. 1:

**This Policy Does Not Apply to any Claim made against the Insured:**

(c)    based upon or arising out of the bodily injury, sickness, disease or death of any person, or injury to or destruction of any tangible property or loss of use resulting there from; provided, however, this exclusion shall not apply to the extent such Claim is based upon or arise out of any act, error or omission in Professional Services rendered or that should have been rendered by the Insured;

The Evanston Policy defines "Professional Services" in Endorsement No. 6 as follows:

6.    **PROFESSIONAL SERVICES:**

-Law enforcement & military personnel training
-Private Security personnel training, including defensive & evasive drivers training
-Design & construction of target/shooting ranges (in line w/target systems they manufacture)
-K-9 Training
-Worldwide security assessments for clients
-Worldwide contract security operations

To the extent that the alleged damages sought in the Nordan Lawsuit arising from bodily injury did not arise from the provision of the professional services defined and identified in this endorsement, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

<u>**ELEVENTH DEFENSE**</u>

The Evanston Policy contains the following exclusion:

**This Policy Does Not Apply to any Claim made against the Insured:**

(f)    based upon or arising out of the liability of any person or entity, or any Company of such person or entity, under any workers' compensation, unemployment compensation, employers' liability, disability, or other similar law;

To the extent that the plaintiff in the Nordan Lawsuit bases his claim against Blackwater on "workers' compensation, employers' liability, . . . or other similar law," under the terms of

16

this exclusion, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## TWELFTH DEFENSE

The Evanston Policy contains the following exclusion:

> **This Policy Does Not Apply to any Claim made against the Insured:**
>
> (n)   based upon or arising out of the Insured gaining any profit or advantage to which the Insured is not legally entitled;

To the extent the claims in Nordan Lawsuit are based upon or arising out of Blackwater gaining any profit or advantage to which it was not legally entitled, Exclusion (n) of the Evanston Policy bars coverage for Blackwater, and Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## THIRTEENTH DEFENSE

The Evanston Policy contains the following condition of coverage:

> **Other Insurance:**  This insurance shall be in excess of the amount of applicable deductible of this policy and any other valid and collectible insurance available to the Insured whether such other insurance is stated to be primary, pro rata, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the limits of liability provided in this policy.

To the extent other insurers are obligated to defend or indemnify Blackwater for the claims in the Nordan Lawsuit, this condition makes the Evanston coverage excess to the insurance provided to Blackwater by its other insurers.  Therefore, based on the language in this policy condition, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit until Blackwater's other insurance is exhausted.

## FOURTEENTH DEFENSE

The Evanston Policy provides coverage for "Damages" which are defined as:

**Damages** mean the monetary portion of any judgment, award or settlement and does not include:

17

(a) punitive or exemplary damages, any damages which are a multiple of compensatory damages, or fines or penalties;

(b) the restitution of consideration or expense paid to the insured for services or goods;

(c) judgments or awards arising from acts deemed uninsurable by law.

Based on this definition, Evanston has no duty to indemnify or provide coverage to Blackwater for damages excluded by this definition.

## FIFTEENTH DEFENSE

Blackwater has failed and/or refused to meet its obligations and to comply with the conditions precedent to Evanston's obligations under the Evanston Policy.

## SIXTEENTH DEFENSE

Blackwater has failed to adequately mitigate, minimize or avoid the damages it allegedly sustained, and the Court should accordingly reduce any recovery against Evanston.

## SEVENTEENTH DEFENSE

Evanston alleges that at all times it acted in good faith in its investigation and denial of a defense to Plaintiffs in connection with the Nordan Lawsuit. Evanston specifically denies that it breached the duty of good faith and fair dealing or that it violated any of the provisions of 42 Pa. Stat. Ann. § 8371 or Pa. Stat. Ann. § 1171.5 in connection with its handling of these claims. Evanston also specifically denies that the court should consider Pennsylvania law in evaluating the claims of Blackwater or Evanston's defenses in this case.

## EIGHTEENTH DEFENSE

Evanston alleges that it has no duty to defend, indemnify or provide coverage to Plaintiffs because the terms, conditions, exclusions, exceptions, limitations and limits of liability, of the Evanston Policy bar coverage for the claims against Plaintiffs in the Nordan Lawsuit.

## NINETEENTH DEFENSE

Evanston reserves the right to amend its answer to add, delete or withdraw defenses and to add counterclaims after appropriate discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Evanston Insurance Company prays that the court:

1.      Dismiss each of the counts in Plaintiffs' Complaint with prejudice;

2.      Declare that Evanston has no duty to defend, indemnify or provide coverage to Plaintiffs under the terms of the Evanston Policy for the claims against Plaintiffs in the Nordan Lawsuit;

3.      Enter judgment for Evanston; and

4.      Award Evanston its attorneys' fees, costs and all relief that the court deems appropriate.

## COUNTERCLAIMS OF EVANSTON INSURANCE COMPANY

Evanston asserts the following counterclaims against Plaintiffs:

## INTRODUCTION

1.      Evanston seeks a declaration from the Court ruling that Evanston has no duty to defend, indemnify or provide coverage to Plaintiffs with respect to Nordan Lawsuit, and Evanston has no obligation to reimburse Plaintiffs for legal fees or expenses that it incurred to defend the Nordan Lawsuit.

## PARTIES AND JURISDICTION

2.      Evanston is an insurance company organized under the laws of Illinois with its principal place of business in Illinois.

3.      Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Plaintiffs" or "Blackwater") are Delaware corporations with their principal places of business in Moyock, North Carolina.

19

4.    This Court has subject matter jurisdiction over Evanston's counterclaim against Plaintiffs pursuant to the Court's supplemental jurisdiction set forth in 28 U.S.C. § 1367 and pursuant to 28 U.S.C. § 1332(a)(1) in that Evanston is a citizen of Illinois and Plaintiffs are citizens of Delaware or North Carolina and the matter in controversy exceeds the sum of $75,000. This counterclaim seeks declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202.

5.    A justiceable controversy that is ripe for adjudication exists between the parties as to the insurance coverage questions presented in this lawsuit.

### INSURANCE POLICY

6.    Evanston issued to Blackwater a Service and Technical Professional Liability insurance policy, policy number EO-819173, for the policy period of March 17, 2004 to March 17, 2005 (the "Evanston Policy"). A true and correct copy of the Evanston Policy is attached hereto as Exhibit A.[1]

### THE NORDAN LAWSUIT

7.    On January 5, 2005, Richard P. Nordan, as an Ancillary Administrator filed suit against Blackwater seeking damages arising from the deaths of Stephen Helvenston, Mike Teague, Jerko Zovko and Wesley Batalonoia (the "Decedents") on March 31, 2004 (the "Nordan Lawsuit"). A copy of the complaint in the Nordan Lawsuit is attached to Plaintiffs' Complaint as Exhibit A.

8.    In the Nordan Lawsuit, the plaintiff alleges two separate causes of action against Blackwater – wrongful death and breach of contract.

9.    In the Nordan Lawsuit, the plaintiff alleges that the Decedents were working as independent contractors for Blackwater. A copy of the independent contractor agreements are

---

[1]    Because the total number of pages of exhibits exceeds 50 pages, all exhibits have been filed in hard copy in the traditional manner.

attached to the back of Blackwater's Memorandum of Law in Support of Their Motion to Dismiss which is attached hereto as Exhibit B.

10.     The Decedents deaths occurred while they were working in support of Blackwater's contract with a business providing catering services to the United States military in Iraq.

11.     Blackwater has defended the Nordan Lawsuit. In defending the case, Blackwater has alleged that the Decedents were working as employees of Blackwater at the time of their deaths. Such allegations were made in Blackwater's Memorandum of Law in Support of Their Motion to Dismiss, Blackwater's Memorandum of Law in Reply to Plaintiff's Opposition to Motion to Dismiss and Blackwater's Notice of Removal. A copy of Blackwater's Memorandum of Law in Support of Their Motion to Dismiss, Blackwater's Memorandum of Law in Reply to Plaintiff's Opposition to Motion to Dismiss and Blackwater's Notice of Removal are attached hereto as Exhibit B, C, and D, respectively.

12.     The estates of the Decedents have sought and have received benefits to which they were entitled as employees of Blackwater under the terms Defense Base Act.

13.     At the time of their deaths, each of the Decedents was either employees of Blackwater or contractors of Blackwater.

14.     Fidelity has agreed to provide a defense to Blackwater in the Nordan Lawsuit under a reservation of rights.

15.     Westchester has agreed to provide a defense to Blackwater in the Nordan Lawsuit under a reservation of rights.

## THE REQUEST FOR COVERAGE AND EVANSTON'S RESPONSE

16.     In January of 2005, Evanston was notified of the Nordan Lawsuit and was provided a copy of the Nordan Lawsuit.

17.    After a thorough investigation, Evanston wrote to Blackwater on February 23, 2005 and informed it that Evanston would not defend Blackwater in the Nordan Lawsuit.

18.    Evanston now asserts these counterclaims in order to secure a judicial determination that it is not obligated to defend, indemnify or provide coverage to Blackwater for the claims in the Nordan Lawsuit.

## FIRST CLAIM FOR RELIEF
### [No Coverage for Claims by Employees or Contractors]

19.    Evanston incorporates the allegations in the preceding paragraphs.

20.    The Evanston Policy contains the following exclusion:

**This Policy Does Not Apply to any Claim made against the Insured:**

  (b)  by or in the right of any Insured or parent companies or predecessors of the Named Insured or any of their respective subsidiaries, affiliated agencies, or associated entities, or any contractor or subcontractor thereof;

21.    Plaintiffs in this action against Evanston are both "Insureds" and "Named Insureds" under the Evanston Policy. The Evanston Policy defines "Insured" to include "any present or former . . . employee of the Named Insured . . . ."

22.    The Decedents on whose behalf the plaintiff in the Nordan Lawsuit seeks damages from Blackwater were either employees or contractors of Blackwater.

23.    Because the Decedents were either employees or contractors of Blackwater, under the terms of this exclusion, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## SECOND CLAIM FOR RELIEF
### [No Coverage For Knowingly Wrongful Acts]

24.    Evanston incorporates the allegations in the preceding paragraphs.

25.    The Evanston Policy contains the following exclusion:

**This Policy Does Not Apply to any Claim made against the Insured:**

22

(a)    based upon or arising out of any dishonest, deliberately
fraudulent, malicious, willful or knowingly wrongful act or
omission committed by or at the direction of the Insured;

26.    The claims in Nordan Lawsuit arise from dishonest, deliberately fraudulent,

malicious, willful or knowingly wrongful acts by Blackwater.

27.    Therefore, under the terms of this exclusion, Evanston has no duty to defend,

indemnify or provide coverage to the Blackwater in the Nordan Lawsuit.

## THIRD CLAIM FOR RELIEF
### [No Coverage for Fortuitous Losses]

28.    Evanston incorporates the allegations in the preceding paragraphs.

29.    Liability insurance coverage exists only for fortuitous losses.

30.    The Complaint in the Nordan Lawsuit alleges that the damages sought from

Blackwater all arise from intentional misconduct.  Therefore, Evanston has no duty to defend,

indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## FOURTH CLAIM FOR RELIEF
### [No Coverage for Known Losses]

31.    Evanston incorporates the allegations in the preceding paragraphs.

32.    The Complaint in the Nordan Lawsuit alleges that Blackwater knew or had reason

to know, at the time Evanston issued the Evanston Policy, that there was a substantial probability

that loss or damage would take place following the inception date of the Evanston Policy.

33.    Therefore, the "known-loss" doctrine bars coverage for the claims against

Plaintiffs in the Nordan Lawsuit and Evanston has no duty to defend, indemnify or provide

coverage to Blackwater in the Nordan Lawsuit.

## FIFTH CLAIM FOR RELIEF
### [The Claims Did Not Arise from Blackwater's Provision of Professional Services]

34.    Evanston incorporates the allegations in the preceding paragraphs.

23

35.　　The Evanston Policy provides coverage only for an "act, error or omission in Professional Services rendered or that should have been rendered" by Plaintiffs.

36.　　The Evanston Policy defines "Professional Services" in Endorsement No. 6 as follows:

> **6.　　PROFESSIONAL SERVICES:**
>
> -Law enforcement & military personnel training
> -Private Security personnel training, including defensive & evasive drivers training
> -Design & construction of target/shooting ranges (in line w/target systems they manufacture)
> -K-9 Training
> -Worldwide security assessments for clients
> -Worldwide contract security operations

37.　　To the extent that the damages sought in the Nordan Lawsuit did not arise from the provision of the professional services defined and identified in this endorsement, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

### SIXTH CLAIM FOR RELIEF
**[No Coverage for Bodily Injury Unless it Arose from Blackwater's Professional Services]**

38.　　Evanston incorporates the allegations in the preceding paragraphs.

39.　　The Evanston Policy includes the following exclusion in Endorsement No. 1:

> **This Policy Does Not Apply to any Claim made against the Insured:**
>
> (c)　　based upon or arising out of the bodily injury, sickness, disease or death of any person, or injury to or destruction of any tangible property or loss of use resulting there from; provided, however, this exclusion shall not apply to the extent such Claim is based upon or arise out of any act, error or omission in Professional Services rendered or that should have been rendered by the Insured;

40.　　The Evanston Policy defines "Professional Services" in Endorsement No. 6 as follows:

6.     **PROFESSIONAL SERVICES:**

-Law enforcement & military personnel training
-Private Security personnel training, including defensive &
evasive drivers training
-Design & construction of target/shooting ranges (in line
w/target systems they manufacture)
-K-9 Training
-Worldwide security assessments for clients
-Worldwide contract security operations

41.     To the extent that the alleged damages sought in the Nordan Lawsuit arising from

bodily injury did not arise from the provision of the professional services defined and identified

in this endorsement, Evanston has no duty to defend, indemnify or provide coverage to

Blackwater in the Nordan Lawsuit.

## SEVENTH CLAIM FOR RELIEF
### [No Coverage for Damages Based on
### Workers Compensation or Similar Liability]

42.     Evanston incorporates the allegations in the preceding paragraphs.

43.     The Evanston Policy contains the following exclusion:

**This Policy Does Not Apply to any Claim made against the
Insured:**

(f)     based upon or arising out of the liability of any person or
entity, or any Company of such person or entity, under any
workers' compensation, unemployment compensation,
employers' liability, disability, or other similar law;

44.     To the extent that the plaintiff in the Nordan Lawsuit bases his claim against

Blackwater on "workers' compensation, employers' liability, . . . or other similar law," under the

terms of this exclusion, Evanston has no duty to defend, indemnify or provide coverage to

Blackwater in the Nordan Lawsuit.

## EIGHTH CLAIM FOR RELIEF
### [No Coverage Based on Blackwater's Gaining an Illegal Profit or Advantage]

45.     Evanston incorporates the allegations in the preceding paragraphs.

46.     The Evanston Policy contains the following exclusion:

**This Policy Does Not Apply to any Claim made against the Insured:**

(n)     based upon or arising out of the Insured gaining any profit or advantage to which the Insured is not legally entitled;

47.    To the extent the claims in Nordan Lawsuit are based upon or arising out of Blackwater gaining any profit or advantage to which it was not legally entitled, Exclusion (n) of the Evanston Policy bars coverage for Blackwater, and Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit.

## NINTH CLAIM FOR RELIEF
### [Evanston's Policy Provides Excess Insurance]

48.    Evanston incorporates the allegations in the preceding paragraphs.

49.    The Evanston Policy contains the following condition of coverage:

**Other Insurance:** This insurance shall be in excess of the amount of applicable deductible of this policy and any other valid and collectible insurance available to the Insured whether such other insurance is stated to be primary, pro rata, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the limits of liability provided in this policy.

50.    To the extent other insurers are obligated to defend or indemnify Blackwater for the claims in the Nordan Lawsuit, this condition makes the Evanston coverage excess to the insurance provided to Blackwater by its other insurers. Therefore, based on the language in this policy condition, Evanston has no duty to defend, indemnify or provide coverage to Blackwater in the Nordan Lawsuit until Blackwater's other insurance is exhausted.

## TENTH CLAIM FOR RELIEF
### [No Coverage for Punitive Damages]

1.    Evanston incorporates the allegations in the preceding paragraphs.

2.    The Evanston Policy provides coverage for "Damages" which are defined as:

**Damages** means the monetary portion of any judgment, award or settlement and does not include:

(a) punitive or exemplary damages, any damages which are a multiple of compensatory damages, or fines or penalties;

(b) the restitution of consideration or expense paid to the insured for services or goods;

(c) judgments or awards arising from acts deemed uninsurable by law.

3.     Based on this definition, Evanston has no duty to indemnify or provide coverage to Blackwater for damages excluded by this definition.

### PRAYER FOR RELIEF

**WHEREFORE,** Defendant Evanston Insurance Company prays that the court:

1.     Declare that Evanston has no duty to defend, indemnify or provide coverage to Plaintiffs under the terms of the Evanston Policy for the claims against Plaintiffs in the Nordan Lawsuit;

2.     Enter judgment for Evanston; and

3.     Award Evanston its attorneys' fees, costs and all relief that the court deems appropriate.

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

By: _____
Francis P. Burns III (I.D. No. 27537)
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
215-627-0303 (ext. 7907)
215-351-1900 (fax)
fburns@lavin-law.com
-and-
HELMS MULLISS & WICKER, PLLC
L. D. Simmons II
N.C. State Bar No. 12554
Brian A. Kahn
N.C. State Bar No. 29291
201 North Tryon Street
Charlotte, North Carolina 28202.
Telephone: (704) 343-2000
Facsimile: (704) 444.8773
brian.kahn@hmw.com
ld.simmons@hmw.com
*Attorneys for Evanston Insurance Company*

27

## CERTIFICATE OF SERVICE

I, Francis P. Burns III, Esquire, hereby certify that a true and correct copy of the Answer

and Counterclaims of Defendant, Evanston Insurance Company, was served the 16th day of

March 2006, via United States First Class Mail, postage prepaid, to all counsel of record

addressed as follows:

Dennis J. Valenza, Esquire
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19102-2921

John C. Sullivan, Esquire
Post & Schell, P.C.
Four Penn center
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103

William Briggs , Jr., Esquire
Ross, Dixon & Bell, LLP
2001 K Street NW
Washington, DC  20006-1040

Paul A. Zevnick, Esquire
Harvey Bartle, IV, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004

Francis J. Deasey, Esquire
James W. Daly, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA  19103

FRANCIS P. BURNS III