## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, *et al.*,<br><br>*Defendants*. | Civil Action No. 05-6020 (PBT)<br><br>**PLAINTIFFS' ANSWER TO THE COUNTERCLAIMS OF DEFENDANT EVANSTON INSURANCE COMPANY** |

Plaintiffs Blackwater Security Consulting, LLC, and Blackwater Lodge And Training Center, Inc. (collectively "Blackwater") answer the counterclaims of defendant Evanston Insurance Company ("Evanston") as follows:

1.      Paragraph 1 sets forth no allegations to which a response is required.  To the extent a response is required, the allegations of paragraph 1 are denied.

2.      Admitted.  Blackwater further avers that Evanston is licensed to do and is doing business in the Commonwealth of Pennsylvania.

3.      Admitted.

4.      The allegations of paragraph 4 set forth legal conclusions to which no response is required.

5.      The allegations of paragraph 5 set forth legal conclusions to which no response is required.

Dockets.Justia.com

## INSURANCE POLICY

6.      Blackwater admits that Evanston issued Professional Liability Policy No. EO 819173 to Blackwater Lodge and Training Center, Inc. and Blackwater Security Consulting, LLC that provides coverage for the annual policy periods March 17, 2003 to March 17, 2005 (hereinafter the "Policy").  Blackwater further admits that Evanston attached to its Answer what Evanston purports to be a "true and correct" copy of the Policy.  Blackwater otherwise denies the allegations of paragraph 6.

## THE NORDAN SUIT

7.      Blackwater admits that on January 5, 2005, Richard P. Nordan, as Ancillary Administrator for the separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J. K. Batalona (collectively "decedents"), filed a lawsuit seeking damages for wrongful death and contract claims arising from the murders of decedents on or about March 31, 2004 by Iraqi insurgents while decedents were working in support of plaintiffs' contract serving the United States military effort in Iraq (the "*Nordan* Suit").  Blackwater further admits that it attached to its complaint a true and correct copy of the complaint in the *Nordan* Suit. Blackwater otherwise denies the allegations of paragraph 7.

8.      Blackwater admits that the *Nordan* Suit seeks damages for wrongful death and contract claims arising from the murders of decedents on or about March 31, 2004 by Iraqi insurgents while decedents were working in support of plaintiffs' contract serving the United States military effort in Iraq.  To the extent that the allegations of paragraph 8 seek to further characterize the

allegations contained in the complaint filed in the *Nordan* Suit, a true and correct copy of which is attached as Exhibit A to Blackwater's complaint, that document speaks for itself and no response is required from Blackwater.  Blackwater otherwise denies the allegations of paragraph 8.

9.      To the extent paragraph 9 characterizes the allegations contained in the complaint in the *Nordan* Suit, which speak for themselves, no response is required from Blackwater.  Blackwater admits that the documents referenced in paragraph 9 are attached to Exhibit B of Evanston's Answer.  To the extent that the allegations of paragraph 9 seek to characterize those documents, those documents speak for themselves and no response is required from Blackwater. Blackwater otherwise denies the allegations of paragraph 9.

10.     Admitted.

11.     Blackwater admits that it has defended and is presently defending the *Nordan* Suit. Blackwater further admits that it filed a motion to dismiss the *Nordan* Suit.  To the extent that the remaining allegations seek to characterize documents filed by Blackwater in support of that motion, those documents speak for themselves and no response is required by Blackwater. Blackwater otherwise denies the allegations of paragraph 11.

12.     The allegations of paragraph 12 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 12 are denied.

13.     The allegations of paragraph 13 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 13 are denied.

14.    Blackwater admits that its insurer Fidelity and Casualty Company of New York agreed to provide a defense under a reservation of rights to Blackwater but has failed to do so.  Blackwater otherwise denies the allegations of paragraph 14.

15.    Blackwater admits that Westchester Surplus Lines Insurance Company has agreed to provide a defense of Blackwater of the *Nordan* Suit.  Blackwater further avers that while Westchester has agreed to provide such a defense, Westchester has yet to provide any defense to Blackwater for the *Nordan* Suit as it agreed to do and as is required by its contract of insurance with Blackwater.  Blackwater otherwise denies the allegations of paragraph 15.

### THE REQUEST FOR COVERAGE AND EVANSTON'S RESPONSE

16.    Admitted.

17.    Blackwater admits that Evanston wrote to Blackwater on February 23, 2005 and informed Blackwater that Evanston would not defend Blackwater in the *Nordan* Suit. Blackwater is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore they are denied.

18.    The allegations of paragraph 18 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 18 are denied.

### FIRST CLAIM FOR RELIEF
### (No Coverage for Claims By Employees or Contractors)

19.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20.    Blackwater admits that the Policy, which speaks for itself, contains the provision set forth in paragraph 20.  Blackwater further avers that the Policy also states:

> **Other Conditions**
>
> 9.  **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 20 to the extent that Evanston seeks to construe the provision it cites in paragraph 20 as separate and distinct from the remaining provisions in the Policy.

21.    Blackwater admits that they are insureds under the Policy.  To the extent the allegations of paragraph 21 seek to further characterize the Policy, that document speaks for itself and no response is required from Blackwater.  Blackwater otherwise denies the allegations of paragraph 21.

22.    The allegations of paragraph 22 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 22 are denied.

23.    The allegations of paragraph 23 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 23 are denied.

## SECOND CLAIM FOR RELIEF
### (No Coverage For Knowingly Wrongful Acts)

24.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25.     Blackwater admits that the Policy, which speaks for itself, contains the provision set forth
in paragraph 25.  Blackwater further avers that the Policy also states:

> **Other Conditions**
>
> 9.  **Integration of Document**:  All of the provisions of this policy
> are intended to be read together as one integrated document.  No
> applicable provision nor any part thereof is intended to be separate
> from the balance of the applicable policy provisions.  The meaning
> of each provision of this policy is created by what is written in
> such provision and by what is written in the balance of the
> applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 25 to the extent that Evanston
seeks to construe the provision it cites in paragraph 25 as separate and distinct from the
remaining provisions in the Policy.

26.     Denied.  And in so alleging, without any reasonable basis and without conducting an
investigation thereof, Evanston's allegations are frivolous and unfounded and in violation of 42
Pa. Stat. Ann. § 8371.

27.     The allegations of paragraph 27 set forth legal conclusions to which no response is
required.  To the extent a response is required, the allegations of paragraph 27 are denied.

## THIRD CLAIM FOR RELIEF
### (No Coverage for Fortuitous Losses)

28.     Blackwater repeats its answers to the allegations contained in paragraphs 1 through 27
above as if fully set forth herein.

29.     The allegations of paragraph 29 set forth legal conclusions to which no response is
required.  To the extent that a response is required, the allegations of paragraph 29 are denied.

30.    The allegations of paragraph 30 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 30 are denied.

### FOURTH CLAIM FOR RELIEF
### (No Coverage for Known Losses)

31.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32.    To the extent paragraph 32 characterizes the allegations contained in the complaint in the *Nordan* Suit, which speak for themselves, no response is required from Blackwater.  To the extent a response is required, the allegations of paragraph 32 are denied.

33.    The allegations of paragraph 33 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 33 are denied.

### FIFTH CLAIM FOR RELIEF
### (The Claims Did Not Arise from Blackwater's Provision of Professional Services)

34.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35.    Blackwater admits that the Policy, which speaks for itself, contains the phrase set forth in paragraph 35.  Blackwater further avers that the Policy also states:

> **Other Conditions**
>
> 9.  **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 35 to the extent that Evanston seeks to construe the provision it cites in paragraph 35 as separate and distinct from the remaining provisions in the Policy.

36.    Blackwater admits that the Policy, which speaks for itself, contains the provision set forth in paragraph 36.  Blackwater further avers that the Policy also states:

> **Other Conditions**
>
> 9.  **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 36 to the extent that Evanston seeks to construe the provision it cites in paragraph 36 as separate and distinct from the remaining provisions in the Policy.

37.    The allegations of paragraph 37 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 37 are denied.

### SIXTH CLAIM FOR RELIEF
**(No Coverage for Bodily Injury Unless it Arose from Blackwater's Professional Services)**

38.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39.    Blackwater admits that the Policy, which speaks for itself, contains the provision set forth in paragraph 39.  Blackwater further avers that the Policy also states:

### Other Conditions

9. **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 39 to the extent that Evanston seeks to construe the provision it cites in paragraph 39 as separate and distinct from the remaining provisions in the Policy.

40.     Blackwater admits that the Policy, which speaks for itself, contains the provision set forth in paragraph 40.  Blackwater further avers that the Policy also states:

### Other Conditions

9. **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 40 to the extent that Evanston seeks to construe the provision it cites in paragraph 40 as separate and distinct from the remaining provisions in the Policy.

41.     The allegations of paragraph 41 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 41 are denied.

## SEVENTH CLAIM FOR RELIEF
### (No Coverage for Damages Based on Workers Compensation or Similar Liability)

42.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 41 above as if fully set forth herein.

43.    Blackwater admits that the Policy contains the provision set forth in paragraph 43. Blackwater further avers that the Policy also states that:

> **Other Conditions**
>
> 9.  **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 43 to the extent that Evanston seeks to construe the provision it cites in paragraph 43 as separate and distinct from the remaining provisions in the Policy.

44.    The allegations of paragraph 44 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 44 are denied.

## EIGHTH CLAIM FOR RELIEF
### (No Coverage Based on Blackwater's Gaining An Illegal Profit or Advantage)

45.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

46.    Blackwater admits that the Policy contains the provision set forth in paragraph 46. Blackwater further avers that the Policy also states that:

### Other Conditions

9. **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 46 to the extent that Evanston seeks to construe the provision it cites in paragraph 46 as separate and distinct from the remaining provisions in the Policy.

47.    The allegations of paragraph 47 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 47 are denied.

### NINTH CLAIM FOR RELIEF
#### (Evanston's Policy Provides Excess Insurance)

48.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 47 above as if fully set forth herein.

49.    Blackwater admits that the Policy contains the provision set forth in paragraph 49. Blackwater further avers that the Policy also states that:

### Other Conditions

9. **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 49 to the extent that Evanston seeks to construe the provision it cites in paragraph 49 as separate and distinct from the remaining provisions in the Policy.

50.    The allegations of paragraph 50 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 50 are denied.

## TENTH CLAIM FOR RELIEF
### (No Coverage for Punitive Damages)

51.    Blackwater repeats its answers to the allegations contained in paragraphs 1 through 50 above as if fully set forth herein.

52.    Blackwater admits that the Policy contains the provision set forth in paragraph 52. Blackwater further avers that the Policy also states that:

> **Other Conditions**
>
> 9.  **Integration of Document**:  All of the provisions of this policy are intended to be read together as one integrated document.  No applicable provision nor any part thereof is intended to be separate from the balance of the applicable policy provisions.  The meaning of each provision of this policy is created by what is written in such provision and by what is written in the balance of the applicable policy provisions . . ..

Consequently, Blackwater denies the allegations of paragraph 52 to the extent that Evanston seeks to construe the provision it cites in paragraph 52 as separate and distinct from the remaining provisions in the Policy.

53.    The allegations of paragraph 53 set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 53 are denied.

Blackwater denies that Evanston is entitled to judgment or to any of the relief set forth in paragraphs 1 through 53.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any allegation in Evanston's counterclaims not specifically admitted herein is denied.

### SECOND AFFIRMATIVE DEFENSE

The counterclaims fail to state a claim against Blackwater upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The counterclaims against Blackwater are barred under the doctrine of waiver, unclean hands, equitable estoppel and/or promissory estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The counterclaims against Blackwater are barred by the applicable statute(s) of limitations, the statute of frauds, and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

Evanston was notified in a timely manner of the *Nordan* Suit and is obligated to acknowledge its duty to defend Blackwater against the claims asserted in the *Nordan* Suit, and to pay or indemnify Blackwater for any judgments or settlements incurred by Blackwater in connection with the *Nordan* Suit.

## SIXTH AFFIRMATIVE DEFENSE

Blackwater's claims for coverage against Evanston are not subject to any exclusions contained in the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

The allegations made in the *Nordan* Suit give rise to a duty and contractual obligation by Evanston to defend and indemnify Blackwater against the claims asserted against it in the *Nordan* Suit.

## EIGHTH AFFIRMATIVE DEFENSE

The relief sought against Blackwater in the *Nordan* Suit, if granted, would constitute payment of claims for "professional services" or "personal injury" within the meaning of the Policy, or would otherwise constitute a recovery of a type covered by the Policy.

## NINTH AFFIRMATIVE DEFENSE

The relief sought in the *Nordan* Suit, if granted, would constitute "damages" within the meaning of the Policy.

## TENTH AFFIRMATIVE DEFENSE

The allegations of the *Nordan* Suit against Blackwater constitute claims that fall within the policy periods of the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Blackwater has at all times complied with the terms and conditions of the Policy.

## TWELFTH AFFIRMATIVE DEFENSE

Evanston is barred from recovering on any claims for relief it might otherwise have against Blackwater, because Evanston's attempt to avoid its insuring obligations to Blackwater is violative of applicable statutes regulating business and the business of insurance.

## THIRTEENTH AFFIRMATIVE DEFENSE

Evanston, by its breach of the covenant of good faith and fair dealing that it owed to Blackwater, is barred from recovering on any claims for relief, and each of them, it might otherwise have against Blackwater.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that one or more of the allegations in the *Nordan* Suit come within any exclusion of the Policy, which Blackwater denies, Evanston is nevertheless compelled to defend and to indemnify Blackwater by the existence of one or more other allegations which do not come within any exclusion.

## FIFTEENTH AFFIRMATIVE DEFENSE

Evanston's counterclaims, and each of them, are barred inasmuch as Blackwater has fully satisfied its obligations under the Policy, including full payment of premiums, and is entitled to the full benefits of the Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Blackwater reserves the right to assert such additional defenses that may become applicable during the course of the litigation.

## PRAYER FOR RELIEF

WHEREFORE, Blackwater demands that judgment be entered in its favor and against Evanston, as follows:

a.    Evanston take nothing by way of its counterclaims or by any claims for relief alleged therein;

b.    For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by law; and

c.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ Harvey Bartle, IV
Dennis J. Valenza
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
215.963.5000
215.963.5001 (facsimile)

Paul A. Zevnik
Howard T. Weir
Harvey Bartle, IV
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.739.3000
202.739.3001 (facsimile)