## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation<br><div align=right>Plaintiffs,</div><br><div align=center>vs.</div><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation<br><div align=center>and</div><br>EVANSTON INSURANCE COMPANY, an Illinois Corporation<br><div align=center>and</div><br>FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation<br><div align=center>and</div><br>LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation<br><div align=right>Defendants.</div> | CIVIL ACTION NO. 05-6020 |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2006 upon consideration of Defendant, Westchester Surplus Lines Insurance Company's Motion For Leave to Reply to Plaintiff's Memorandum In Opposition To Certain Defendants' Motion To Transfer Venue, it is hereby ORDERED that Defendant's Motion is hereby GRANTED.

_____ J

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation<br><br>                                             Plaintiffs,<br><br>          vs.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation<br>          and<br>EVANSTON INSURANCE COMPANY, an Illinois Corporation<br>          and<br>FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation<br>          and<br>LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation<br><br>                                             Defendants. | CIVIL ACTION NO. 05-6020 |

## DEFENDANT, WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO TRANSFER VENUE

Defendant, Westchester Surplus Lines Insurance Company (hereinafter "Westchester") by and through its undersigned counsel move pursuant to Rule 7 of the Federal Rules of Civil Procedure and the Honorable Petrese B. Tucker's Rules of Practice and hereby request leave to file a Reply to Plaintiff's Memorandum In Opposition To Certain Defendants' Motion To Transfer Venue and aver as follows:

1.      Plaintiff's Memorandum In Opposition To Certain Defendants' Motion To Transfer Venue (hereinafter "Memorandum") contains multiple misstatements regarding the ownership and incorporation of Westchester which are factually inaccurate.

2.      The misstatements contained in the Memorandum are central to Plaintiff's argument that Westchester is a Philadelphia corporation and, if left uncorrected, may impact on the Court's decision.

3.      Westchester's request for leave to reply is limited only to Plaintiff's averments regarding Westchester's ownership and incorporation.  Westchester does not seek to introduce new or additional arguments with respect to the Motion To Transfer Venue.

4.      Unless Westchester is permitted leave to correct plaintiff's misstatements its interests will be materially prejudiced.

5.      Pursuant to instructions received from Your Honor's chambers, attached herewith is a draft of the Reply to Plaintiff's Memorandum In Opposition To Certain Defendants' Motion To Transfer Venue (hereinafter "Reply") and Affidavit in support of Westchester's Reply.  A signed original of the Affidavit will be provided with Westchester's Reply should leave be granted.

WHEREFORE, Defendant Westchester Surplus Lines Insurance Company requests Leave from this Honorable Court to file a Reply to Plaintiff's Memorandum In Opposition To Certain Defendants' Motion To Transfer Venue.


BY: /s/ Francis J. Deasey (Valid Code FD1214)
/s/ James W. Daly (Valid Code JD1216)
FRANCIS J. DEASEY, ESQUIRE (Atty. ID
25699)

JAMES W. DALY, ESQUIRE (Atty. ID 37660)
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
215-587-9400 (PHONE)/215-587-9456 (FAX)
fjdeasey@dmbphila.com
DATED:  5/31/06                 jwdaly@dmbphila.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation<br><br>                                      Plaintiffs,<br>              vs.<br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation<br>              and<br>EVANSTON INSURANCE COMPANY, an Illinois Corporation<br>              and<br>FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation<br>              and<br>LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation<br>                                 Defendants. | CIVIL ACTION NO. 05-6020 |

**DEFENDANT, WESTCHESTER SURPLUS LINES INSURANCE
COMPANY'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO TRANSFER VENUE**

In response to Plaintiff's Memorandum In Opposition To Certain Defendants' Motion To Transfer Venue, Defendant Westchester Surplus Lines Insurance Company (hereinafter "Westchester"), by and through its undersigned counsel hereby responds as follows:

**I.      BACKGROUND**

On November 16, 2005 Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (hereinafter collectively "Blackwater") filed a Complaint against Westchester, Evanston Insurance Company ("Evanston"), Fidelity & Casualty Company of New York ("Fidelity") and Liberty International Underwriters, Inc. ("Liberty").  On April 19, 2006, three of the defendants, Evanston, Fidelity and Liberty, filed a Motion to Transfer Venue to the United States Court for the Eastern District of North Carolina.  Westchester did not join that motion but did file a response.  Westchester's response was limited to admissions of certain

factual averments made by the Moving Defendants and included Westchester's consent to the change in venue.  On May 12, 2006 Blackwater filed a Memorandum In Opposition To Certain Defendants' Motion To Transfer Venue ("Memorandum"), which reiterates certain misstatements regarding Westchester's state of incorporation which were contained in Plaintiff's Complaint and which were denied in Westchester's Answer.  In addition, Blackwater's Memorandum adds additional misstatements and seeks to support its contention with supplemental material that has no bearing on Westchester's domicile.

In filing the instant Reply, Westchester seeks to address Blackwater's misstatements and correct the record.

## II.    FACTS

A.    Blackwater's Averments:

Section B, 1., The Parties' Choices of Forum, pages 5 – 6, contains the following averments:

1)    Defendant Westchester is a subsidiary of ACE Westchester Specialty Group, a ***corporation*** located in Philadelphia.  (Emphasis added).

2)    ACE Group Corporate Profile is cited for support of Blackwater's misstatements that ACE Westchester Specialty Group is a corporation and is located in Philadelphia.

3)    A.M. Best 2005 Report is cited for support of Blackwater's misstatements that ACE Westchester Specialty Group is a corporation and is located in Philadelphia.

4)    Westchester's policy directs that suits be served on ACE USA Companies.

5)    The Signature Endorsement, form LD-5523g, includes, as a signatory, a company that is listed as having offices in Philadelphia, therefore, Blackwater concludes, Westchester has offices in Philadelphia.

We will address each averment in turn.

       B.     Westchester Responses:

1)     ACE Westchester Specialty Group is not a corporation.  A search of the Pennsylvania Department of State corporations data base discloses no entries for any entity of any type operating under the name "ACE Westchester".  No corporation, limited liability corporation, partnership, limited partnership, limited liability partnership or fictitious name is registered under the "ACE Westchester" name.  The results of the search for "ACE Westchester" are attached hereto as Exhibit "A".

       Similarly, a search of the Pennsylvania Department of State corporations data base for "Specialty Group" discloses no entries for any entity of any type which includes the term "Specialty Group" in its name.  No corporation, limited liability corporation, partnership, limited partnership, limited liability partnership or fictitious name is registered with the term "Specialty Group" in its name.  The results of the search for "Specialty Group" are attached hereto as Exhibit "B".

       A search of the Pennsylvania Insurance Department listing of Licensed Insurance Companies discloses that ACE Westchester Specialty Group is not a licensed insurance company operating in the Commonwealth of Pennsylvania.  A copy of the Pennsylvania Insurance Department listing of Licensed Insurance Companies beginning with the letter "A" is attached hereto as Exhibit "C".

       ACE Westchester Specialty Group is a marketing designation used for purposes of marketing and grouping of results.

2)     Nothing in the ACE Group Corporate Profile indicates that ACE Westchester Specialty Group is incorporated, generally, or specifically in Pennsylvania.  Further, nothing in the ACE Group Corporate Profile indicates that any of the other "groups" identified are

incorporated, generally, or specifically in Pennsylvania. Any references to state of incorporation contained in the ACE Group Corporate Profile are specific to Westchester Fire Insurance Company, which, according to the Profile, was incorporated in the State of New York in 1837.

A search of the Pennsylvania Insurance Department listing of Licensed Insurance Companies discloses that Westchester is not a licensed insurance company operating in the Commonwealth of Pennsylvania. A copy of the Pennsylvania Insurance Department listing of Licensed Insurance Companies beginning with the letter "W" is attached hereto as Exhibit "D".

Separately, a search of the Pennsylvania Insurance Department listing of Surplus Lines Companies discloses that Westchester is an authorized Surplus Lines insurer that is domiciled in Georgia. A copy of the Pennsylvania Insurance Department listing of Surplus Lines Companies for Westchester is attached hereto as Exhibit "E".

3)      Nothing in the A. M. Best 2005 Report for ACE Westchester Specialty Group states that it is incorporated in any one or more of the United States. Nothing in the A. M. Best 2005 Report for ACE Westchester Specialty Group discusses its management structure or identifies its "Officers" and "Directors", as is typical with A. M. Best's review of companies. Further, although the A. M. Best 2005 Report does identify specific "Rating Unit Members", nothing in the report discloses that the "Rating Unit Members" are subsidiaries or affiliates of ACE Westchester Specialty Group. Moreover, the subsection of the included report titled "HISTORY" discloses that Westchester Surplus Lines Insurance Company is "domiciled in Georgia" and is "authorized on a non-admitted basis in 44 states."

Had Blackwater researched Westchester Surplus Lines Insurance Company in A. M. Best, it would have found that Westchester Surplus Lines Insurance Company's corporate history and affiliations are clearly disclosed. Under the subsection titled "HISTORY" A. M.

Best 2005 Report for Westchester Surplus Lines Insurance Company states:

> This company was incorporated on June 30, 1971 in Hawaii as Industrial
> Insurance Company of Hawaii, Ltd., and began business on September 1,
> 1971.  On November 30, 1994 the company was **redomesticated to
> Georgia** by merger and changed its name to Westchester Surplus Lines
> Insurance Company.  (Emphasis added).

The A. M. Best 2005 Report for Westchester Surplus Lines Insurance Company also clearly discloses that 100% of the company's outstanding stock is owned, not by ACE Westchester Specialty Group, but by ACE USA, Inc.  The officers and directors of Westchester Surplus Lines Insurance Company are clearly identified.  Finally, the report discloses that Westchester Surplus Lines Insurance Company is regulated by the State of Georgia, having been examined by the State of Georgia as of December 31, 2003.  A copy of the A. M. Best 2005 Report for Westchester Surplus Lines Insurance Company is attached hereto as Exhibit "F".

Westchester acknowledges that the A. M. Best 2005 Report contains an incorrect address.  The report incorrectly states that Westchester's address is 1601 Market Street, Philadelphia, PA.  Westchester's correct address is Suite 200, 500 Colonial Center Parkway, Roswell, GA 30076.

A search the Pennsylvania Department of State corporations data base discloses no entries for any entity of any type operating under the name "Westchester Surplus Lines".  No corporation, limited liability corporation, partnership, limited partnership, limited liability partnership or fictitious name is registered under the "Westchester Surplus Lines" name.  The results of the search for "Westchester Surplus Lines" are attached as Exhibit "G".

4)    Blackwater conveniently ignores pertinent clear and unambiguous provisions of this endorsement which designates an agent for purposes of receiving process.  The endorsement provides (in part):

Service of process of "suits" against us may be made upon the following *person*, or *another person* we may designate:

Joy Bernstein, Assistant General Counsel, Business Litigation
ACE USA Companies

(Emphasis added).

The endorsement further provides:

The *person* named above is authorized and directed to accept service of process on our behalf in any action, "suit" or proceeding instituted against us.

(Emphasis added).

Please note that the endorsement repeatedly refers to a specific person as being Westchester's agent for purposes of service of process. The endorsement does not designate a corporation as an agent for purposes of service of process. Since Westchester is a non-admitted insurer in 44 states, the District of Columbia, Puerto Rico and the Virgin Islands, it is not surprising that Westchester has elected to designate a specific person that is authorized to accept service of process. Nothing in the endorsement alters or amends Westchester's state of incorporation or Westchester's principal place of business.

5)     As with 4), above, Blackwater conveniently ignores pertinent provisions in order to advance its arguments. Again, the text of the endorsement is clear and unambiguous. Here, the endorsement states:

THE ONLY SIGNATURES APPLICABLE TO THIS POLICY ARE THOSE REPRESENTING THE COMPANY NAMED ON THE FIRST PAGE OF THE DECLARATIONS.

(Emphasis original).

The first page of the Declarations discloses that the policy was issued by Westchester of Atlanta, GA. As Westchester is the only entity identified in both the

Declarations and on the signature page, the signatures of Illinois Union Insurance Company and INA Surplus Insurance Company are of no moment.  The only signatures relevant for purposes of this policy are the signatures of Westchester's officers.  Note that the signature page also identifies Westchester's domicile as Atlanta, GA.

## III.    CONCLUSION

Westchester hereby reiterates that it is not aware of any relationship between Pennsylvania and the issues in dispute in this action, none of the events related to the issuance of Westchester's policy took place in Pennsylvania and there are no witnesses or documents relating to the issuance of Westchester's policy located in Pennsylvania.  Moreover, despite Blackwater's assertions, Westchester has no relationship with Pennsylvania, is not registered as a corporation or fictitious entity with Pennsylvania, is not regulated or licensed by the Pennsylvania Insurance Department and is not admitted to do business by the Pennsylvania Insurance Department.

WHEREFORE, Defendant, Westchester Surplus Lines Insurance Company consents to Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

BY: /s/ Francis J. Deasey (Valid Code FD1214)
/s/ James W. Daly (Valid Code JD1216)
FRANCIS J. DEASEY, ESQUIRE (Atty. ID 25699)
JAMES W. DALY, ESQUIRE (Atty. ID 37660)
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
215-587-9400 (PHONE)/215-587-9456 (FAX)
fjdeasey@dmbphila.com
DATED:  5/31/06          jwdaly@dmbphila.com