## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

BLACKWATER SECURITY CONSULTING, LLC, *et al.*,

    *Plaintiffs*,

    v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, *et al.*,

    *Defendants*.

**Civil Action No. 05-6020 (PBT)**

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY MEMORANDUM**

The instant situation demonstrates why reply briefs are discretionary and why this Court discourages them. Because they cannot satisfy their burden of establishing that a transfer is warranted to their preferred forum, Defendants Evanston Insurance Company ("Evanston"), Fidelity & Casualty Company of New York ("Fidelity"), and Liberty International Underwriters, Inc. ("Liberty") (collectively "Moving Defendants") have submitted a proposed reply memorandum that offers no new reasons for disturbing Blackwater's choice of forum and is nothing more than a thinly-veiled attempt to obfuscate the issues and, contrary to the law, shift their burden on the issue of proper venue to Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively "Blackwater").[1]

Accordingly, and as discussed below more fully below, Moving Defendants' motion for leave to file a reply and motion to transfer venue should be denied because (1) it is undisputed that venue is proper in this district; (2) Moving Defendants have failed to demonstrate that this forum is inconvenient for them; (3) Moving Defendants ignore that the operative facts

---

[1] Defendant Westchester Surplus Lines Insurance Company ("Westchester") also filed a motion for leave to file a reply. Westchester, while contending that it is not moving to transfer the venue of this action, has "consented" to such a transfer.

Dockets.Justia.com

underlying this dispute took place in Iraq and its environs, and not North Carolina; and (4)

contrary to Moving Defendants' assertions, this Court is well-equipped to hear this dispute.

## ARGUMENT

I.    **Moving Defendants Cannot Not Dispute That Venue Is Proper In This District**

Venue is proper here.  A motion to transfer venue pursuant to 28 U.S.C. § 1404(a)

presupposes that venue is proper in the transferor district.  *Jumara v. State Farm Ins. Co.*, 55

F.3d 873, 878 (3d Cir. 1995); *Horace Mann Ins. Co. v. Nationwide Mutual Ins. Co.*, No. Civ. A.

04-5978, 2005 WL 639728 *1-2 (E.D. Pa. March 17, 2005).  Accordingly, by bringing a motion

to transfer under 28 U.S.C. § 1404(a) Moving Defendants must admit that this forum is a proper

place to adjudicate this dispute.

II.    **Because They Have Not, And Admittedly Cannot, Satisfy Their Burden To Establish That A Transfer Is Warranted, Moving Defendants Impermissibly Seek To Shift The Burden To Blackwater**

Moving Defendants' proposed reply brief is bereft of any evidence on which this Court

can rely to determine that a transfer will be more convenient for the parties and witnesses,

inexpensive, or expeditious.  It is blackletter law that while a district court has the discretion to

transfer an action pursuant to 28 U.S.C. § 1404(a) that "the plaintiff's choice of venue should not

be lightly disturbed." *Jumara*, 55 F.3d at 879 (citation omitted).  Notwithstanding Moving

Defendants' attempts to shift the burden of proof to Blackwater (Moving Defendants' Proposed

Reply ("Moving Defs. Reply") at 1, 2, 3), the burden rests solely with the Moving Defendants to

clearly establish that a transfer will be more convenient for the parties and witnesses, and in the

interest of justice. *Jumara*, 55 F.3d at 879; *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa.

1996); *Morales v. Navieras De Puerto Rico*, 713 F. Supp. 711, 712 (S.D.N.Y. 1989) ("The party

seeking transfer bears the burden of establishing, by a clear and convincing showing, the propriety of transfer."); *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 425 F. Supp. 665, 667 (S.D.N.Y. 1977) ("The burden is on the movants to make a clear showing that on balance these factors favor transfer.").

To meet this burden the movant must present evidence upon which the court may rely in justifying transfer, such as documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 & n.2 (3d Cir. 1973); *Hawkins v. Nat'l Basketball Ass'n*, 295 F. Supp. 103, 106 (W.D. Pa. 1969). Moving Defendants' argument that they are not required to produce such evidence (Moving Defs. Reply at 7 n.1), is simply wrong. *Gonzalez v. Elec. Control Sys., Inc.*, Civ. A. No. 93-3107, 1993 WL 372217 *4 (E.D. Pa. Sept. 17, 1993) (To establish the propriety of transfer "the moving party needs to provide the type of documents set forth in *Plum Tree*."). Because Moving Defendants have not provided any such evidence, in either their original moving papers or proposed reply, there is no basis on which this Court may rely to transfer this action.

For example, Moving Defendants have not submitted the name of a single witness that would be inconvenienced by a trial in this forum. Blackwater, on the other hand, has named three, all of whom do not reside in North Carolina and two of which reside in Alaska and Florida respectively. (Blackwater Opposition Memorandum ("Blackwater Opp.") at 11 & Exh. 17). The most Moving Defendants can muster in response to these witnesses is the incredible argument that it is just as convenient for a resident of Alaska or Florida to fly into a small airport in Virginia's Tidewater region rather than to fly into Philadelphia International Airport because those witnesses "will have a long flight regardless" and may run into rush hour traffic in

Philadelphia.  (Moving Defs. Reply at 3-4).

Similarly, Moving Defendants have not stated that they will suffer "business hardships" by trying this action in Philadelphia.  This is not surprising, considering that all of the Moving Defendants are substantial insurance companies located in New York (Liberty) and the Chicago area (Evanston and Fidelity) that had revenues in the *billions* of dollars in 2005.  (Blackwater Opp. at 7, 9).  Moving Defendants also have not submitted any "affidavits concerning the relative ease of access to sources of documentary evidence," but instead concede that they know of no such evidence located in North Carolina and that they will need discovery to support such an assertion.  (Moving Defs. Reply at 7).  As for applicable law, Moving Defendants can do no more than repeat their earlier statement that North Carolina law *may* apply to this dispute.  (*Id.* at 8).

Lastly, it bears noting that Moving Defendants rely heavily on a proposed "reply" filed by Westchester as to whether Westchester has any contacts to this forum.  (*Id.* at 4-5). Westchester's policy requires that it "submit to any court of competent jurisdiction" for suits brought against it (Westchester Policy, Endorsement MANA 0089 05 02)[2], which presumably explains why Westchester has "consented" but is not "moving" to transfer the venue of this action.[3]  Westchester's proposed "reply", like its original "response" to Moving Defendants' motion, includes no evidence on which this court may rely to determine whether a transfer is appropriate.  As an initial matter, Westchester's argument that the inclusion INA Surplus Insurance Company, located in Philadelphia, on its policy's signature page is mere surplusage

---

[2]  A true and correct copy of this endorsement is attached as Exhibit 1 to the Certification of Harvey Bartle, IV, dated June 14, 2006 ("Bartle Cert.").  Westchester's full policy is attached as Exhibit B to Blackwater's Complaint.

[3]  Evanston's policy contains a similar provision, but Evanston's policy also provides that it may "seek a transfer of a case to another court as permitted by the laws of the United States[.]"  (Evanston Policy at 7, a true and correct copy of Evanston's Policy is attached as Exhibit C to Blackwater's Complaint).  Westchester's policy has no such qualifier.

that should be disregarded by this Court (Westchester Proposed "Reply" at 6-7), is wholly

undermined by the fact that lead signature for both Westchester and INA Surplus Insurance

Company on that signature page is the same person: George D. Mulligan.  Indeed, the best

evidence that Westchester can muster are assertions similar to the other defendants and an

unsworn and unsigned affidavit purportedly to be signed by someone from Westchester.[4]

(Westchester Motion for Leave to File a "Reply" at 2, and Exhibit).  An attorney's assertions

alone, and certainly an unsigned and unsworn affidavit, cannot be used as the basis to transfer an

action under 28 U.S.C. § 1404(a).  *See Hawkins*, 295 F. Supp. at 106.

### III.    The Facts Underlying The *Nordan* Suit Took Place In Iraq Not North Carolina

Moving Defendants' proposed reply does not seriously challenge the undisputed fact that

the substantive allegations of the *Nordan* Suit took place "in Iraq, and the surrounding regions

and countries" and not in North Carolina.  (*Nordan* Complaint at ¶ 11, 13, 15, 34, 37-39, 43-48,

51-53, 55, 57, 68-96).[5]  The thin reed upon which Moving Defendants contend that the *Nordan*

Suit's contacts with North Carolina are "overwhelming" is a single allegation that *Nordan*

decedent Stephen Helveston and *Nordan* Suit defendant Jason McQuown did not get along.  (*Id.*

at ¶ 40).  This allegation is insufficient to disturb the Plaintiffs' choice of forum when weighed

against the *Nordan* Suit's substantive allegations as to what Blackwater did or failed to do in and

around Iraq.

---

[4] With regard to Westchester's attorney's assertion that the A.M. Best report cited by Blackwater is incorrect, in its Annual Report and elsewhere, Westchester and its parent advertise their A.M. Best ratings and refer their stockholders and potential investors to A.M. Best for an independent analysis of their financial strength and investment potential.  (ACE Limited 2005 Annual Report at 77, attached as Exh. 2 to Bartle Cert.; ACE Limited "Ratings By Legal Entity Financial Strength and Credit Rating" at 2, attached as Exh. 3 to Bartle Cert.).  In addition, the 2004 A.M. Best Report for Westchester lists the same address for Westchester as the 2005 report: 1601 Market Street, Philadelphia, Pennsylvania 19103.  (2004 Westchester A.M. Best Report at 1, attached as Exh. 4 to Bartle Cert.).
[5] A true and correct copy of the *Nordan* Complaint is attached as Exhibit A to Blackwater's Complaint.

**IV.    This Court Is Well-Equipped to Adjudicate This Dispute**

Finally, Moving Defendants contend that a court in federal court in Elizabeth City "is in a better position to prevent duplication of discovery regardless of whether [the *Nordan* Suit] remains in federal court or the court remands it to North Carolina state court" than this Court. (Moving Defs. Reply at 8). At the outset, it is difficult to grasp how a federal court sitting over 166 miles from the state court forum of the *Nordan* Suit will be in any better position to prevent the "duplication of discovery." This Court is certainly capable of preventing the duplication of discovery — it does every day. Moreover, the entities that are in the best position to avoid the "duplication" of discovery are the parties rather the Court.

**CONCLUSION**

Moving Defendants' motion for leave to file a reply must be denied. Moving Defendants cannot, and do not, dispute that venue is proper here. Furthermore, Moving Defendants' reply offers no evidence to support their claims that this venue is inconvenient for either them or any witness, or that the interests of justice will be served by a transfer. Moving Defendants' reply also highlights the fact that the facts of the *Nordan* Suit are virtually unconnected to North Carolina. Lastly, Moving Defendants' contention that somehow discovery will proceed more appropriately in a North Carolina federal court rather than here is wholly unconvincing. Accordingly, Blackwater respectfully requests that this Court deny Moving Defendants' motion for leave to file a reply and that this Court deny their motion to transfer this action to the Eastern District of North Carolina.

Respectfully submitted,


s/ Harvey Bartle, IV
_____

Dated: June 14, 2006                Dennis J. Valenza
                                    MORGAN, LEWIS & BOCKIUS LLP
                                    1701 Market Street
                                    Philadelphia, Pennsylvania 19103
                                    215.963.5000
                                    215.963.5001 (facsimile)

                                    Paul A. Zevnik
                                    Howard T. Weir
                                    Harvey Bartle, IV
                                    MORGAN, LEWIS & BOCKIUS LLP
                                    1111 Pennsylvania Avenue, NW
                                    Washington, D.C. 20004
                                    202.739.3000
                                    202.739.3001 (facsimile)