# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, | : CIVIL ACTION : : : : : Civil Action No. 2:05-cv-06020-PBT |
| Plaintiffs, | : |
| v. | : |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation, | : : : : : : : : |
| Defendants. | : |

## RULE 7.1 DISCLOSURE STATEMENT FORM

Please check one box:

☐        The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒        The nongovernmental corporate party,   Fidelity & Casualty Company of New York  , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

Fidelity & Casualty Company has merged with and into Continental Insurance Company. Continental Insurance Company is an insurance company domesticated in the Commonwealth of Pennsylvania with its principal place of business in Chicago, Illinois. Continental Insurance Company is not publicly traded. All of its stock is owned by CNA Financial Corporation, which has issued shares to the public. Loews Corporation owns the majority of the stock of CNA Financial Corporation. No other corporation owns 10% or more of the stock of CNA Financial Corporation.

| | |
|---|---|
| March 7, 2007 | RPS4415 |
| | Signature |

Counsel for:   Fidelity & Casualty Company of New York

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

    (a)  WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

    (b)  TIME FOR FILING; SUPPLEMENTAL FILING. A party must:

        (1)  file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

        (2)  promptly file a supplemental statement upon any change in the information that the statement requires.

## **CERTIFICATE OF SERVICE**

I, Michael R. Carlson, hereby certify that on March 7, 2007, a true and correct copy of the foregoing Disclosure Statement was filed electronically and it is available for viewing and downloading from the ECF system; a true and correct copy of same was sent via U.S. first-class mail, postage pre-paid, upon the following:

Dennis J. Valenz, Esquire
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103

Francis J. Deasey, Esquire
James W. Daly, Esquire
DEASEY, MAHONEY & BENDER, LTD.
1800 John B. Blvd., Suite 1300
Philadelphia, PA  19103

Paul C. Vitrano, Esquire
ROSS DIXON & BELL, LLP
2001 K Street, NW
Washington, DC  20006

Harvey Bartle, IV, Esquire
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC  20004

Francis P. Burns, III
LAVIN O'NEIL RICCI CEDRONE & DISIPIO
190 North Independence Mall West
6th and Race Streets, Suite 500
Philadelphia, PA  19106

John C. Sullivan, Esquire
POST & SCHELL PC
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103


MRC3515_____
Michael R. Carlson