IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

BLACKWATER SECURITY CONSULTING,
LLC, *et al.*,

      *Plaintiffs,*

      v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, *et al.*,

      *Defendants.*

Civil Action No. 05-6020 (PBT)

## DECLARATION OF ANDREW G. HOWELL

I, Andrew G. Howell, do hereby declare under penalty of perjury as follows:

1.      I am general counsel of Blackwater Security Consulting LLC and Blackwater Lodge and Training Center, Inc (collectively, "Blackwater"). I submit this declaration in support of Blackwater's Motion for Partial Summary Judgment against Continental Insurance Company, formerly known as Fidelity & Casualty Company of New York ("CNA"). I have personal knowledge of the following facts based upon my job responsibilities and on Blackwater's records and files related to this dispute.

2.      Among other things, Blackwater provides contract security and professional assistance to the United States for its operations presently being conducted in Iraq and elsewhere.

3.      CNA issued International Voluntary Workers Compensation and Employers Liability Policy No. DBA 22 390 1731 to Blackwater for the policy period March 18, 2004 to June 18, 2004 (the "CNA Policy"). A true and correct copy of the CNA Policy is attached hereto as Exhibit A.

4.    On January 5, 2005, Richard P. Nordan, as Ancillary Administrator for the separate estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalona (collectively "decedents"), filed a complaint captioned *Nordan v. Blackwater Security Consulting LLC, et al.*, Case No. 05CVS 000173, in the Superior Court of North Carolina, Wake County (the "*Nordan* Complaint") against Blackwater, and Mr. McQuown and Mr. Powell. A true and correct copy of the *Nordan* Complaint is attached hereto as Exhibit B.

5.    On December 14, 2006, Blackwater filed a demand for arbitration with the American Arbitration Association. A true and correct copy of that demand is attached hereto as Exhibit C.

6.    In addition to Richard Nordan filing the *Nordan* Complaint as Ancillary Administrator of the estates of the decedents, relatives of the decedents have claimed and received benefits under the Defense Base Act.

7.    All four decedents are receiving compensation under the Defense Base Act through the coverage provided by the Workers Compensation coverage part of the CNA Policy. True and correct copies of *Zovko v. Blackwater Security Consulting*, Dept. of Labor Case No. 02-135269, Compensation Order, Award of Compensation, Form LS-19a (Oct. 18, 2004); Compensation Without Award Form for Dependants of Michael Teague, Case No. 02-1353368, Form LS-206 (June 4, 2004); Compensation Without Award Form for Dependants of Steven Helveston, Case No. 02-135370 (April 30, 2004); and Compensation Without Award Form for Dependants of Wesley Batalona, Case No. 02-135371, Form LS-206 (June 25, 2004), are attached hereto as Exhibits D, E, F, and G, respectively. All of these documents have been filed with the United States Department of Labor and are part of the public record.

8.      On January 6, 2005, a representative from Blackwater notified its insurance brokers of the *Nordan* Complaint and instructed them to tender the *Nordan* Complaint for coverage to Blackwater's insurers, including Evanston.  A true and correct copy of that correspondence is attached hereto as Exhibit H.

9.      On February 25, 2005, CNA sent a letter to Blackwater acknowledging receipt of Blackwater's tender of the *Nordan* Complaint.  A true and correct copy of that correspondence is attached hereto as Exhibit I.

10.     To date, CNA has only reimbursed Blackwater for the fees paid and incurred for its local counsel in North Carolina.

11.     On April 4, 2005, counsel for CNA sent counsel for Blackwater a letter further clarifying CNA's February 25, 2005 letter.  A true and correct copy of the correspondence is attached hereto as Exhibit J.

12.     In addition to fees for local counsel in North Carolina, Blackwater has paid and incurred significant costs defending the *Nordan* allegations and related litigation, including costs related to, *inter alia*, (1) removing the *Nordan* Complaint to the United States District Court for the Eastern District of North Carolina; (2) appealing to the United States Court of Appeals for the Fourth Circuit the district court's decision to remand the *Nordan* Complaint to the North Carolina Superior Court and denial of Blackwater's motion to dismiss; (3) filing a petition for certiorari with the United States Supreme Court of the Fourth Circuit's denial of Blackwater's appeal of the district court's decision; (4) petitioning to compel arbitration; (5) defending against the *Nordan* plaintiffs' second complaint in the North Carolina Superior Court; and (6) conducting the arbitration.

Executed on this 11th day of July 2007 in the State of North Carolina.

Andrew G. Howell