D

U.S. DEPARTMENT OF LABOR
OFFICE OF WORKERS' COMPENSATION PROGRAMS
DIVISION OF LONGSHORE AND HARBOR WORKERS' COMPENSATION

| | |
|---|---|
| Jerko Zovko (dec'd) | COMPENSATION ORDER |
| Claimant | |
| v. | AWARD OF COMPENSATION |
| Blackwater Security Consulting | CASE NO: 02-135369 |
| Employer | |
| | ACT: DBA |
| Fidelity & Casualty Co. of N.Y. | IC: 2004 00190 |
| Insurance Carrier | |

Pursuant to agreement and stipulation by and between the interested parties and such further investigation in the above entitled claim having been made as is considered necessary, and no hearing having been applied for by any party in interest, or considered necessary by the District Director, the District Director makes the following:

### FINDINGS OF FACT

1. That on, 3/31/2004 the claimant above-named was in the employ of the employer above-named at its premises in the Second Compensation District, established under the provisions of the Longshore and Harbor Workers' Compensation Act, as amended and extended; that the liability of the employer for compensation under the said Act was insured by Fidelity & Casualty Company of New York / CNA Global.

2. That on said day the claimant, while performing service as a employee for the employer, sustained injuries resulting in his death and that such death comes within the purview of the above ACT.

3. The requirement of notice of the injury to the employer has been met.

4. The employer furnished the claimant with medical treatment, etc., in accordance with provisions of Section 7 of the said ACT.

5. The average weekly wage of the claimant at the time of injury is not an issue.

6. As a result of the death of the employee, the employer and the insurance carrier have made sufficient investigation to determine that the deceased has no dependents within the meaning of the Act.

Upon the foregoing findings of fact the District Director makes the following:

### AWARD

1. The employer/carrier shall pay the amount of $5000.00 to the Special Fund as provided for in Section 44(c)(1) of the Act.

Given under my hand at 201 Varick Street

New York, New York 10014 this 18th day of October, 2004.

Richard V. Robilotti
District Director
2nd Compensation District

Ron Kucenski
Claims Examiner

E

| | |
|---|---|
| **Payment Of Compensation Without Award**<br>(Longshore and Harbor Workers' Compensation Act, as extended) | **U.S. Department of Labor**<br>Employment Standards Administration<br>Office of Workers' Compensation Programs  |

OMB No. 1215-0(

**NOTE:** This Notice is to be filed with the Deputy Commissioner when the first payment is made. A copy should be sent to the person to whom compensation was paid. This report is required by law (33 U.S.C. 914(c)). Failure to report may result in delays in the delivery of benefits.

**FOR OFFICE USE**

1. OWCP No.
   02 135368
2. CARRIER'S No.
   2004 00189

3. Name of injured person (First, middle, last - please print or type)
   Michael Teague

4. Address of injured person (Number, street, city, state and ZIP code)
   1229 Woodbridge Drive, Clarksville, TN 37042

5. Date of accident or first illness (Month, day, year)
   March 31, 2004

6. Date disability began (Month, day, year)
   N/A

7. Name of injured, or dependents of injured, to whom compensation will be paid
   Rhonda Teague & ▓▓▓▓▓▓

8.
   Average weekly wage $ 5,278.00    multiplied by 2/3 = compensation rate $ 1,030.78
   (Mark if maximum rate is being paid) ☒ Yes

9. Compensation will be paid from - Enter month, day, year.
   April 1, 2004
   until notice is given that payment has been stopped or suspended

10. Date of first payment (Month, day, year.)
    April 16, 2004

11. Has medical care and treatment been provided by a physician or hospital chosen by the injured person?
    (Mark appropriate box)   ☐ Yes  ☐ No

12. Name of employer
    Blackwater Security Consulting

13. Address of employer (Number, street, city, state and ZIP code)
    1660 International Drive, Suite 470, McLean, VA 22102

14. Name of insurance carrier
    The Fidelity & Casualty Company of New York/CNA Global

15. Authorized signature
    *[signature]*   Donna Sprags

16. Title of person whose signature appears in item 15
    Casualty Claims Manager

17. Date signed
    June 4, 2004

**EXAMINED:**
U.S. DEPARTMENT OF LABOR
DLHWC – D.O. 2
JUN 1 4 2004
RONALD A. KUCENSKI, C.E.

**Public Burden Statement**
We estimate that it will take an average of 15 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Office of Information Management, U.S. Department of Labor, Room N1301, 200 Constitution Avenue, N.W., Washington, D.C. 20210; and to the Office of Management and Budget, Paperwork Reduction Project (1215-0022), Washington, D.C. 2050:

Form LS-206
Rev. Jan. 19-00

WC 8012c (Ed. 11-91) UNIFORM. PRINTING &SUPPLY, INC.

F

| Payment Of Compensation–Without Award<br>(Longshore and Harbor Workers' Compensation Act, as extended) | U.S. Department of Labor<br>Employment Standards Administration<br>Office of Workers' Compensation Programs |  |

OMB No. 1215-00

| | FOR OFFICE USE |
|---|---|
| NOTE: This Notice is to be filed with the Deputy Commissioner when the first payment is made. A copy should be sent to the person to whom compensation was paid. This report is required by law (33 U.S.C. 914(c)). Failure to report may result in delays in the delivery of benefits. | 1. OWCP No.<br>02 135370 |
| | 2. CARRIER'S No.<br>2004 00188 |

3. Name of injured person (First, middle, last - please print or type)
Stephen Helvenston

4. Address of injured person (Number, street, city, state and ZIP code)
P O Box 5526
Oceanside, CA 92052

| 5. Date of accident or first illness (Month, day, year)<br>March 31, 2004 | 6. Date disability began (Month, day, year)<br>N/A |
|---|---|

7. Name of injured, or dependents of injured, to whom compensation will be paid
[redacted] [redacted]

8.
Average weekly wage $ 5,278.00     multiplied by 2/3 = compensation rate $ 1,030.78
(Mark if maximum rate is being paid)  ☑ Yes

9. Compensation will be paid from - Enter month, day, year.
April 1, 2004
until notice is given that payment has been stopped or suspended

10. Date of first payment (Month, day, year.)
April 26, 2004

11. Has medical care and treatment been provided by a physician or hospital chosen by the injured person?
(Mark appropriate box)   ☑ Yes  ☐ No

12. Name of employer
Blackwater Security Consulting

13. Address of employer (Number, street, city, state and ZIP code)
1660 International Drive, Suite 470, McLean, VA 22102

14. Name of insurance carrier
The Fidelity & Casualty Company of New York/CNA Global

15. Authorized signature
    Donna Sprags

| 16. Title of person whose signature appears in item 15<br>Casualty Claims Manager | 17. Date signed<br>April 30, 2004 |
|---|---|

**Public Burden Statement**
We estimate that it will take an average of 15 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Office of Information Management, U.S. Department of Labor, Room N1301, 200 Constitution Avenue, N.W., Washington, D.C. 20210; and to the Office of Management and Budget, Paperwork Reduction Project (1215-0022), Washington, D.C. 2050:

Form LS-206
Rev. Jan. 19-00

8012c (Ed. 11-91) UNIFORM, PRINTING &SUPPLY, INC.

G

| Payment Of Compensation Without Award (Longshore and Harbor Workers' Compensation Act, as extended) | U.S. Department of Labor Employment Standards Administration Office of Workers' Compensation Programs |
|---|---|

OMB No. 1215-00

| NOTE: This Notice is to be filed with the Deputy Commissioner when the first payment is made. A copy should be sent to the person to whom compensation was paid. This report is required by law (33 U.S.C. 914(c)). Failure to report may result in delays in the delivery of benefits. | FOR OFFICE USE 1. OWCP No. 02 135371 2. CARRIER'S No. 2004 00187 |
|---|---|

3. Name of injured person (First, middle, last - please print or type)
WESLEY BATALONA

4. Address of injured person (Number, street, city, state and ZIP code)
43-961 PAAUILO-HUI ROAD, PAUUILO, HAWAII 96776

5. Date of accident or first illness (Month, day, year)
MARCH 31, 2004

6. Date disability began (Month, day, year)

7. Name of injured, or dependents of injured, to whom compensation will be paid
JUNE BATALONA & [REDACTED]

8.
Average weekly wage $5,278.00    multiplied by 2/3 = compensation rate $1,030.78
(Mark if maximum rate is being paid) ☒ Yes

9. Compensation will be paid from - Enter month, day, year.
APRIL 1, 2004 until notice is given that payment has been stopped or suspended.

10. Date of first payment (Month, day, year.)
JUNE 17, 2004

11. Has medical care and treatment been provided by a physician or hospital chosen by the injured person?
(Mark appropriate box)    ☒ Yes   ☐ No

12. Name of employer
BLACKWATER SECURITY CONSULTING

13. Address of employer (Number, street, city, state and ZIP code)
850 PUDDIN RIDGE ROAD, MOYOCK, N C 27958

14. Name of insurance carrier
The FIDELITY & CASUALTY COMPANY OF NEW YORK/CNA GLOBAL

15. Authorized signature    DONNA SPRAGS

16. Title of person whose signature appears in item 15
CASUALTY CLAIMS MANAGER

17. Date signed
JUNE 25, 2004

EXAMINED:
U.S. DEPARTMENT OF L
DLHWC – D.O. 2
JUL – 8 2004
RONALD A. KUCENSKI,

**Public Burden Statement**
We estimate that it will take an average of 15 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If yo have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Office of Information Management, U.S. Department of Labor, Room N1301, 200 Constitution Avenue, N.W., Washington, D.C. 20210; and to the Office of Management and Budget, Paperwork Reduction Project (1215-0022), Washington, D.C. 2050

Form LS-206
Rev. Jan. 19-00

8012c (Ed. 11-91) UNIFORM, PRINTING &SUPPLY, INC.

H

**PRINCE GROUP LLC**
1660 International Drive
Suite 470
McLean, VA 22102
Tel: 571-633-9530
Fax: 571-633-9535

January 6, 2005

**By E-Mail and Federal Express**

Ms. Heather Chapple
Outdoor Insurance Group
400 N. Woodlawn; Suite 100
Wichita, KS 67208

Mr. Jack Heyboer
HUB International Midwest
245 Central Ave
P.O. Box 1319
Holland, MI 49422-1319

Roger Ellickson
Ms. Donna Sprags
CNA
CNA Plaza 32S
Chicago, IL 60685

Re: Westchester Surplus Lines Ins. Co. (GLW 778197)
Liberty Ins. Underwriters (LQ1-B71-200233-014)
Evanston Insurance Company (Policy EO814817)
**Fidelity and Casualty of New York (DBA Policy #223901731, et al.)**

Dear Sirs and Madames:

On behalf of Blackwater Security Consulting LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater"), notice is hereby provided of a Complaint that appears to have been filed on January 5, 2005 in the General Court of Justice Superior Court Division, Wake County, North Carolina (the "Complaint"), a copy of which is attached hereto. As of today, Blackwater has not been served with the Complaint.

The lawsuit has been filed on behalf of the families of the four Blackwater Security independent contractors who were murdered by Iraqi insurgents in Fallujah, Iraq on March 31, 2004. The four (4) individuals were: Stephen Scotten Helvenston, Michael Richard Teague, Jerko Gerald Zovko, Wesley-John Kealoha Batalona. Notice of the incident had been provided to each of you by letter dated on or about April 1, 2004. All personnel were covered by Defense Base Act Insurance through CNA Insurance Company.

1

**PRINCE GROUP LLC**
1660 International Drive
Suite 470
McLean, VA 22102
Tel: 571-633-9530
Fax: 571-633-9535

Please forward this notice immediately to each Insurer and kindly provide me with confirmation that such notice has been sent. Please advise if there is anything further that I am required to do at this point, including filing anything directly with the Insurance Companies.

Should you have any questions or if you need any further information, please do not hesitate to call.

Sincerely,

/s/ steven capace
Steven F. Capace

Enc.

I

FEB.25.2005   3:55PM   CNA WORLDWIDE CLAIMS                              NO.111   P.2



CNA Plaza 333 S. Wabash, 27 South Chicago IL 60685-0001
February 25, 2005

Mr. Steve Capace
c/o Prince Group, LLC
1600 International Drive
Suite 470
McLean, VA 22102

**Joyce Williams**
*Claim Specialist*
*CNA International Unit*
Telephone  312-822-3679
Facsimile   312-817-7252
Internet    joyce.williams@cna.com

<u>Nordan, et al. v. Blackwater Security Consulting, LLC, et al.,</u>
(Gen. Ct. of Justice, Super. Ct. Wake Co., NC)
Reservation of Rights

Dear Mr. Capace:

As you know, Fidelity and Casualty Co. of New York ("Fidelity") issued Policy No. DBA 22 390 1731 to Blackwater Security Consulting, LLC ("Blackwater") for the Policy Period March 18, 2004 to June 18, 2004 (the "Policy"). The basic Policy coverage is set out in an International Voluntary Workers' Compensation and Employers' Liability Coverage Form ("Coverage Form") that provides Workers' Compensation Insurance and Employers' Liability Insurance to Blackwater. The limits of the Employers' Liability coverage are $1 million for all bodily injury resulting from each accident.

1.  **The Nordan litigation and Fidelity's reservation of rights.**

We have received the complaint in the above captioned lawsuit <u>Nordan, et al. v. Blackwater Security Consulting, LLC, et al.</u> The <u>Nordan</u> complaint names as defendants, Blackwater Security Consulting, LLC, Blackwater Lodge and Training Center, Inc., and two Blackwater employees, Justin McQuown and Thomas Powell (collectively "defendants"). The complaint is filed by the administrator of the estates of four individuals who were murdered by Iraqi Insurgents while working as independent contractors for Blackwater in Fallujah, Iraq.

Please be advised that Fidelity is investigating whether the Policy provides coverage for Blackwater in the <u>Nordan</u> litigation. Our coverage investigation is on-going; however, while that investigation is being conducted, Fidelity will provide a defense to Blackwater pursuant to a full reservation of its rights under the Policy and applicable law.

Please understand that neither the defense that Fidelity has agreed to provide, nor Fidelity's on-going investigation is a waiver of any rights that Fidelity may have under the Policy and applicable law. To the contrary, Fidelity reserves all of its rights under the Policy and applicable law, including the right to terminate the defense being provided to Blackwater, the right to seek recovery of any and all defense costs that may

www.cna.com

FEB.25.2005   3:55PM   CNA WORLDWIDE CLAIMS                                      NO.111   P.3

have been advanced to or on behalf of Blackwater, and the right to deny coverage for any settlement or adverse verdict that Blackwater may pay in this matter.

This letter will set forth some of Fidelity's initial coverage concerns relating to the <u>Nordan</u> litigation. We request that you provide us with any factual information, Policy provisions, legal considerations or arguments that you believe we may have overlooked. We will certainly consider whatever you provide us as we investigate and consider these initial coverage concerns.

2. <u>Coverage concerns relating to the individual defendants</u>

At the outset, we note that it does not appear that either of the individual defendants, Justin McQuown and Thomas Powell, are insureds under the Policy. To the contrary the Policy only provides coverage to "an employer named as a Named Insured in the Declarations." Policy, Coverage Form, General Section, ¶B. The only Named Insureds are those listed in the Named Insured Endorsement, namely, Blackwater Security Consulting, LLC, Blackwater Lodge and Training Center, Inc., Aviation Worldwide Services, LLC, and Presidential Airways, Inc.

As such, there is no coverage provided under the Employer's Liability Coverage form for either McQuown or Powell, nor is there any duty to defend them under the policy for the allegations set forth in the complaint.

3. <u>Coverage concerns relating to Blackwater</u>

Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Blackwater") are insureds under the Policy. However, it appears that the terms and conditions of the Policy may not provide coverage for the <u>Nordan</u> lawsuit.

Initially, we note that the <u>Nordan</u> lawsuit is not a claim for workers' compensation benefits; accordingly, Part One – Workers' Compensation Insurance is not applicable to this matter. Thus, coverage under the Policy, if any, must come from Part Two – Employers' Liability Insurance.

The Employers' Liability of the Policy provides that "[w]e will pay all sums you legally must pay as damages because of bodily injury to your 'employees'." Policy, Coverage Form, Part Two, ¶B.[1] Thus, the Policy covers bodily injury claims against Blackwater by employees of Blackwater.[2]

---

[1] In addition, the Policy provides that Fidelity has "the right and duty to defend" suits that are covered. Id. ¶D. Thus, both the duty to defend and indemnify Blackwater hinge on whether the <u>Nordan</u> suit is covered by the Policy.

[2] In addition, the Policy covers certain claims arising out of injury to your employee. For example, claims by a "third party . . . as a result of injury to your 'employee'"; id., and claims for "consequential bodily injury to a spouse, child, parent, brother, or sister of the injured 'employee;' provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured 'employee's' employment by you . . . ." Id.

FEB.25.2005   3:56PM   CNA WORLDWIDE CLAIMS                                    NO.111   P.4

The Policy defines "employee" as follows:

> "Employee" means anyone employed by the Named Insured including any volunteer worker. At your option, "employee" may include individuals who are independent contractors with whom you have a written contract in which you agree to provide them the benefits of voluntary workers' compensation. . . .

Policy, Coverage Form, Part Six – Definitions at ¶B. Here none of the individuals who were killed in Iraq are alleged to be employees of Blackwater. To the contrary, the complaint specifically alleges that these deceased individuals:

> were hired by BLACKWATER as independent contractors, and were at no relevant time employees of BLACKWATER.

Complaint at ¶31.

As noted in the definition of "employee" quoted above, the only way that individuals who are independent contractors can be covered as employees under the Policy is if "you [Blackwater] have a written contract in which you agree to provide them the benefits of voluntary workers' compensation." Policy, Coverage Form, Part Six – Definitions, ¶B. We have no information at present that any such contracts exist. Please provide us with such contracts, if, in fact, they exist.

The only contracts that we have seen relating to the deceased individuals whose estates have filed the <u>Nordan</u> lawsuit make clear that Blackwater specifically did not agree that the deceased individuals were employees; nor did it agree to provide the deceased individuals with any workers' compensation benefits. In this regard, the Independent Contractor Service Agreements ("Contract") that we are aware of specifically provide, for example:

> 20.15 Independent Contractor. Contractor acknowledges that it is solely an independent contractor. Nothing contained in this Agreement shall be deemed to constitute either [Blackwater], [or] the Contractor . . . as an . . . employee of the other party for any purpose. . . . Contractor understands that he is not entitled to any employee benefits from [Blackwater], including workers' compensation benefits . . . . Contract at ¶20.15.

> 11.1 Acknowledgement. . . . Contractor understands and agrees that Contractor is solely responsible for obtaining any and all . . . workers compensation . . . and understands that [Blackwater] is not responsible for obtaining any such insurance. Contract at ¶11.1.

As a result of the Policy provisions noted above, the allegations of the <u>Nordan</u> complaint, and the individual contracts each decedent entered into with Blackwater, we have serious concerns that the Policy may not provide coverage to Blackwater for defense or indemnity of the <u>Nordan</u> complaint. Again, we invite you to provide us with any facts, law, or Policy provisions which you believe that we may have overlooked. We will certainly consider any materials that you provide us as we continue to investigate our coverage concerns in this matter.

☒005/006                                                                02/28/2005 09:19 FAX 5718339535

FEB.25.2005   3:56PM   CNA WORLDWIDE CLAIMS                                    NO.111   P.5

### 4. Conclusion

Please understand that nothing in this letter is a waiver of any rights that Fidelity may have under the Policy and applicable law. To the contrary, Fidelity reserves all of its rights under the Policy and applicable law.

Finally, it is possible that the claims alleged in the <u>Nordan</u> complaint may be covered by another insurance policy that Blackwater has obtained. We urge you to discuss this matter with your General Liability Carrier and with any other insurer you may have.

Please do not hesitate to contact me if you have any questions about this letter.

Very truly yours,

Joyce Williams

*[signature]*

Sent via fax 571-633-9535 and certified mail

J

04/08/2005  03:24    21288852              FLICKER GARELICK                        PAGE  03

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, DC 20006-1040 • p (202) 662-2000  f (202) 662-2190

WILLIAM H. BRIGGS JR.
TELEPHONE: (202) 662-2063
EMAIL: BBRIGGS@RDBLAW.COM

April 4, 2005

### VIA FIRST CLASS MAIL & E-MAIL

Keith L. Flicker, Esquire
Flicker, Garelick & Associates, LLP
45 Broadway
New York, NY 10006

Re:  *Nordan v. Blackwater Security Consulting, LLC*
     **Clarification of February 25 reservation of rights letter**

Dear Keith:

This will follow up on our recent telephone discussions concerning the reservation of rights letter that Joyce Williams, CNA Claim Specialist, sent to Steve Capace of Prince Group, LLC on February 25, 2005 (the "February 25 reservation of rights letter"). The February 25 reservation of rights letter discusses certain coverage issues relating to the Nordan litigation and to the Part Two – Employers Liability Insurance provided by Fidelity and Casualty Company of New York ("Fidelity") in Policy No. DBA 22 390 1731 which was issued to Blackwater for the policy period March 18, 2004 to June 18, 2004 (the "Policy").

On behalf of Fidelity, this will clarify the following:

1. Nothing in the February 25 reservation of rights letter addresses or is intended to address the Defense Base Act ("DBA") coverage found in Part One – Workers Compensation Insurance of the Policy. To the contrary, based upon the information that Fidelity presently has, Fidelity agrees with Blackwater that the Policy provides DBA coverage to Blackwater and that the DBA coverage provided by the

WASHINGTON • IRVINE • SAN DIEGO • CHICAGO

Ø002                                                                  04/14/2005 16:40 FAX 5716339535

04/08/2005  03:24   2128885275           FLICKER GARELICK                    PAGE  04

# ROSS, DIXON & BELL, LLP

Keith L. Flicker, Esquire
April 4, 2005
Page 2

        Policy should be the exclusive remedy for the claims plaintiffs' have made in the Nordan litigation.

2. Fidelity has not reserved its rights under the DBA coverage provided by the Policy.

3. The February 25 reservation of rights letter only addresses coverage issues relating to Part Two – Employers Liability Insurance under the Policy.

4. To the extent that the February 25 reservation of rights letter relies upon the allegations of the Nordan complaint, Fidelity has made no independent investigation of those allegations and, therefore, nothing in the February 25 reservation of rights letter should be interpreted as making any findings relating to the validity of the allegations of the Nordan complaint.

    I hope this clarifies the February 25 reservation of rights letter. Please understand that, subject to this clarification, Fidelity continues to reserve all of its rights under the Policy and applicable law, including, but not limited to, the rights set out in the February 25 reservation of rights letter.

Very truly yours,

ROSS, DIXON & BELL, LLP

By _____
William H. Briggs Jr.

WHB:jmh
cc: Jeffrey N. Williamson
    Joyce M. Williams

316872 v1

@004                                        04/14/2005 15:40 FAX 5716533635