IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE COMPANY, *et al.*, <br><br> *Defendants*. | Civil Action No. 05-6020 (PBT) |

### DECLARATION OF ANDREW G. HOWELL

I, Andrew G. Howell, do hereby declare under penalty of perjury as follows:

1. I am general counsel of Blackwater Security Consulting LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater"). I submit this declaration in support of Blackwater's Motion for Partial Summary Judgment against Westchester Surplus Lines Insurance Company ("ACE"). I have personal knowledge of the following facts based upon my job responsibilities and on Blackwater's records and files related to this dispute.

2. Among other things, Blackwater provides contract security and professional assistance to the United States for its operations presently being conducted in Iraq and elsewhere.

3. In or about March 2004, Justin McQuown and Thomas Powell were responsible for managing certain of Blackwater's operations in Iraq.

4. ACE issued Commercial General Liability Policy No. GLW 778197 (the "Policy") to Blackwater Lodge and Training Center, Inc. for the policy period January 23, 2004 to January 23, 2005. A true and correct copy of the Policy is attached hereto as Exhibit A.

5. On January 5, 2005, Richard P. Nordan, as Ancillary Administrator for the separate estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalona (collectively "decedents"), filed a complaint captioned *Nordan v. Blackwater Security Consulting LLC, et al.*, Case No. 05CVS 000173, in the Superior Court of North Carolina, Wake County (the "*Nordan* Complaint") against Blackwater, and Mr. McQuown and Mr. Powell. A true and correct copy of the *Nordan* Complaint is attached hereto as Exhibit B.

6. On December 14, 2006, Blackwater filed a demand for arbitration with the American Arbitration Association. A true and correct copy of that demand is attached hereto as Exhibit C.

7. On January 6, 2005, a representative from Blackwater notified its insurance brokers of the *Nordan* Complaint and instructed them to tender the *Nordan* Complaint for coverage to Blackwater's insurers, including ACE. A true and correct copy of that correspondence is attached hereto as Exhibit D.

8. On January 10, 2005, ACE sent a letter to Blackwater acknowledging receipt of Blackwater's tender of the *Nordan* Complaint. A true and correct copy of that correspondence is attached hereto as Exhibit E.

9. Because ACE had failed to timely respond to Blackwater's request that it provide a defense for its insureds for the *Nordan* Complaint, Blackwater retained defense counsel for itself and for Mr. McQuown and Mr. Powell.

10. On May 18, 2005, counsel for ACE sent a letter to Blackwater outlining its coverage position and in which it agreed to "undertake reimbursement for defense costs, that is reasonable defense costs, pursuant to the [ACE Policy]" that Blackwater paid and incurred

defending the *Nordan* Complaint. A true and correct copy of that correspondence is attached hereto as Exhibit F.

11. Since agreeing to reimburse Blackwater's defense costs, however, ACE has failed to reimburse Blackwater for any of the costs that Blackwater has paid and incurred.

12. The costs that Blackwater has paid and incurred defending the *Nordan* allegations and related litigation, including costs related to, *inter alia*, (1) removing the *Nordan* Complaint to the United States District Court for the Eastern District of North Carolina; (2) appealing to the United States Court of Appeals for the Fourth Circuit the district court's decision to remand the *Nordan* Complaint to the North Carolina Superior Court and denial of Blackwater's motion to dismiss; (3) filing a petition for certiorari with the United States Supreme Court of the Fourth Circuit's denial of Blackwater's appeal of the district court's decision; (4) petitioning to compel arbitration; (5) defending against the *Nordan* plaintiffs' second complaint in the North Carolina Superior Court; and (6) conducting the arbitration.

Executed on this 11th day of July 2007 in the State of North Carolina.

_____
Andrew G. Howell