IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO. 05-6020 (PBT) |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | |
| Defendants. | JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of

Plaintiffs' Motion for Partial Summary Judgment On The Duty To Defend Against Evanston

Insurance Company, and any response thereto, it is hereby ORDERED that said Motion is

GRANTED, and Evanston has a duty to defend the Plaintiffs in connection with the defense of

the action captioned *Nordan v. Blackwater Security Consulting LLC, et al.*, 05 CVS 000173.

_____
THE HONORABLE PETRESE B. TUCKER

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO. 05-6020 (PBT) |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE DUTY TO DEFEND AGAINST EVANSTON INSURANCE COMPANY**

Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training

Center, Inc. (collectively, "Blackwater"), by and through their attorneys, respectfully move for

partial summary judgment on the duty to defend pursuant to Federal Rule of Civil Procedure 56

in connection with the insurance policy, Professional Liability Policy No. EO 819173, that

Evanston Insurance Company ("Evanston") issued to Blackwater, and seek a declaration that

there is a duty to defend the underlying action captioned *Nordan v. Blackwater Security*

*Consulting LLC, et al.,* 05 CVS 000173. In support of this motion, Blackwater relies upon and

incorporates the attached Memorandum of Law, Declaration of Andrew G. Howell and

Certification of Dennis J. Valenza in support thereof.

WHEREFORE, Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge

and Training Center, Inc. respectfully request that this Court enter the accompanying proposed

Order pursuant to Fed. R. Civ. P. 56.

Respectfully submitted,

Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000

Paul A. Zevnik
Howard T. Weir III
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P: 202.739.3000

Dated:  July 11, 2007                      Attorneys for Plaintiffs

2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO. 05-6020 (PBT) |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR PARTIAL SUMMARY JUDGMENT ON THE DUTY TO DEFEND
AGAINST EVANSTON INSURANCE COMPANY**

Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000
F: 215.963.5001

Paul A. Zevnik
Howard T. Weir III
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P: 202.739.3000
F: 202.739.3001

Dated:  July 11, 2007

Attorneys for Plaintiffs

Plaintiffs Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc. (collectively "Blackwater") respectfully submit this memorandum of law in support of their motion for partial summary judgment against Evanston Insurance Company ('Evanston") for a declaration that Evanston is obligated, pursuant to the insurance policy it issued that provides coverage to Blackwater, to reimburse Blackwater for the costs it has paid and incurred and will pay and incur in the defense of the underlying action captioned *Nordan v. Blackwater Security Consulting LLC, et al.,* 05 CVS 000173, originally filed in the Superior Court of North Carolina, Wake County, and related litigation (the "*Nordan* Complaint"). The determination of Evanston's obligation to defend Blackwater from the allegations of the *Nordan* Complaint requires only a comparison of the allegations of that complaint to the provisions of Evanston's insurance policy to determine whether a "possibility" of coverage exists. If such a possibility exists, then Evanston is obligated to defend Blackwater. A comparison of these two documents plainly shows that the allegations in the complaint trigger Evanston's duty to defend under the provisions of its policy. And, there is no exclusion to Evanston's insurance policy that bars coverage. Accordingly, Blackwater respectfully requests that this Court grant its motion.

## I.    STATEMENT OF FACTS

### A.    The Insured.

Blackwater provides contract security and professional military assistance to the United States for its military operations presently being conducted in Iraq and elsewhere. *Declaration of Andrew Howell* ("Howell Decl."), ¶ 2. Jason McQuown and Thomas Powell were, at the time relevant to this action, employees of Blackwater. (Howell Decl., ¶ 3).

### B.    Evanston Policy Provides Coverage To Blackwater For Bodily Injury.

Evanston issued Professional Liability Policy No. EO 819173 to Blackwater Lodge and Training Center, Inc. and Blackwater Security Consulting, LLC, for the policy period March 17,

2003 to March 17, 2005 (the "Evanston Policy"). (Howell Decl., ¶ 4, Exh. A, Endorsement 5).

Because Mr. McQuown and Mr. Powell were, during the relevant times, employees of

Blackwater, they are also "Insureds" under the Evanston Policy. (Howell Decl., Exh. A, MG

843-2/22/99 at 1) (the term "Insured" also includes "any present or former . . . employee of the

Named Insured.").

The Evanston Policy provides

**THE COVERAGE**

**1. Professional Liability and Personal Injury:** To pay on behalf of the Insured
the amount of Damages[1] and Claims Expenses[2] in excess of the deductible
amount stated in the Declarations which the Insured shall become legally
obligated to pay resulting from CLAIMS FIRST MADE AGAINST THE
INSURED DURING THE POLICY PERIOD OR THE OPTIONAL
EXTENSION PERIOD, IF PURCHASED, AND REPORTED IN
ACCORDANCE WITH THE PROVISIONS OF CLAIMS 1, because of any

(a) act, error, or omission in Professional Services rendered or that should
have been rendered,

\* \* \*

**2. Defense, Investigation and Settlement of Claims:** [Evanston] shall
investigate, defend, and settle any Claim to which this policy applies pursuant to
the following provisions:

(a) Claims Expenses incurred investigating and defending such Claim
shall be included within the Each Claim limit of liability set forth in the
Declarations and shall not be in addition thereto. Such Claim Expenses shall
reduce the available Limit of Liability. [EVANSTON] SHALL NOT BE
OBLIGATED TO PAY ANY DAMAGES OR TO DEFEND OR CONTINUE
TO DEFEND ANY CLAIM OR TO PAY ANY EXPENSES AFTER THE
LIMIT OF [EVANSTON'S] LIABILITY HAS BEEN TENDERED TO THE
INSURED OR INTO THE COURT OR EXHAUSTED BY PAYMENT(S) OF
DAMAGES OR CLAIM EXPENSES.

---

[1]    "'Damages' means the monetary portion of any judgment, award or settlement." (Howell Decl., Exh. A,
MG 843 -2/22/99 at 1).

[2]    "Claims Expenses" include the cost and fees related to defending a "Claim." (Howell Decl., Exh. A, MG
843 -2/22/99 at 1).

2

* * *

(Howell Decl., Exh. A, MG 843-2/22/99 at 1-2) (emphasis in original). "Claim" means "a written demand received by the Insured for compensation for Damages, including the service of suit or institution of arbitration proceedings against the Insured." (Howell Decl., Exh. A, MG 843-2/22/99 at 1). Included within the ambit of "Claims" are those related to bodily injury or death, "to the extent such Claim is based upon or arises out of any act, error, or omission in Professional Services rendered or that should have been rendered by the Insured." (Howell Decl., Exh. A, Endorsement 1 ¶ 2). "Professional Services" includes "Worldwide contract security operations." (Howell Decl., Exh. A, Endorsement 6). The "Limits of Liability" for the Evanston Policy are $1 million for "Each Claim" and $1 million in the aggregate. (Howell Decl., Exh. A, Declarations). There is also a $10,000 deductible for each Claim. (*Id.*) And, any "Claims Expenses" paid by Evanston erode the Evanston Policy's limits of liability. (Howell Decl., Exh. A, MG 843-2/22/99 at 2).

C.    **The *Nordan* Complaint Alleges Facts That Trigger Evanston's Coverage Obligations Under The Policy.**

On January 5, 2005, Richard P. Nordan, as Ancillary Administrator for the separate estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalona (collectively "decedents"), filed a complaint captioned *Nordan v. Blackwater Security Consulting LLC, et al.*, Case No. 05 CVS 000173, in the Superior Court of North Carolina, Wake County (the "*Nordan* Complaint") against Blackwater, and Mr. McQuown and Mr. Powell. (Howell Decl., Exh. B). The *Nordan* Complaint seeks damages for wrongful death arising from the murders of decedents on or about March 31, 2004 by Iraqi insurgents in the city of Fallujah, while decedents were temporarily working in support of Blackwater's contract serving the United States military effort in Iraq. (*Id.* at ¶¶ 12, 30-31). The *Nordan* Complaint also seeks to

3

rescind the agreements entered into between decedents and Blackwater. (*Id.* at ¶¶ 80-96). The *Nordan* Complaint further alleges that the decedents "were hired by Blackwater as independent contractors, and were at no relevant time employees of Blackwater." (*Id.* at ¶ 31).

Specifically, Richard Nordan alleges that "[a]s a proximate result of [Blackwater's, McQuown's and Powell's] intentional conduct, willful and wanton conduct, and/or negligence, as alleged herein, [decedents] were killed March 31, 2004." (*Id.* at ¶ 71). In addition, the *Nordan* Complaint alleges that the decedents were "providers of love, support, comfort, guidance, advice and companionship" to their respective survivors, including spouses, children, and other family members. (*Id.* at ¶¶ 72-75). And, the *Norda*n Complaint seeks damages because, "[a]s a proximate result of [Blackwater's alleged wrongful conduct] and the deaths of [decedents], [the decedents' survivors], and each of them, sustained the loss of society, companionship, comfort, guidance, kindly offerings, advice, services, protection, care and assistance, as well as the net income of decedents, and each of them." (*Id.* at ¶ 76).

Among other alleged wrongful conduct, the *Nordan* Complaint alleges that Blackwater, Mr. McQuown and Mr. Powell, failed to provide decedents with "certain protections, tools, and information to allow [decedents] to do their jobs" in Iraq, and that those failures resulted in the murder of decedents. (*Id.* at ¶ 13). These alleged failures include: (1) not providing the decedents with the proper weapons and to allow them to test fire the weapons they were given; (2) not giving the requisite notice before the decedents were sent on a mission; (3) not conducting a "Risk Assessment" prior to the mission; (4) not giving the decedents the opportunity to review the mission routes; (5) not allowing decedents to review intelligence prior to the mission; (6) not giving the decedents 21 days to acclimate to the region; (7) not providing armored vehicles; and (8) not providing the required number of team members for the security

4

mission. (*Id.* at ¶¶ 13, 15, 34, 37-39, 51-53, 55, 57). With regard to decedent Helvenston, the

*Nordan* Complaint alleges that he was sent on the mission in Iraq despite the fact that he had

taken ill after arriving in the area and was not physically able to perform that task. (*Id.* at ¶¶ 43-

48). It is these alleged failures for which the *Nordan* Complaint seeks damages and to hold

Blackwater, McQuown, and Powell liable for the wrongful death of decedents and seeks to

rescind the agreements that the decedents entered into with Blackwater. (*Id.* at ¶¶ 68-96).

Blackwater initially removed the *Nordan* Complaint to the United States District Court

for the Eastern District of North Carolina and moved to dismiss. *Nordan v. Blackwater Security*

*Consulting LLC*, 382 F. Supp. 2d 801 (E.D.N.C. 2005). The district court remanded the action

and denied as moot Blackwater's motion to dismiss. *See id.* The United States Court of Appeals

for the Fourth Circuit denied Blackwater's appeal of that decision and the United States Supreme

Court denied Blackwater's petition for certiorari. *In re Blackwater Security Consulting LLC*,

460 F.3d 576 (4th Cir. 2006), *cert. denied*, 75 U.S.L.W. 3457 (U.S. Feb. 26, 2007) (No. 06-857).

After the Fourth Circuit's denial of Blackwater's appeal, Blackwater filed a demand for

arbitration of Richard Nordan's claims with the American Arbitration Association pursuant to

the agreements entered into by Blackwater and the decedents. (Howell Decl. ¶ 6, Exh. C).

Blackwater thereafter filed a petition to compel arbitration, which was granted by the United

States District Court for the Eastern District of North Carolina on April 20, 2007. *Blackwater*

*Security Consulting LLC, v. Nordan*, No. 06-cv-00049-F (E.D.N.C.) ("Petition for Order

Directing Arbitration Pursuant to the Federal Arbitration Act" filed Dec. 20, 2006); *Blackwater*

*Security Consulting LLC, v. Nordan*, No. 06-cv-00049-F (E.D.N.C.) (Order Granting

Blackwater's Petition to Compel Arbitration filed Apr. 20, 2007).[3]  In response to that order,

Richard Nordan filed a second lawsuit in the Superior Court, Wake County, North Carolina

seeking declaratory relief, which Blackwater removed and the district court dismissed on June

11, 2007. *Nordan v. Blackwater Lodge & Training Center, Inc.*, No. 07-cv-00175 (E.D.N.C.)

("Notice of Removal" filed on May 14, 2007); *Nordan v. Blackwater Lodge & Training Center,*

*Inc.*, No. 07-cv-00175 (E.D.N.C.) (Order Dismissing Action filed June 11, 2007).[4]  Richard

Nordan also filed a motion for reconsideration of the district court's order compelling arbitration,

which the district court denied on May 11, 2007. *Blackwater Security Consulting LLC v.*

*Nordan*, No. 06-cv-00049-F (E.D.N.C.) (Order Denying Motion for Reconsideration filed May

11, 2007).[5]  Richard Nordan filed an appeal of that decision, which is presently before the Fourth

Circuit. *Blackwater Security Consulting LLC v. Nordan*, No. 06-cv-00049-F (E.D.N.C.) (Notice

of Appeal).[6]  At present, the arbitration is moving apace, with the parties having completed their

initial submissions, and the arbitration panel in the process of completing its preliminary hearing.

Blackwater expects that the arbitration panel will schedule a final hearing shortly.

### D.    Evanston's Refusal To Defend Blackwater For The *Nordan* Complaint.

On January 6, 2005, Blackwater notified its insurance brokers of the *Nordan* Complaint

and instructed them to tender the *Nordan* Complaint for coverage to Blackwater's insurers,

including Evanston.  (Howell Decl. ¶ 7, Exh. D, Jan. 6, 2005 Letter from S. Capace).  On

February 23, 2005, counsel for Evanston sent a letter to Blackwater acknowledging receipt of

Blackwater's tender of the *Nordan* Complaint.  (Howell Decl. ¶ 8, Exh. E, Feb. 23, 2005 Letter

---

[3]    For the convenience of the Court, true and correct copies of these documents are attached to the
Certification of Dennis J. Valenza ("Valenza Cert.") as Exhibits 1 and 2.

[4]    True and correct copies of these documents are attached to the Valenza Cert. as Exhibits 3 and 4.

[5]    A true and correct copy of this document is attached to the Valenza Cert. as Exhibit 5.

[6]    A true and correct copy of this document is attached to the Valenza Cert. as Exhibit 6.

from J. Stephanson to S. Capace). In that letter, Evanston reserved its rights and informed

Blackwater that it would not provide Blackwater with a defense for the *Nordan* lawsuit. Because

Evanston refused to defend Blackwater from the allegations of the *Nordan* Complaint,

Blackwater retained defense counsel for itself and for Mr. McQuown and Mr. Powell. (Howell

Decl. ¶ 9).

Blackwater has incurred significant costs defending the *Nordan* allegations and related

litigation, including costs related to, *inter alia*, (1) removing the *Nordan* Complaint to the United

States District Court for the Eastern District of North Carolina; (2) appealing to the United States

Court of Appeals for the Fourth Circuit the district court's decision to remand the *Nordan*

Complaint to the North Carolina Superior Court and denial of Blackwater's motion to dismiss;

(3) filing a petition for certiorari with the United States Supreme Court of the Fourth Circuit's

denial of Blackwater's appeal of the district court's decision; (4) petitioning to compel

arbitration; (5) defending against Richard Nordan's second complaint in the North Carolina

Superior Court; and (6) conducting the arbitration. (Howell Decl. ¶ 10). As the litigation and

arbitration with Richard Nordan is ongoing, Blackwater continues to incur significant costs for

those proceedings, and, thus, there is a justiciable controversy between Evanston and Blackwater

over Evanston's obligation to reimburse Blackwater for its defense from Richard Nordan's

claims.

## II.    ARGUMENT

To prevail on a motion for summary judgment, the moving party must demonstrate "that

there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c). If the movant meets this burden, then the opponent must counter

with specific facts which demonstrate that there exists a genuine issue for trial. *Orson, Inc. v.*

*Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). If the evidence submitted by the

nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Couden v. Duffy*, 446 F.3d 483, 503 (3d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal citations omitted)).

To trigger Evanston's obligation to provide a defense for Blackwater, Mr. McQuown, and Mr. Powell from the allegations of the *Nordan* Complaint, those allegations only need to raise the "possibility" of or "potential" for coverage under the Evanston Policy. Here, there is no genuine issue of any material fact that those allegations raise such a possibility or potential. And, no exclusion of the Evanston Policy bars such coverage. Thus, Blackwater is entitled to a declaration that Evanston has an obligation to defend Richard Nordan's claims.

### A.    Evanston Is Obligated To Reimburse Blackwater's Defense Costs For The *Nordan* Complaint.

The Evanston Policy requires Evanston to defend Blackwater against any "Claim" seeking "Damages" for bodily injury, including death, "based upon or arising out of an act, error, or omission in Professional Services rendered or that should have been rendered by the Insured." As noted above, "Professional Services" includes "Worldwide contract security operations." The *Nordan* Complaint alleges that the negligent actions and/or inactions of Blackwater, and Mr. McQuown and Mr. Powell on Blackwater's behalf, while engaged in contract security operations in Iraq, resulted in the deaths of decedents. As such, Evanston's defense obligation is triggered.

An insurer's duty to defend is much broader than its duty to indemnify. *General Accident Ins. Co. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1220 (Ill. 1993); *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 377 (N.C. 1986).[7] It is well-established that an insurer's duty to defend is

---

[7]    Evanston may assert that North Carolina or Illinois law applies to the interpretation of the Evanston Policy.
       There is, however, no conflict between North Carolina and Illinois law, and the law of Pennsylvania on the
*(Cont'd)*

8

to be decided as a matter of law by comparing the factual allegations of the complaint to the terms of the policy. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,* 908 A.2d 888, 896 (Pa. 2006); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.,* 607 N.E.2d 1204, 1222 (Ill. 1993) ("In order to determine whether the insurer's duty to defend has arisen, the court must compare the allegations of the underlying complaint to the policy language."); *Waste Mgmt. of Carolinas, Inc.,* 340 S.E.2d at 377 (If the pleadings "state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend, whether or not the insured is ultimately liable."). As a result, no discovery is necessary to determine whether the allegations of a complaint trigger an insurer's duty to defend its insured in the first instance. *Scopel v. Donegal Mut. Ins. Co.,* 698 A.2d 602, 606 (Pa. Super. 1997).

In determining whether an insurer has a duty to defend its insured, the factual allegations of the complaint are taken to be true and the complaint is to be liberally construed with all doubts as to whether the claims may fall within the coverage of the policy to be resolved in favor of the insured. *Unionamerica Ins. Co., Ltd. v. J.B. Johnson,* 806 A.2d 431, 433-34 (Pa. Super. 2002). As aptly put by the Pennsylvania Superior Court:

> *The insurer's obligation to defend is fixed solely by the allegations in the underlying complaint.* It is not the actual details of the injury, but the *nature of the claim* which determines whether the insurer is required to defend. The duty to defend is limited to only those claims covered by the policy. *The insurer is obligated to defend if the factual allegations of the complaint on its face comprehend an injury which is actually or potentially within the scope of the policy.*
>
> Thus, the insurer owes a duty to defend if the complaint against the insured alleges facts which would bring the claim within the policy's coverage if they were true. It does not matter if in reality the facts are completely groundless,

---

determination of an insurer's duty to defend. Accordingly, because there is no conflict, this Court should apply Pennsylvania law. *Lucker Mfg. v. Home Ins. Co.,* 23 F.3d 808, 813 (3d Cir. 1994) ("Where there is no difference between the laws of the forum state and those of the foreign jurisdiction, there is a 'false conflict' and the court need not decide the choice of law issue.")

> false, or fraudulent. It is the face of the complaint and not the truth of the facts
> alleged therein which determines whether there is a duty to defend.

*Erie Ins. Exchange v. Muff*, 851 A.2d 919, 926 (Pa. Super. 2004) (quoting *D'Auria v. Zurich Insurance Co.*, 507 A.2d 857, 859 (Pa. Super. 1986)) (emphasis in original). Thus, if the allegations of the complaint allege an injury which raises the *potential for coverage* under the policy, then an insurer must defend its insured. *Erie Ins. Exch. v. Fidler*, 808 A.2d 587, 590 (Pa. Super. 2002); *see also American Contract Bridge League v. Nationwide Mut. Fire Ins. Co.*, 752 F.2d 71, 75 (3d Cir. 1985). And, if a single claim in a multiclaim lawsuit is potentially covered, the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim. *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987). In light of the broad interpretation given to an insurer's duty to defend, "[a]n insurer who refuses to defend its insured from the outset does so at its own peril, because the duty to defend remains with an insurer until it is clear the [underlying] claim has been narrowed to one beyond the terms of the policy." *Board of Public Educ. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 709 A.2d 910, 913 (Pa. Super. 1998) (internal citations omitted). Thus, Evanston must reimburse Blackwater for its defense of the entirety of *Nordan* Complaint, even if some of the allegations in the complaint fall within the terms of coverage and others do not.

Here, there can be no question that the allegations of the *Nordan* Complaint raise the potential for coverage under the Evanston Policy, thus triggering Evanston's obligation to reimburse the costs Blackwater has incurred defending those allegations, including those costs Blackwater has paid and incurred providing a defense for Mr. McQuown and Mr. Powell. The *Nordan* Complaint is clearly a "Claim" that seeks "Damages" for bodily injury alleged arising out of "act[s], error[s], or omission[s] in Professional Services rendered or that should have been rendered." As noted above, "Professional Services" includes "worldwide contract security

operations" — which is exactly what the *Nordan* Complaint alleges that Blackwater was providing at the time of the decedents' deaths. And, the *Nordan* Complaint — the "Claim" — was made during the policy period of the Evanston Policy. Accordingly, Evanston's obligation to defend Blackwater, and Mr. McQuown and Mr. Powell, from the allegations of the *Nordan* Complaint has been triggered.

## III.    CONCLUSION

The *Nordan* Complaint raises the potential for coverage under the Evanston Policy and, thus, Evanston has an obligation under its policy to reimburse the defense costs that Blackwater has paid and incurred defending that litigation, including costs related to the defense of Mr. Powell and Mr. McQuown. And, the Evanston Policy contains no exclusion prohibiting such coverage. Accordingly, Evanston's defense obligation has been triggered. Blackwater's motion for a declaration that Evanston has a duty to defend it in the *Nordan* litigation should be granted.

Respectfully submitted,

Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000
F: 215.963.5001

Paul A. Zevnik
Howard T. Weir III
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P: 202.739.3000
F: 202.739.3001

Dated:  July 11, 2007                    Attorneys for Plaintiffs

11

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon all counsel of record on

July 11, 2007, by electronic filing and/or by mailing, first-class, postage prepaid, a true and

correct copy thereof to the following:

Francis J. Deasey, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd.
Suite 1300
Philadelphia, PA 19103-2978

Francis P. Burns, III, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106

John C. Sullivan, Esq.
Post & Schell PC
1600 John F. Kennedy Blvd
Four Penn Center
Philadelphia, PA 19103-2808

Ronald P. Schiller, Esq.
DLA Piper Rudnick Gray Cary LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

L.D. Simmons, II, Esq.
Helms Mulliss & Wicker PLLC
201 North Tryon Street
Charlotte, NC 28202

Thomas T. Locke, Esq.
Seyfarth Shaw LLP
815 Connecticut Ave NW
Washington, DC 20006-4004

_____
Carol C. Carty