IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION (ELIZABETH CITY)

BLACKWATER SECURITY CONSULTING,
LLC, a Delaware Limited Liability Company;
and BLACKWATER LODGE AND TRAINING
CENTER, INC., a Delaware Corporation

      Petitioners,
      vs.

RICHARD P. NORDAN, as Ancillary
Administrator for the Separate Estates of
STEPHEN S. HELVENSTON, MIKE R.
TEAGUE, JERKO GERALD ZOVKO, and
WESLEY J. K. BATALONA,

      Respondent.

Civil Action No. _____

## PETITION FOR ORDER DIRECTING ARBITRATION
## PURSUANT TO THE FEDERAL ARBITRATION ACT

      Petitioners Blackwater Security Consulting, L.L.C., and Blackwater Lodge and Training Center, Inc. (hereinafter "Petitioners") hereby petition this Court for an Order pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, directing Richard P. Nordan (hereinafter "Respondent"), as ancillary administrator for the separate estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J. K. Batalona (hereinafter "Decedents") to proceed in this judicial district with arbitration in accordance with the terms of the Independent Contractor Service Agreements (hereinafter, "Service Agreements") entered into between each Decedent and Blackwater Security Consulting, L.L.C. (hereinafter, "Blackwater Security").

### PARTIES

      1.    Petitioner Blackwater Security is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Moyock, Currituck County, North Carolina.

1

Dockets.Justia.com

2. Petitioner Blackwater Lodge and Training Center, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Moyock, Currituck County, North Carolina.

3. Respondent Richard P. Nordan is, upon information and belief, a resident of Wake County, North Carolina. He is named in this action in his official capacity as ancillary administrator of the separate estates of the Decedents:

    a. Decedent Stephen S. Helvenston was, at the time of his death, a resident of the State of California;

    b. Decedent Mike R. Teague was, at the time of his death, a resident of the State of Tennessee;

    c. Jerko Gerald Zovko was, at the time of his death, a resident of the State of Hawaii; and

    d. Wesley J. K. Batalona was, at the time of his death, a resident of the State of Ohio.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this proceeding under Section 4 of the Federal Arbitration Act (9 U.S.C. §4) and under 28 U.S.C. §1332 because this is a civil matter between citizens of different states wherein the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Respondent pursuant to N.C.G.S. § 1-75.4. Respondent is a resident of North Carolina and was appointed as ancillary administrator of Decedents' separate estates in North Carolina. In violation of a written arbitration agreement, Respondent has instituted an action against Petitioners in the Superior Court of North Carolina.

Additionally, Decedents entered into Service Agreements with Blackwater Security, a resident of this State, and Decedents agreed that the Service Agreements would be governed by North Carolina law and that any disputes would be resolved by binding arbitration in Currituck or Camden County, North Carolina.

6. Venue is appropriate in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391 because: (a) the Service Agreements entered into between each Decedent and Blackwater Security require that disputes about the respective rights and obligations of the Decedents and Blackwater Security under the Service Agreements be resolved by binding arbitration in "Currituck or Camden County" (within this judicial district), and (b) Respondent has breached the Service Agreements within this judicial district.

7. Assignment of this case to the Northern Division is appropriate pursuant to Local Rule 40.1 because Blackwater Security and Blackwater Lodge and Training Center, Inc. maintain their principal offices in Currituck and Camden Counties. Additionally, the Service Agreements provide for arbitration in Currituck or Camden County, within the Northern Division of this judicial district.

## BACKGROUND

In support of this Petition, Petitioners respectfully show the Court as follows:

8. As part of their work for Blackwater Security, each of Decedents executed an Independent Contractor Service Agreement ("Service Agreement"). True and accurate copies of each of the four Service Agreements, which are identical in all material respects, are attached hereto as Exhibits A-D.

9. In the Service Agreements, Decedents expressly agreed to binding arbitration. Specifically, Section 20.1 of the Service Agreements requires that "any dispute regarding

interpretation or enforcement of any of the parties' rights or obligations under this Agreement shall be resolved by binding arbitration according to the rules of the American Arbitration Association."

10. Nordan, as ancillary administrator of the estates of Decedents, is bound by Section 20.1 of the Service Agreements.

11. Decedents' written agreements to arbitrate are valid and enforceable and require Respondent to submit to binding arbitration all of Respondent's obligations and Petitioners' rights under the Service Agreements.

12. Blackwater Security and Respondent have a dispute about Blackwater Security's rights under the Service Agreements, and about the Decedents' obligations under the Service Agreements. Respondent filed a lawsuit on January 5, 2005, as ancillary administrator of the separate estates of the Decedents in the Superior Court of North Carolina in Wake County, alleging claims for wrongful death and seeking rescission of the Service Agreements (hereinafter, the "Lawsuit"). A true and accurate copy of the Complaint in the Lawsuit is attached hereto as Exhibit E. The Lawsuit allegedly arises out of a March 31, 2004, incident in Fallujah, Iraq, in which Iraqi insurgents murdered the Decedents. At the time of their ambush and brutal murders, Decedents were working for Blackwater Security in support of the U.S. Armed Forces in Iraq escorting a kitchen supply convoy to U.S. Army Camp Ridgeway. (Ex. E ¶¶ 12, 59).

13. By seeking rescission of the Service Agreements in the Lawsuit, Respondent denies that Decedents have any obligations, and that Blackwater Security has any rights, under the Service Agreements. Blackwater Security maintains that it and its affiliates and employees, including Blackwater Lodge and Training Center, Inc., which is also a Defendant in the Lawsuit,

have legally valid and enforceable rights under the Service Agreements, including without limitation their right to be released from any and all claims by the Respondent as administrator of Decedents' estates, as well as the right not to have claims for wrongful death made, to keep Decedents' work confidential and out of the public domain, and to have Decedents assume all of the risks of their work in Iraq.

14. Rescission of the Service Agreements, including rescission of the arbitration contracts in the Service Agreements, on grounds of fraud or otherwise, is for the arbitrators to decide. As recently stated by the United States Supreme Court, "First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. ____, 126 S. Ct. 1204, 1209 (2006); *accord Peoples Security Life Ins. v. Monumental Life Ins.*, 867 F.2d 809, 813-14 (4th Cir. 1989).

15. The arbitration provision in the Service Agreements is enforceable by all Defendants in the Lawsuit because the claims brought against Defendants are based on the same operative facts, allege that the Defendants acted in concert, and are inherently inseparable from each other. The Lawsuit in its entirety, including all claims therein, is a dispute covered by Respondent's valid and enforceable duty to arbitrate.

16. Consistent with the terms of the Service Agreements, Blackwater Security has filed a Demand for Arbitration with the American Arbitration Association, a copy of which is attached as Exhibit F.

17. Petitioners have not served any discovery requests in the Lawsuit. Petitioners have resisted Respondent's attempts to conduct discovery on the grounds not only that such discovery is contrary to the agreement to arbitrate, but also that such discovery in a North Carolina trial court unconstitutionally intrudes on the exclusive authority of the federal government to conduct military operations abroad. *See Tarble's Case*, 80 U.S. (13 Wall.) 397, 408 (1872) (U.S. military operates "without question from any State authority").

18. Petitioners removed the Lawsuit to this District, the Lawsuit was remanded, and the Fourth Circuit decided it lacked appellate jurisdiction to review the remand. On October 13, 2005, Petitioners filed an Amended Motion to Dismiss in the Lawsuit, in Wake County, including as grounds for dismissal the fact that Respondent's claim for rescission is subject to arbitration. Both the Fourth Circuit and the Superior Court in Wake County entered orders staying consideration of Petitioners' Amended Motion to Dismiss, and all other proceedings, pending resolution of the remand issue, and said Motion has not been decided. Accordingly, Respondent has been on notice for more than a year that his dispute with Petitioners is arbitrable.

19. To date, Respondent has not initiated arbitration proceedings against Petitioners, and he continues to press his alleged claims in the state court lawsuit filed by Respondent in Wake County. Respondent has resisted arbitration, and has repudiated the arbitration contracts by seeking rescission of the Service Agreements.

20. Petitioners are entitled under Section 4 of the Federal Arbitration Act to an Order directing Respondent to proceed in Currituck or Camden County with binding arbitration of the Respondent's alleged claims.

# PETITION

21. Petitioners incorporate by reference the allegations in paragraphs 1 through 20 of this Petition as though set forth fully herein.

22. Section 4 of the Federal Arbitration Act (9 U.S.C. § 4) provides in pertinent part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.…The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.  The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

23. The Court would have jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, save for the arbitration provisions in the Service Agreements.

24. Each of the Decedents entered into a Service Agreement, which contained a written agreement to arbitrate, and Respondent's claims as ancillary administrator of the Decedents' estates are subject to arbitration.

25. Respondent continues to press his claims in the Lawsuit filed in Wake County and has not initiated any proceedings to arbitrate.  For example, subsequent to being served with Petitioner's Demand for Arbitration, Respondent served in the Lawsuit a Motion for Issuance of Commission for Taking of Out of State Deposition, requesting permission to depose a witness in Alaska before January 19, 2007.  This Motion was granted by the Superior Court of North Carolina (See Exhibit G), and the Superior Court of Alaska has ordered expedited consideration

of Respondent's motion to issue a subpoena for taking this deposition, indicating that it will consider Respondent's motion for a subpoena in the next week (See Exhibit H). Additionally, on December 18, 2006, Respondent served on Petitioners a Notice to Take Deposition, indicating their intent to conduct the deposition on January 10, 2007, and making forty-two (42) document requests in connection with this proposed deposition (See Exhibit I). Respondent's failure to comply with the arbitration provisions of Decedents' enforceable Service Agreements evidences his "failure, neglect or refusal" (9 U.S.C. § 4, *supra*.) to comply with the arbitration agreements.

26. Petitioners are aggrieved by Respondent's failure, neglect or refusal to arbitrate in accordance with the terms of the Decedents' Service Agreements.

27. There is no dispute concerning "the making of the agreement for arbitration" (*Id.*), and the state court lawsuit filed in Wake County asserts no allegations calling into question the arbitration provisions in the Service Agreements.

28. For the foregoing reasons, Petitioners are entitled to an Order under Section 4 of the Federal Arbitration Act directing that Respondent proceed in this judicial district with arbitration in the manner provided for in Decedents' Service Agreements with Blackwater Security, and directing that such arbitration be held in Currituck or Camden County.

This the 20th day of December, 2006.

        SMITH, ANDERSON, BLOUNT, DORSETT,
        MITCHELL & JERNIGAN, L.L.P.

    By:   /s/ Kirk G. Warner
        Kirk G. Warner
        North Carolina State Bar No. 16238
        Mark A. Ash
        North Carolina State Bar No. 13967
        Post Office Box 2611
        Raleigh, North Carolina 27602
        Telephone:   (919) 821-1220
        E-Mails:   kwarner@smithlaw.com
                    mash@smithlaw.com
        *Counsel for Petitioners Blackwater Security*
        *Consulting, LLC, & Blackwater Lodge and*
        *Training Center, Inc.*

EXHIBITS

Exhibit A -   Independent Contractor Service Agreement by and between Stephen S. Helvenston and Blackwater Security Consulting, LLC

Exhibit B -   Independent Contractor Service Agreement by and between Mike R. Teague and Blackwater Security Consulting, LLC

Exhibit C -   Independent Contractor Service Agreement by and between Jerko Gerald Zovko and Blackwater Security Consulting, LLC

Exhibit D -   Independent Contractor Service Agreement by and between Wesley J. K. Batalona and Blackwater Security Consulting, LLC

Exhibit E -   Complaint, <u>Richard P. Nordan v. Blackwater Security Consulting LLC, Blackwater Lodge and Training Center, Inc., Justin L. McQuown, and Thomas Powell</u>, No. 05CV00173 (Superior Court Division, Wake County, North Carolina)

Exhibit F -   AAA 'Demand for Arbitration' Cover Sheet Only; Memorandum in Support is "Confidential" under AAA rules, and available to the Court upon request

Exhibit G -   Order for Commission to Take Deposition, No. 05CV00173 (Superior Court Division, Wake County, North Carolina)

Exhibit H -   Order (Superior Court of Alaska, Third Judicial District) dated December 18, 2006

Exhibit I -   Notice to Take Deposition, No. 05CV00173 (Superior Court Division, Wake County, North Carolina)