UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-175

| | |
|---|---|
| RICHARD P. NORDAN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| BLACKWATER SECURITY CONSULTING, L.L.C., and BLACKWATER LODGE & TRAINING CENTER, INC., | ) |
| Defendants. | ) |

This matter is before the court upon motions to remand and for injunctive relief by Plaintiff Richard P. Nordan and a motion for injunctive relief by Defendants Blackwater Security Consulting, L.L.C. and Blackwater Lodge & Training Center, Inc. [collectively, "Blackwater"]. These matters are now ripe for disposition.

## I. BACKGROUND

This action arises out of four Independent Contractor Service Agreements ["Service Agreements"] entered into by Blackwater and Stephen S. Helveston, Mike R. Teague, Jerko Gerald Zovko and Wesley J. K. Batalona [collectively, "Decedents"], which provided *inter alia*:

> Contractor and [Blackwater] hereby agree that any dispute regarding interpretation or enforcement of any of the parties' rights or obligations under this Agreement shall be resolved by binding arbitration according to the rules of the American Arbitration Association and shall be conducted in Currituck or Camden County in North Carolina.

On March 31, 2004, Decedents were killed while working for Blackwater in Fallujah, Iraq.

Dockets.Justia.com

Nordan, as Ancillary Administrator of Decedents' estates, subsequently filed an action in the Superior Court of North Carolina in Wake County alleging state law claims of fraud and wrongful death against Blackwater and two of its employees.

On December 14, 2006, Blackwater initiated an arbitration in Currituck County, North Carolina against Nordan. In its Demand for Arbitration, Blackwater described its claim as:

> Breach of contract: As administrator of the estates of four Blackwater professionals killed by a mob of insurgents . . . [Nordan] has breached decedents' contractual obligations not to sue, not to seek publicity and to protect classified and confidential information, to release Blackwater & all affiliates from all claims, and to assume all risks of "being shot, . . . killed by a firearm . . . terrorist activity, hand to hand combat" etc. in Iraq.

Notice of Removal [DE-1] Ex. 3, Complaint at Ex. A. On May 4, 2007, Nordan filed a complaint in the Superior Court Division in Wake County, North Carolina seeking a declaratory judgment that he "has never consented or otherwise agreed to arbitration of any matter with [Blackwater]" and "is not subject to any alleged claims in any arbitration forum . . . against him in his individual capacity." *Id.* Complaint at p. 8. In his complaint, Nordan also sought injunctive relief prohibiting Blackwater "from proceeding against [Nordan] in his individual capacity in arbitration." *Id.* Complaint at p. 10.

On May 14, 2007, Blackwater removed the action to this court. The next day, a hearing was held in the Wake County Superior Court before the Honorable Donald W. Stephens. Notwithstanding the removal, Judge Stephens entered a preliminary injunction prohibiting Blackwater "from arbitrating any claims or participating in any arbitration proceeding, including the ICDR Arbitration and the preliminary hearing in that matter currently scheduled for May 25, 2007, against . . . Nordan in which they contend or claim, in any manner, that . . . Nordan is subject to any personal liability . . . ." Mot. for Temp. Restraining Order and Prelim. Inj. [DE-7] at Ex. D. On May 18, 2007, Blackwater filed a

motion [DE-7] in this court seeking to enjoin Nordan from further litigating this action in state court. On May 22, 2007, Nordan filed a motion [DE-9] to remand.

The undersigned held a hearing on Blackwater's motion for injunctive relief and Nordan's motion to remand on May 24, 2007. That same day, the arbitration panel issued an order in response to a letter by Nordan contesting the panel's jurisdiction over claims against Nordan in his individual capacity. *See* Mem. in Opp. [DE-24] at Ex. 1. In the order, the panel explained that, having reviewed the preliminary injunction entered by Judge Stephens and Blackwater's Demand for Arbitration, it concluded that "such Demand makes no claim against Mr. Nordan for personal liability. Instead, Blackwater claims against Mr. Nordan only in his capacity as Ancillary Administrator . . . ." *Id.* The next day, May 25, 2007, the parties conducted a preliminary hearing before the arbitration panel. After the hearing, the panel issued a second order indicating that it had "confirmed that [Nordan] is before this tribunal solely in his capacity as Ancillary Administrator of the estates of the respective deceased persons." *See* Mem. in Opp. [DE-24] at Ex. 2.

## II. ANALYSIS

Before examining the pending motions, the court must first consider the threshold question of whether the court has subject matter jurisdiction over Nordan's claim. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that a court has an independent obligation to assess its subject matter jurisdiction and may raise it on its own motion). For a district court to have jurisdiction to issue a declaratory judgment, the Article III case-or-controversy requirements must be satisfied. 28 U.S.C. § 2201(a); *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 913 F.2d 165, 167 (4th Cir. 1990).

"Although declaratory judgments are frequently sought in advance of the full harm

expected, they must still present a justiciable controversy rather than abstract, hypothetical or contingent questions." *St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of the United States Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000) (internal quotations omitted). "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).

Whether the subject of a declaratory judgment action is a sufficiently live controversy rather than an abstract question "is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

In the instant action, the court concludes that Nordan does not have standing to pursue a declaratory judgment as to his amenability to arbitration claims against him in his individual capacity. As described above, Nordan instituted this action to obtain a declaratory judgment that he "has never consented or otherwise agreed to arbitration of any matter with [Blackwater]" and "is not subject to any alleged claims in any arbitration forum . . . against him in his individual capacity." Notice of Removal [DE-1] Ex. 3, Complaint at p. 8. Nordan also seeks injunctive relief prohibiting Blackwater "from proceeding against [Nordan] in his individual capacity in arbitration." *Id.* at p. 10.

As explained in the arbitration panel's orders, Blackwater has presented no claim against Nordan in his individual capacity. Moreover, Blackwater has disclaimed its intent to pursue a claim against Nordan in his individual capacity before the arbitration panel. *See*

Mem. in Opp. [DE-24] at ¶ 1. ("Blackwater hereby stipulates that Blackwater is not 'proceeding against Plaintiff in his individual capacity' in the arbitration Blackwater initiated in December 2006. . . .").

Nor is there any suggestion that Blackwater intends in the future to pursue any claim under the arbitration clause in the Service Agreements against Nordan in his individual capacity. Accordingly, a ruling as to whether Nordan may be subjected to arbitration in his individual capacity would not resolve a real, concrete question based on existing facts. The court therefore finds that there is not a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Cf., Volvo Constr. Equip. North America, Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 n.12 (4th Cir. 2004) (finding a sufficiently live controversy where the parties had initiated litigation, and distinguishing another case, *North Jefferson Square Associates, L.P. v. Virginia Housing Authority*, 94 F. Supp. 2d 709 (E.D. Va. 2000), where a "district court determined that a controversy was not present under the Declaratory Judgment Act because the defendant had not taken any action, even of a preliminary nature, against the plaintiff, and the defendant had not indicated that it intended to take any future legal action against the plaintiff"); *see also Jones v. Sears Roebuck & Co.*, 2007 WL 964401 (S.D. W. Va. March 28, 2007)(holding that there was no case or controversy in a declaratory judgment action as to validity of arbitration clause where there was no dispute between the parties). Because this action does not meet the Article III case-or-controversy requirement, this court lacks subject matter jurisdiction to issue a declaratory judgment.

Based on the foregoing, this action is DISMISSED and all pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 11th day of June, 2007.

                                                    JAMES C. FOX
                                                    Senior United States District Judge