IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware limited liability company; and Blackwater Lodge and Training Center, Inc., a Delaware corporation, | : : : : : |
| Plaintiffs, | : : |
| v. | : : Civil Action No. 2:05-cv-06020-PBT |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois corporation; CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation;  : and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts corporation, | : : : : : : : : |
| Defendants | : |

## AFFIDAVIT OF REBECCA WOODS

I, Rebecca Woods, being duly sworn, hereby make this affidavit based on my personal knowledge under penalty of perjury.

1.  I am a citizen and resident of Maryland, am over the age of 18 years old, and am competent to render the sworn statements herein. I am partner with Seyfarth Shaw LLP in Washington, D.C. I represent Continental Insurance Company in this litigation. I make this Rule 56(f) affidavit based on my personal knowledge, and in support of Continental's Opposition to Blackwater's Motion for Partial Summary Judgment.

2.  The information that Continental will seek in discovery will be the employment status of the Decedents, and if they were independent contractors, whether they had a written contract in which Blackwater agreed to provide them with worker's compensation coverage.

3.  If the Decedents were not employees but instead were independent contractors who did not have a written contract with Blackwater in which Blackwater agreed to provide them with worker's compensation coverage, then Blackwater is not entitled to any coverage in the *Nordan* Action under the Continental Policy. Accordingly, Continental would rescind its provision of a defense to Blackwater and would seek dismissal with prejudice of this lawsuit.

4.  Continental has been unable to determine the employment status of the Decedents for several reasons. First, no discovery has been conducted in this coverage litigation. Second, very little discovery had been conducted in the *Nordan* Action, and now the matter is in arbitration.

DC1 30205840.1



EXHIBIT 4

Blackwater is refusing to provide information such as submissions and rulings made in the arbitration until a protective order is entered by this Court. Because the information sought by Continental is not privileged as to the *Nordan* litigation claimants, Continental does not understand why a protective order needs to be entered. In any event, even if it is determined at some point in the arbitration that the Decedents were independent contractors, it is unclear whether it will be further determined whether Blackwater entered into a written contract with the Decedents for the provision of worker's compensation benefits. Third, as detailed in the Memorandum of Law in support of Continental's Opposition to Blackwater's Partial Motion for Summary Judgment, as well as the accompanying affidavit by Frances Mares, the information provided by Blackwater to Continental has been contradictory, incomplete, and it actually indicates that there is no coverage because there does not appear to be the requisite written contract between the Decedents and Blackwater.

5.      In short, Blackwater is uniquely in possession of the relevant information, which must be obtained via discovery.

_____
Rebecca Woods

Dated : ___8/10/07___

District of Columbia : SS
Subscribed and Sworn to before me
this 10th day of August, 2007

_____
Vanessa S. Hayward, Notary Public, D.C.
My commission expires October 31, 2007



DC1 30205840.1