BLACKWATER SECURITY CONSULTING, LLC et al v. WESTCHESTER SURPLUS LINES INSURANCE COMPANY et al Doc. 57 Att. 6
APR-18-05(MON) 12:23   MORGAN, LEWIS   TEL:7080   P.002
Case 2:05-cv-06020-PBT   Document 57-7   Filed 08/10/2007   Page 1 of 3

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com



# Morgan Lewis
COUNSELORS AT LAW

Howard T. Weir
Direct Dial: 202.739.5195
E-Mail: hweir@morganlewis.com

April 18, 2005

*By Facsimile/U.S. Mail*

Mr. Jeffrey N. Williamson
Ms. Joyce Williams
CNA
CNA Plaza
CNA Surety Corporation
333 South Wabash Avenue; 13-South
Chicago, Illinois 60685

Re: Nordan, et al. v. Blackwater Security Consulting, LLC, et al.

Dear Ms. Williams and Mr. Williamson:

As I believe you know, we are coverage counsel to Blackwater Lodge & Training Center, Inc. and Blackwater Security Consultants, LLC (collectively "Blackwater"). This letter is in response to Ms. Williams' letter dated February 25, 2005, to Mr. Steve Capace in connection with the above-referenced matter.

That letter first advises that Fidelity and Casualty Company of New York ("Fidelity") is denying coverage of the claims brought against Messrs. McQuown and Powell because they are not "insureds" under the policy issued by Fidelity to Blackwater Security Consulting, LLC ("Blackwater"). Fidelity's basis for this assertion is that these individuals are not listed as named insureds in the policy. We request that Fidelity reconsider its decision.

It is well established in the law that an insured's duty to defend its insured is determined by comparing the terms of the policy to the allegations contained in the complaint brought against the insured. See, e.g., Zurich Ins. Co. v. Raymark Industries, 514 N.E.2d 150 (Ill. 1987). If these allegations raise even the potential of coverage, the



EXHIBIT 6

## Morgan Lewis
COUNSELORS AT LAW

Mr. Jeffrey N. Williamson
Ms. Joyce Williams
April 18, 2005
Page 2

insurer must defend. Id. See, e.g., Montrose Chemical Corp. v. Superior Court of Los Angeles County, 6 Cal. 4th 287, 300 (Cal. 1993); Sterilite Corp. v. Continental Cas. Co., 17 Mass. App. Ct. 316, 318 (Mass. App. 1983). Here, the Nordan complaint alleges that all of the defendants, individuals and corporations alike, are one in the same. According to paragraph 10 of the Complaint,

> each Defendant, was the agent, servant, representative and/or employee of each of the other Defendants, and that in doing the things hereinafter alleged, each Defendant was acting within the course and scope of his or her authority as such agent, servant, representative and/or employee, with the permission, knowledge, consent and ratification of each of the other defendants.

These allegations plainly raise at least the possibility that Messrs. McQuown and Powell are "insureds" under the Fidelity policy and, thereby, entitled to a defense.

Next the letter claims that there may not be coverage under the Fidelity policy for the corporate defendants in the Nordan suit because the decedents were neither employees of Blackwater nor independent contractors whom Blackwater agreed in writing to provide with worker's compensation benefits. Ironically, another of Blackwater's insurers is reserving its rights to deny coverage on the grounds that the decedents are employees. Moreover, Fidelity's argument overlooks the fact that its coverage obligations arise out of the Defense Base Act. One of the decedents has already been determined by the Department of Labor to be an employee, and therefore, entitled to benefits under that Act. The Department of Labor also determined that the other three decedents were in the same position. Thus, we submit that Fidelity's reservation of this ground is particularly meritless, and we request that it be withdrawn.

Finally, we wish to address Fidelity's failure to fund the defense provided by Blackwater's lead counsel in the Nordan case – Wiley, Rein & Fielding, LLP. Because Fidelity has reserved its right to deny coverage to its insureds, Fidelity has forfeited any right it had to control the insured's defense but nonetheless remains liable for the insured's defense costs. See, e.g., CHI of Alaska, Inc. v. Employers Reinsurance Corp., 844 P.2d 1113 (Alaska 1993); Grube v. Dawn, 173 Wis.2d 30 (Wis. App. 1992); Penn Aluminum, Inc. v. Aetna Casualty & Surety Co., 402 N.Y.S.2d 877 (4th Dep't. 1978); Ronald E. Mallen, A New Definition of Insurance Defense Counsel, Ins. Couns. J. 108, 113 (Jan. 1986) (prevailing view is that issue of coverage "enables the insured to reject appointed counsel, select his own lawyer and control the defense at the expense of the insurer.") Thus, given Fidelity's reservation of its rights in this matter, Blackwater has the unfettered right to select the counsel that it believes will best protect its interests. Although Blackwater appreciates that Fidelity has agreed to pay for North Carolina



Mr. Jeffrey N. Williamson
Ms. Joyce Williams
April 18, 2005
Page 3

counsel, that Firm is only serving in the limited capacity of "local counsel" – Wiley, Rein & Fielding is in charge of the Blackwater defense.

For the foregoing reasons we request that Fidelity began funding the defense of the individual defendants and pay the attorneys' fees and expenses of the Wiley, Rein & Fielding law firm. To that end we will provide Fidelity under separate cover the invoices of these law firms.

If you have any questions regarding the foregoing, please do not hesitate to contact me.

Very truly yours,

Howard T. Weir
cc:   William H. Briggs, Jr.
      Steven Capace