IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLA CKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation<br>Plaintiffs,<br>vs.<br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation<br>and<br>EVANSTON INSURANCE COMPANY, an Illinois Corporation<br>and<br>FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation<br>and<br>LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation<br>Defendants. | CIVIL ACTION NO. 05-6020 |

**AFFIDAVIT OF KEITH PHILLIPS IN SUPPORT OF DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.Civ.P. 56 AND DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S CROSS MOTION FOR DISCOVERY PURSUANT TO F.R.Civ.P. 56(f)**

BEFORE ME, the undersigned authority, personally appeared **Keith Phillips**, who being by me duly sworn, deposed as follows:

1.  My name is Keith Phillips. I am of sound mind, over 21 years of age and have never been convicted of a felony or crime of moral turpitude. I am fully capable of making this Affidavit and I am personally acquainted with the facts stated herein.

2.  I, Keith Phillips, am a Chief Claims Specialist for Westchester Surplus Lines Insurance Company (hereinafter "WSLIC") and am authorized to make this Affidavit.

3.  In my position as a Chief Claims Specialist, I am responsible for adjusting Claim No. JYO5J000337-7 **(the "Claim")** made under Policy No. GLW-778197 issued to Blackwater Lodge & Training Center, Inc., providing certain coverages during the period of January 23, 2004 through January 23, 2005. A copy of the relevant policy is attached as Exhibit "1".

Dockets.Justia.com

4. The Claim specifically concerns alleged losses related to an action entitled **Nordan v. Blackwater Security Consulting, LLC, et al.**, originally filed in the Superior Court, Wake County, North Carolina (hereinafter "**Nordan**"). A copy of the **Nordan** complaint is attached as Exhibit "2".[1]

5. By letter dated January 6, 2005, Blackwater Lodge and Training Center, Inc. and Blackwater Security Consulting, LLC (hereinafter collectively referred to as "Blackwater" or "Plaintiffs") tendered the Nordan complaint to WSLIC. See Exhibit "4".

6. WSLIC agreed to reimburse Blackwater's reasonable defense fees and costs related to the **Nordan** complaint subject to a reservation of rights letter issued by its counsel at the firm of Pinto, Coates, Kyre & Brown, PLLC. A copy of the reservation of rights letter issued by Mr. Coates is attached as Exhibit "5".

7. Based upon the allegations of the **Nordan** Complaint, WSLIC reserved the right to contest its duty to defend based on a number of provisions, including but not limited to:

    a. The acts alleged in the **Nordan** action do not constitute an "occurrence" under the policy;
    b. The loss did not occur in the "coverage territory";
    c. The Contractual Liability Exclusion;
    d. The Expected or Intended Injury Exclusion
    e. The War Exclusion;
    f. The Terrorism limitations and exclusions;
    g. The Professional Services Exclusion;
    h. The Employer's Liability Exclusion; and

---

[1] I have also learned recently that in or about December, 2006 Blackwater filed for Arbitration under the auspices of the American Bar Association. Subsequently, I learned recently that Blackwater filed an action in the United States District Court for the Eastern District of North Carolina to enforce the Arbitration provisions referred to above. Finally, I learned recently that the Nordan Plaintiffs filed a Declaratory Judgment action against Blackwater in the Superior Court, Wade County, North Carolina. While none of these actions have been tendered to WSLIC, I understand that part of Blackwater's claim for reimbursement of attorneys' fees and expenses include those fees and

      i. The Worker's Compensation and Similar Laws Exclusion due to the applicability of the Defense Base Act

WSLIC reserved the right to assert additional grounds for denying coverage upon further investigation of the Claim. See Exhibit "5".

    8. Since the institution of the present action, WSLIC has determined that the "Use of Auto" exclusion may also apply, and through its counsel, Francis J. Deasey, Esquire of Deasey Mahoney & Valentini, LTD (f/k/a Deasey Mahoney & Bender, LTD), issued an amended reservation of rights letter to Plaintiffs. A copy of Mr. Deasey's letter to Plaintiffs' counsel is attached as Exhibit "6".

    9. Despite repeated requests, Plaintiffs have failed to supply adequate information to enable WSLIC to determine whether any of its coverage defenses, including those mentioned above, apply to the actual facts of the **Nordan** action.

    10. WSLIC's counsel has advised me that Plaintiffs have filed a motion to have this Court declare that WSLIC has an obligation to defend Plaintiffs in the **Nordan** action. I have reviewed this motion, and am unable to provide my counsel with a proper basis to oppose this motion due to the lack of information requested from Plaintiffs as described above. I further believe that based upon the limited information provided by the Plaintiffs, WSLIC has fulfilled its obligation under the admitted duty to defend and will continue to do so dependent on Plaintiffs' cooperation, good faith, and fair dealing with WSLIC.

    11. Based upon my review of the claims file, should coverage not be denied as a matter of law based upon the numerous coverage defenses which appear applicable to the **Nordan** action, WSLIC would require the following additional discovery to determine facts that would be relevant to oppose Plaintiffs' motion for summary judgment:

---

expenses incurred in connection with these separate actions. *See* July 16, 2007 letter of Howard Weir, Esquire and

 a. A deposition of Justin McQuown to determine what facts exist that would establish the applicability of the above-referenced policy defenses;

 b. A deposition of Thomas Powell to determine what facts exist that would establish the applicability of the above-referenced policy defenses;

 c. A deposition of John Potter to determine what facts exist that would establish the applicability of the above-referenced policy defenses;

 d. A deposition of Gary Jackson to determine what facts exist that would establish the applicability of the above-referenced policy defenses;

 e. A deposition of Mike Rush to determine what facts exist that would establish the applicability of the above-referenced policy defenses;

 f. A deposition of Brian Berrey to determine what facts exist that would establish the applicability of the above-referenced policy defenses;

 g. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the acts alleged in the **Nordan** action do not constitute an "occurrence" under the policy;

 h. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the loss did not occur in the "coverage territory";

 i. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Contractual Liability Exclusion;

 j. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Expected or Intended Injury Exclusion

 k. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the War Exclusion;

 l. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Terrorism limitations and exclusions;

---

accompanying **Nordan** litigation status report attached as Exhibit "3".

    m. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Professional Services Exclusion;

    n. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Employer's Liability Exclusion;

    o. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Worker's Compensation and Similar Laws Exclusion due to the applicability of the Defense Base Act;

    p. A deposition of designated deponents of Blackwater pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the "Use of Auto" exclusion;

    q. Access to the entire **Nordan** litigation file held by Plaintiffs' attorneys.

    r. To the extent this Honorable Court determines that Plaintiffs have standing to seek a declaration as to whether the WSLIC policy provides coverage to Justin McQuown and Tom Powell, a deposition of Justin McQuown and Tom Powell to determine what facts exist which would establish their entitlement to coverage and, if so, their entitlement to a defense provided by two separate law firms.

12. Since agreeing to reimburse Blackwater's reasonable defense fees and costs as above, I have received information that Plaintiffs have engaged ten different law firms in defense of the Plaintiffs (and the two individuals, Justin McQuown and Tom Powell) in the **Nordan** action (as well as the separate actions referred to in footnote 1) as follows:

    1. Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP ("Smith Anderson firm") - Local North Carolina Counsel for Blackwater
    2. Greenberg Traurig - Counsel for Blackwater
    3. Crowell & Moring - Counsel for Blackwater
    4. Flicker & Garelick - Counsel for Blackwater
    5. Ross & Miner - Counsel to John Potter
    6. Powell Goldstein - Counsel to Justin McQuown
    7. Cranfill, Sumner & Hartzog, LLP - Counsel to Justin McQuown

        8.     Bryant & Higby, Chartered - Counsel for Tom Powell
        9.     Ellis & Winters, LLP - Counsel for Tom Powell
       10.   Wiley, Rein & Fielding.-Former Counsel for Blackwater

13.     What little information I have received from Plaintiffs indicates that the billing of the above firms, overall, is unreasonable, unnecessary, duplicative, and not appropriately detailed to determine whether such fees are necessary, appropriate and reasonable. For example, Plaintiffs have failed to explain why:

    a.   Plaintiffs require representation by multiple law firms in the **Nordan** action;

    b.   WSLIC should pay fees **in excess of** $230,0000.00, billed by the law firm of Crowell & Moring when WSLIC has been advised that this firm is acting as amicus counsel;

    c.   WSLIC should pay fees **in excess of** $155,000.00 billed by Flicker & Garelick for services rendered in defense of claims made under the Defense Base Act, when the policy clearly would not cover such claims.

14.     I have instructed WSLIC's counsel to request additional information from Plaintiffs so that a proper determination of WSLIC's obligation for attorney fees reimbursement could be made. I have been copied on all such correspondence and kept apprised of any responses. These correspondences include, but are not limited to:

    a.   Mr. Deasey's February 7, 2006 letter to Howard Weir, Esquire of Morgan Lewis Bockius, LLP. See Exhibit "7";

    b.   Mr. Deasey's March 25, 2006 letter to Mr. Weir. See Exhibit "8";

    c.   Mr. Deasey's May 1, 2006 letter to Mr. Weir. See Exhibit "9";

    d.   Mr. Deasey's August 19, 2006 letter to Mr. Weir. See Exhibit "10";

    e.   Mr. Deasey's October 3, 2006 letter to Mr. Weir. See Exhibit "11";

    f.   Mr. Deasey's February 26, 2007 letter to Blackwater Lodge & Training Center, Inc. See Exhibit "12";

      g. Mr. Deasey's February 26, 2007 letter to Mr. Weir. See Exhibit "13"; and

      h. Mr. Deasey's March 29, 2007 letter to Mr. Weir. See Exhibit "14".

15. While Plaintiffs forwarded some information in response to WSLIC's counsel's eight separate written requests for additional information, the information provided is inadequate to clarify the billings of the above named law firms so as to determine whether the bills of the above law firms are necessary, appropriate and reasonable. For example, many of the bills supplied have vital information redacted to determine whether there has been duplicative billing, especially in light of the fact that Plaintiffs have retained multiple firms to represent them in the **Nordan** action.

16. Specifically, Plaintiffs have further failed to explain why WSLIC should pay the fees of "special litigation counsel" who filed an amicus brief in the underlying action.

17. Plaintiffs have failed to explain why Smith Anderson, one of the foremost law firms in North Carolina, could not adequately represent Plaintiffs in the **Nordan** action without the need to retain multiple additional firms.

18. Despite the lack of frank communication from Plaintiffs, WSLIC has honored its obligation to reimburse costs by agreeing to pay $534,945.10 to Continental Insurance Company for reimbursement of legal fees paid to the Smith Anderson firm in good faith and without contest of their reasonableness.

19. Based on my review of the claims file, to the extent that Plaintiffs' motion may claim that WSLIC has breached its duty to defend, WSLIC would require the following additional discovery to determine facts that would be relevant to oppose Plaintiffs' motion for summary judgment:

      a. Copies of Plaintiffs' retainer agreements with all counsel with respect to whom Plaintiffs are seeking reimbursement of attorneys fees;

    b. Complete and unredacted copies of all bills and statements of services provided by all counsel for which Plaintiffs are seeking reimbursement;

    c. Depositions of designated deponents of all counsel with respect to whom Plaintiffs are seeking reimbursement of attorneys fees pursuant to F.R.Civ.P. 30(b)(6) to determine the reasonableness and necessity of services provided by said firms;

    d. Copies of the files of all counsel with respect to whom Plaintiffs are seeking reimbursement of attorneys fees.

    e. Proof of payment of all legal expenses incurred by Plaintiffs.

20. It is WSLIC's position that it will continue to reimburse its share of the reasonable attorneys' fees of the Smith Anderson firm until such time as it is determined that one or more of WSLIC's coverage defenses negate its duty to defend.

21. If WSLIC receives adequate information from Plaintiffs that the disputed defense costs and fees were necessary, appropriate and reasonable, WSLIC reserves the right to reimburse Plaintiffs for said defense costs and fees upon a judicial determination that none of WSLIC's coverage defenses preclude a further duty to defend.

*[signature]*
Keith Phillips
Chief Claims Specialist

SWORN TO AND SUBSCRIBED before me on this ___10th___ day of ___August___, 2007.

*[signature]*
Notary Public

*[Notary seal: CHERYL L. BARNETT, MY COMMISSION EXPIRES JUNE 27 2011, FULTON CO., GEORGIA, NOTARY PUBLIC]*

8