# EXHIBIT 3

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Howard T. Weir
Partner
202.739.5195
hweir@morganlewis.com

July 16, 2007

<u>By Electronic Mail</u>

Francis J. Deasey, Esq.  
Deasey, Mahoney Bender, Ltd.  
1800 John F. Kennedy Boulevard  
Suite 1300  
Philadelphia, PA 19103-2978

L. D. Simmons, Esq.  
Helms Mulliss Wicker  
201 North Tryon Street  
PO Box 31247 (28231)  
Charlotte, NC 28202

John C. Sullivan, Esq.  
Post & Schell  
Four Penn Center  
1600 John F. Kennedy Boulevard  
Philadelphia, PA 19103-2808

Dear Counsel:

Attached please find a Case Summary Report for the Nordan matter prepared by Blackwater's North Carolina counsel.

Please keep this document confidential.

Very truly yours,

*[signature]*

Howard T. Weir
Attachment
HTW/td

## CASE SUMMARY REPORT

*Attorney Work Product*
*Privileged and Confidential*

**CASE TITLE**: Richard P. Nordan, as Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J. K. Batalona, v. Blackwater Security Consulting LLC, a Delaware Limited Liability Company; Blackwater Lodge and Training Center, Inc., a Delaware Corporation; and Justin McQuown, an individual. [Thomas Powell was originally named as an additional individual defendant but was never served]

**CASE FACTUAL BACKGROUND**: The Lawsuit allegedly arises out of a March 31, 2004, incident in Fallujah, Iraq, in which Iraqi insurgents murdered the Decedents. At the time of their ambush and brutal murders, Decedents were working for Blackwater Security in support of the U.S. Armed Forces in Iraq escorting a kitchen supply convoy to U.S. Army Camp Ridgeway.

**CASE HISTORY**: The history of this case has been complex since the lawsuit was commenced on January 5, 2005 in Wake County Superior Court and the matter has traveled through all levels of federal court and now, in addition to ongoing Department of Labor proceedings, is pending in the U.S Fourth Circuit Court of Appeals and in an Arbitration which includes the original state court claims before the AAA's International Dispute Resolution Center. A brief summary of the proceedings to date in sequence follows:

(1) Wake County Superior Court (Raleigh, NC) (I.): Wrongful death lawsuit filed by the estate ancillary administrator Richard P. Nordan (an attorney in Raleigh) thru counsel (David Kirby/Bill Bystrinski, Kirby & Holt, Raleigh, NC; Daniel Callahan/Marc Miles, Callahan & Blaine, A.P.L.C., Santa Ana, California) on January 5, 2005 (along with First Discovery Sets – Requests for Admission, Interrogatories and Requests for Production) and a Motion and Order allowing Shortened Time to Take Deposition of John Potter and Notice of the Deposition for January 28, 2005 in Alaska. Service was obtained on Blackwater Lodge on January 12, 2005 and on McQuown on January 18, 2005. Plaintiff obtained an *ex parte* Order for Commission to Take the Deposition of Potter on January 21, 2005. Blackwater thru counsel (Fred Fielding/Meg Ryan, Wiley Rein and Fielding, L.L.P., Washington, D.C. and Kirk Warner/Mark Ash, Smith Anderson...L.L.P., Raleigh, NC) timely removed the lawsuit to federal court in the Eastern District of North Carolina on January 24, 2005. Plaintiff filed a request in the Superior Court of Alaska to Issue Subpoena to Potter on January 25, 2005. [Potter deployed as scheduled to the Middle East on January 24-25, 2005]

(2) U.S. District Court for the Eastern District of North Carolina: Blackwater filed a Motion to Dismiss and Supporting Memorandum on January 31, 2005. [Primary grounds: Federal preemption and the DOL/DBA as exclusive remedy/immunity, contractual release/covenant not to sue.] McQuown followed with a similar Motion and Supporting Memorandum on February 1, 2005. Plaintiff filed a Motion to Remand and Supporting Memorandum on February 11, 2005 and an Opposition to the Defendants' Motions to Dismiss on February 22, 2005. Defendants filed their Opposition to Remand on March 7, 2005 and a Reply to the Opposition to Motion to

Dismiss on March 11, 2005. Notices of Supplemental Authorities were subsequently filed. On August 11, 2005, Judge Louise Flanagan issued an Order Granting Plaintiff's Motion to Remand (and mooting Defendants' Motions to Dismiss) and Judgment for same.

(3)-A. <u>U.S. Circuit Court of Appeals for the Fourth Circuit</u>: Blackwater filed a Notice of Appeal and a Petition for Writ of Mandamus – both joined by McQuown - to the Fourth Circuit Court on August 30, 2005. [continued in (3)-C below]

(3)-B. <u>Wake County Superior Court (Raleigh, NC) (II.)</u>: Contemporaneously with its Notice of Appeal to the Fourth Circuit, Blackwater filed a Motion to Stay Proceedings (including a Motion for Protective Order in the alternative) on August 31, 2005 - joined by McQuown -. and a Supporting Brief on September 21, 2005. Plaintiff filed an Opposition to Motion to Stay on September 22, 2005. Blackwater filed a Rebuttal to Plaintiff's Opposition on September 28, 2005. Following a hearing on September 23, 2005, Judge Donald Stephens issued an Order Denying Stay on October 4, 2005. Blackwater (Joseph Schmitz became General Counsel of The Prince Group, Blackwater's parent company, and engaged Mike Socarras/Alan Foster, Greenberg Traurig, L.L.P., Washington, D.C. to take over as lead counsel for Blackwater from Wiley Rein and Fielding, L.L.P.) filed an Amended Motion to Dismiss on October 13, 2005 – joined by McQuown - and a Motion for Protective Order as to Plaintiff's Discovery on October 14, 2005. [Primary grounds: Political Question doctrine, Federal preemption/exclusive remedy under DBA and immunity, release, arbitration] Plaintiff filed a Motion to Compel Discovery on October 25, 2005. On November 15, 2005, Judge Stephens issued an Order Staying Proceedings pending appeal in response to the issuance of a Stay Order by the Fourth Circuit.

(3)-C. <u>U.S. Circuit Court of Appeals for the Fourth Circuit</u>: In response to denial at the hearing of Blackwater's Motion to Stay in Wake County Superior Court, Blackwater filed a Motion for Stay in the Fourth Circuit on September 28, 2005. Plaintiff filed an Answer (Opposition) to the Motion for Stay on October 4, 2005 and a Motion to Dismiss Appeal on October 10, 2005. Blackwater filed a Reply to Plaintiff's Opposition to Stay on October 12, 2005 and a Response to Plaintiff's Motion to Dismiss on October, 24, 2005. Blackwater filed its Brief of Appellants on October 31, 2005. The Court granted Blackwater's Motion to Stay on November 8, 2005. The Court also granted requests for Amicus Briefs from AIG, Professional Services Council (a private military contractor consortium), and International Peace Operations Association (an industry-based association). Plaintiff's filed their Brief of Appellees on December 5, 2005. All defendants filed their Reply Brief of Appellants on December 19, 2005. A series of Rule 28(j) letters of supplemental authority were filed. Oral Argument was held on March 14, 2006 before Circuit Court Judges Shedd and Duncan and District Court Judge Jones, sitting by designation. The Opinion of the Court (written by Judge Duncan) was issued on August 24, 2006 denying the Defendants' Petition for Writ of Mandamus and Appeal on the grounds that the remand order (although noting that Judge Flanagan erred) was not reviewable. Blackwater (thru counsel Mike Socarras who had left Greenberg Traurig, L.L.P. to join McDermott, Will & Emery, L.L.P., Washington, D.C., currently lead counsel for Blackwater) filed a Petition for Panel Rehearing and Rehearing en Banc on September 7, 2006. Leave to file Amicus briefs were filed by AIG, Professional Services Council, International Peace Operations Association and Kellogg Brown & Root Services, Inc. The Court issued an Order Denying Petition for Rehearing and Rehearing en

Banc on September 28, 2006 and Denied Blackwater's Motion for Stay Pending Petition for Writ of Certiorari to the U.S. Supreme Court on October 6, 2006.

(4) A. <u>Department of Labor Administrative Law Judge Proceedings</u>: Meanwhile, Blackwater, predominantly handled by Mike Socarras, McDermott Will & Emory, L.L.P. (Washington, D.C.) and Keith Flicker, Flicker & Garlock, L.L.P. (New York), sought to obtain final orders from the Department of Labor in order to establish coverage under the DBA and to obtain eventual reimbursement under the War Hazards Act. Remarkably, Plaintiff's counsel opposed the entry of these final orders recognizing the obligation of Blackwater (and CNA) to continue to pay compensation under the Defense Base Act to the dependants of the decedents in the Department of Labor. The matters were assigned to two difference Administrative Law Judges (San Francisco and New Orleans) for the estates of Helvenston, Batalona and Teaque. A final order of compensation was issued in 2004 as to Zovko who had no dependants. Significant motion and briefing practice ensued. During these proceedings, Blackwater (thru Smith Anderson, LLP.) defended three limited depositions (Chris Berman, ex-employee; Gary Jackson, Blackwater USA President; and Mike Rush, Blackwater USA Vice-President) and had to respond to limited discovery. In these actions, Plaintiff's counsel challenged their own client's claims for benefits under the DBA essentially delaying entry of final orders on DBA compensation. The Decision Review Board issued an order in late April affirming the ALJ's order that Miles' attempted dismissal of DBA claims made just prior to the ALJ's ruling was invalid. An appeal to the 2nd Circuit was filed to preserve issues in the DBA proceedings. The Department, followed a recommendation of the ALJ, issued a closing order on Teague's DBA claims recognizing that the incident is a reimbursable incident under the War Hazards Act and that the claims will be taken over by the US Government starting in August, 2007 under the provisions of the War Hazards Act.

(4) B. <u>North Carolina State Bar Grievance Proceedings</u>: As a result of a media campaign by a Public Relations firm hired by Plaintiff's California counsel (Callahan and Miles) and statements made to the media by Plaintiff's counsel and their clients, Blackwater reported the misconduct (primarily violation of Rule 3.6 of the Rules of Professional Conduct and a conflict of interest issue relating to the DBA proceedings) to the North Carolina State Bar in early April, 2006. The NC State Bar commenced a grievance investigation into the conduct of Miles and Callahan which continued throughout summer. Several supplemental letters were sent to the NC State Bar Investigator in Charge updating media developments. A decision by the NC Grievance Committee was made and on February 26, 2007, the NC Bar issued a Letter of Warning to Miles advising of violation of the NC Rules of Professional Conduct but dismissing the current grievance subject to further review of any further violations wherein the Letter of Warning would be used as evidence against him. We are not sure whether a similar letter was issued to . Callahan at the same time. In early April, Callahan initiated grievance against Warner based on Blackwater's issuance of a press release on November 27, 2006 in connection with the Motion to Revoke *Pro Hac Vice* admissions of Callahan and Miles. The press release had been approved by the NC Bar at Warner's request and a response to same was submitted to the NC Bar on May 18, 2007. The NC Bar sent a letter to Miles and Callahan on May 23, 2007 advising them that the release had been pre-approved by the NC Bar.

(5) U.S. Supreme Court: In response to the Order Denying Appeal and Writ of Mandamus issued by the Fourth Circuit Court of Appeals and Denial of a Stay Pending Certiorari, Blackwater filed an Application to Chief Justice Roberts as Circuit Justice for Stay Pending Petition for Certiorari on October 18, 2006 which was denied on October 24, 2006. Blackwater (Mike Socarras/Miller Baker, McDermott, Will & Emory, L.L.P, Kenneth Starr, Kirkland & Ellis and Kirk Warner/Mark Ash, Smith Anderson, L.L.P.) filed a Petition for Writ of Certiorari on December 20, 2006 which is still pending. [Decision on whether certiorari will be granted expected as early as February.]

(6) Wake County Superior Court (Raleigh, NC) III: Following the Order Denying Appeal and Writ of Mandamus issued by the Fourth Circuit Court of Appeals, Plaintiff's filed a Request to Lift Stay. Judge Stephens issued a notice of hearing on the Request to Lift Stay for November 27, 2006. Brief in Opposition to the Request to Lift Stay was served by Blackwater on November 27, 2006. Hearing before Judge Stephens was held on November 27, 2006 at which time the Court lifted the Stay Order but scheduled a hearing on all pending motions for a time in January-February, 2007 effectively staying any discovery attempts prior to the motions hearing. Also, on November 27, 2006, Blackwater filed a Motion to Revoke *Pro Hac Vice* Admissions of Callahan and Miles and Motion for Sanctions. On December 14, 2006 Plaintiff's counsel advised Defendants that they had filed a motion seeking a Commission to Take the Out-of-State Deposition of John Potter which would be heard the following day before Judge Stephens. The next day, December 15, 2006, Blackwater filed a Demand for Arbitration against ancillary administrator Nordan in the AAA in New York as well as an Application for Stay Pending Arbitration. [See Section (7) below] Judge Stephens, in chambers, heard opposition to the Motion for Issuance of a Commission to Take Deposition of John Potter (which was based on representations that Potter was home but was redeploying overseas for Blackwater on January 19, 2007 and therefore his testimony needed preservation). Judge Stephens granted the Plaintiff's motion to issue a Commission to Take Potter's deposition in Alaska on January 8, 2007, but issued a stay on all other discovery pending a hearing on the Application for Stay Pending Arbitration and other pending motions (Defendants' Motion to Dismiss and Motion Revoke *Pro Hac Vice* Admissions of Callahan and Miles) that he scheduled for January 19, 2007. [See Alaska Proceedings in Section 9 below] Following Notice issued by Judge Christen from the Superior Court for the Third District of Alaska requesting that Judge Stephens reconsider two issues in connection with the Potter deposition (first, the interests of the United States Government in protecting classified information second, to consider a misrepresentation by Plaintiff's counsel as to Potters "unavailability.") on December 28, 2006, Judge Stephens ordered a hearing on January 3, 2007, to reconsider the issues. Blackwater filed its own Motion to Reconsider on December 29, 2006. As a result of the January 3, 2007 hearing, Judge Stephens issued an Order Upon Reconsideration that allowed the United States Government opportunity to review the matter for classified information/documents pursuant to a "*Touhy*" request from Plaintiff and issued an order in essence, although staying all discovery and calendaring a hearing on all pending motions for the week of April 9, 2007, allowing Potter's deposition to proceed following the US Government's review despite the misrepresentation of the availability of Potter underpinning the motion. Blackwater filed an Exception and Objection to the Order Upon Reconsideration on January 12, 2007 and filed a Notice of Appeal to the North Carolina Court of Appeals later that day. A Proposed Record on Appeal was submitted to Plaintiff's counsel on March 8, 2007 and objected to by Plaintiff on April 8, 2007. Despite the

Appeal filed by Blackwater, the Court continued to retain some jurisdiction. Miles issued a preliminary notice of deposition of Potter in late March and filed a TRO/PI motion the first week of April challenging the continued arbitration in the International Dispute Resolution Center and the preliminary hearing scheduled for April 13, 2007. A TRO hearing was held before Judge Stephens on April 13, 2007 resulting in an order granting a TRO preventing the IDRC panel from proceeding issued on April 19, 2007 and a notice of hearing on all pending motions for May 15, 2007. On April 21, 2007, U.S. District Court Judge James Fox issued an Order Compelling Arbitration which overturned the TRO issued by Judge Stephens and sent Nordan's case against Blackwater (Nordan I) to arbitration. Judge Stephens eventually recognized that Nordan I is stayed as it proceeds to arbitration. Accordingly, we advised the NC Court of Appeals that the pending appeal and record settlement was no longer needed.

(7) <u>American Arbitration Association (International Dispute Resolution Center)</u>: On December 15, 2006, Blackwater filed a Complaint for Arbitration against Nordan with the American Arbitration Association in New York demanding an arbitration to be conducted in Currituck County, North Carolina pursuant to the International Dispute Resolution Rules and the Federal Arbitration Act in accordance with a provision in the Independent Contractor Service Agreements entered into by the Plaintiff's decedents and Blackwater. To date, Nordan has refused to participate in the AAA proceedings and a Response is due therein on January 16, 2007. [The Panel is empowered under the Rules to decide dispositive motions and other issues concerning terms and releases contained in the Service Contracts. Federal review is permitted under the Federal Arbitration Act.] Although stalled by Judge Stephens TRO of April 13, 2007, it regained momentum with Judge Fox's April 21, 2007 and May 11, 2007 orders. The panel issued an order on May 24, 2007 advising that it was proceeding despite protest letters and threats of litigation by Miles and Callahan but would not be deciding whether Nordan could be personally liable for any actions made as ancillary estates administrator. A preliminary hearing was held on May 25, 2007.

(8) <u>U.S. District Court for the Eastern District of North Carolina</u>: To enforce the AAA arbitration proceedings, Blackwater filed a Petition to Compel Arbitration on December 20, 2006 in the United States District Court for the Eastern District of North Carolina. This Petition is currently pending for decision before Judge James Fox in the Southern Division (Wilmington, NC). In response, Nordan (thru Callahan and Miles) filed a Motion to Dismiss and/or Stay on January 10, 2007. We filed a Reply/Response on January 30, 2007. On April 21, 2007, Judge Fox issued a magnificent order granting Blackwater's Motion to Compel which effectively stayed Nordan's state court wrongful death action (Nordan I). Plaintiff challenged this Order with a Motion to Reconsider on behalf of Nordan as ancillary administrator and a Motion for Relief filed by Nordan as an individual. Blackwater filed a Motion to Show Cause why Plaintiff should not be held in contempt for violating the order of the court in such challenge. On May 11, 2007, Judge Fox issued an Order denying all three motions and clarifying that he was compelling the state court wrongful death claims to arbitration. On May 18, 2007, Plaintiff filed a Notice of Appeal in the U.S. Fourth Circuit challenging Judge Fox's April 21 and May 11 orders but also initiated an arbitration before the AAA in Atlanta, GA prior to appealing the Orders. Plaintiff's AAA claims (the original state court claims) are being consolidated by the AAA into the pending IDRC arbitration. In addition, Plaintiff has now filed a counterclaim

(essentially the state court claims) in the pending IDRC arbitration to which Blackwater has recently answered.

(9) <u>Superior Court for the Third District of Alaska (Anchorage)</u>: As a result Judge Stephen's December 15, 2006 Order issuing Commission to Take Deposition of John Potter, Plaintiff filed a Motion to Issue Subpoena for the Deposition of Potter on December 18, 2006. A Memo in Opposition with lengthy supporting affidavits was filed by Blackwater and by the United States Government on December 26, 2006. Plaintiff's filed a Reply the following day. In response, Judge Christen issued a Notice re: Plaintiff's Motion to Issue Subpoena for Deposition of John Potter requesting reconsideration of two issues (first, the interests of the United States Government in protecting classified information second, to consider a misrepresentation by Plaintiff's counsel as to Potters "unavailability") by Judge Stephens prior to January 8, 2007. As a result of Judge Stephens Order Upon Reconsideration, the Alaska Court has held matters in abeyance until a Commission is Reissued following the Unites States Government's review of classified materials pursuant to a "*Touhy*" request from Plaintiff. Blackwater filed a status report to Judge Christen advising that it had appealed Judge Stephens Order Denying Reconsideration on the Potter deposition.

(10) <u>North Carolina Court of Appeals</u>: Blackwater filed a Notice of Appeal to the North Carolina Court of Appeals on January 12, 2007. We prepared and served a Proposed Record on Appeal on March 8, 2007. Objections to same were made by Plaintiff's counsel on April 8, 2007 but the appeal was mooted prior to settling the record by the April 21, 2007 Order issued by U.S. District Court Judge Fox compelling the state court action (Nordan I) to arbitration.

(11) <u>Wake County Superior Court (Raleigh, NC) IV (Nordan II)</u>: On May 7, 2007, Richard Nordan, (Ancillary Administrator of the Estates), individually, (through attorney David Coats) filed a Declaratory Judgment Complaint and a Motion for TRO and Preliminary Injunction against Blackwater seeking to prevent the IDRC arbitration from issuing any award against him individually for personal liability for the breaches alleged in the arbitration (covenant not to sue and non-publicity provisions). The Preliminary Injunction was noticed by Judge Stephens for hearing on May 15, 2007 (previously reserved for pending motions in Nordan I). On May 14, 2007, Blackwater removed Nordan II to the U.S. District Court for the Eastern District of North Carolina. Despite the removal and the lack of any jurisdiction, Judge Stephens held the hearing on May 15, 2007 and over strong objection issued a Preliminary Injunction against the IDRC proceeding against Nordan in his individual capacity. [Such order is null and void under federal law.] Regardless, Judge Stephens entered the Order on May 17, 2007.

(12) <u>U.S. District Court for the Eastern District of North Carolina</u> (Nordan II): Blackwater removed Nordan II from the NC state court to the EDNC on May 14, 2007. Judge Fox was fortunately assigned the case. Following the issuance of the invalid post-removal Preliminary Injunction Order by Judge Stephens, on May 18, 2007 we filed a Motion for TRO/PI in the court requesting issuance of a declaration that the Order was null and void. Judge Fox issued an order later that day that the TRO would be heard on May 24, 2007. In turn, Nordan filed a Motion for Remand on May 22, 2007 along with a Motion to Shorten Time for Blackwater to Respond and for an Emergency Hearing. On May 23, 2007, Judge Fox granted the request for emergency hearing by advising that he'd address the jurisdiction of the court before reaching our pending

TRO at the May 24 hearing but denying Nordan's motion to shorten time for Blackwater to brief the opposition to the motion to remand. Nordan also filed an opposition to our TRO motion on May 23. We filed an Opposition to Remand as well as a Reply in Support of our Motion for TRO later that day. A hearing was held on May 24 as ordered. The result was a proposed stipulation to hold a trial as to Nordan's personal liability resulting from his actions as ancillary administrator in the event the IDRC assigned personal liability against him for an award. This stipulation was never agreed to as the IDRC panel (authored by the Honorable William Webster, former FBI and CIA Director), issued Preliminary Order No. 1 which advised that it was only going to decide issues related to Nordan as an ancillary administrator and then later confirmed at the May 25 preliminary hearing that any individual/personal liability of Nordan for acts as ancillary administrator would be reserved for any execution proceeding. With those advisories, Nordan II is essentially mooted. We prepared a status response to Judge Fox on these developments on May 29 along with a Consented to Motion to Extend Time to Respond to Nordan II's Complaint and a Supplemental Opposition to Remand. On June 5, we filed a Motion to Dismiss the Nordan II Complaint as moot or not ripe and filed a Supplemental Opposition to Remand. Judge Fox has since issued an Order dismissing Nordan II.

(13) <u>U.S. Circuit Court of Appeals for the Fourth Circuit</u>: Nordan filed a Notice of Appeal on May 18, 2007 of Judge Fox's Orders of April 21 and May 11, 2007. On May 23, 2007 we filed a Motion to Dismiss. Plaintiff filed a lengthy Opposition to which we filed a Reply. The Federal Mediator is scheduled to hold a telephonic conference on August 15. Unless the Fourth Circuit rules on our Motion to Dismiss by the end of August, Plaintiff will need to file his Appellant's Brief.

Kirk G. Warner, May 31, 2007