# EXHIBIT 5

# PCKB    PINTO COATES KYRE & BROWN PLLC

## Trial Attorneys

Richard L. Pinto
Paul D. Coates
Kenneth Kyre, Jr.*
David L. Brown
Martha P. Brown
Nancy R. Meyers
John I. Malone, Jr.
Deborah J. Bowers
Brady A. Yntema
Bryan G. Scott
*Certified Mediator

3203 Brassfield Road
Greensboro, N.C. 27410

P. O. Box 4848
Greensboro, N.C. 27404

phone: 336.282.8848
fax: 336.282.8409

website: www.pckb-law.com
pcoates@pckb-law.com

May 18, 2005

BlackWater Security Consulting, LLC
Blackwater Lodge & Training Center, Inc.
550 Puddin Ridge Road
Moyock, NC 27958
Attention: Gary Jackson, President

Re: *Nordan, et al. v. Blackwater Security Consulting, LLC, et al.*

Dear Mr. Jackson:

On behalf of WSLIC Surplus Lines Insurance Company (WSLIC), we have reviewed the Complaint that has been filed entitled *Richard P. Nordan v. Blackwater Security Consulting*, which has been removed to the United States District Court for the Eastern District of North Carolina, Western Division, bearing action number 5:05CV-48FL(1). When reviewing the allegations contained in the Complaint, and policy number GLW-778197 issued by WSLIC, this is to advise you that WSLIC hereby reservers its rights to deny coverage, and does not waive any of its right to deny coverage in any action that it takes regarding investigation of the matter, or defense of the lawsuit. It is further agreed that the insured does not waive any of its rights and also reserves all of the rights of the insured.

In any action undertaken by WSLIC investigating, defending, making offers of settlement, or any other action regarding the claim or lawsuit, WSLIC hereby reserves its right to deny coverage.

However, WSLIC has agreed to undertake reimbursement for defense costs for litigation, that is reasonable defense costs, pursuant to the policy, and in conjunction with other carriers that may have coverage which may apply to the claim and any judgment entered in the lawsuit.

If additional facts arise which will support additional grounds for denial of coverage, then WSLIC also reserves its right to assert further grounds for denying coverage.

The main focus of the Complaint that has been filed alleges that Blackwater initially and knowingly placed the Plaintiffs in harms' way without needed protection and promised protection. The Complaint seeks damages for intentional conduct, willful and wanton conduct; fraud, malice, and conscience disregard of the health and safety of others and also seek punitive damages.

WSLIC is reserving its right to deny coverage due to the preliminary determination that the following reasons justify the exclusion or lack of coverage:

The policy provides as follows:
Section 1 – Coverages

    Coverage A Bodily Injury and Property Damage Liability

    1. Insuring Agreement

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

        b. This insurance applies to "bodily injury" and "property damage" only if:
        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        (2) The "bodily injury" or "property damage" occurs during the policy period.

The policy defines "occurrence" as follows:

    13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

It is the position of WSLIC that the actions alleged in the Complaint do not constitute "bodily injury" or "property damage" caused by an "occurrence".

The policy also limits coverage to the coverage territory. Coverage territory is defined as follows:

    4. "Coverage territory" means:

        a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

        b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a above; or

    c.    All other parts of the world if the injury or damages arises out of:

(1) Goods or products made or sold by you in the territory described in a. above.

(2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

(3) "Personal and advertising injury" offenses that take place through the internet or similar electronic means of communication.

Provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

It is the position of WSLIC that the claim is outside the coverage territory.

The policy also contains various exclusions which come into play. The allegations in the Complaint appear to fall within the exclusion for expected or intended injury which states as follows:

Exclusions
This insurance does not apply to:

Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

The policy also excludes contractual liability which may apply under the circumstances. The policy states as follows:

Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided that "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an

insured are deemed to be damages because of "bodily injury" or "property damage" provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract" and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

The policy also excludes "bodily injury" or "property damage" due to war and states as follows:

i. War

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

The policy also excludes "bodily injury" or "property damage" due to rendering professional services and states as follows:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.

The policy also excludes "bodily injury" to employees, and it appears that despite the written agreements between the parties, that under the law of North Carolina that the Plaintiffs would qualify as employees and coverage therefore excluded.

The policy also excludes coverage for worker's compensation and similar laws, and it appears that the potential claims or claims under the Defense Base Act would come within the disability benefits law or similar law. The policy excludes such as follows:

d. Worker's Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

It is the position of WSLIC that the exclusions in the policy may come into play to avoid coverage.

It would also appear that there may be other insurance available, if WSLIC has any obligation, and that the "other insurance" clause may come into play. WSLIC reserves the right to take the position that it is excess insurance, or shares on a pro rata

basis depending on the extent of other insurance and the availability of the WSLIC policy. The policy states as follows:

> 4. Other Insurance
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> a. Primary Insurance
>
> This insurance is primary except when the below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we would share with all that other insurance by the method described in c. below.
>
> b. Excess Insurance
>
> This insurance is excess over:
>
> (1) Any of the other insurance, whether primary, excess, contingent or on any other basis:
> (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk, Similar coverage for "your work";
> (b) that is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;
> (c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner or
> (d) If the loss arises out of the maintenance or use of aircraft, "autos" watercraft to the extent not subject to Exclusion g. of Section 1 – Coverage A- Bodily Injury and Property Damage Liability.
>
> (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

To the extent that there is any potential coverage for terrorism, the policy states that such coverage or coverage for an act of terrorism under the policy or coverage part "is subject to all of the terms, conditions, exclusions and coverage limitations under the policy or coverage part..." Furthermore, the policy excludes punitive damages for any act of terrorism.

In addition, there is exclusion for punitive damages for terrorism and there are limitations under the Terrorism Risk Insurance Act. Lastly, there is a deductible under the policy in the amount of $50,000.00.

There may be other terms, conditions, definitions, or provisions in the policy which may avoid coverage under the circumstances. However, we wanted to provide you with this reservation of rights letter at this time to set forth our position regarding coverage.

Should you receive any new facts, claims, allegations or amendments to the Complaint or pleadings that would cause us to review or revise this reservation, please advise accordingly.

With kind regards, I remain

Very truly yours,

PINTO COATES KYRE & BROWN, PLLC

Paul D. Coates

PDC.kf
cc:   Keith Phillips (WSLIC)