# EXHIBIT 6

# DEASEY, MAHONEY & VALENTINI, LTD.

FRANCIS J. DEASEY
HARRY G. MAHONEY
JAMES W. DALY†
GERALD J. VALENTINI‡
JANE A. NORTH†
HENRI MARCEL†
CARLA P. MARESCA†o
ADAM J. PANTANO†
WARD A. RIVERS†
CHRISTOPHER C. NEGRETE
STEPHEN J. PARISI†
MICHAEL J. HINKLE†
JENNIFER B. HUNTER†
CHRISTOPHER G. MAVROS†
ELYSE G. CRAWFORD
THOMAS C. GALLAGHER†
ANDREW B. ADAIR
KIMBERLY M. FRASCELLA
SHERYL L. BROWN†
MICHAEL F. SCHLEIGH†
DIANA P. SISUM†

ATTORNEYS AT LAW - PROCTORS IN ADMIRALTY
SUITE 3400
1601 MARKET STREET
PHILADELPHIA, PA 19103-2301
215-587-9400
FACSIMILE: 215-587-9456

DIRECT EMAIL: FJDEASEY@DMVLAWFIRM.COM
VOICE-MAIL EXTENSION #134

NEW JERSEY OFFICE
80 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-6331
FACSIMILE: 856-429-6562

MEDIA OFFICE
SUITE 101
103 CHESLEY DRIVE
MEDIA, PA 19063
610-892-2732
FASCIMILE: 610-892-2926

OF COUNSEL:
FRANK C. BENDER
WILLIAM R. DEASEY
1951-1993
JAMES G. BARNES
1988-1997
† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
o ALSO MEMBER NY BAR

August 3, 2007

Howard T. Weir, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Re:   Nordan, et al. v. Blackwater Security Consulting, LLC, et al.
      **Our File No. 500.22215**

Dear Mr. Weir:

In accordance with your request, I am addressing this correspondence to you as counsel for Blackwater Security Consulting and Blackwater Lodge and Training Center, Inc. (hereinafter collectively referred to as "Blackwater"). On behalf of Westchester Surplus Lines Insurance Company (hereinafter "WSLIC"), we hereby supplement WSLIC's reservation of rights of May 18, 2005 in connection with the above-captioned matter. As stated in the May 18, 2005 reservation of rights, WSLIC reserved the right to assert further grounds for denying coverage based upon additional facts which would support these grounds. Based upon WSLIC's investigation undertaken to date, WSLIC hereby supplements its May 18, 2005 reservation of rights to include an additional exclusion which may form the basis for denial of coverage. We address your attention to the WSLIC policy number GLW-778197 for the policy period 01/23/2004 to 01/23/2005. This WSLIC policy contains exclusions which may form the basis for denial of coverage in this case. The allegations in the <u>Nordan, et al. v. Blackwater Security Consulting</u> case referred to in WSLIC May 18, 2005 reservation of rights appear to fall within the aircraft, auto or watercraft exclusion contained in the WSLIC policy. This exclusion states as follows:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

    This exclusion applies even if the claims against any insured alleged negligence or any other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

    This exclusion does not apply to:
(1) a watercraft while ashore on premises you own or rent;
(2) a watercraft you do not own that is:
  (a) less than 26 feet long; and
  (b) not being used to carry persons or property for a charge;
(3) parking and "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;
(4) liability assumed under any "insured" contract for the ownership, maintenance or use of any aircraft or watercraft; or
(5) "bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph (f)(2) or (f)(3) of the definition of "mobile equipment."

  WSLIC incorporates by reference herein its previous reservation of rights dated May 18, 2005. There may be other terms, conditions, definitions or provisions in the WSLIC policy which may avoid coverage under the circumstances. WSLIC hereby reserves the right to amend, modify or clarify its coverage position if additional facts arise which will support additional grounds for the denial or limitation of coverage. Said rights are hereby specifically reserved and not waived.

  Previously, WSLIC requested an explanation as to why Justin L. McQuown and Thomas Powell should be afforded separate counsel. To date, WSLIC has not been provided with an adequate explanation as to why these individuals should be afforded separate counsel. To the extent that coverage under the WSLIC policy may be applicable to the allegations contained in the Nordan litigation, WSLIC hereby requests a written explanation as to why Justin L. McQuown and Thomas Powell are entitled to separate counsel. WSLIC's request in this regard should not be construed as an admission of coverage and/or waiver of any of WSLIC's grounds for reserving rights, such rights being specifically reserved.

Should you have any questions regarding any of the above, kindly contact the undersigned.

Very truly yours,

DEASEY, MAHONEY & VALENTINI LTD.

By: *Frank Deasey*
FRANCIS J. DEASEY, ESQUIRE

FJD/dk