# EXHIBIT 9

# DEASEY, MAHONEY & BENDER, LTD.

ATTORNEYS AT LAW - PROCTORS IN ADMIRALTY

FRANCIS J. DEASEY
HARRY G. MAHONEY
JAMES W. DALY†
GERALD J. VALENTINI‡
JANE A. NORTH†
HENRI MARCEL†
CARLA P. MARESCA†o
ADAM J. PANTANO†
CRAIG M. STRAW
WARD A. RIVERS†
CHRISTOPHER C. NEGRETE
STEPHEN J. PARISH†
CHRISTOPHER T. HUBER
PATRICIA E. McENTEER
MICHAEL J. HINKLE†
TROY D. SISUM†
JENNIFER B. HUNTER†
CHRISTOPHER G. MAVROS†
AMY V. McTIGHE†
ZACHARY B. COOPER†

SUITE 1300
1800 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103-2978
215-587-9400
FACSIMILE: 215-587-9456

DIRECT EMAIL: FJDEASEY@DMBPHILA.COM
VOICE-MAIL EXTENSION #134

May 1, 2006

NEW JERSEY OFFICE
80 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-6331
FACSIMILE: 856-429-6562

OF COUNSEL:
FRANK C. BENDER
WILLIAM R. DEASEY
1951-1993
JAMES G. BARNES
1988-1997
† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
o ALSO MEMBER NY BAR

Howard Weir, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Re:    **Blackwater Security Consulting, LLC, et al. v. Westchester Surplus Lines Insurance Company, et al.**
       **Our File No. 500.22215**

Dear Howard:

This will confirm our telephone conversation of Friday, April 28, 2006 wherein we discussed the above-captioned matter. As I advised, I cannot agree to the Confidentiality Agreement forwarded to me under your cover letter of April 4, 2006 for several reasons. While I agree with the concept of a Confidentiality Agreement to protect any privilege and/or confidential information, I do not believe Westchester's request for this information is pursuant to an attempt to resolve the coverage litigation and, therefore, protected under Rule 48 of the Federal Rules of Evidence and/or other applicable state laws. To the contrary, I believe to the extent Blackwater seeks coverage under the Westchester policy, Blackwater is required to provide this information to Westchester for its consideration. Having said this, I believe that Westchester agrees that Blackwater and Westchester share a joint defense privilege in connection with production of these documents to the extent that coverage exists under the Westchester policy.

As a result, I am enclosing herewith my proposed Confidentiality Agreement which I believe addresses the concerns your client may have regarding potential disclosure of privileged and/or confidential information while at the same time preserving Westchester's ability to utilize this information (with appropriate safeguards to protect privilege and/or confidentiality) in defense of Blackwater's claims for coverage in the Blackwater coverage litigation. As I expressed to you during our telephone conversation, I believe that in any event these documents

Howard Weir, Esquire
May 1, 2006

would be discoverable in the Blackwater coverage litigation. However, I am sensitive to your client's concerns and, therefore, will recommend that Westchester agree to the Confidentiality Agreement enclosed herewith.

Upon receipt and review of the enclosed Confidentiality Agreement, kindly advise if Blackwater is willing to execute the Confidentiality Agreement proposed by me. At the same time, I am forwarding the proposed Confidentiality Agreement to Westchester. Assuming both our clients agree, I suggest that each of us sign in counterpart as counsel of record for our respective clients.

Should you have any questions regarding any of the above, kindly contact me upon receipt of this correspondence.

Very truly yours,

DEASEY, MAHONEY & BENDER, LTD.

BY: _____
FRANCIS J. DEASEY, ESQUIRE

FJD/mr
Enclosure