# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation <br><br>　　　　　　　　　　Plaintiffs, <br>　　　　vs. <br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation <br>　　　　　　and <br>EVANSTON INSURANCE COMPANY, an Illinois Corporation <br>　　　　　　and <br>FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation <br>　　　　　　and <br>LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation <br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 05-6020 |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiffs' Motion for Partial Summary Judgment On The Duty to Defendant Against Westchester Surplus Lines Insurance Company, and Westchester Surplus lines Insurance Company's Response thereto and Cross-Motion for Limited Discovery Pursuant to F.R.Civ.P. 56(f), it is hereby ORDERED that:

　　　　1.　　Plaintiffs' Motion for Partial Summary Judgment On The Duty to Defendant Against Westchester Surplus Lines Insurance Company is STAYED until after Westchester Surplus lines Insurance Company obtains the discovery delineated in Addendum "A" attached hereto; and

Dockets.Justia.com

2. Westchester Surplus Lines Insurance Company's Cross-Motion for Limited Discovery Pursuant to F.R.Civ.P. 56(f) is GRANTED; and

3.    It is further ORDERED that Plaintiffs shall produce all discovery delineated in Addendum "A" within 180 days from the date of this ORDER.

_____
THE HONORABLE PETRESE B. TUCKER

**Addendum "A"**

a. A deposition of Mr. McQuown to determine what facts exist that would establish the applicability of the above-referenced policy exclusions, and to determine why separate counsel was necessary;

b. A deposition of Mr. Powell to determine what facts exist that would establish the applicability of the above-referenced policy exclusions, and to determine why separate counsel was necessary;

c. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the acts alleged in the **Nordan** Complaint due not constitute an "occurrence" under the policy;

d. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the loss did not occur in "covered territory";

e. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of Contractual Liability Limitations;

f. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Expected or Intended injury Exclusion

g. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the War Exclusion;

h. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of Terrorism limitations and exclusions;

i. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Professional Services Exclusion;

j. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Worker's Compensation and Similar Laws Exclusion due to the applicability of the

  Defense Base Act;

k. A deposition of designated deponents of the Blackwater entities pursuant to F.R.Civ.P. 30(b)(6) to determine what facts exist that would establish the applicability of the Use of Auto Exclusion;

l. Access to the entire **Nordan** Litigation file held by Plaintiffs' attorneys.

m. Copies of Plaintiffs' retainer agreements with all counsel defending or who have defended the **Nordan** Litigation;

n. Complete and unredacted copies of all bills and statements of services provided by all counsel defending or who have defended the **Nordan** Litigation;

o. Copies of the files of all counsel defending or who have defended the **Nordan** Litigation;

p. Depositions of designated deponents of all counsel defending or who have defended the **Nordan** Litigation pursuant to F.R.Civ.P. 30(b)(6) to determine the reasonableness and necessity of services provided by said firms; and

q. Proof of payment of all legal expenses incurred by Plaintiffs.