IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | NO. 05-6020 (PBT) |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | Hon. Petrese B. Tucker |
| Defendants. | JURY TRIAL DEMANDED |

**REPLY TO CONTINENTAL INSURANCE COMPANY'S
OPPOSITION AND, IN THE ALTERNATIVE, RULE 56(f) MOTION, TO
BLACKWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training

Center, Inc. (collectively, "Blackwater"), by and through their attorneys, respectfully submit the

following Reply to Defendant Continental Insurance Company's ("CNA") Opposition and, in the

Alternative, Rule 56(f) Motion, in further support of the Plaintiffs' Motion for Partial Summary

Judgment on the duty to defend ("Motion").

**I.    INTRODUCTION**

By its Motion, Blackwater seeks to have the Court Order that CNA live up to its promise

to defend Blackwater against the <u>Nordan</u> Complaint.  It is well settled that the duty to defend is

triggered based on the allegations of the underlying suit and a comparison of those allegations to

the terms of the policy.  CNA recognizes that it has a duty to defend, and claims that it already is

"paying [Blackwater's] reasonable and necessary defense costs" in connection with the <u>Nordan</u> Complaint. Yet, contrary to this claim, CNA has only paid Blackwater's local counsel fees.[1]

CNA now requests that the Court order discovery in connection with its indemnity obligation and the reasonableness of defense costs, yet such discovery is not relevant to whether the duty to defend existed ***at the time of tender of the defense to CNA*** — which is what Blackwater seeks to adjudicate by this Motion. The relevant complaint is in the record and is not in dispute. The relevant policy is in the record and is not in dispute. A comparison of these documents demonstrates that, as a matter of law, CNA has a duty to defend.

## II.     ARGUMENT

Despite its concession that it has a duty to defend, CNA seeks to avoid or delay undertaking its overdue duty to defend. Its strategy to achieve this goal is to claim a need for discovery under Federal Rule of Civil Procedure ("Rule") 56(f). Yet, Rule 56(f) does not apply here because CNA's "need" for discovery is based: (1) on the question of whether the decedents were employees, which is not subject to Rule 56(f); and (2) on a factual issue (reasonableness of defense costs) that is not material or relevant to this Motion. For the following reasons, CNA should not be permitted to use Rule 56(f) to delay undertaking its duty to defend Blackwater.

First, Blackwater has demonstrated that the <u>Nordan</u> Complaint triggers the duty to defend because the claims alleged are (at the very least) potentially covered under the policy. It is well settled that until CNA can show conclusively that there is no potential for coverage, it must defend Blackwater.

---

[1]     The Court need not rule on the reasonableness of the attorneys fees incurred in connection with the defense of the <u>Nordan</u> Complaint at this time. Yet, Blackwater notes that CNA's Opposition ignores the fact that the litigation that arose out of the <u>Nordan</u> Complaint is extraordinarily complex, requiring a multifaceted defense team engaging in at least seventeen (17) distinct but interrelated fora in and outside of North Carolina.

Second, CNA cannot make that showing because, although it has reserved its rights to deny coverage, it has already conceded that there is a potential that the <u>Nordan</u> Complaint may be covered under the policy. <u>See</u> Opp. at 1. This concession is dispositive on whether the duty to defend has been triggered.

Third, CNA's request for further discovery as to whether coverage exists is, standing alone, an admission that coverage may exist and that the duty to defend has been triggered.

Fourth, to avoid the impact of its concession that the <u>Nordan</u> Complaint has triggered the duty to defend, CNA's attempts to obtain discovery from Blackwater is an irrelevant exercise because, under the narrow scope of this Motion, the Court is limited to an examination of the allegations of the <u>Nordan</u> Complaint and the Policy provisions. It is well established that the "duty to defend" is broader than the "duty to indemnify." Under the "duty to indemnify," the truth of the allegations in the underlying suits are relevant. But, under the "duty to defend," the allegations themselves control the inquiry. Blackwater is not now seeking, and may never have to seek, an Order that CNA indemnify a settlement or judgment.

Fifth, the reasonableness of the defense costs is irrelevant to this Motion, which only seeks a ruling that CNA owes the <u>Nordan</u> Complaint defendants a defense, and does <u>not seek a ruling on the amount of defense costs CNA owes</u>.

For all of these reasons, Blackwater respectfully requests that this Court grant partial summary judgment to Blackwater on the issue of the duty to defend.

A.     **There Is No Dispute That The Allegations Of The <u>Nordan</u> Complaint Create A Potential for Coverage, Which Triggers the Duty to Defend.**

The only issue before this Court in connection with Blackwater's Motion on the duty to defend is whether CNA is obligated to defend Blackwater against the allegations of the underlying action captioned <u>Nordan v. Blackwater Security Consulting LLC, et al.</u>, 05 CVS

000173, originally filed in the Superior Court of North Carolina, Wake County (the "Nordan Complaint") and related litigation, all of which stems from the Nordan Complaint. It is well-settled that to establish a duty to defend, courts must simply look to the relevant policy and the allegations of the underlying complaint to determine if there exists a potentially covered claim. Sunoco, Inc. v. Illinois Nat'l Ins. Co., 226 Fed.Appx. 104, 107, 2007 WL 295267, *3 (3d Cir. Jan. 31, 2007) (citing Lucker Mfg. v. The Home Ins. Co., 23 F.3d 808, 813 (3d Cir.1994)).[2] Pennsylvania courts have long held that in consideration of an insured's payment of premiums, the insurer becomes contractually obligated to defend its insured. C. Raymond Davis & Sons, Inc. v. Liberty Mut. Ins. Co., 467 F. Supp. 18, 19 (E.D.Pa. 1979); Beckwith Mach. Co. v. Travelers Indem. Co., 638 F. Supp. 1179, 1186 (W.D.Pa. 1986); Bracciale v. Nationwide Mut. Fire Ins. Co., 1993 WL 323594, *5 (E.D.Pa. Aug. 20, 1993). The factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured. Sunoco, Inc., 226 Fed.Appx. at 107, 2007 WL 295267, *3 (citation omitted). Additionally, an insurer must defend the entire action even if some of the allegations in the complaint fall within the terms of coverage and others do not. C. Raymond Davis, 467 F. Supp. at 19); Air Products & Chemicals, Inc. v. Hartford Acc. & Indem. Co., 25 F.3d 177, 180 (3d Cir. 1984); Bracciale, 1993 WL 323594 at *5, *7. As set forth below, when the allegations in the Nordan Complaint are compared with the relevant Policy language, the potential for coverage is clear.

---

[2] Pennsylvania law on the duty to defend is not different from the law of the other jurisdictions that CNA suggests may apply, so the Court need not rule on choice of law. See, e.g., Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 340 S.E.2d 374, 377 (N.C. 1986); Seaboard Surety v. Gillette Co., 64 N.Y.2d 304, 486 N.Y.S.2d 873, 476 N.E.2d 272 (1984).

1.    **What The Employers' Liability Insurance Part of the CNA Policy Covers**

CNA issued International Voluntary Workers Compensation and Employers Liability

Policy No. DBA 22 390 1731 to Blackwater Security Consulting, LLC and Blackwater Lodge

and Training Center, Inc. for the policy period March 18, 2004 to June 18, 2004 (the "Policy").

See Motion, Howell Decl. ¶ 4, Exh. A, Endorsement No. 2.  The Policy has two separate

coverage parts:  (1) coverage for "Workers Compensation Insurance" such as the Defense Base

Act (Motion, Ex. A, WP 0010 0201 at page 1 of 11 – page 5 of 11); and (2) "Employers'

Liability Insurance."  Motion, Exh. A, WP 0010 0201 at page 5 of 11 – 8 of 11.  CNA confuses

these two distinct parts – which provide different types of coverage – by defining them

collectively in the CNA Opposition as the "Continental DBA Policy."  See Opp. at 3.

The Employers' Liability Insurance part provides that it applies to bodily injury by

accident, and bodily injury includes resulting death.  CNA agreed to pay all sums a "Named

Insured" must pay as damages because of bodily injury to its "employees."  See Motion at 2-3;

see also Motion, Ex. A, WP 0010 0201, Page 5 of 11.  Blackwater Security Consulting, LLC and

Blackwater Lodge and Training Center, Inc. are "Named Insureds."  See Motion, Ex. A,

Endorsement No. 2.  There is the possibility that Messrs. McQuown and Powell are "insureds"

under the CNA policy and, thereby, entitled to a defense because, for purposes of both coverage

parts of the CNA Policy, an "employee" means:

> anyone employed by the Named Insured including any volunteer worker.  At [the
> Named Insured's] option, "employee" may include individuals who are
> independent contractors with whom you have a written contract in which you
> agree to provide them benefits of voluntary workers' compensation.

Motion, Exh. A, WP 0010 0201, page 10 of 11.

Under the Policy, CNA has a defense obligation, as it provides:

> [CNA has] the right and duty to defend, at [CNA's] expense, any "claim" or
> "suit" against [the insured] for damages payable [under the Employers' Liability

> Insurance coverage part]. [CNA has] the right to investigate and settle these
> "claims" and "suits." [CNA has] no duty to defend a "claim" or "suit" that is not
> covered by this insurance. [CNA has] no duty to defend or continue defending
> after [it has] paid [its] applicable limit of liability under this insurance.

Motion, Exh. A, WP 0010 0201 at page 7 of 11. A "[s]uit includes, but is not limited to a civil

proceeding in a court of law in which damages to which this insurance applies is alleged" and

also includes arbitration and alternative dispute resolution. See Motion, Exh. A, WP 0010 0201

at page 11 of 11.

### 2.    The <u>Nordan</u> Complaint Triggers CNA's Duty to Defend

The <u>Nordan</u> Complaint was filed against Blackwater Security Consulting, LLC,

Blackwater Lodge and Training Center, Inc., Justin McQuown and Thomas Powell. See Motion,

Ex. B. It alleges that "[a]s a proximate result of [Blackwater's, McQuown's and Powell's]

intentional conduct, willful and wanton conduct, and/or negligence, as alleged herein,

[decedents] were killed March 31, 2004." See Id. at ¶ 71. The <u>Nordan</u> Complaint also alleges

that Blackwater, Mr. McQuown and Mr. Powell, failed to provide decedents with "certain

protections, tools, and information to allow [decedents] to do their jobs" in Iraq, and that those

failures resulted in the murder of decedents. Id. at ¶ 13. The <u>Nordan</u> Complaint alleges that all

of the defendants, individuals and corporations alike, are one in the same. According to

paragraph 10 of the Complaint:

> each Defendant, was the agent, servant, representative and/or employee of each of
> the other Defendants, and that in doing the things hereinafter alleged, each
> Defendant was acting within the course and scope of his or her authority as such
> agent, servant, representative and/or employee, with the permission, knowledge,
> consent and ratification of each of the other defendants.

As CNA recognizes, under the Policy independent contractors can be deemed to be employees.

Opp. at 6.

In its Opposition, CNA concedes that it has the duty to defend in claiming that it already is paying the "reasonable and necessary defense costs." See Opp. at 1. Ignoring this admission, CNA attempts to create issues where there are none by arguing that summary judgment on the duty to defend should be delayed or denied because it needs discovery on whether the Decedents were "employees" within the definition under the Policy, and on the reasonableness and necessity of certain defense costs. Opp. at 5-11, 14. CNA is ignoring a long line of cases holding that an insurer's obligation to defend is separate and distinct from its duty to indemnify and that the duty to defend is broader than the duty to indemnify. See C. Raymond Davis, 467 F. Supp. at 19. An insurer's obligation to defend an action against an insured is not necessarily coextensive with its obligation to indemnify an insured, as different elements of proof are required to establish a breach of each obligation. Bracciale, 1993 WL 323594 at *5 (citations omitted). A court should look only to the four corners of the complaint to determine whether an insurer has a duty to defend. See Sunoco, 226 Fed.Appx. at 107, 2007 WL 295267 at *3 (holding that former district court Judge Weiner appropriately refused to allow the insurer to conduct discovery into the underlying facts before he determined the insurer had a duty to defend). In contrast, to establish a duty to indemnify, the facts as alleged must be proven true. C. Raymond Davis, 467 F. Supp. at 19.

Since CNA has reserved its right to deny coverage to its insureds, it forfeited any right it had to control the insured's defense but nonetheless remains liable for the insured's defense costs. See CHI of Alaska, Inc. v. Employers Reins. Corp., 844 P.2d 1113 (Alaska 1993); Grube v. Dawn; 173 Wis.2d 30 (Wis. App. 1992); Penn Aluminum, Inc. v. Aetna Cas. & Surety Co., 402 N.Y.S.2d 877 (4th Dep't. 1978). CNA now seeks discovery to establish the truth of certain

underlying allegations, which may be relevant with respect to the duty to indemnify, but as to this Motion, the allegations of the underlying <u>Nordan</u> Complaint alone control.

Here, however, the Court has before it the relevant facts necessary to determine whether CNA has the duty to defend Blackwater for the <u>Nordan</u> Complaint, which is the issue in dispute. On one hand, CNA claims that a plain reading of the <u>Nordan</u> Complaint indicates there is no coverage (Opp. at 6), but then recognizes that "because the definition of 'employees' could include independent contractors 'with whom [Blackwater had] a written contract in which [it] agree[d] to provide them the benefits of voluntary workers' compensation,' CNA agreed to provide a defense subject to a reservation of its right…" Opp. at 8 (citing Blackwater Motion Ex. I.) As a matter of law, the duty to defend inquiry should end with CNA's concession that its duty to defend is triggered. In any event, a comparison of the <u>Nordan</u> Complaint with the Policy terms gives rise to such a duty.

CNA's request for discovery ignores decades of well-accepted law on what is relevant on the duty to defend by implying that the Court must consider ultimate facts before deciding this Motion. CNA has not and cannot conclusively establish that it does not have a duty to defend. Further, by arguing that it needs discovery of facts to establish issues in connection with coverage, CNA is once again tacitly conceding that it must defend now, which is what Blackwater seeks by its Motion.

**B.    CNA Fails To Meet Its Burden Under Rule 56(f) To Justify A Continuance To Take Discovery.**

CNA's attempt to use Rule 56(f) to delay a ruling on Blackwater's Motion on the duty to defend must fail because CNA has not met the necessary standard for additional discovery. The purpose of Rule 56(f) is to ensure that a premature motion is not granted. <u>Green v. Joy Cone Co.</u>, 278 F. Supp.2d 526, 533 (W.D. Pa. 2003). An affidavit in support of additional discovery is

required to ensure that the party requesting discovery is invoking the protection afforded by Rule 56(f) in good faith and to provide the court with specific enough information to assess the requesting party's opposition. Pastore v. Bell Tel. Co. of Pennsylvania, 24 F.3d 508, 511 (3d Cir. 1994). To meet this standard, CNA must show with specificity the particular information sought, including specific facts the party intends to discover, how those facts, if uncovered, would preclude summary judgment and why that information could not be obtained elsewhere. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987) (affirming district court's decision not to allow additional discovery because appellants failed to show how additional discovery would have cured the fundamental shortcomings of their claims); Pastore, 24 F.3d at 511(ruling that requesting party was not entitled to additional discovery).

In this case, Rule 56(f) does not apply because the duty to defend is a question of law, not a question for the jury. To the extent that CNA argues that the employment status of the decedents is relevant to coverage, that contention has no merit in connection with a motion on the duty to defend. See Sunoco, Inc. v. Illinois Nat'l Ins. Co., No. 04-4087, 2005 WL 2077258, *4 (E.D.Pa. Aug. 29, 2005) (holding, in response to the insurer's motion for discovery pursuant to Rule 56, that such discovery is not relevant to whether the duty to defend had arisen). Further, the factual issue raised by CNA – reasonableness of defense costs – is not relevant to this Motion, which is simply on the duty to defend and not on the propriety of all of Blackwater's defense costs. See Sunoco, Inc. v. Illinois Nat'l Ins. Co., No. 04-4087, 2007 WL 127737, *1 (E.D.Pa. Jan. 11, 2007) (after holding in earlier decision that insurer had duty to defend, Eastern District noted that insurer could still later raise objections to certain defense costs).

Former Judge Weiner's decision in Sunoco, Inc. v. Illinois Nat'l Ins. Co., No. 04-4087, 2005 WL 2077258 (E.D.Pa. Aug. 29, 2005), which involved the same issues as are before the

Court here, is particularly instructive. In <u>Sunoco</u>, Judge Weiner had before him Sunoco's motion on the duty to defend, and Illinois National Insurance Company's ("Illinois National") motion for discovery pursuant to Rule 56(f). Just as in the instant matter, Illinois National sought discovery regarding the underlying litigations for which Sunoco sought a defense, in addition to information in connection with the policy. <u>See</u> <u>Sunoco</u>, 2005 WL 2077258, *1. Former Judge Weiner considered how the interpretation of a policy is a matter of law properly resolved in a declaratory judgment action, and the task of interpreting the policy is generally performed by the court, rather than a jury, which must read the policy as a whole and construe it according to the plain meaning of its terms. <u>Id.</u> at *4 (citations omitted). He held that a Court is to only look to the policy language and the allegations of the underlying complaint to determine whether the duty to defend has arisen, and to the extent that the insurer Illinois National argued that the other information it sought was relevant to the coverage decision, that contention had no merit under Pennsylvania law. <u>Id.</u> Applying these principles, Judge Weiner ordered that Illinois National had a duty to defend, and was not entitled to the additional discovery it sought. <u>Id.</u> at *8. The Third Circuit reviewed this decision, and held that Illinois National did have the duty to defend Sunoco against, and reimburse Sunoco for defense costs in connection with, some seventy lawsuits that have been filed against Sunoco. <u>See</u> <u>Sunoco, Inc.</u>, 226 Fed.Appx. 104, 107, 2007 WL 295267 (holding Illinois National had duty to defend all the suits, though one of the suits would be deemed a separate "occurrence"). Accordingly, CNA's request for additional discovery pursuant to Rule 56(f) should be denied.

## III.    CONCLUSION

For the foregoing reasons, Blackwater respectfully requests that the Court grant Blackwater's Motion For Partial Summary Judgment on the duty to defend, and Order that Continental Insurance Company has the duty to defend Blackwater in connection with the

defense of the action captioned <u>Nordan v. Blackwater Security Consulting LLC, et al.</u>, 05 CVS 000173.

Respectfully submitted,

Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000
F: 215.963.5001

Paul A. Zevnik
Howard T. Weir III
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P: 202.739.3000
F: 202.739.3001

Dated:  August 31, 2007                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, a true and correct copy of the foregoing

document was served, by electronic mail, upon the following counsel of record:

Francis J. Deasey, Esq.
Deasey, Mahoney & Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Francis P. Burns, III, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106

John C. Sullivan, Esq.
Post & Schell PC
1600 John F. Kennedy Blvd
Four Penn Center
Philadelphia, PA 19103-2808

Ronald P. Schiller, Esq.
DLA Piper Rudnick Gray Cary LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

L.D. Simmons, II, Esq.
Helms Mulliss & Wicker PLLC
201 North Tryon Street
Charlotte, NC 28202

Thomas T. Locke, Esq.
Seyfarth Shaw LLP
815 Connecticut Ave NW
Washington, DC 20006-4004

Carol C. Carty