BLACKWATER SECURITY CONSULTING, LLC et al v. WESTCHESTER SURPLUS LINES INSURANCE COMPANY et al       Doc. 64
Case 2:05-cv-06020-PBT   Document 64   Filed 08/31/2007   Page 1 of 11

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | NO. 05-6020 (PBT) |
| v. | Hon. Petrese B. Tucker |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | |
| Defendants. | JURY TRIAL DEMANDED |

## ORDER

AND NOW, this        day of                      , 2007, upon consideration of Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.'s Motion for Partial Summary Judgment on the Duty to Defend Against Evanston Insurance Company ("Evanston"), and Evanston's Cross-Motion for Summary Judgment, it is hereby ORDERED that Evanston has a duty to defend Plaintiffs in connection with the action captioned Nordan v. Blackwater Security Consulting LLC, et al., 05 CVS 000173, and that Defendant Evanston's Cross-Motion for Summary Judgment is DENIED.

_____
The Honorable Petrese B. Tucker

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | NO. 05-6020 (PBT) |
| v. | Hon. Petrese B. Tucker |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | |
| Defendants. | JURY TRIAL DEMANDED |

**REPLY TO EVANSTON INSURANCE COMPANY'S OPPOSITION TO BLACKWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND RESPONSE TO THE CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater"), by and through their attorneys, respectfully submit the following Reply to Defendant Evanston Insurance Company's ("Evanston") Opposition to Plaintiffs' Motion for Partial Summary Judgment on the duty to defend ("Motion"), and Respond to Evanston's Cross-Motion for Summary Judgment.

**I.   INTRODUCTION**

By its Motion, Blackwater seeks to have the Court order that Evanston to live up to its promise to defend Blackwater against the Nordan Complaint. It is well settled that the duty to defend is triggered based on the allegations of the underlying suit and a comparison of those allegations to the terms of the policy. The relevant complaint is in the record and is not in dispute. The relevant policy is in the record and is not in dispute. Blackwater is suffering actual financial harm as a result of Evanston's refusal to defend. Every dollar that Blackwater has

spent on defending the Nordan Litigation has been a dollar that Evanston should have paid, up to the Evanston policy's limits of liability. Evanston now attempts to avoid defending Blackwater due to Exclusion (b) in the Policy, and cross-moves for summary judgment on the basis of that Exclusion. For the following reasons, explained herein, the Court should not permit Evanston to avoid its duty to defend.

First, Blackwater has demonstrated that the Nordan Complaint triggers the duty to defend because the claims alleged are (at the very least) potentially covered under the policy.

Second, to avoid its duty to defend, Evanston attempts to impose on Blackwater the higher "duty to indemnify" standard. However, it is well established that the "duty to defend" is broader than the "duty to indemnify." Under the "duty to indemnify," the truth of the allegations in the underlying suits are relevant. But, under the "duty to defend," the allegations themselves control the inquiry. The Court need only examine the allegations of the underlying litigation (which are all in the record and not disputed) and the Policy to make its determination as to whether Evanston has a duty to defend.

Third, since the claims alleged in the Nordan Complaint are not solely "by or in the right" of the decedents, but also brought on behalf of the decedents' survivors for the damages they have allegedly suffered, Evanston has a duty to defend Blackwater in connection with the Nordan Complaint.

Blackwater respectfully requests that this Court grant partial summary judgment to Blackwater on the issue of the duty to defend, and deny Evanston's cross-motion for summary judgment.

II.  **ARGUMENT**

    A.  **The Allegations of the <u>Nordan</u> Litigation Create a Potential for Coverage, Which Triggers the Duty to Defend.**

The only issue before this Court in connection with Blackwater's Motion on the duty to defend is whether Evanston is obligated to defend Blackwater against the allegations of the underlying action captioned <u>Nordan v. Blackwater Security Consulting LLC, et al.</u>, 05 CVS 000173, originally filed in the Superior Court of North Carolina, Wake County, and related litigation (the "<u>Nordan</u> Complaint"). It is well-settled that to establish a duty to defend, courts must simply compare the allegations of the underlying complaint with the policy provisions to determine if there exists a potentially covered claim. <u>Sunoco, Inc. v. Illinois Nat'l Ins. Co.</u>, 226 Fed.Appx. 104, 107, 2007 WL 295267, *3 (3d Cir. Jan. 31, 2007) (citing <u>Lucker Mfg. v. The Home Ins. Co.</u>, 23 F.3d 808, 813 (3d Cir.1994)). Pennsylvania courts have long held that in consideration of an insured's payment of premiums, the insurer becomes contractually obligated to defend its insured. <u>C. Raymond Davis & Sons, Inc. v. Liberty Mut. Ins. Co.</u>, 467 F. Supp. 18, 19 (E.D.Pa. 1979); <u>Beckwith Mach. Co. v. Travelers Indem. Co.</u>, 638 F. Supp. 1179, 1186 (W.D. Pa. 1986); <u>Bracciale v. Nationwide Mut. Fire Ins. Co.</u>, 1993 WL 323594 *5 (E.D.Pa. Aug. 20, 1993). This obligation arises whenever allegations against the insured state a claim which is potentially within the scope of the policy's coverage. <u>C. Raymond Davis</u>, 467 F. Supp. at 18 (citations omitted); <u>Bracciale</u>, 1993 WL 323594 at *7. Additionally, an insurer must defend the entire action even if some of the allegations in the complaint fall within the terms of coverage and others do not. <u>C. Raymond Davis</u>, 467 F. Supp. at 19; <u>Air Products & Chemicals, Inc. v. Hartford Acc. & Indem. Co.</u>, 25 F.3d 177, 180 (3d Cir. 1984); <u>Bracciale</u>, 1993 WL 323594 at *5, *7; <u>Covington Twnsp. v. Pacific Employers Ins. Co.</u>, 639 F. Supp. 793, 798 (M.D.Pa. 1986). The factual allegations of the underlying complaint against the insured are to be taken as true and

4

liberally construed in favor of the insured. Sunoco, Inc., 226 Fed.Appx. at 107, 2007 WL 295267, *3 (citation omitted).

Evanston issued Professional Liability Policy No. EO 819173 to Blackwater Lodge and Training Center, Inc. and Blackwater Security Consulting, LLC (collectively, "Blackwater") for the policy period March 17, 2003 to March 17, 2005 (the "Policy"). See Motion, Howell Decl., ¶ 4, Exh. A, Endorsement 5. The term "Insured" includes Blackwater and "any present or former . . . employee of the Named Insured." Contrary to Evanston's position that the individual defendants named in the underlying action are not entitled to a defense (Opp. at 11), because Mr. McQuown and Mr. Powell were, during the relevant times, employees of Blackwater, they are also "Insureds" under the Evanston Policy. See Motion, Exh. A, MG 843-2/22/99 at 1. Clearly Blackwater is also an Insured.

Under the Policy, Evanston has the following duty to defend:

> **2. Defense, Investigation and Settlement of Claims:** [Evanston] shall investigate, defend, and settle any Claim to which this policy applies pursuant to the following provisions:
>
> (a) Claims Expenses incurred investigating and defending such Claim shall be included within the Each Claim limit of liability set forth in the Declarations and shall not be in addition thereto. Such Claim Expenses shall reduce the available Limit of Liability. [EVANSTON] SHALL NOT BE OBLIGATED TO PAY ANY DAMAGES OR TO DEFEND OR CONTINUE TO DEFEND ANY CLAIM OR TO PAY ANY EXPENSES AFTER THE LIMIT OF [EVANSTON'S] LIABILITY HAS BEEN TENDERED TO THE INSURED OR INTO THE COURT OR EXHAUSTED BY PAYMENT(S) OF DAMAGES OR CLAIM EXPENSES.
>
> * * *

See Motion at 2-3; see also Howell Decl., Exh. A, MG 843-2/22/99 at 1-2 (emphasis in original). "Claim" means "a written demand received by the Insured for compensation for Damages, including the service of suit or institution of arbitration proceedings against the Insured." Motion, Exh. A, MG 843-2/22/99 at 1. Included within the ambit of "Claims" are those related

to bodily injury or death, "to the extent such Claim is based upon or arises out of any act, error, or omission in Professional Services rendered or that should have been rendered by the Insured." Motion, Exh. A, Endorsement 1 ¶ 2. "Professional Services" includes "Worldwide contract security operations." See Id., Endorsement 6.

The Nordan Complaint seeks damages for wrongful death arising from the murders of decedents on or about March 31, 2004, by Iraqi insurgents in the city of Fallujah. See Motion, Ex. B. at ¶¶ 12, 30-31. Among other alleged wrongful conduct, the Nordan Complaint alleges that Blackwater, Mr. McQuown and Mr. Powell, failed to provide decedents with "certain protections, tools, and information to allow [decedents] to do their jobs" in Iraq, and that those failures resulted in the murder of decedents. Id. at ¶ 13. The Nordan Complaint further alleges that all of the defendants, individuals and corporations alike, are one in the same. According to paragraph 10 of the Complaint:

> each Defendant, was the agent, servant, representative and/or employee of each of the other Defendants, and that in doing the things hereinafter alleged, each Defendant was acting within the course and scope of his or her authority as such agent, servant, representative and/or employee, with the permission, knowledge, consent and ratification of each of the other defendants.

See Motion, Howell Decl., Exh. B, ¶10. Clearly the Nordan Complaint allegations satisfy the definition of "Claim" under the Policy.

In its Opposition, Evanston ignores a long line of cases that hold that an insurer's obligation to defend is separate and distinct from its duty to indemnify and that the duty to defend is broader than the duty to indemnify. C. Raymond Davis, 467 F. Supp. at 19. Additionally, an insurer's obligation to defend an action against an insured is not necessarily coextensive with its obligation to indemnify an insured, as different elements of proof are required to establish a breach of each obligation. Bracciale, 1993 WL 323594 at *5 (citations omitted); Covington, 639 F. Supp. at 796. To establish a duty to defend, courts must simply look

6

to the allegations of the underlying complaint for a potentially covered claim. C. Raymond Davis, 467 F. Supp. at 19; Bracciale, 1993 WL 323594 at *5. To establish a duty to indemnify, the facts as alleged must be proven true. C. Raymond Davis, 467 F. Supp. at 19.

### B. The Evanston Policy Contains No Exclusion That Precludes The Duty To Defend.

Evanston argues that Exclusion (b) to the Evanston Policy excludes coverage for the Nordan Complaint and, thus, Evanston has no duty to defend or indemnify Blackwater, Mr. McQuown, or Mr. Powell. Opp. at 7-11. Exclusion (b) to the Evanston Policy excludes coverage for Claims made against Blackwater "by or in the right of any Insured . . . or any contractor or subcontractor thereof." Motion, Exh. A, MG 843-2/22/99 at 4. An insurer, such as Evanston, that disclaims its duty to defend based on a policy exclusion bears the burden of proving the applicability of the exclusion. Unionamerica Ins. Co., Ltd. v. J.B. Johnson, 806 A.2d 431, 434 (Pa. Super. 2002) (citation omitted). Further, such exclusions are to be strictly construed against the insurer.[1] Id.

To trigger Evanston's obligation to provide a defense for Blackwater, Mr. McQuown, and Mr. Powell from the allegations of the Nordan Complaint, the allegations only need to raise the "possibility" of or "potential" for coverage under the Evanston Policy. If the allegations of the complaint allege an injury which raises the potential for coverage under the policy, then an insurer must defend its insured. Erie Ins. Exch. v. Fidler, 808 A.2d 587, 590 (Pa. Super. 2002); see also American Contract Bridge League v. Nationwide Mut. Fire Ins. Co., 752 F.2d 71, 75 (3d Cir. 1985). And, if a single claim in a multiclaim lawsuit is potentially covered, the insurer must defend all claims. Board of Public Educ. v. National Union Fire Ins. Co. of Pittsburgh, 709 A.2d

---

[1] This is also the rule in North Carolina, whose laws Evanston contends applies to the interpretation of the Evanston Policy. See Lambe Realty Inv., Inc. v. Allstate Ins. Co., 527 S.E.2d 328, 334-35 (N.C. App. 2000).

910, 913 (Pa. Super. 1998) (internal citations omitted).  Accordingly, Evanston must reimburse Blackwater for its defense of the entire Nordan Complaint, even if some of the allegations in the complaint potentially fall within the terms of coverage and others arguably may not.

The crux of Evanston's argument is that Exclusion (b) precludes coverage because of a narrow provision in North Carolina's wrongful death statute.  Under North Carolina law, only a personal representative, such as the Nordan plaintiffs' ancillary administrator, may bring a wrongful death action and that action must be brought in the name of the deceased's estate. Livingston v. United States, 817 F. Supp. 601, 604 (E.D.N.C. 1993) (citations omitted); In the Matter of the Estate of Proctor, 340 S.E.2d 138, 140 (N.C. App. 1986); see also N.C. Gen. Stat. § 28A-18-2.  A deceased's survivors may not bring any individual claims arising out of the decedent's death.  Livingston, 817 F. Supp. at 604, 608.  This is because a personal representative who brings a wrongful death action is not acting for the estate but as trustee for those entitled to recover under the law as the deceased's survivors.  Estate of Proctor, 340 S.E.2d at 140.  And, a recovery under North Carolina's wrongful death statute, N.C. Gen. Stat. § 28A-18-2, is not an asset of the deceased's estate, but belongs instead to the deceased's survivors. Estate of Proctor, 340 S.E.2d at 140.  Among the damages an ancillary administrator may seek on behalf of a deceased's survivors for wrongful death are:

> The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
>
> a.   Net income of the decedent,
>
> b.   Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, [and]
>
> c.   Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered[.]

N.C. Gen. Stat. § 28A-18-2(b)(4).

Here, Richard Nordan, the ancillary administrator of the decedents' estates, has made such a claim for damages for wrongful death on behalf of the decedents' survivors, who are prohibited from bringing such an action themselves. The ancillary administrator does not simply stand in the shoes of the decedent, but rather brings claims on behalf of the estate and any person who would have an independent claim.

Thus, Exclusion (b) does not apply here because the Nordan Complaint includes claims for damages by the decedents' survivors, which allegedly inured to them individually as a result of the decedents' deaths, and not through any right of the decedents. The Nordan Complaint specifically alleges that decedents were "providers of love, support, comfort, guidance, advice and companionship" to their respective survivors, including spouses and children, and, "[a]s a proximate result of [Blackwater's alleged wrongful and negligent conduct] and the deaths of [decedents], [the decedents' survivors], and each of them, sustained the loss of society, companionship, comfort, guidance, kindly offerings, advice, services, protection, care and assistance, as well as the net income of decedents, and each of them." See Motion, Exh. B at ¶¶ 72-76.

Richard Nordan has made a claim for damages for wrongful death on behalf of the decedents' survivors, who are prohibited from bringing such an action themselves. Indeed, the Nordan Complaint was not brought solely to enforce rights belonging to the decedents as Evanston argues, but includes claims for damages by the decedents' survivors. Indeed, "recovery in wrongful death actions in [North Carolina] is based largely on losses suffered by the survivors." Livingston, 817 F. Supp. at 606 (citing Scallon v. Hooper, 58 N.C. App. 551 (1982)

("In North Carolina the recovery in a wrongful death case is based largely on losses suffered by particular beneficiaries")).

As a result, the claims brought by the decedent's ancillary administrator are not simply claims "by or in the right" of the decedents. Rather, they are claims on behalf of the decedents' survivors, as mandated by North Carolina's wrongful death statute. Thus, as a matter of law, Exclusion (b) to the Evanston Policy does not apply, and Evanston is obligated to defend its insureds from the allegations of the Nordan Complaint.[2]

### III.   CONCLUSION

For the foregoing reasons, Blackwater respectfully requests that the Court grant Blackwater's Motion for Partial Summary Judgment on the duty to defend, and Order Evanston to defend Blackwater against the Nordan Complaint, and deny Evanston's cross-motion for summary judgment.

Respectfully submitted,

Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000
F: 215.963.5001

Paul A. Zevnik
Howard T. Weir III
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P: 202.739.3000
F: 202.739.3001

Dated: August 31, 2007                    Attorneys for Plaintiffs

---

[2] With respect to Evanston's request that the Court dismiss the bad faith claim against it, Blackwater responds that this request is premature. A finding of bad faith, or lack thereof, may only be done after consideration of the facts surrounding Evanston's denial of its defense and coverage obligations.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, a true and correct copy of the foregoing document was served, by electronic mail, upon the following counsel of record:

Francis J. Deasey, Esq.
Deasey, Mahoney & Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

John C. Sullivan, Esq.
Post & Schell PC
1600 John F. Kennedy Blvd
Four Penn Center
Philadelphia, PA 19103-2808

L.D. Simmons, II, Esq.
Helms Mulliss & Wicker PLLC
201 North Tryon Street
Charlotte, NC 28202

Francis P. Burns, III, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106

Ronald P. Schiller, Esq.
DLA Piper Rudnick Gray Cary LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

Thomas T. Locke, Esq.
Seyfarth Shaw LLP
815 Connecticut Ave NW
Washington, DC 20006-4004

_____
Carol C. Carty