IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, *et al.*,<br><br>*Defendants*. | Civil Action No. 05-6020 (PBT) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater") are seeking reimbursement for the costs of defense and any legal liabilities, including all sums spent in settlement, in connection with a suit captioned <u>Nordan v. Blackwater Security Consulting LLC, et al.</u>, originally filed in the Superior Court, Wake County, North Carolina (the "Nordan Suit");

WHEREAS, documents, things and information may be furnished or disclosed in this action which contain or constitute confidential, privileged or proprietary information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, to the extent that coverage exists for Blackwater under the insurance policies at issue in this action for the costs of defense and investigation and any legal liabilities, including all sums spent in settlement of the Nordan Suit, the parties share a common interest in the defense of the Nordan Suit and recognize the existence of a joint defense privilege among the parties;

WHEREAS, the parties agree that Blackwater's production of certain documents is in furtherance of a common interest shared by Blackwater and the defendant insurers in the defense of the Nordan Suit to the extent that coverage exists under the policies at issue; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.

IT IS HEREBY ORDERED that the following provisions of this Order shall control the disclosure, dissemination and use of documentation and information in this action:

1. This Stipulated Protective Order ("Order"), entered into pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, shall be applicable to and shall govern the production and exchange of all documents, including but not limited to, answers to interrogatories, depositions, responses to requests for admissions, exhibits, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and pleadings, as well as testimony adduced at hearings or trial, matters in evidence and all other information exchanged or furnished in this action by the parties to this action, and entities subject to discovery in this action.

2. Any party or third party (the "producing party") shall have the right to designate as "CONFIDENTIAL" any information that it believes in good faith to be subject to protection because it contains confidential information and/or information furnished to it by third parties on a restricted basis which information is not generally available or known and which that party would normally not reveal to third parties or, if disclosed, it would cause such third parties to maintain in confidence.

3. Confidential Information shall be used by the receiving party only for purposes of conducting this litigation including appeals, mediation, or settlement, and not for any business,

commercial, scientific, competitive or any other purpose whatsoever, subject to the exceptions in paragraph 5. Except with the prior written consent of the producing party, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

4. In the event any material is to be designated by the producing party as Confidential Information and made subject to this Order, such material is to be designated in the following manner:

(a) The designation as to documents or other tangible things shall be made by prominently marking each page of the document in which the Confidential Information appears, and in a prominent place on each tangible thing which the producing party wishes to designate as confidential, with the legend "CONFIDENTIAL." All documents and tangible things so designated shall be marked prior to the transmittal of a physical copy thereof to the receiving party.

(b) In lieu of marking and producing the original of a document that contains Confidential Information prior to inspection, counsel for the producing party may designate in writing such documents being produced for inspection as Confidential Information thereby making them subject to this Order. Any copies made of such documents must be marked with the appropriate legend set forth in paragraph 4(a) above by the producing party at the time they are supplied to inspecting counsel. The use of this provision is intended to be very limited and only for plainly identifiable, similar documents. Further, the producing party carries the risk that unmarked documents may inadvertently be used contrary to the provisions of this Order. Thus, the producing party

carries the burden of identifying any such inadvertently-used documents and seeking their retrieval and any reasonable compliance with this Order.

(c) Testimony or information disclosed at a deposition may be designated as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a producing party may designate testimony or information disclosed at a deposition, including exhibits, as Confidential Information by notifying all parties in writing, within three (3) days after the producing party's receipt of the transcript, of the specific pages and lines of the transcript that are to be designated Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition, each transcript of any deposition shall be treated as being designated "CONFIDENTIAL" in its entirety, from the taking of the deposition until three (3) days after actual receipt of the transcript by the producing party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said three (3) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(d) Confidential Information contained in responses to interrogatories or other discovery requests, or responses, affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information by prominently marking the pages bearing such material as "CONFIDENTIAL."

5. Subject to the provisions herein, material designated "CONFIDENTIAL," and any summary, description, analysis or report containing such Confidential Information, may be disclosed only to the following persons:

(a) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) the parties and their representatives, the parties' counsel of record as specifically set forth below, and any other outside counsel for a party, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action;

(c) Retained experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants, but only to the extent necessary to perform their work in connection with this litigation;

(d) The person who authored the confidential discovery material or who received such confidential discovery material in the ordinary course of business;

(e) Reinsurers, auditors and retrocessionaires; and

(f) Such persons as all of the undersigned counsel shall consent to in writing before the proposed disclosure.

6. Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party

and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

7. Should any document or information designated as "Confidential" hereunder be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, then the parties hereby agree that such person shall automatically be bound by this Order to the maximum extent possible and that such person: (i) shall be informed promptly of all of the provisions of this Order by the party who discovers his having obtained such disclosure; (ii) shall be asked to sign a secrecy agreement; and (iii) shall be asked to return all originals and copies to the party from whom they received the documents if such person has not agreed to sign the secrecy agreement.

8. The parties shall have the right to object to the treatment of any document or discovery response as "Confidential" or to the designation of any oral statement as "Confidential." If any party contests the "Confidential" nature of any document, discovery response or oral statement, the contesting party must, in writing: (1) identify the confidential information with specificity; (2) request that the providing party provide the information without being subject to the restrictions of this Order; and (3) provide its reasons for objecting to the proposed confidential treatment of the information. If the providing party disagrees with the party objecting to the confidential treatment of the information, the providing party must provide the objecting party with its reasons in writing within 14 days, and the parties shall have 14 days from the date thereof to resolve the dispute among themselves. If the parties cannot resolve the dispute within this period, the proponent of confidentiality may apply by motion to the Court for a ruling as to whether the designated discovery material may, in accordance with this Order,

properly be treated as confidential. The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

9. Within thirty (30) days of termination of this action, including any appeals, counsel for each party will either: a) return to the producing party all documents and discovery responses deemed "Confidential" under this Order and all testimony designated as "Confidential" under this Order; or b) deliver certifications stating either (i) that all documents and discovery responses deemed "Confidential" under this Order and all testimony designated as "Confidential" under this Order have been destroyed, or (ii) that they have been stored in boxes maintained only by counsel and that the boxes prominently feature the following legend:

CONFIDENTIAL DOCUMENTS SUBJECT TO<br>
COURT ORDER. THIS BOX CONTAINS CONFIDENTIAL<br>
DOCUMENTS AND IS NOT TO BE OPENED NOR<br>
ITS CONTENTS DISPLAYED EXCEPT BY COURT ORDER

If any party's counsel chooses to store the materials rather than destroy them, then each year, following a specific request by the producing party, the receiving counsel will deliver a certification within one month of the request confirming that the contents of the stored boxes have remained confidential during the past year.

10. The Clerk of the Court shall show a copy of this Order to anyone desiring access to any papers in this suit.

11. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an order of the Court.

12. If a receiving party, or its counsel or expert, is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for production of any confidential discovery material produced by another party, the party to whom the subpoena or other process is directed shall not, to the extent permitted by

applicable law, provide or otherwise disclose such documents or information until 10 business days after notifying counsel for the producing party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. The party, counsel, or expert receiving the subpoena or other process shall cooperate with the producing party in any proceeding relating thereto.

13.   This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if there has been a final judgment (including any appeal) declaring that such information or documents are not confidential.

BY: /s/ Carol C. Carty
   CAROL CHOATE CARTY, ESQUIRE
   DENNIS J. VALENZA, ESQUIRE
   Morgan, Lewis & Bockius
   1701 Market Street,
   Philadelphia, PA 19103
   Attorney for Plaintiff

   HOWARD T. WEIR, III, ESQUIRE
   Morgan, Lewis & Bockius
   1111 Pennsylvania Avenue NW
   Washington, D.C. 20004

   *Attorney for Plaintiffs*

BY: /s/ John C. Sullivan
   JOHN C. SULLIVAN, ESQUIRE
   Post & Schell, P.C.
   1600 John F. Kennedy Boulevard
   Four Penn Center
   Philadelphia, PA 19103

   *Attorney for Defendant, Liberty Insurance Underwriters*

BY: /s/ Rebecca Woods
   THOMAS T. LOCKE, ESQUIRE
   REBECCA WOODS, ESQUIRE
   Seyfarth Shaw LLP
   815 Connecticut Avenue, NW
   Washington, DC 20006-4004

   *Attorney for Defendant, Continental Insurance Company*

BY: /s/ Francis P. Burns, III
   FRANCIS P. BURNS, III, ESQUIRE
   Lavin, O'Neil, Ricci, Cedrone & Disipio
   190 N. Independence Mall West
   6th and Race Streets, Suite 500
   Philadelphia, PA 19106

   *Attorney for Defendant, Evanston Insurance Company*

BY: /s/ Francis J. Deasey
   FRANCIS J. DEASEY, ESQUIRE
   Deasey, Mahoney & Valentini, Ltd.
   1601 Market Street, 34th Floor
   Philadelphia, PA 19103

   *Attorney for Defendant, Westchester Surplus Lines Insurance Company*

DATED: September 4, 2007

IT IS SO ORDERED:

_____
The Honorable Petrese B. Tucker