IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLACKWATER SECURITY           :
CONSULTING, LLC, *et al.*     :
                              :
            Plaintiffs,    :
                              :
            v.             :    Civil Action
                              :    No. 2:05-cv-06020-PBT
WESTCHESTER SURPLUS LINES     :
INSURANCE COMPANY, *et al.*,  :
                              :
            Defendants     :

**CONTINENTAL INSURANCE COMPANY'S SURREPLY IN OPPOSITION TO
BLACKWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Continental Insurance Company ("Continental") submits this surreply in response to the reply submitted by Blackwater Security Consulting, LLC and Blackwater Lodge & Training Center, Inc. (collectively "Blackwater"). Blackwater's reply makes no serious attempt to rebut the substantive arguments made in Continental's Opposition and, in the Alternative, Rule 56(f) Motion ("Continental's Opposition"). Accordingly, Continental makes only a few points: (1) Continental reserved all of its rights – it did not concede coverage; (2) Blackwater fails to establish that the *Nordan* complaint alleges the Decedents were covered "employees"; (3) the individual defendants are not covered; and (4) Blackwater continues to ignore the unreasonableness of its defense costs.

1.    **Continental's Payment of Reasonable and Necessary Defense Fees Is Not an Admission of Coverage.**

It is nonsense to argue as Blackwater does that an insurer's provisional payment of defense fees is a concession or admission that the duty to defend exists. This is profoundly wrong as a matter of law. It is also unfair. Continental expressly reserved its rights under the

Policy – ***all of them, including the duty to defend*** – on the grounds that the *Nordan* complaint alleged facts that, if true, would preclude any coverage (defense or indemnity). *See* Exhibit I to Blackwater's Motion for Partial Summary Judgment on the Duty to Defend Against Continental Insurance Company (Continental's reservation letter stating that "neither the defense that [Continental] has agreed to provide, nor [Continental's] ongoing investigation is a waiver of any rights . . . under the Policy"). That is, rather than deny coverage, Continental agreed to provide a provisional defense, subject to a reservation of rights. This is one of three actions the law permits an insurer to take when the insurer believes claims might not be covered: "The insurer can (1) seek a declaratory judgment regarding its obligations before or pending trial of the underlying action, (2) defend the insured under a reservation of rights, or (3) refuse either to defend or to seek a declaratory judgment at the insurer's peril that it might later be found to have breached its duty to defend." *See, e.g., Lozada v. Phoenix Ins. Co.*, 237 F. Supp. 2d 664, 672 (M.D.N.C. 2003).

Countless cases expressly state that providing a defense subject to a reservation does *not* waive the insurer's right to contest that there is a duty to defend. *See, e.g., Rector, Wardens and Vestryman of St. Peter's Church in City of Philadelphia v. American National Fire Ins. Co.*, 2002 WL 59333, *8 (E.D. Pa. 2002) ("[T]he insurer may protect its rights under the policy by a timely reservation of rights which fairly informs the insured of the insurer's position."); *St. Leger v. American Fire and Cas. Ins. Co.*, 870 F. Supp. 641, 644 (E.D. Pa. 1994) ("[A]n insurer is not estopped from denying coverage when, as happened here, the insured received a timely reservation of rights letter."). Holding otherwise would create new law and would have a negative consequence. Insurers who believed that there is no coverage would be forced to deny, which could have grave consequences for the insured and the insurer. The insured would not

obtain a provisional defense and "any insurer who denies a defense takes a significant risk that he is breaching his duty to defend. Indeed, if the claim is within the policy, a refusal to defend is unjustified even if based on an honest but mistaken belief that the claim is not covered." *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Associated Scaffolders and Equipment Co., Inc.*, 579 S.E. 2d 404, 407-08 (N.C. App. 2003). Accordingly, despite Blackwater's attempts to transform Continental's good faith provision of a defense subject to a reservation of rights into a concession of coverage fail – as a matter of law, there is and could be no concession.

2. **Genuine Issues of Material Fact Exist.**

Oddly, Blackwater argues that Continental has the burden to "conclusively establish that it does not have a duty to defend." (Reply at 8) Of course, as the moving party, it is Blackwater – not Continental – who must explain why the allegations in the *Nordan* complaint trigger the duty to defend. Blackwater does not because it cannot. Blackwater's own case citations instruct that "[t]he factual allegations of the underlying complaint against the insured are to be taken as true." (Reply at 4, citing *Sunoco, Inc. v. Illinois Nat'l Ins. Co.*, 226 Fed. Appx. 104, 107 (3d Cir. 2007).[1] As Continental explained in its Opposition, the *Nordan* complaint alleged only that the Decedents were independent contractors, and it expressly disavowed that they were employees. (Opp. at 6-7) As a result, without referring to extrinsic evidence, the "four corner" comparison of the *Nordan* Complaint and the Continental DBA Policy demonstrates there is no coverage. *See Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 377 (N.C. 1986) ("[W]hen the pleadings allege facts indicating that the event in question is not covered, and the

---

[1] Blackwater's extensive discussion of the *Sunoco* cases (Reply at 9-10) is particularly inapposite. The insurer in that case was not disputing, as Continental is here, that the allegations of the underlying litigation were not covered by the Policy, instead it was disputing whether the duty to defend had been triggered under the insured's self-insured retention and whether a pollution exclusion applied.

insurer has no knowledge that the facts are otherwise, then it is not bound to defend."); *see also Peerless Ins. Co. v. Strother*, 765 F. Supp. 866, 869 (E.D.N.C. 1990) (stating that "[a]t first glance, the pleadings in the underlying action appear to allege an occurrence [of pollution]," but then granting the insurer's motion for summary judgment and holding no duty to defend where the underlying complaint failed to allege when the pollution occurred, and the only extrinsic evidence available to the court showed the pollution occurred outside the policy period).

In some circumstances, under North Carolina law, a duty to defend may be created through extrinsic evidence. *See, e.g., Lozada*, 237 F. Supp. 2d at 670. Blackwater has supplied extrinsic evidence that it alleges supports a finding of coverage. Other evidence indicates that there is no duty to defend. As set forth in Continental's opposition and in its Rule 56(f) declaration, this extrinsic evidence raises issues of fact that can be resolved only through discovery. (Opp. at 6-7; Exh. 4)

Under these circumstances, Continental had two choices: flatly deny coverage, or provide a defense subject to a reservation of rights. Continental chose the latter, which has benefited Blackwater to the tune of over $1 million in reimbursement for defense fees. Continental should not be punished for its good faith provision of a defense.

3.   **The Individual Defendants Are Not Covered Under the Continental DBA Policy.**

Blackwater argues – for the first time in its reply – that "there is a possibility" that the individual defendants, Powell and McQuown, might be "insureds" under the Policy. (Reply at 5-6) Its argument is an incomprehensible string of policy provisions thrown together without any explanation as to how they combine to suggest that Powell and McQuown are insureds. (*Id.*) The Policy could not be more clear that Powell and McQuown are not insureds: "You are an insured if you are an employer named as a Named Insured in the Declarations." Policy, General

Section, B. Neither McQuown nor Powell is listed as a Named Insured in the Declarations, as modified by Endorsement No. 2.

**4.       There Is a Genuine Dispute About the Reasonableness of Defense Fees.**

Even if this Court were to issue an order simply declaring there to be a duty to defend (which cannot be done, as already explained, until discovery is conducted), that order would neither resolve nor advance the litigation. Continental would continue to pay Blackwater's reasonable and necessary defense costs, and Blackwater would continue to demand that Continental pay for additional law firms that it had retained. Resolution would come only after the parties conducted discovery and engaged in litigation over the reasonableness and necessity of those fees.

Further, Blackwater cannot simply dismiss, as it does in footnote one of its reply, that there is a genuine dispute regarding the reasonableness and necessity of its defense fees. As set forth in Continental's Opposition, Blackwater has retained, without Continental's consent, thirteen additional law firms which have charged in excess of $5 million in fees. (Opp. at 12-14) Those fees are in addition to the over $1 million in fees charged by Smith Anderson. The hourly rates are excessive, and the fees are based on duplicative work conducted by multiples of attorneys at numerous firms. Whether the work conducted by those firms is reasonable and necessary under the terms of the Policy is a fact-intensive inquiry that will require discovery.

*       *       *

For the reasons stated in this surreply and in Continental's Opposition, Blackwater's motion seeking a declaration that there is a duty to defend is, at best, premature. Thus, discovery must be had at least on the issue of the employment status of the Decedents and whether, if they were independent contractors, they had a "written contract" in which Blackwater

agreed to provide them worker's compensation coverage. Continental DBA Policy, Part Six(B). Discovery must also be had on the reasonableness and necessity of Blackwater's defense fees.

                                    Respectfully submitted,

                                    Ronald P. Schiller/RPS4415
                                    Nicole J. Rosenblum
                                    Michael R. Carlson/MRC3515
                                    DLA PIPER US LLP
                                    1650 Market Street, Suite 4900
                                    Philadelphia, PA 19103-2762
                                    (215) 656-3330

                                    Thomas T. Locke
                                    Rebecca Woods
                                    SEYFARTH SHAW LLP
                                    815 Connecticut Avenue, N.W.
                                    Suite 500
                                    Washington, DC 20006-4004
                                    (202) 463-2400
                                    (202) 828-5393 (fax)

                                    ***Attorneys for Continental Insurance Company (as successor to Fidelity Insurance Company of New York)***

September 10, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2007, a true and correct copy of the foregoing Surreply in Support of Continental's Opposition And, In The Alternative, Rule 56(f) Motion, to Blackwater's Motion for Partial Summary Judgment was served electronically and mail, first-class postage pre-paid, upon the following:

Dennis J. Valenz, Esq.
Carol C. Carty, Esq.
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Francis J. Deasey, Esq.
DEASEY, MAHONEY & VALENTINI, LTD.
1601 Market Street, Suite 3400
Philadelphia, PA 19103

John C. Sullivan, Esq.
POST & SCHELL, P.C.
Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103

Paul A. Zevnik, Esq.
Howard T. Weir III, Esq.
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Francis P. Burns, III, Esq.
LAVIN O'NEIL RICCI CEDRONE & DISIPIO
190 North Independence Mall West
6th and Race Streets, Suite 500
Philadelphia, PA 19106

Brian A. Kahn, Esq.
L.D. Simmons, II, Esq.
HELMS MULLISS & WICKER PLLC
P.O. Box 31247
Charlotte, NC 28202

_____
Nicole J. Rosenblum