UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC. a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation,<br><br>Defendants. | Civil Action No. 05 6020<br><br>Electronically Filed<br><br>Assigned to Judge Petrese B. Tucker<br><br>**DEFENDANT EVANSTON INSURANCE COMPANY'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF EVANSTON'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Evanston Insurance Company ("Evanston") respectfully submits this brief to respond to certain points raised in Blackwater's "Reply to Evanston Insurance Company's Opposition to Blackwater's Motion for Partial Summary Judgment, and Response to the Cross-Motion for Summary Judgment (the "Reply Brief")."

## I.   INTRODUCTION

In its Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of its Cross-Motion for Summary Judgment (the "Memorandum"), Evanston established that it has no duty to defend or indemnify Plaintiffs Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc. (collectively "Blackwater") under the professional liability policy, no. EO 819173 (the "Policy"), which Evanston issued to Blackwater. Blackwater has demanded that Evanston defend it against wrongful death claims by the estates of

four Blackwater contractors.[1]  Evanston has demonstrated that exclusion (b), barring claims against Blackwater by or in the right of contractors and subcontractors, removes any possibility that Evanston would have a duty to defend Blackwater.

In its reply brief, Blackwater belatedly addresses exclusion (b), arguing that the exclusion does not apply because the *Nordan* Lawsuit was not brought in the right of the four contractors, but on behalf of their survivors.  As explained below, Blackwater's argument is incorrect because its premise is based on a misunderstanding of North Carolina law's wrongful death statute.  In addition, Blackwater mischaracterizes the applicable standard for determining the duty to defend, as well as the appropriate rule of construction.

Accordingly, Evanston requests that the court deny Blackwater's motion, grant Evanston's motion and enter summary judgment in Evanston's favor on both the contract and extra-contractual claims in Blackwater's complaint.

## II.   ARGUMENT

### A.   Blackwater Mis-Characterizes the Duty to Defend Standard

Blackwater accuses Evanston of confusing the duty to defend with the duty to indemnify.  Not so.  If the allegations of the complaint describe a claim that the insurer may not potentially be required to pay under the duty to indemnify, then the insurer has no duty to defend.  *See Waste Management of Carolinas, Inc. v. Peerless Ins. Co.,* 340 S.E.2d 374, 378 (N.C. 1986) (noting the "critical inquiry" in determining the insurer's duty to defend was whether the facts in the underlying suit were covered by insured's policies).  The "potentially covered" test referred to by the parties examines whether any potential exists that the insurer may have to indemnify its insured.  *Id.*  If no potential duty to indemnify exists, then the insurer has no duty to defend.  *See*

---

[1] The action captioned *Nordan v. Blackwater Security Consulting, LLC, et al.*, 05 CVS 000173, pending in the Superior Court of North Carolina, Wake County (the "*Nordan* Complaint" or the "*Nordan* Lawsuit").

2

*Id; Wilson v. Maryland Casualty Co.,* 105 A.2d 304, 307 (Pa. 1954); *ACandS, Inc. v. Aetna Casualty & Surety Co.,* 764 F.2d 968, 974-975 (3d Cir. 1985).

>    **B.     Blackwater Makes No Allegations of Ambiguity – So the Rule of Construing Exclusions Against the Insurer Does Not Apply**

Blackwater seeks to have the Court believe that it must strictly construe all exclusions against insurers at all times and under all circumstances. Reply at 7. No such rule exists. "If such an exclusion is plainly expressed, it is to be construed and enforced as expressed." *U.S. Fidelity and Guar. Co. v. Country Club of Johnston County, Inc.,* 458 S.E.2d 734, 738 (N.C. App. 1995), *disc. rev. denied* 462 S.E.2d 527 (N.C. 1995); *see also L.F. Driscoll Co. v. American Protection Ins. Co.,* 930 F. Supp. 184, 187 (E.D.Pa. 1996), *aff'd* 114 F.3d 1172 (3rd Cir. 1997). Blackwater has not alleged exclusion (b) is ambiguous. Accordingly, Pennsylvania and North Carolina law direct the Court to enforce the exclusion as written.

>    **C.     Comparing the Allegations of the *Nordan* Complaint with Exclusion (b) of the Evanston Policy, Evanston Has No Duty to Defend or to Indemnify Blackwater**

Exclusion (b) (the "Contractor Exclusion") bars coverage if a claim is made against Blackwater by or in the right of a contractor or subcontractor. Nordan has brought his wrongful death action in the right of four Blackwater contractors. As the *Nordan* Lawsuit falls squarely within exclusion (b), Evanston has no duty to defend. *Waste Mgmt.* 340 S.E.2d at 383; *Madison Const. Co. v. Harleysville Mut. Ins. Co.,* 735 A.2d 100, 107 (Pa. 1999).

Blackwater seeks to escape this result by arguing Nordan did not bring the wrongful death claim in the right of the decedents, but on behalf of the beneficiaries. Reply Brief at 10. Blackwater concedes that under the North Carolina Wrongful Death Statute, N.C. Gen. Stat. § 28A-18-2(a) (2007) (the "Wrongful Death Statute"), only the personal representative of the decedent's estate may bring a wrongful death action. Reply at 8. Blackwater also states that the

3

decedent's survivors may not bring any individual claims arising out of the decedent's death. *Id.* Blackwater argues that the survivors may not bring the wrongful death action because a personal representative is acting as trustee for the beneficiaries. *Id.* As demonstrated below, this argument flows from a fundamental misunderstanding of North Carolina tort law.

The beneficiaries may not bring a wrongful death action because they have no legal right to do so under North Carolina law. *Burcl v. North Carolina Baptist Hosp., Inc.,* 293 S.E.2d 85, 87 (N.C. 1982). In a wrongful death action, the administrator sues to vindicate the rights the decedent would have had, had the decedent survived. N.C. Gen. Stat. § 28A-18-2(a) (2007). Moreover, Blackwater's argument ignores the fundamental truth that beneficiaries recover <u>nothing</u> if the estate's action fails. *See Hinton v. City of Raleigh*, 264 S.E.2d 777, 779 (N.C. App. 1980), *disc. rev. denied* 270 S.E.2d 107 (N.C. 1980).

Blackwater refuses to face these defects in its argument head on. Instead, it seeks to bootstrap an element of recovery under the Wrongful Death Statute into a separate claim. Blackwater observes that the *Nordan* Complaint alleges that the decedents' survivors lost the decedents' love, support, comfort, guidance, advice and companionship. Reply at 9. The survivor's claims for loss of love, support, comfort, guidance, advice and companionship, however, are not individual or independent claims. Under North Carolina law, these elements of damages under the Wrongful Death Statute fall within the ambit of loss of consortium. *See Nicholson v. Hugh Chatham Memorial Hosp., Inc.,* 266 S.E.2d 818, 822 (N.C. 1980) (observing the Wrongful Death Statute permits recovery of damages for loss of consortium, such as loss of society, affection and companionship). A spouse seeking damages for loss of consortium cannot maintain an independent action. *Id.* at 823. Recovery of damages for loss of consortium is entirely dependent on the success of the injured spouse's action. *King Stokes v. Southeast Hotel*

*Properties, Ltd.,* 877 F. Supp. 986, 1000 (W.D.N.C. 1994) (finding wife's loss of consortium claim barred when her husband's tort action was time barred); *King v. Cape Fear Memorial Hosp.,* 385 S.E.2d 812, 814 (N.C. App. 1989), *disc. rev. denied* 389 S.E.2d 114 (N.C. 1990) (dismissing wife/administrator's loss of consortium claim because wrongful death action on behalf of husband's estate was time barred).  Because the recovery of damages for loss of consortium claims is so dependent on the injured spouse's cause of action, courts have recognized that such claims are derivative in nature.  *King Stokes,* 877 F. Supp. at 1000.

Under North Carolina law, the plaintiffs may permissively join together because there are common questions of law or fact or both.  *Whichard v. Oliver*, 287 S.E.2d 461, 462 (N.C. App. 1982).  Nordan has asserted one tort claim per decedent in the underlying action, not multiple claims per decedent.  The tort liability of Blackwater as to each decedent, as alleged, depends on a breach of duty owed to each decedent and no one else.  The subsidiary elements of damage, including the derivative damage claims of beneficiaries, are not distinct causes of action in the underlying complaint nor can they be described as such under controlling North Carolina law.  *See, e.g., King,* 385 S.E.2d at 814.

Blackwater's argument distorts the logic and common understanding of what a legal claim is by confusing it with a subsidiary and non-essential part; in this instance that part is compensation for loss of consortium and other indirect elements of damage, which if left unproved is inconsequential to the estate's ability to successfully prove Blackwater's legal liability for the deaths of its contractors.  Blackwater cannot suggest that the underlying action has been brought "in the right" of or "on behalf of" the decedents' beneficiaries because as a matter of North Carolina law those persons have no right of their own to sue Blackwater and

their derivative claims are not necessary elements of the claims pleaded. N.C. Gen. Stat. § 28A-18-2(a); *Burcl,* 293 S.E.2d at 87.

So, by and in whose right has the action been brought? Obviously, by and in the right of the decedents/contractors. Otherwise there would and, as a matter of law, could be no lawsuit. That being so, exclusion (b) plainly applies.

### D.    Blackwater's Position Leads to Illogical Results

Blackwater has not, and cannot, dispute that Exclusion (b) would bar coverage for any claim asserted by a contractor of Blackwater. The exclusion is unambiguous and its intent is clear -- if a Blackwater contractor sues Blackwater, Evanston has no duty to either defend or to indemnify Blackwater. Therefore, if any one of the four Blackwater contractors who died on that bridge in Fallujah, Iraq had survived the attack, and had sued Blackwater for damages arising from his injuries, Evanston would not have had an obligation to provide coverage to Blackwater. Instead, Blackwater argues that coverage exists because the *Nordan* Lawsuit was not brought in the right of any of the four contractors, but on behalf of their survivors.

If Blackwater's interpretation of Evanston's policy is correct, it would lead to absurd results. For example, if one of the contractors had survived, and three died, Blackwater apparently would concede that Evanston does not have an obligation to provide coverage for the claims asserted by the surviving contractor, but at the same time, Blackwater would contend that Evanston has an obligation to defend the lawsuit filed by the estates of the three decedents. Further, Blackwater presumably would argue that if the surviving contractor in this example survived the attack in Fallujah, but died during the course of the litigation, Evanston would have to reverse course and begin providing a defense to Blackwater because the personal injury suit was transformed into a wrongful death suit by the death of the contractor. The coverage determination therefore would turn on whether the claimant was alive or dead.

6

This approach makes no sense. The exclusion clearly bars coverage for personal injury lawsuits brought by contractors of Blackwater, and the clear language of exclusion (b) likewise bars coverage for lawsuits brought by the estates of contractors of Blackwater. The court should not torture the policy language in this fashion by holding that Evanston has a duty to provide coverage if the contractor dies, but it does not have a duty to provide coverage if the contractor survives. For this additional reason, the court should deny Blackwater's motion and grant Evanston's motion for summary judgment.

### E. Because No Duty to Defend Exists, Blackwater's Entire Suit Against Evanston Must be Dismissed

Exclusion (b) eliminates any possibility of coverage for the *Nordan* Complaint under the Evanston Policy. Therefore, Evanston has no duty to defend, and the Court should deny Blackwater's motion. The Court should also grant Evanston's cross-motion for summary judgment because by establishing the absence of a duty to defend, an insurer has necessarily established that it has no duty to indemnify. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 225 (3d Cir. 2005); *Kvaerner Metals*, 908 A.2d at 896 n. 7.

Blackwater consigns its response to Evanston's argument that the court dismiss Blackwater's bad faith claims to a three-line footnote. Without citation to authority, Blackwater argues that it would be premature for the court to dismiss the bad faith claim. The law interpreting the Pennsylvania bad faith statute, however, dictates dismissal of the bad faith claim if the court determines Evanston has no duty to defend.[2] *USX Corporation v. Liberty Mutual Insurance Co.,* 444 F.3d 192, 202 (3d Cir. 2006), *cert. denied* 127 S.Ct. 296, 166 L.Ed.2d 153, (2006); *Pizzini v. American Int'l Specialty Lines Ins. Co.*, 249 F. Supp.2d 569, 570-571 (E.D.Pa. 2003), *aff'd* 107 Fed. Appx. 266 (3d Cir. 2004). Bad faith is contingent on the insurer's breach

---

[2] Evanston does not concede that Pennsylvania law governs the interpretation of the insurance policy. Because plaintiffs have sued under the Pennsylvania bad faith statute, Evanston cites to law interpreting the statute.

of contract; if the court finds Evanston did not breach its contract, Evanston cannot have acted in bad faith. *Id.* Accordingly, Evanston respectfully renews its request that the Court dismiss Blackwater's bad faith claim.

### F. Blackwater has Waived its Arguments with Respect to Coverage for Mr. McQuown and Mr. Powell

In its Memorandum, Evanston argued that Blackwater's demand for coverage on behalf of Jason McQuown and Thomas Powell is not part of this case. Those men are not parties. Further, Blackwater failed to submit competent evidence to create a summary judgment record on its allegations that it actually paid defense costs on behalf of these individuals and is legally entitled to be reimbursed for those costs. Evanston also argued that Blackwater has no right to sue for reimbursement of legal expenses it had no legal obligation to pay

In its Reply Brief, Blackwater has ignored these arguments. Therefore, the court should deem that Blackwater has waived any argument on these points. *Hoppe v. SmithKline Beecham Corp.*, 437 F.Supp.2d 331, 338 (E.D.Pa. 2006) (finding plaintiff waived argument by failure to respond in its brief).

### III. CONCLUSION AND PRAYER

Evanston respectfully requests that the Court rule that it has no duty to defend Blackwater in the *Nordan* Complaint, and that accordingly, Evanston has no duty to indemnify Blackwater in the *Nordan* Complaint. Based on the absence of a duty to defend or indemnify, Blackwater also

respectfully requests the Court to dismiss Blackwater's bad faith claim under 42 Pa. C.S.A. § 8371 (2007).

                              Respectfully submitted,

                              LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

                              By:  /s/ Francis P. Burns III (Valid. Code fb418)
                              Francis P. Burns III
                              State Bar No. 27537

                              190 North Independence Mall West, Suite 500
                              6th & Race Streets
                              Philadelphia, PA  19106
                              (215) 627-0303 (ext. 7907)
                              (215) 351-1900 (fax)
                              fburns@lavin-law.com

                                        -and-

                              HELMS MULLISS & WICKER, PLLC
                              L. D. Simmons, II
                              N.C. State Bar No. 12554
                              201 North Tryon Street
                              Charlotte, North Carolina 28202.
                              Telephone: (704) 343-2000
                              Facsimile: (704) 444-8773
                              ld.simmons@hmw.com

Dated September 10, 2007      *Attorneys for Evanston Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Evanston Insurance Company's Surreply in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Evanston's Cross-Motion for Summary Judgment was served this date, by electronic filing, sent by email to the attorney for each said party as follows:

| | |
|---|---|
| Dennis J. Valenza, Esquire<br>Morgan, Lewis & Bockius, LLP<br>1701 Market Street<br>Philadelphia, PA  19102-2921<br>Attorneys for Plaintiff | John C. Sullivan, Esquire<br>Post & Schell, P.C.<br>Four Penn center<br>1600 John F. Kennedy Boulevard<br>Philadelphia, PA  19103<br>Attorneys for Liberty Insurance Underwriters |
| Ronald P. Schiller<br>DLA Piper<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA  19103<br>Attorneys for Continental Insurance Company | Howard T. Weir, III, Esq.<br>Paul A. Zevnick, Esquire<br>Morgan, Lewis & Bockius, LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C.  20004<br>Attorneys for Plaintiff |

Francis J. Deasey, Esquire
James W. Daly, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA  19103
Attorneys for Westchester Surplus Lines
Insurance Company

This the 10th day of September 2007.

    /s/ Francis P. Burns III (Valid. Code fb418)
Francis P. Burns III
State Bar No. 27537
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303 (ext. 7907)
(215) 351-1900 (fax)
fburns@lavin-law.com
Attorneys for Evanston Insurance Company