**Exhibit 1**

LEXSEE 2007 N.C. APP. LEXIS 202

**BOBBY DAVIS BRASWELL, v. ST. PAUL MERCURY INSURANCE COMPANY, and FIDELITY AND GUARANTY INSURANCE COMPANY.**

NO. COA06-157

COURT OF APPEALS OF NORTH CAROLINA

2007 N.C. App. LEXIS 202

September 14, 2006, Heard in the Court of Appeals
February 6, 2007, Filed

**NOTICE:**

[*1] PURSUANT TO RULE 32(B), NORTH CAROLINA RULES OF APPELLATE PROCEDURE, THIS DECISION IS NOT FINAL UNTIL EXPIRATION OF THE TWENTY-ONE DAY REHEARING PERIOD. THIS IS AN UNPUBLISHED OPINION. PLEASE REFER TO THE NORTH CAROLINA RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**SUBSEQUENT HISTORY:** Reported at *Braswell v. St. Paul Mercury Ins., 640 S.E.2d 449, 2007 N.C. App. LEXIS 350 (N.C. Ct. App., Feb. 6, 2007)*

**PRIOR HISTORY:** Wayne County. No. 04 CVS 1363.

**DISPOSITION:** REVERSED and REMANDED.

**COUNSEL:** Haithcock, Barfield, Hulse & Kinsey, PLLC, by Glenn A. Barfield, for plaintiff-appellee.

Wilson & Coffey, L.L.P., by G. Gray Wilson, and Hunton & Williams L.L.P., by Paul Janaskie, for defendant-appellant.

**JUDGES:** STEELMAN, Judge. Judges LEVINSON and STEPHENS concur.

**OPINION BY:** STEELMAN

**OPINION**

Appeal by defendant from judgment entered 24 October 2005 by Judge Jay D. Hockenbury in Wayne County Superior Court. Heard in the Court of Appeals 14 September 2006.

STEELMAN, Judge.

The criminal acts exclusion contained in defendant's policy of insurance precluded coverage for plaintiff's intentional sexual assaults. The trial court's granting of partial summary judgment in favor of plaintiff on the question of defendant's duty to defend was in error. The trial court's denial of defendant's motion for summary judgment, based upon the exclusion, was also [*2] in error.

I. Facts

Plaintiff, Bobby Davis Braswell ("Braswell"), was employed by Wayne County as a deputy sheriff when he engaged in numerous sexual assaults on several incarcerated female prisoners. On 7 September 1999, Braswell was indicted on twelve counts of sexual activity by a custodian pursuant to *N.C. Gen. Stat. § 14-27.7*, nine counts of crime against nature pursuant to *N.C. Gen. Stat. § 14-177*, and one count of attempted crime against nature pursuant to *N.C. Gen. Stat. §§ 14-177 & 14-2.5*, against five different victims. On 22 May 2001, Braswell entered pleas of guilty pursuant to *North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)*, to four counts of sexual activity by a custodian and one count of attempted crime against nature; one charge for each of the victims. Pursuant to the terms of the plea agreement, the State dismissed the remaining charges against Braswell.

On 22 June 2001 a civil suit was filed by two of the victims in the United States District Court for the Eastern District of North Carolina asserting claims for monetary damages [*3] arising out of Braswell's conduct. Braswell was named as a defendant both in his individual capacity and in his official capacity. Also named as defendants were Wayne County Sheriff Carey Winders, both individually and in his official capacity, and Wayne County. Defendant, St. Paul Mercury Insurance Company ("St. Paul"), had in effect a general liability insurance policy as well as a law enforcement liability insur-

ance policy issued to Wayne County, the employer of Braswell, during the time that the sexual assaults occurred.

Upon receipt of the summons and complaint in the federal court action, St. Paul gave notice that while it would provide a defense to Sheriff Winders, it would not provide a defense to Braswell, stating:

> Deputy Braswell will not be afforded a defense by St. Paul inasmuch as his alleged acts were not in the course and scope of his employment, plus due to the fact that he has pled guilty in criminal court to committing the acts alleged by the plaintiffs. Exclusions in the policies exclude coverage for criminal acts and the willful violation of penal statutes.

On 22 April 2002, St. Paul settled the claims of one of the victims in the federal lawsuit, [*4] resulting in the release of all claims against all defendants, including Braswell. On 20 September 2002, St. Paul settled a portion of the claims of the remaining plaintiff in the federal lawsuit, resulting in the release of all claims against the other defendants, and including claims against Braswell in his official capacity. Specifically excluded from this settlement were claims against Braswell individually. These claims were subsequently tried before Judge Terrence Boyle, resulting in a judgment being entered against Braswell on 17 December 2002, for a sum in excess of five million dollars.

On 15 June 2004, Braswell filed this action in the Superior Court of Wayne County asserting the following claims against St. Paul: (1) damages arising out of St. Paul's unwarranted refusal to provide a defense to him in the federal action; (2) St. Paul's refusal to pay the judgment rendered against him; and (3) treble damages and attorney's fees for unfair and deceptive trade practices under *N.C. Gen. Stat. Chapter 75*. Defendant filed answer denying the allegations of the complaint, asserting numerous affirmative defenses and a counterclaim for declaratory judgment that it had no duty to [*5] defend Braswell in the federal court action and no duty to indemnify him for the damages awarded in that suit.

On 27 July 2005, St. Paul moved for summary judgment on each of Braswell's claims. By order dated 13 October 2005, Judge Hockenbury denied St. Paul's motion for summary judgment, and pursuant to Rule 56(c) of the N.C. R. Civ. P., granted summary judgment in favor of plaintiff only "on the issue of whether St. Paul Mercury Insurance Company had and breached a duty to defend the plaintiff in the 'Federal Action' referenced in paragraph ten of plaintiff's amended complaint." The trial court's order did not finally adjudicate plaintiff's claims for damages and unfair and deceptive trade practices. However, the trial court certified its order for immediate appeal pursuant to N.C. R. Civ. P. 54(b). St. Paul appeals.

II. Issues

A. Appealability of Order

The trial court's order only disposed of a portion of plaintiff's claims, thus we must decide the threshold question of whether this matter is properly before us. Orders disposing of fewer than all claims may be appealed immediately where they affect a substantial right under *N.C. Gen. Stat. §§ 1-277* [*6] *& 7A-27* or where there is a certification by the trial court pursuant to N.C. R. Civ. P. 54(b). Judge Hockenbury's order is a final judgment as to plaintiff's claim pertaining to St. Paul's duty to defend. This finality, coupled with the trial court's certification that "there is no just cause for delay of an appeal of the court's ruling" allows this Court to consider this appeal.

The question presented is identical to that decided in *Gilbert v. N.C. Farm Bureau Mutual Ins. Co., 155 N.C. App. 400, 574 S.E.2d 115 (2002), aff'd per curiam 357 N.C. 244, 580 S.E.2d 691 (2003)*. In that case the trial court ruled in favor of plaintiff on a coverage question which did not dispose of all claims pending in the lawsuit. The trial court certified its order pursuant to N.C. R. Civ. P. 54(b). This Court held that "the order is properly before this Court." *Id. 155 N.C. App. at 403, 574 S.E.2d at 118*. Subsequent panels of the Court of Appeals are bound by decisions of prior panels on the same issue. *In re Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989)*. We hold that this [*7] appeal is properly before us.

B. Exclusion Provisions in Policy Bar Coverage

In its first argument, St. Paul contends that the criminal acts exclusion contained in its policy bars any coverage for Braswell's conduct, and relieved it of any duty to defend Braswell in the federal lawsuit. We agree.

We review a trial court's grant of summary judgment de novo. *Nelson v. Hartford Underwriters Ins. Co., 177 N.C. App. 595, 605, 630 S.E.2d 221, 229 (2006)*. Whether coverage exists under a policy of insurance is a question of law, which can be properly disposed of under summary judgment. *Production Sys., Inc. v. Amerisure Ins. Co., 167 N.C. App. 601, 604, 605 S.E.2d 663, 665 (2004)*. "In reviewing the propriety of summary judgment, the appellate court is restricted to assessing the record before it. Only those pleadings and other materials that have been considered by the trial court for purposes

of summary judgment and that appear in the record on appeal are subject to appellate review." *Waste Management of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 690, 340 S.E.2d 374, 377 (1986)* (internal citations omitted).

[*8] The parties are in agreement that the law enforcement liability policy is the insurance policy applicable to Braswell's claims in the instant lawsuit. This policy contains the following exclusion for criminal or dishonest acts:

> Exclusions - What We Won't Cover
>
> ...
>
> **Criminal or dishonest acts.** We won't cover injury or damage that results from any criminal, dishonest, or fraudulent act or omission committed:
>
> . by the protected person; or
>
> . with the consent or knowledge of the protected person.
>
> However, we won't apply this exclusion unless there has been a court determination that criminal, dishonest, or fraudulent conduct was committed by the protected person or with the consent or knowledge of the protected person.

While there is a substantial question as to whether there is coverage under the policy for Braswell's conduct (*See Young v. Great American Ins. Co. of N.Y., 162 N.C. App. 87, 93, 590 S.E.2d 4, 8 (2004)* (Hunter, J., dissenting), *rev'd per curiam per dissent*, *359 N.C. 58, 602 S.E.2d 673 (2004))*, for purposes of this analysis, we assume that there was such coverage.

This Court will interpret an [*9] insurance policy's plain and unambiguous language "without rewriting the contract or disregarding the express language used." *Fidelity Bankers Life Ins. Co. v. Dortch, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986)*. If no definition is given for a non-technical term, it is to be given its ordinary meaning unless its context clearly indicates another meaning was intended. *Cherry v. State Farm Mutual Automobile Ins. Co., 162 N.C. App. 535, 537, 590 S.E.2d 925, 928 (2004)* (citations omitted). The insurer bears the burden of proving that a policy exclusion applies to bar insurance coverage. *Id.*

The exclusion contained in the law enforcement liability policy has two parts. The first part provides that there is no coverage for "criminal, dishonest, or fraudulent" *acts*. This provision is however limited by the second part of the exclusion, which requires that it is not applicable without "a court determination that criminal, dishonest, or fraudulent conduct was committed." There is no dispute that acts of sexual assaults upon female prisoners by Braswell would be criminal acts within the meaning of the first part of the exclusion provision. Rather, [*10] the legal dispute between the parties focuses on the second part of the exclusion provision.

Braswell was indicted on five charges of sexual activity by a custodian with respect to the victim who obtained a verdict against him in the federal lawsuit. Braswell pled guilty to one charge of sexual activity by a custodian pertaining to this victim pursuant to a plea agreement. Thus, there was a court determination that criminal conduct was committed by Braswell. This would exclude coverage for Braswell's acts under the law enforcement liability policy.

However, Braswell contends that since he only pled guilty to one of the five criminal charges related to the victim that the second portion of the exclusion is inapplicable to the other four charges. He asserts that there was no "court determination" as to those four charges. This argument is predicated upon the theory that each criminal act of Braswell should be treated as a completely separate and distinct act for purposes of the exclusion.

Braswell's conduct consisted of a series of acts committed against five different victims, occurring over approximately a two year period. These acts resulted in twenty-one felony indictments and [*11] one misdemeanor charge. Braswell pled guilty to five separate charges, one for each of the five victims. We construe the term "conduct" in the second part of the exclusion to be broader in scope than the term "acts" in the first part of the exclusion. So long as there has been a court determination of Braswell's criminal conduct, it is not necessary that there be a court determination as to each individual act. To construe the policy language otherwise would be illogical. If a defendant committed a series of 100 crimes but was only charged and convicted of five, then under Braswell's construction of the policy the exclusion would only apply to five charges. We hold that Braswell's five guilty pleas to charges arising out of his course of conduct triggered the application of the second part of the exclusion clause, and barred coverage under the law enforcement liability policy.

We hold that the undisputed facts in this matter demonstrate that St. Paul has met its burden in showing that the exclusion applies to bar coverage in this matter.

C. Duty to Defend

As a general rule, an insurer's duty to defend is broader than its duty to pay damages under a policy of

insurance. *Waste Management, 315 N.C. at 691, 340 S.E.2d at 377.* [*12]

> An insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings; its duty to pay is measured by the facts ultimately determined at trial. When the pleadings state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend, whether or not the insured is ultimately liable. Conversely, when the pleadings allege facts indicating that the event in question is not covered, and the insurer has no knowledge that the facts are otherwise, then it is not bound to defend.

*Id.* (citations omitted).

In the instant case, Braswell entered his guilty pleas prior to the filing of the federal court action resulting in the judgment against him. St. Paul made it clear from the outset that its denial of coverage for Braswell was, in part, based upon the exclusion for criminal acts. As discussed above, this exclusion barred coverage for Braswell under the law enforcement liability policy. Construing the pleadings and exclusion together, it is clear that the federal court action was based upon criminal conduct for which a court determination had been made in Wayne County Superior Court. Under the rationale of [*13] *Waste Management*, St. Paul did not have a duty to defend Braswell in the federal court action.

D. Other Claims

Since we have held that there was no coverage by virtue of the exclusion in the policy, and no duty to defend, Braswell's claim for unfair and deceptive trade practices act claim must also fail.

III. Conclusion

The trial court erred in granting partial summary judgment for Braswell and denying St. Paul's motion for summary judgment. This matter is remanded to the trial court for entry of judgment in favor of St. Paul, dismissing all of Braswell's claims, with prejudice.

REVERSED and REMANDED.

Judges LEVINSON and STEPHENS concur.

Report per Rule 30(e).