UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 05-CV-06020 (PBT) |

**LIBERTY INTERNATIONAL UNDERWRITERS' MOTION TO STRIKE THE SUR REPLY OF PLAINTIFFS TO THE MOTION FOR SUMMARY JUDGMENT ON BEHALF OF LIBERY INTERNATIONAL UNDERWRITERS**

John C. Sullivan, Esquire
Pa. I.D. No. 32262
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
(215) 587-1000
*Attorneys for Defendant, Liberty International Underwriters   improperly named as Liberty Insurance Underwriters*

Defendant, Liberty International Underwriters ("Liberty") improperly named as Liberty Insurance Underwriters, by and through its attorneys, Post & Schell, P.C., respectfully moves this Court to strike the Sur Reply (Dkt. No. 70) of Plaintiffs, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Blackwater") to the Reply Brief of Defendant Liberty (Dkt. No. 62) filed in Support of the Motion for Summary Judgment of Liberty (Dkt. No. 55) and in support thereof avers the following:

1. On or about November 16, 2005, Blackwater filed a Complaint against Defendant Liberty, Defendant Westchester Surplus Lines Insurance ("Westchester"), Defendant Evanston Insurance Company ("Evanston") and Defendant Continental Insurance Company ("Continental"). (Dkt. No. 1.)

2. On or about July 11, 2007, Blackwater filed three separate motions for partial summary judgment against Defendants Westchester, Evanston and Continental on their respective duties to defend Blackwater in the underlying litigation. (Dkt. Nos. 51, 52, 53.)

3. Blackwater did not file a summary judgment motion against Liberty.

4. Under Fed. R. Civ. P. 56(b), Liberty filed a Motion for Summary Judgment against Blackwater and a supporting Memorandum of Law on or about July 27, 2007. (Dkt. No. 55.)

5. On August 3, 2007, the Court approved a "Stipulation For Extension Of Time In Connection With Summary Judgment Motion" ("Stipulation"). (Dkt. No. 56.)

6. The Stipulation reads:

> It is hereby stipulated and agreed by and between the undersigned counsel that the time within which Response Briefs, Reply Briefs and Sur Reply Briefs must be filed shall be extended as follows:
>
> Response Brief of Defendants to *Plaintiffs' Motion for Summary Judgment* (25 pages)                              August 10, 2007

    Reply Brief of *Plaintiffs* (10 pages)    August 31, 2007

    Sur Reply Brief (10 pages)    September 12, 2007

    No prior extensions have been granted to any of the parties in connection with *Plaintiffs' Motion for Summary Judgment*.

(Dkt. No. 56.) (emphasis added)

  7. Clearly, the Stipulation only applies to "Plaintiffs' Motion for Summary Judgment" because it established the deadlines for the "Response Brief of Defendants to Plaintiffs' Motion for Summary Judgment," the "Reply Brief of Plaintiffs" and the subsequent "Sur Reply Brief" of the Defendants. (Dkt. No. 56.)

  8. Nowhere does the Stipulation refer to the Motion for Summary Judgment filed by Liberty against Blackwater, nor does the Stipulation establish a deadline for the Response Brief of Plaintiffs, the Reply Brief of Defendant Liberty or the Sur Reply Brief of Plaintiffs.

  9. Judge Tucker's pre-trial procedures require the response of non-moving party to a Fed. R. Civ. P. 56(b) motion (in this case a Response from Blackwater) to be served "on or before the close of two (2) weeks from the initial filing of the moving party." (J. Tucker's *Civil Cases Procedure on Summary Judgment for Those Moving Under Fed. R. Civ. P. 56(b)* at 4.) ("J. Tucker's Procedures")

  10. Because Liberty filed a Fed. R. Civ. P. 56(b) motion on July 27, 2007, Blackwater's response, if any, was due on August 13, 2007.

  11. Indeed, Blackwater filed a Response to Liberty's summary judgment motion on August 13, 2007. (Dkt. No. 61.)

  12. Under Judge Tucker's procedures the movant must file its Reply within five business days and is limited to seven pages (J. Tucker's Procedures 4), and Liberty timely filed a Reply on August 20, 2007. (Dkt. No. 62.)

3

13. Twenty-three days after Liberty filed its Reply, which should have been the last brief filed in support of or in opposition to Liberty's Motion for Summary Judgment, Blackwater filed a Sur Reply Brief on September 12, 2007. (Dkt. No. 70.)

14. Judge Tucker's procedures do not allow for a Sur Reply of a non-moving party. (J. Tucker's Procedures 4-5.)

15. Blackwater did not file a Petition with this Court seeking permission to file a Sur Reply Brief.

16. Thus, Blackwater filed its Sur Reply without leave of this Court and in violation of Judge Tucker's procedures.

17. Accordingly, Blackwater's Sur Reply should be struck because it is impermissible and untimely.

18. The Sur Reply Brief also should be struck because Blackwater failed to raise any new legal arguments and, again, relied on patently incorrect legal arguments, asserting this Court should apply a proximate cause standard to the "caused by, arising from or related in any way, directly or indirectly, to" language in Liberty's unambiguous War/Terrorism exclusion (Dkt. No. 70 at 3-5) when that argument explicitly was rejected by the Third Circuit, which adopted a "but for" analysis. *U.S. Underwriters Ins. Co. v. Liberty Mutual Ins. Co.*, 80 F.3d 90, 93 (3d Cir. 1996) (citing *Mfr. Cas. Ins. Co. v. Goodville Mut. Cas. Co.*, 170 A.2d 571, 573 (Pa. 1961)).

19. The Sur Reply Brief also should be struck because contrary to the litany of admissions by Blackwater recognizing the Iraq War, which Blackwater failed to refute, Blackwater argues that the Decedents were not killed during war (Dkt. No. 70, at 5-6). *See, e.g., North Carolina Farm Bureau Mut. Ins. Co. v. Allen*, 553 S.E.2d 420, 423 (N.C. Ct. App. 2001); *Cody v. Connecticut Gen. Life. Ins. Co.*, 439 N.E.2d 234, 237 (Mass. 1982).

**WHEREFORE**, Defendant Liberty International Underwriters respectfully moves this Honorable Court to strike the Sur Reply of Plaintiffs, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. to the Reply Brief of Defendant Liberty International Underwriters filed in Support of the Motion for Summary Judgment of Liberty International Underwriters. A proposed form of Order is attached.

Dated: October 5, 2007                **POST & SCHELL, P.C.**

By:   */s/ John C. Sullivan*
      JOHN C. SULLIVAN, ESQUIRE
      Attorney ID # 32262
      Signature Validation Code: JCS7648
      CHRISTOPHER J. TELLNER, ESQUIRE
      Attorney ID # 204204
      Signature Validation Code: CJT6757
      Four Penn Center.
      1600 John F. Kennedy Boulevard
      Philadelphia, PA  19103-2808
      (215) 587-1000
      *Attorneys for Defendant,*
      *Liberty International Underwriters*
      *improperly named as Liberty Insurance*
      *Underwriters*