BLACKWATER SECURITY CONSULTING, LLC et al v. WESTCHESTER SURPLUS LINES INSURANCE COMPANY et al
Case 2:05-cv-06020-PBT   Document 72-6   Filed 10/11/2007   Page 1 of 4
Doc. 72 Att. 5

# EXHIBIT B

Dockets.Justia.com

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen M. Ryan
Attorney at Law
sryan@mwe.com
202.756.8333

September 24, 2007

The Honorable Henry A. Waxman, Chairman
The Honorable Tom Davis, Ranking Minority Member
House Committee on Oversight and Government Reform
2157 Rayburn House Office Building
Washington, D.C. 20515

Re: **Blackwater Hearing/Department of State Instructions/Operational Security/Documents**

Dear Mr. Chairman and Congressman Davis:

I am writing in response to the Committee's letter of September 21, 2007, regarding the Committee's intention to hold a hearing on Tuesday, October 2, 2007, regarding the mission and performance of Blackwater USA in Iraq and Afghanistan.

At the outset, it is important for the Committee to understand the nature of the relationship between Blackwater USA and a number of other entities. Erik Prince is Chairman of The Prince Group, LLC. Blackwater is a trade name used by Blackwater Lodge and Training Center, Inc., a Delaware corporation of which The Prince Group, LLC is a corporate parent. Presidential Airways, Inc. also has The Prince Group, LLC as a parent, but is not a subsidiary of Blackwater USA. We are lead hearing counsel for Mr. Prince, The Prince Group, Blackwater USA, and Presidential Airways, Inc. We are also litigation counsel for Blackwater USA and Presidential Airways, Inc. in matters related to the October 2, 2007, hearing.

As we prepare our testimony for the October 2, 2007, hearing, I want to advise the Chairman and Ranking Member that Blackwater has received a letter from the U.S. Department of State ("DOS") dated September 20, 2007. That letter is appended. In summary, it directs Blackwater USA not to disclose any information concerning the contract without DOS pre-authorization in writing. In the fluid setting of a Congressional hearing it may become difficult, if not impossible, for Blackwater personnel to meet the terms of this letter, unless the Chairman or Ranking Member take action both in advance of the hearing and at the hearing to obtain DOS approval for disclosures that Blackwater would need to make for its testimony to be complete. We recognize that a separate and coordinate branch of government has an independent need for information, but this contractual direction from the DOS is unambiguous.

We also write today to ask that the Committee and its Members refrain from asking questions during the hearing that might reveal sensitive operational and technical information that could be utilized by our country's implacable enemies in Iraq. Examples of the type of detail that should be avoided in order to safeguard lives of Blackwater personnel and Department of State protectees include: how large a particular security contingent was; the specific identities of Blackwater personnel involved in an incident; how many weapons Blackwater could deploy at the incident; the nature of the weapons that we had at our disposal; the structure of how such convoys operate; and what response force is ready to move to their aid.

It is vital that documents produced by Blackwater and information provided be handled with the utmost care and highest level of confidentiality in order to protect the well-being of Blackwater's protectees, employees, independent contractors, and their respective families. Operational details and individual identities could be of use to enemy insurgents in Iraq and to other terrorists. The federal courts have recently recognized the sensitivity of information identical to what Blackwater is being asked to supply the Committee. *See Los Angeles Times Commc'n, LLC v. Dep't of the Army*, 442 F. Supp. 2d 880, 899 (C.D. Cal. 2006) (holding that the government properly withheld the names of private security contractors because "information about separate successful insurgent attacks together with the names of [private security contractors] affected by those attacks could enable the insurgents to conduct battle damage assessments and vulnerability assessments.") (internal quotation marks omitted); *Los Angeles Times Commc'n, LLC v. U.S. Dep't of Labor*, No. 06-1864, 2007 WL 1107257, at *5 (C.D. Cal. Mar. 31, 2007) (finding same because "individuals working with the U.S. or Allied forces, and by extension their families, are targets of terrorist groups in Iraq and Afghanistan . . . ."). While we recognize that FOIA does not apply to Congress, the underlying reasons for concern remain to be addressed.

We know you share our concern on these issues, but would appreciate some affirmative direction prior to and during the hearing should a Member of the Committee inadvertently seek the type of information that would be protected by either the DOS contractual requirements or the security and operational requirements just described. Blackwater can answer many questions without running afoul of either issue, and it is our intention to do so, but it would be equally possible that many questions that are asked could be structured in a way that would invade the contract requirements or the operational security requirement, and we would need your assistance in such instances.

We look forward to working with you to address such issues with protocols that, in other Committees, have included closing a portion of the hearing to protect such operational information from public disclosure, or permitting specific questions to be answered after DOS approval is obtained. If handled properly, these issues may not even come up at the hearing, but we wanted to write early in the week and raise these issues for your consideration.

### Committee Document Request

Late Friday night, September 21, 2007, The Prince Group received a document request from the Committee that requests 18 or more categories of documents from The Prince Group, Blackwater USA, and any affiliated companies, and information concerning a dozen or more specific events or issues. We have begun to collect these materials and prepare them for production. We will provide materials to the Committee on a rolling basis as possible, including next weekend, but it will **not** be possible for this document production to be completed by the due date in the letter of September 27, 2007, four business days after receipt, nor is it likely to be completed by the hearing date. As discussed above, many of the documents that we collect cannot be produced without State Department permission. As we find such documents, they will be turned over to the State Department for approval to release to the Committee.

While The Prince Group will do everything possible to meet the terms of your request, the Committee staff may wish to contact me and Beth Nolan of Crowell & Moring to prioritize the incidents and categories of documents to ensure the matters of greatest importance to the Committee can be produced.

Thank you for your consideration of our requests.

Sincerely,

[signature]

Stephen M. Ryan

cc: Beth Nolan
     Theodore Chuang
     Christopher Davis