IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE CO., et al., <br><br> Defendants. | CIVIL ACTION <br><br><br> NO. 05-6020 (PBT) <br><br><br><br> JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant Liberty International Underwriters' ("Liberty") Motion to Strike the Sur-Reply of Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Blackwater"), and Blackwater's Response in Opposition thereto, it is hereby ORDERED that said Motion is DENIED, and the Sur-Reply of Blackwater shall remain on the docket.

_____
The Honorable Petrese B. Tucker

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE CO., et al.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 05-6020 (PBT)<br><br>Hon. Petrese B. Tucker<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
LIBERTY INTERNATIONAL UNDERWRITERS' MOTION TO STRIKE**

Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater"), pursuant to Local Rule of Civil Procedure 7.1, hereby answer the numbered averments in the Motion of Defendant Liberty International Underwriters ("Liberty") to Strike Blackwater's Sur-Reply to the Reply Brief that Liberty filed in connection with Liberty's Motion for Summary Judgment, further explained in the accompanying Memorandum of Law, as follows:

1.　　Admitted.

2.　　Admitted.

3.　　Admitted.

4.　　Denied as stated. On or about July 27, 2007, Liberty filed a Motion for Summary Judgment against Blackwater, which included the Motion, Proposed Order, a 24-page Memorandum of Law in support thereof, Declaration, and 18 exhibits. It is denied that Liberty filed its Motion for Summary Judgment under Fed. R .Civ. P. 56(b), as Liberty's Motion for

Summary Judgment indicates that it was filed under Fed. R. Civ. P. 56(c). It is further averred that Your Honor's Procedures provide that the initial filing by a moving party moving under Fed. R. Civ. P. 56(b) (as Liberty is now contending it did), shall "**not exceed three (3) double-spaced, type-written pages**." See Judge Tucker's Procedures at 4 (emphasis in original). Liberty's Memorandum of Law in Support of its Motion for Summary Judgment alone was 24 pages, and Liberty filed nearly 400 pages in support of its Motion for Summary Judgment, and so did not file its Motion for Summary Judgment under Fed. R. Civ. P. 56(b).

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted, as the parties entered into the Stipulation before Liberty filed its Motion for Summary Judgment.

9. Admitted in part, denied in part. It is admitted that Judge Tucker's Procedures require the response of the non-moving party to be on or before the close of two (2) weeks from the initial filing of the moving party. It is denied that Blackwater had to adhere to that procedure in response to Liberty's Motion for Summary Judgment, which was not filed under Fed. R. Civ. P. 56(b).

10. Denied. It is denied that Liberty filed a Fed. R. Civ. P. 56(b) motion on July 27, 2007.

11. Admitted.

12. Admitted in part, denied in part. Judge Tucker's Procedures, under subsection 4. under the heading "General Motion Practice," provide in part that, "Reply briefs are generally not helpful and are discouraged by the court; as such, reply briefs cannot be filed without prior

2

leave of court. A reply brief is limited to a maximum of seven (7) pages, and must be filed within five (5) business days of the filing of the opposing party's response." It is admitted that Liberty filed a Reply brief on August 20, 2007. It is denied that the Reply was timely filed, as it was filed without prior leave of court.

13. Admitted in part, denied in part. It is admitted that Blackwater filed a Sur-Reply on September 12, 2007. It is denied that Liberty's Reply should have been the last brief filed in connection with Liberty's Motion for Summary Judgment

14. Denied.

15. Admitted.

16. Admitted in part, denied in part. It is admitted that Blackwater filed its Sur-Reply without seeking leave of Court. It is denied that Blackwater's filing of the Sur-Reply was in violation of Judge Tucker's Procedures.

17. Denied.

18. Denied.

19. Denied.

**WHEREFORE**, Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. respectfully request that the Court deny Liberty International Underwriters' Motion to Strike.

                Respectfully submitted,

                */s/ Carol C. Carty*
                Dennis J. Valenza
                Carol C. Carty
                Morgan, Lewis & Bockius LLP
                1701 Market Street
                Philadelphia, PA 19103-2921
                P: 215.963.5000
                F: 215.963.5001

                Paul A. Zevnik
                Howard T. Weir III
                Morgan, Lewis & Bockius LLP
                1111 Pennsylvania Avenue, NW
                Washington, DC 20004
                P: 202.739.3000
                F: 202.739.3001

Dated: October 22, 2007        Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE CO., et al.,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 05-6020 (PBT)<br><br>Hon. Petrese B. Tucker<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO LIBERTY INTERNATIONAL UNDERWRITERS' MOTION TO STRIKE**

Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater") respectfully submit this Response in opposition to excess carrier Liberty International Underwriters' ("Liberty") Motion to Strike the Sur-Reply of Blackwater in connection with Liberty's Motion for Summary Judgment. The Motion to Strike is nothing more than an eleventh-hour attempt to prevent this Court's denial of Liberty's Motion for Summary Judgment.

**I.　INTRODUCTION**

For the reasons set forth herein, Liberty's Motion to Strike is blatantly wrong in its entirety, and the Court can - and should - consider Blackwater's Sur-Reply that was filed with the Court. It is astonishing that in light of Your Honor's Procedures, Liberty claims that its Reply brief was timely and properly filed, but that Blackwater's Sur-Reply was impermissible. See Motion to Strike at 3-4.

Liberty's Motion to Strike is notable for what Liberty fails to disclose to the Court. Liberty has not disclosed that Your Honor's Procedures require that Liberty must have sought by a separate written request time to file its Reply in support of its Motion for Summary Judgment, but that it failed to do so. Liberty has not disclosed that Blackwater's counsel could have properly filed a Motion to Strike Liberty's Reply brief because Liberty filed the Reply without prior leave of Court as indicated in Your Honor's Procedures. Liberty fails to disclose that, as a professional courtesy, and due to the past motion practice of the parties in this action, Blackwater's counsel did not contest Liberty's filing of a Reply, but rather responded with a Sur-Reply, in accordance with the past practice of the parties. Liberty fails to disclose that its' Motion for Summary Judgment papers indicate that it was filing the Motion for Summary Judgment under Fed. R. Civ. P. 56(c), and not Fed. R. Civ. P. 56(b) as it now claims in its Motion to Strike. Liberty fails to disclose that it could not have filed its Motion for Summary Judgment under Fed. R. Civ. P. 56(b) as it now claims, because if that were the case, its initial filing would not have been permitted to exceed three (3) double-spaced typed pages, rather than the nearly 400 pages that it filed in connection with its Motion for Summary Judgment. See Judge Tucker's Procedures at 4.

Liberty's Motion to Strike constitutes wasteful and dilatory motion practice, because if Blackwater was not entitled to file a Sur-Reply, then Liberty was not entitled to file its Reply. Yet, regardless of the Court's decision in connection with the Motion to Strike, the same conclusion must be reached: the Court should dismiss Liberty's Motion for Summary Judgment.

2

## II.  ARGUMENT

### A.  Liberty Cannot Meet the Standard for a Motion to Strike.

Federal Rule of Civil Procedure 12(f) governs Motions to Strike, and provides that, "Upon motion made by a party within 20 days after the service of the pleading upon the party…the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Redundant" is defined in connection with motions to strike as, "[t]he statement of facts which are wholly foreign to the issue intended to be denied or the needless repetition of immaterial averments." See Burke v. Mesta Mach. Co., 5 F.R.D. 134, 138 (W.D. Pa. 1946) (denying motion to strike certain paragraphs of answer). The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber and Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa. 2002) (citation omitted). Significantly, motions to strike are disfavored and usually will be denied unless the allegations: (1) have no possible relation to the controversy, and (2) may cause prejudice to one of the parties. Id.

First, Liberty cannot meet the standard required for a motion to strike Blackwater's Sur-Reply because the Sur-Reply is directly relevant to Liberty's Motion for Summary Judgment, and did not contain facts wholly foreign to Liberty's Motion for Summary Judgment, or the needless repetition of arguments. Indeed, a motion to strike should only be granted when the material at issue bears no relation to the controversy and, here, the Sur-Reply was directly relevant to whether this Court should grant Liberty's Motion for Summary Judgment. See King v. M.R. Brown, Inc., 911 F.Supp. 161, 169 (E.D.Pa. 1995) (denying motion to strike because allegations may have been relevant to the issue before the court). Second, Liberty cannot establish that it has been prejudiced in any way by this supplemental submission. See United

3

States v. Witmer, 835 F.Supp. 208, 224 (M.D. Pa. 1993) (denying motion to strike, even where chosen procedure improper, because moving party suffered no prejudice). Liberty has had the opportunity to present its arguments to the Court in its initial Motion for Summary Judgment, and its Reply brief. Blackwater, however, would be severely prejudiced if the Court does not consider its Sur-Reply when ruling on Liberty's Motion for Summary Judgment, because the Sur-Reply responds to new arguments Liberty raised in its Reply.

Moreover, even assuming that Liberty's arguments have merit (which they do not), they are not grounds for striking the Sur-Reply, because the Sur-Reply involves issues, briefed by both parties, upon which this Court has yet to rule. See Burke, 5 F.R.D. at 139 (stating that "[a] motion to strike was never intended to furnish an opportunity for the determination of disputed and substantial questions of law"); Zappala v. Hub Foods, Inc., 683 F.Supp. 127 (W.D.Pa. 1988) (denying motion to strike a defense because such a motion is not the proper device for placing the merits of the pleadings in issue). Further, as explained below, it was proper for Blackwater to file a Sur-Reply after Liberty filed a Reply.

    **B.**    **Under Your Honor's Procedures, Liberty's Reply Was Improperly Filed, But Since Liberty Did File a Reply, Blackwater Had The Right to File a Sur-Reply.**

Local Rule of Civil Procedure 7.1 governs Motion Practice in the Eastern District of Pennsylvania. It provides that unless the parties have agreed upon a different schedule and such agreement is approved, or unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition within fourteen (14) days after service of the motion. See Local Rule 7.1(c). There is no dispute that Blackwater adhered to Local Rule 7.1 in connection with Liberty's Motion for Summary Judgment. The Local Rules do not provide for reply and sur-reply briefs, and it is within the Judges' of the Eastern District of Pennsylvania's discretion as to whether to permit the filing of replies and sur-replies. See Argonaut Ins. Co. v. I.E., Inc., et al.,

4

No. 97-4636, 1999 WL 163639 (E.D.Pa. March 22, 1999) (holding it is entirely within the Court's discretion as to whether replies and sur-replies will be considered, and denying motion to strike plaintiff's sur-reply). Further, contrary to Liberty's suggestion otherwise, there is no federal or local rule that sets forth the time requirements for filing a sur-reply brief. See Shanks v. Plumb-Town, Inc., No. 95-2166, 1996 WL 115971 (E.D.Pa. March 11, 1996) (denying motion to strike sur-reply because the submission of briefs is within the court's discretion, and Local Rule 7.1(c) does not set forth the time requirements for filing a sur-reply).

Liberty now contents that Blackwater's Sur-Reply should be stricken because the filing of a sur-reply contravenes Your Honor's Procedures. Yet, if the Sur-Reply was improperly filed, then so was Liberty's Reply. Indeed, Your Honor's Procedures provide:

**General Motion Practice**

**2.    Reply and Sur-Reply Briefs**

Judge Tucker generally discourages the filing of reply and sur-reply briefs. Requests for time to do so should be made by written motion.

See Judge Tucker's Procedures at 3. Liberty claims that it properly and timely filed its Reply brief. Yet, Your Honor's Procedures provide:

Reply briefs are generally not helpful and are discouraged by the court; as such, reply briefs cannot be filed without prior leave of court.

See Judge Tucker's Procedures at 4 [emphasis added]. Liberty did not seek prior leave of this Court before filing its Reply. Indeed, if Blackwater was not permitted to file a Sur-Reply as Liberty now contends, then Liberty was not permitted to file its Reply. Justice (and logic) dictates that if Liberty was entitled to file a Reply, then Blackwater was entitled to file a Sur-Reply.[1]

---

[1]    As explained above, Liberty cannot now claim that its Motion for Summary Judgment was filed under Fed. R. Civ. P. 56(b), and so it was entitled to file a Reply, because: (1) its Motion papers state that Liberty was

5

### C. The Parties' Practice In This Case Has Been To File Replies and Sur-Replies.

Blackwater recognizes that on August 3, 2007, Your Honor approved a Stipulation in connection with Blackwater's Motions for Partial Summary Judgment on the duty to defend. Blackwater's counsel had extended the professional courtesy of agreeing to the insurer defendants' request to file sur-replies in connection with Blackwater's Motions for Partial Summary Judgment on the duty to defend, and, in turn, the defendant insurers agreed to Blackwater's request to file reply briefs. Your Honor kindly approved the parties' Stipulation, to which Liberty's counsel was a signatory, suggesting a willingness to review all briefing of the parties. In accordance with the parties' past practice, Liberty filed a Reply brief in further support of its Motion for Summary Judgment. Liberty's counsel did not contact Blackwater's counsel before doing so, and did not seek leave of the Court before doing so. Accordingly, as the insurer defendants had done in connection with the other motions for summary judgment filed to date in this case, Blackwater filed a Sur-Reply to Liberty's Reply.

### D. Liberty Filed Its Motion To Strike Without First Contacting Blackwater's Counsel.

Your Honor's Procedures, under "Other General Matters," clearly provide that Your Honor "expects counsel to bring matters to [Your Honor's] attention only after they have been discussed with opposing counsel." Judge Tucker's Procedures at 10. Yet, Liberty's counsel made no attempts to contact Blackwater's counsel prior to filing its Motion to Strike.

---

filing the Motion under Fed. R. Civ. P. 56(c); and (2) Liberty did not adhere to any of the formatting, page limits or time deadlines set forth in Your Honor's Procedures for a filing under Fed. R. Civ. P. 56(b).

6

## III. <u>CONCLUSION</u>

For the foregoing reasons, Liberty International Underwriters' Motion to Strike the Sur-Reply of the Plaintiffs should be denied.

Respectfully submitted,

*/s/ Carol C. Carty*
Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000
F: 215.963.5001

Paul A. Zevnik
Howard T. Weir III
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P: 202.739.3000
F: 202.739.3001

Dated: October 22, 2007                Attorneys for Plaintiffs

7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon all counsel of record on October 22, 2007, by electronic filing and/or by mailing, first-class, postage prepaid, a true and correct copy thereof to the following:

Francis J. Deasey, Esq.
Michael F. Schleigh, Esq.
Deasey, Mahoney & Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

John C. Sullivan, Esq.
Post & Schell PC
1600 John F. Kennedy Blvd
Four Penn Center
Philadelphia, PA 19103-2808

L.D. Simmons, II, Esq.
Helms Mulliss & Wicker PLLC
201 North Tryon Street
Charlotte, NC 28202

Francis P. Burns, III, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106

Ronald P. Schiller, Esq.
DLA Piper Rudnick Gray Cary LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

Thomas T. Locke, Esq.
Seyfarth Shaw LLP
815 Connecticut Ave NW
Washington, DC 20006-4004

_____
Carol C. Carty