IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | NO. 05-6020 (PBT) |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | Hon. Petrese B. Tucker |
| Defendants. | JURY TRIAL DEMANDED |

## ORDER

AND NOW, this          day of                  , 2007, upon consideration of Defendant Liberty International Underwriters' Motion to File a Supplemental Brief in Support of its Motion for Summary Judgment, and Plaintiffs' Response in opposition, it is hereby ORDERED that said Motion to File is DENIED.

_____
The Honorable Petrese B. Tucker

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | CIVIL ACTION |
| Plaintiffs, | NO. 05-6020 (PBT) |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE CO., et al., | Hon. Petrese B. Tucker |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO LIBERTY INTERNATIONAL
UNDERWRITERS' MOTION TO FILE A SUPPLEMENTAL
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater"), pursuant to Local Rule of Civil Procedure 7.1, hereby answer the numbered averments in the Motion of Defendant Liberty International Underwriters ("Liberty") to File a Supplemental Brief in Support of its Motion for Summary Judgment, further explained in the accompanying Memorandum of Law, as follows:

1.  Denied as stated. On or about July 27, 2007, Liberty filed a Motion for Summary Judgment against Blackwater, which included the Motion, Proposed Order, a 24-page Memorandum of Law in support thereof, Declaration, and 18 exhibits.

2.  Admitted in part, denied in part. It is admitted that Liberty filed its Motion for Summary Judgment based on its claim that the War/Terrorism exclusion precludes coverage for the claims asserted by the plaintiffs in the underlying Nordan Litigation. It is denied that all of the plaintiffs in the Nordan Litigation are "Decedents."

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied as stated. Blackwater set forth its position as to why the War/Terrorism exclusion should not preclude coverage in connection with the underlying <u>Nordan</u> Litigation in the briefing in connection with Liberty's Motion for Summary Judgment.

7. Denied.

8. Denied.

WHEREFORE, as further explained in the accompanying Memorandum of Law, Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. respectfully request that the Court deny Liberty International Underwriters' Motion to File a Supplemental Brief in Support of its Motion for Summary Judgment, and that Liberty International Underwriters' Supplemental Brief be removed from the docket. However, should the Court grant Liberty International Underwriters' Motion to File a Supplemental Brief, and accept the Supplemental Brief, then Blackwater respectfully requests that the Court allow it time to file a Response to the Supplemental Brief.

Respectfully submitted,

_____
Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000
F: 215.963.5001

                                                         Paul A. Zevnik  
                                                         Howard T. Weir III  
                                                         Morgan, Lewis & Bockius LLP  
                                                         1111 Pennsylvania Avenue, NW  
                                                         Washington, DC 20004  
                                                         P: 202.739.3000  
                                                         F: 202.739.3001  

Dated:  October 29, 2007             Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE CO., et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 05-6020 (PBT)<br><br>Hon. Petrese B. Tucker<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO LIBERTY INTERNATIONAL UNDERWRITERS' MOTION TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater"), by and through their attorneys, respectfully submit this Memorandum of Law in opposition to Liberty International Underwriters' ("Liberty") Motion to File a Supplemental Brief in Support of its Motion for Summary Judgment.

**A. There Is No Legal Support For Liberty's Request To File A Supplemental Brief.**

Liberty filed its Motion for Summary Judgment in July 2007, and the Motion has been fully briefed. Months after filing its Motion, Liberty now seeks leave to file yet another brief in connection with its Motion. Liberty did not present any rule of the Court or case law to support its request, because a review of the relevant Court rules and case law dictates against the granting of Liberty's Motion to File. For instance, Federal Rule of Civil Procedure 1 provides that the Rules governing the procedures in United States district courts "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." See

Fed. R. Civ. P. 1. Absolutely none of those goals would be furthered by the granting of Liberty's Motion to File. Eastern District of Pennsylvania case law also suggests that the Court should deny the Motion to File. See, e.g., Womack v. National Action Fin. Serv.'s, No. 06-4935, 2007 WL 2155669 (E.D.Pa. July 25, 2007) (denying motion seeking leave to file supplemental brief to add an argument in support of a motion to dismiss). Here, there is no valid reason to support Liberty's request to file a supplemental memorandum. This is not a situation where there has been a change in the law since the initial briefing closed. Liberty devoted a substantial portion of its initial Motion for Summary Judgment to Blackwater's "admissions about war," and the new statements in connection with a Congressional hearing do not change the relevant analysis. See Liberty Motion for Summary Judgment, pp. 3-8.

**B.      Liberty Continues To Make The Same Argument.**

Liberty claims that these so-called new "admissions" prove that the War/Terrorism exclusion precludes coverage for the underlying action captioned Nordan v. Blackwater Security Consulting LLC, et al., 05 CVS 000173, and related litigation (the "Nordan Litigation"), filed in the Superior Court of North Carolina, Wake County against Blackwater and two individuals, Justin L. McQuown and Thomas Powell. The statements that Liberty selectively cites do not pertain to the circumstances under which the Decedents were murdered. As Blackwater explained in its Response and Sur-Reply briefs, the Decedents' deaths were not due to "war" or "insurrection," as the murderers of the Decedents were rogue killers and/or certain Fallujah citizenry who certainly were not soldiers and had no attributes of sovereignty. Blackwater also explained how, in Holiday Inns Inc. v. Aetna Ins. Co., 571 F. Supp. 1460 (S.D.N.Y. 1983), politicians and journalists referred to the events in Lebanon as a "civil war." "Civil war" was excluded in the policy at issue in that case and, just as Liberty is doing here, the insurer argued

2

that the exclusion for war, civil war and insurrection should preclude coverage. See Holiday Inns Inc. v. Aetna Ins. Co., 571 F. Supp. 1460 (S.D.N.Y. 1983). However, the court noted that its task was "to give the words at issue the insurance meaning," and held that there was coverage despite the label that people such as politicians and journalists had put on events. Holiday Inns, 571 F. Supp. at 1503. "Elements of intent, purpose, and sovereign status lie at the heart" of whether a "war" caused the loss. See id. (referring to how the Second Circuit in Pan Am. World Airways v. Aetna Cas. & Surety Co., 505 F.2d 989 (2d Cir. 1974) defined those elements). Here, the murderers had no requisite intent to overthrow a government, and no sovereign status. See id. (holding that while journalists and politicians continued to that day to refer to the cause of the loss as a "civil war," the court would not do so). Despite Liberty's suggestion to the contrary, Blackwater has never refuted the notion that the conflict in Iraq has been labeled in common parlance as the "Iraq War." However, just as in Holiday Inns and the other case law that Blackwater cited in its briefs in opposition to Liberty's Motion for Summary Judgment, the issue before this Court is not what label is put on the events in Iraq. Liberty continues to make the same argument it made in its Motion for Summary Judgment and Reply in support thereof, citing no case law that supports its position that the War/Terrorism Exclusion precludes coverage for the Nordan Litigation.

      In sum, Blackwater disagrees with the import of the misleading characterizations Liberty made about certain statements by Blackwater representatives, which Blackwater would address in any Response brief should the Court grant Liberty's Motion to File and permit a Response thereto. Yet, such statements are absolutely no basis for permitting a further round of briefing in connection with Liberty's Summary Judgment Motion. Blackwater invested the time, effort and money in responding to Liberty's Motion for Summary Judgment. Additional delay in the

3

adjudication of Liberty's Motion for Summary Judgment, which would result if Liberty's Motion to File a Supplemental Brief were granted, would unfairly prejudice Blackwater. Indeed, granting Liberty leave to file a supplemental brief would be futile, as the parties would merely repeat the same arguments already made in the initial briefing. Blackwater is entitled to the Court's resolving Liberty's Motion for Summary Judgment without going through another round of briefing on the same issues.

WHEREFORE, Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. respectfully request that the Motion to File a Supplemental Brief be denied, and that Liberty International Underwriters' Supplemental Brief be removed from the docket. However, should the Court grant Liberty International Underwriters' Motion to File a Supplemental Brief, and accept the Supplemental Brief, then Blackwater respectfully requests that the Court allow it time to file a Response to the Supplemental Brief.

Respectfully submitted,

_____
Dennis J. Valenza
Carol C. Carty
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
P: 215.963.5000
F: 215.963.5001

Paul A. Zevnik
Howard T. Weir III
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P: 202.739.3000
F: 202.739.3001

Dated: October 29, 2007                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon all counsel of record on October 29, 2007, by electronic filing and/or by mailing, first-class, postage prepaid, a true and correct copy thereof to the following:

Francis J. Deasey, Esq.
Michael F. Schleigh, Esq.
Deasey, Mahoney & Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

John C. Sullivan, Esq.
Post & Schell PC
1600 John F. Kennedy Blvd
Four Penn Center
Philadelphia, PA 19103-2808

L.D. Simmons, II, Esq.
Helms Mulliss & Wicker PLLC
201 North Tryon Street
Charlotte, NC 28202

Francis P. Burns, III, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106

Ronald P. Schiller, Esq.
DLA Piper Rudnick Gray Cary LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

Thomas T. Locke, Esq.
Seyfarth Shaw LLP
815 Connecticut Ave NW
Washington, DC 20006-4004

_____
Carol C. Carty