IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 05-6020 (PBT)<br><br>Hon. Petrese B. Tucker |

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S
MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
<u>MEMORANDUM OF LAW AND WRITTEN DISCOVERY</u>**

Defendant, Westchester Surplus Lines Insurance Company ("WSLIC"), through its undersigned counsel, and, pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7.1, respectfully moves for an order granting leave to file the attached Supplemental Memorandum of Law and Proposed Written Discovery in support of its pending Rule 56(f) Cross Motion to Take Discovery (Dkt. No. 60) based upon a new admission by Plaintiffs, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Blackwater"), which conclusively establishes that WSLIC is, in fact, providing a defense to Blackwater in the underlying *Nordan* action, and in support thereof WSLIC respectfully submits as follows:

<u>Background</u>

1.      Blackwater filed a Motion for Partial Summary Judgment against WSLIC on July 11, 2007 (the "Motion") (Dkt. Nos. 52, 65) which ostensibly seeks a judicial declaration that WSLIC owes a "duty to defend" in an underlying wrongful death and fraud action originally

filed against Blackwater (and others who are not parties to the within action) in the Superior Court of North Carolina, Wake County, captioned *Nordan v. Blackwater Security Consulting LLC, et al.*, 05 CVS 000173 ("*Nordan*" or the "*Nordan* action").

2. According to Blackwater, the <u>only</u> issue it seeks to adjudicate is whether WSLIC's duty "existed *at the time of tender*" (Dkt. No. 60) (emphasis in original), which is an issue Blackwater contends is to be determined solely by comparing the factual allegations in the underlying *Nordan* complaint to the WSLIC insurance policy.

3. Blackwater thus opposes conducting discovery, and by its Motion seeks to preclude WSLIC from conducting <u>any</u> discovery on what Blackwater would have the Court believe is the lone issue raised by its Motion, *to wit*, WSLIC's *initial* defense obligation.

4. WSLIC filed its Response to Blackwater's Motion, together with a Cross Motion to take discovery pursuant to Federal Rule of Civil Procedure 56(f), on August 10, 2007 (the "Cross Motion"). (Dkt. Nos. 60, 69.)

5. In its Cross Motion, WSLIC argues that the issue of whether it had an initial duty to defend is <u>moot</u>, and that Blackwater is using the duty to defend question as a shield in order to prevent WSLIC from conducting discovery on two other issues raised in Blackwater's Motion which <u>are</u> actually relevant: (a) whether there is a duty to *indemnify* Blackwater; and (b) whether the amount and scope of defense costs submitted to WSLIC for reimbursement by Blackwater are recoverable under the facts and circumstances of this case.

6. Accordingly, WSLIC's Cross Motion seeks an order permitting it to conduct the discovery it needs to evaluate and develop: (a) whether any of the policy provisions and exclusions on which WSLIC has reserved rights are or may be applicable to preclude coverage (*i.e.*, indemnity) in the *Nordan* action; and (b) the scope, reasonableness, and necessity of the extensive defense costs which Blackwater seeks to have reimbursed.

7. Blackwater filed a Reply on August 31, 2007. (Dkt. No. 65.)

8. WSLIC filed a Sur Reply on September 12, 2007. (Dkt. No. 69.)

9. The Motion and Cross Motion are currently pending before this Court.

### Blackwater's Admission Necessitates the Filing of a Supplemental Brief and Leave to Serve Written Discovery

10. By letter dated January 18, 2008, counsel for Blackwater acknowledged that WSLIC is, in fact, currently providing a defense to Blackwater in the *Nordan* action, stating:

> <u>Given that Westchester has already recognized its defense obligations subject to a reservation of rights</u>, Blackwater believes that mediation will best facilitate a cost effective resolution of the issues in connection with the reimbursement of defense costs.

A true and correct copy of Blackwater's January 18, 2008 letter is attached to the Declaration of Eric D. Freed ("Freed Decl.") as Exhibit A. (Freed Decl. Ex. A, pg. 3.) (Emphasis added.)[1]

11. It is appropriate for the Court to be aware of this admission because, as is detailed in the attached Supplemental Brief (Exhibit A hereto), it conclusively establishes that there is no justiciable controversy with regard to WSLIC's *initial* defense obligation, the sole issue Blackwater contends its Motion is intended to address.

12. In addition, the admission leaves no room for doubt that the purported basis for the Motion is pretextual. Despite Blackwater's frank acknowledgment that WSLIC is fulfilling the very defense obligation which its Motion ostensibly seeks to address, Blackwater has not withdrawn the Motion. This is a clear indication that what Blackwater really seeks to have this Court adjudicate is <u>not</u> whether WSLIC's initial defense obligation was triggered "at the time of tender," but rather whether WSLIC is obligated to *indemnify* Blackwater, and whether WSLIC

---

[1] Parenthetically, WSLIC agrees that mediation may resolve issues pertaining to the scope and reasonableness of potentially reimbursable defense costs.

3

must reimburse all costs incurred by Blackwater irrespective of whether they were reasonable and necessary to the defense of *Nordan*. WSLIC is entitled to discovery on these issues.

13. As is detailed more fully in the attached Supplemental Brief, WSLIC is entitled to obtain, and the Court should consider, facts outside the four corners of the *Nordan* complaint to determine WSLIC's obligation to ***indemnify***, if any, as well as the related question of whether it has an ongoing duty to defend Blackwater in the underlying *Nordan* action.

14. The discovery WSLIC seeks leave to file includes the request for production and request for admissions ("Proposed Written Discovery") attached hereto as Exhibits B and C, respectively. It seeks facts extrinsic to the *Nordan* complaint which WSLIC reasonably believes may enable it to later demonstrate in a separate motion that one or more of the policy provisions and/or exclusions upon which WSLIC has reserved rights applies, entitling WSLIC to an order that it has no duty to indemnify, and, accordingly, permitting WSLIC to withdraw its defense.

15. The majority of the discovery WSLIC seeks, and which the Court ultimately will be asked to consider, may be obtained from materials that have already been generated.

16. For example, the plaintiff in *Nordan* confirmed in a submission to the U.S. District Court for the Eastern District of North Carolina that he does <u>not</u> seek to recover damages from Blackwater based on negligent or accidental conduct, stating: "Neither of the causes of action [alleged in *Nordan*] are premised upon negligence or accidental conduct." A true and correct copy of Mr. Nordan's Memorandum of Law in Opposition to Blackwater's Motion to Dismiss is attached to the Freed Decl. as Exhibit B. (Freed Decl. at Ex. B, pg. 7.)

17. These statements appear to implicate the WSLIC policy's "occurrence" requirement, which plainly limits the coverage afforded by the WSLIC policy to "bodily injury" or "property damage" caused by an "occurrence" (*i.e.*, an "<u>accident</u>"). (Dkt. No. 60.)

18.  As another example, the decedents on whose behalf recovery is sought in the *Nordan* action were Blackwater "employees" at the time of their deaths.

19.  Blackwater has repeatedly made this very point in its court submissions, including a motion to dismiss it filed in the U.S. District Court for Eastern District of North Carolina, wherein it contends that because the decedents were Blackwater employees, their exclusive remedy is under the statutory compensation scheme provided by the Defense Base Act, 42 U.S.C. § 1651, *et seq.* A true and correct copy of Blackwater's Memorandum of Law in Support of its Motion to Dismiss is attached to the Freed Decl. as Exhibit C.

20.  These facts appear to implicate the WSLIC policy exclusion for "bodily injury" to an "employee" of Blackwater "arising out of and in the course of employment" by Blackwater "or performing duties related to the conduct of [Blackwater's] business." (Dkt. No. 60.)

21.  The foregoing are representative examples only. WSLIC reserves the right to raise in a subsequent motion the applicability of any and all other policy terms and exclusions on which it has reserved rights or otherwise, whether raised herein or not.

22.  Accordingly, WSLIC should be granted leave to file the attached Supplemental Brief and Proposed Written Discovery.

### Leave to Amend Should be Granted to Permit WSLIC to Withdraw its Pending Application for Discovery on Defense Costs

23.  As a related matter, and in connection with the pending Motion and Cross Motion only, WSLIC seeks the Court's permission to withdraw its Rule 56(f) application for discovery to the limited extent it seeks facts pertaining to the amount, reasonableness and/or necessity of the costs, fees and expenses which Blackwater may seek to have reimbursed. (Dkt. No. 60.)

24. WSLIC's application for permission to withdraw this limited portion of its pending Rule 56(f) application is predicated on Blackwater's express representation that, by its Motion, Blackwater "<u>does</u> <u>not</u> <u>seek</u> <u>a</u> <u>ruling</u> <u>on</u> <u>the</u> <u>amount</u> <u>of</u> <u>defense</u> <u>costs</u> <u>Westchester</u> <u>owes</u>" (Dkt. No. 65, pg. 3) (emphasis in original) and that the issue of defense costs is a "factual issue … which is not material or relevant to [its] Motion." (Dkt. No. 65, pg. 2.) In the event Blackwater seeks to recant or otherwise modify this representation, WSLIC reserves the right to renew its application for discovery on these issues.

### The Court Should Exercise its Discretion in Favor of Granting the Relief WSLIC Seeks

25. Whether to permit a party to file supplemental submissions is an issue within this Court's discretionary authority. *In re Repetitive Stress Injury Lit.*, 165 F.R.D. 367 (E.D.N.Y. 1996).

26. "As a general proposition, that discretion should be exercised in favor of granting such permission, lest the mechanics of motion practice be elevated over substance." *Id.* at 371. *See also*, 5 Wright and Miller, *Federal Practice and Procedure: Civil* 3d § 1194 (the courts possess discretion to permit a party to amend her motion, which is "especially appropriate if the adverse parties will not be prejudiced by the amendment to the motion, or if the amendment is necessary to insure that the case is adjudicated fairly and justly or if it will help resolve the litigation at an early date"); *Polaroid Corp. v. Feeley*, 889 F. Supp. 21, 24 (D. Mass. 1995) (same); *Tennessee Gas Pipeline Co. v. Continental Cas. Co.*, 814 F. Supp. 1302, 1311 (M.D. La. 1993) (same).

27. The Court should permit WSLIC to file the attached Supplemental Brief and Proposed Written Discovery and to amend its pending Rule 56(f) application. Blackwater's admission confirms that the <u>real</u> issues before the Court are dramatically different from the lone issue Blackwater highlights in its Motion, and that the <u>real</u> issues are those upon which the law

permits discovery. Granting the relief WSLIC seeks will insure that the case is adjudicated fairly and justly, which will not occur if the Court rushes to judgment and confines its analysis to the pretextual issue framed by Blackwater. Furthermore, permitting WSLIC to withdraw a portion of its pending application for discovery will streamline the issues presently before the Court. Accordingly, WSLIC respectfully requests that the within application be in all respects granted.

**WHEREFORE**, Defendant Westchester Surplus Lines Insurance Company respectfully moves this Honorable Court to grant the relief requested herein and enter the proposed form of order provided herewith. WSLIC respectfully requests oral argument.

Respectfully submitted,

BY: _____
Stephen A. Cozen
Eric D. Freed
C. Tyler Havey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
*Attorneys for Defendant, Westchester Surplus Lines Insurance Company*

Dated: March 7, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Leave to File a Supplemental Memorandum of Law (with annexed exhibits) and Declaration of Eric D. Freed (with annexed exhibits) was served upon all counsel of record on March 7, 2008, by electronic filing and/or by mailing, first-class, postage prepaid, a true and correct copy thereof to the following:

Dennis J. Valenza, Esq.
Carol C. Carty, Esq.
Morgan, Lewis & Brockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
*Attorneys for Blackwater Security Consulting, LLC, Blackwater Lodge and Training Center, Inc.*

John C. Sullivan, Esq.
Post & Schell PC
1600 John F. Kennedy Boulevard
Four Penn Center
Philadelphia, PA 19103-2808
*Attorney for Liberty Insurance Underwriters*

Ronald P. Schiller, Esq.
Michael Robert Carlson, Esq.
DLA Piper Rudnick Gray Cary LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103
*Attorneys for Continental Insurance Company*

Thomas T. Locke, Esq.
Seyfarth Shaw LLP
815 Connecticut Ave NW
Washington, DC 20006-4004
*Attorney for Continental Insurance Company*

Francis P. Burns, III, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106
*Attorney for Evanston Insurance Company*

L.D. Simmons, II, Esq.
Brian a. Kahn, Esq.
Helms Mullis & Wicker PLLC
201 North Tryon Street
Charlotte, NC 28202
*Attorney for Evanston Insurance Company*

C. Tyler Havey