BLACKWATER SECURITY CONSULTING, LLC et al v. WESTCHESTER SURPLUS LINES INSURANCE COMPANY et al  Doc. 80 Att. 1

# EXHIBIT A

# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation; EVANSTON INSURANCE COMPANY, an Illinois Corporation; FIDELITY AND CASUALTY COMPANY OF NEW YORK, a South Carolina Corporation; and LIBERTY INSURANCE UNDERWRITERS, a Massachusetts Corporation,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 05-6020 (PBT)<br><br>Hon. Petrese B. Tucker |

**DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY PURSUANT TO F.R.CIV.P. 56(f)**

Stephen A. Cozen
Eric D. Freed
C. Tyler Havey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215.665.2000 (tel.)
215.665.2013 (fax)

*Attorneys for Defendant, Westchester Surplus Lines Insurance Company*

# TABLE OF CONTENTS

                                                        **Page No.**

TABLE OF AUTHORITIES ................................................................................................. ii

FACTS ................................................................................................................................... 1

ARGUMENT .......................................................................................................................... 4

    A.    Blackwater's Admission Renders Moot any Purported Issue
          Concerning WSLIC's Initial Duty to Defend ................................................ 4

    B.    Discovery is Necessary Because the Court Must look Outside of
          the Complaint to Determine Whether WSLIC Must Indemnify and,
          if Not, Whether WSLIC has an Ongoing Duty to Defend ............................ 5

    C.    WSLIC's Proposed Written Discovery is Narrowly Tailored to
          Secure Facts Which are Material to Indemnity .............................................. 8

    D.    WSLIC Provisionally Withdraws its Application for Discovery on the
          Scope, Reasonableness, and Necessity of Defense Costs ............................ 11

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

Page No.

**CASES**

*Commercial Union Ins. Co. v. Pittsburgh Corning Corp.*,
   789 F.2d 214 (3d Cir. 1986) ---------------------------------------------------------------- 7

*Golden v. Zwickler*,
   394 U.S. 103 (1969). ----------------------------------------------------------------------- 4

*Lewis v. Continental Bank Corp.*
   494 U.S. 472 (1990) ------------------------------------------------------------------------ 5

*Murphy v. Hunt*,
   455 U.S. 478 (1982) --------------------------------------------------------------------- 4, 5

*Northland Ins. Co. v. Stranieri*,
   No. 3:06-CV-1809, 2007 WL 4300643 (M.D. Pa. Dec. 6, 2007) ---------------------------------- 7

*State Farm Fire & Cas. Co. v. Cooper*,
   No. CIV.A.00-5538, 2001 WL 1287574 (E.D. Pa. Oct. 24, 2001) ---------------------------- 6, 7, 8

*Strouss v. Fireman's Fund Ins. Co.*,
   No. CIV.A.03-5718, 2005 WL 418036 (E.D. Pa. Feb. 22, 2005) ---------------------------------- 7

*Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*,
   340 S.E.2d 374 (N.C. 1986) ------------------------------------------------------------------ 6

**STATUTES**

Defense Base Act, 42 U.S.C. § 1651, *et seq.* ------------------------------------------------- 10

Defendant, Westchester Surplus Lines Insurance Company (hereinafter "WSLIC"), through its undersigned counsel, respectfully submits this supplemental memorandum of law in support of the Rule 56(f) cross motion to take discovery (Dkt. Nos. 60, 69) it filed in response to a motion by plaintiffs, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. ("Blackwater"), which ostensibly seeks a judicial declaration as to WSLIC's ***initial*** defense obligation (the "Motion") (Dkt. Nos. 52, 65), and to serve the Proposed Written Discovery filed contemporaneously herewith.

A recent admission on the part of Blackwater conclusively establishes that the ***initial*** defense obligation Blackwater's Motion purportedly seeks to adjudicate is moot. By seeking to frame the issue as a question of whether WSLIC's duty to defend "existed *at the time of tender*", Blackwater seeks to preclude WSLIC from conducting discovery on issues which <u>are</u> ripe for adjudication by this Court, including (a) the existence of an obligation to indemnify Blackwater under the WSLIC insurance policy (which also bears directly on the question of whether WSLIC may have an ongoing defense obligation) and (b) whether the full scope and amount of defense costs Blackwater has incurred to date are reasonable and necessary for the defense of the underlying litigation. While Blackwater would have the Court prohibit all discovery on these issues, a proper determination of the <u>real</u> issues raised by Blackwater's Motion requires this Court to consider facts extrinsic to the underlying *Nordan* complaint. Accordingly, Blackwater's Motion should be denied as moot or, in the alternative, should not be ruled on by the Court until WSLIC has been provided an opportunity to conduct appropriate discovery and submit a supplemental brief in opposition.

I. <u>FACTS</u>

In January 2005, Richard P. Nordan, as Ancillary Administrator for the separate estates of four deceased Blackwater employees, filed the underlying civil action complaint against

Blackwater (and others who are not parties to the within action) alleging wrongful death and fraud. ("*Nordan*" or the "*Nordan* action".)

Blackwater subsequently tendered the defense of *Nordan* to WSLIC, who had issued a Commercial General Liability insurance policy to Blackwater for the policy period January 23, 2004 through January 23, 2005 ("policy"). The following language taken from the WSLIC policy's insuring agreement ties the contractual duty to defend to the indemnity coverage afforded therein: WSLIC "will have no duty to defend the Insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *See* Phillips Affidavit, Ex. 1, Part B (Form CG 00 57 09 99, pg. 1/1) (Dkt. No. 60).

In November 2005, Blackwater initiated this action for declaratory and other relief against WSLIC and three other insurers. Among other things, Blackwater alleges in its complaint that, "[d]espite [Blackwater's] timely notice and tender ... [the insurers] have failed or refused to defend, have failed or refused to pay or reimburse defense costs of their insureds, and failed or refused to agreed [sic] to pay for the cost of defense and settlement of the *Nordan* Suit[.]" (Dkt. No. 1, Complaint ¶ 8.) Before the parties had an opportunity to begin discovery, Blackwater filed preemptive motions for partial summary judgment against WSLIC and two of the three remaining insurers. (Dkt. Nos. 51-53.)

In its Motion against WSLIC, Blackwater contends that it seeks a ruling as to one issue only: whether WSLIC's duty to defend "existed ***at the time of tender***". (Dkt. No. 65, pg. 2.) (Emphasis in original.) WSLIC's initial defense obligation, Blackwater contends, is to be determined solely by comparing the factual allegations in the underlying *Nordan* complaint to the WSLIC insurance policy. (Dkt. Nos. 52, 60.) Blackwater thus opposes conducting discovery, and by its Motion it seeks to preclude all other parties from conducting any discovery in connection with it.

2

A careful reading of Blackwater's Motion reveals that WSLIC's initial defense obligation is <u>not</u> the only issue Blackwater raises. Blackwater also seeks to adjudicate whether any of the provisions or exclusions in the WSLIC policy may apply to preclude "coverage" (Dkt. 52, pg. 11), which is tantamount to a determination of whether WSLIC must ***indemnify*** Blackwater in *Nordan*, and further, that WSLIC must reimburse <u>all</u> past and future defense costs, regardless of whether they are reasonable and necessary and irrespective of whether they were incurred or are to be incurred in the defense of *Nordan* or in some other action or actions, which Blackwater collectively terms the "related litigation."[1] (Dkt. 52, pg. 1.)

WSLIC responded to Blackwater's Motion by filing a cross motion requesting leave to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f) ("Cross Motion") (Dkt. Nos. 60, 69) because the ***initial*** defense issue framed by Blackwater—the issue Blackwater argues is preclusive of WSLIC's right to conduct discovery—is <u>moot</u>, since WSLIC was already providing Blackwater with a defense to *Nordan*. WSLIC's agreement to defend is manifest in its May 18, 2005 letter to Blackwater that advises, in material part, as follows:

> [T]his is to advise you that WSLIC hereby reserves its rights to deny coverage, and does not waive any of its rights to deny coverage in any action that it takes regarding investigation of the matter, or defense of the lawsuit. ***
>
> In any action undertaken by WSLIC investigating, defending, making offers of settlement, or any other action regarding the claim or lawsuit, WSLIC hereby reserves its right to deny coverage.

---

[1] Although originally filed in the Superior Court of North Carolina, Wake County, No. 05 CVS 000173, various iterations of the *Nordan* action have since traveled through all manner of *fora*, including, but not limited to, state and federal trial courts, federal Courts of Appeal and the United States Supreme Court, proceedings before the United States Department of Labor, Congressional Hearings, and the American Arbitration Association International Centre for Dispute Resolution in New York. *See* Declaration of Eric D. Freed ("Freed Decl.") filed simultaneously herewith, at Exhibit A. (Freed Decl. at Ex. A, pgs. 2-3.)

> However, <u>WSLIC has agreed to undertake reimbursement for defense costs for litigation, that is reasonable defense costs, pursuant to the policy, and in conjunction with other carriers that may have coverage which may apply to the claim and any judgment entered in the lawsuit.</u>

*See* Phillips Decl., Ex. 5 (Dkt. No. 60). (Emphasis added.) Although the May 18, 2005 letter establishes the disingenuous nature of Blackwater's Motion, there is now incontrovertible proof of that contention. By letter dated January 18, 2008, counsel for Blackwater acknowledged that WSLIC is, in fact, currently providing a defense to Blackwater in the *Nordan* action, stating:

> <u>Given that Westchester has already recognized its defense obligations subject to a reservation of rights,</u> Blackwater believes that mediation will best facilitate a cost effective resolution of the issues in connection with the reimbursement of defense costs.

A true and correct copy of Blackwater's January 18, 2008 letter is attached hereto to the Freed Decl. as Exhibit A. (Freed Decl. Ex. A, pg. 3.) (Emphasis added.) This admission conclusively establishes that WSLIC's *initial* defense obligation is a moot issue, and is interposed only to preclude WSLIC from conducting discovery on other issues raised in Blackwater's Motion which <u>are</u> ripe for adjudication.

## II. ARGUMENT

### A. Blackwater's Admission Renders Moot any Purported Issue Concerning WSLIC's Initial Duty to Defend.

The ostensible issue of whether WSLIC's defense obligation "existed *at the time of tender*" is moot.[2] Article III of the United States Constitution provides that a federal court may exercise jurisdiction only where there is an actual case or controversy to be decided. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). A case or controversy becomes moot when the issues presented are no longer live or the plaintiff can no longer benefit from the relief requested.

---

[2] The "mootness" doctrine, and the "case or controversy" requirement from which it is derived, are fully briefed in WSLIC's pending Cross Motion. (Dkt. No. 60.)

4

*Murphy v. Hunt*, 455 U.S. 478, 481 (1982). "Mootness" thus refers to an event that occurs after the commencement of an action which resolves the controversy between the parties.

The mootness doctrine requires that the parties to a federal court action have a real controversy at every stage of the litigation, not only when the complaint is filed. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). The mootness doctrine is grounded in the principle that federal courts should avoid rendering advisory opinions on abstract propositions of law. *Id.*, 494 U.S. at 477.

Blackwater's admission confirms that the question it raises with regard to WSLIC's *initial* defense obligation is moot. WSLIC's May 18, 2005 letter establishes that WSLIC <u>agreed to provide</u> an initial defense and Blackwater's January 2008 admission confirms that WSLIC <u>has been and continues to fulfill</u> that obligation. Under these circumstances, which Blackwater now admits are present here, rendering a declaration on the discrete issue of whether WSLIC initially owed a duty to defend would be without effect, and would amount to little more than an improper advisory opinion. Accordingly, there is no reason for the Court to waste its time and resources on the issue of whether WSLIC had a defense obligation "at the time of tender." Because Blackwater admits this obligation is already being fulfilled, the Court should either deny Blackwater's motion outright or, at the very least, permit WSLIC to conduct the discovery to which it is entitled on the <u>real</u> issues before the Court.

      **B.**      **Discovery is Necessary Because the Court Must Look Outside of the Complaint to Determine Whether WSLIC Must Indemnify and, if Not, Whether WSLIC has an Ongoing Duty to Defend.**

Blackwater's January 18, 2008 letter leaves no room for doubt that the purported basis for its Motion is entirely pretextual. Indeed, despite Blackwater's frank acknowledgment that WSLIC is satisfying the very defense obligation which its Motion ostensibly seeks to address, Blackwater has not withdrawn the Motion. This is a clear indication that what Blackwater really

5

seeks to have this Court adjudicate is not whether WSLIC's *initial* defense obligation was triggered by the factual allegations in the *Nordan* complaint, but rather whether WSLIC is obligated to *indemnify* Blackwater and whether WSLIC must reimburse all costs incurred by Blackwater, irrespective of whether they were reasonable and necessary to the defense of the *Nordan* action.

The artifice of Blackwater's strategy is readily apparent. Apart from the pretextual defense issue it highlights, Blackwater seeks to have the Court declare that none of WSLIC's policy exclusions apply to exclude "coverage." But coverage is a concept synonymous with an insurer's *indemnity* obligation, not its initial obligation to defend. Thus, by framing the issue as an initial duty to defend question, Blackwater hopes to obtain a ruling on the indemnity and scope of defense cost issues without the benefit of evidence which would come to light during discovery. However, the type of facts which determine whether an insurer's defense obligation is triggered are different from the type of facts which determine whether it must also pay indemnity. Unlike an insurer's initial duty to defend, which is ordinarily determined by mere allegations of fact in the underlying complaint, an insurer's duty to indemnify is determined by the actual facts. *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 377 (N.C. 1986) (duty to defend ordinarily measured by facts as alleged in pleadings; duty to pay is measured by facts ultimately determined at trial); *State Farm Fire & Cas. Co. v. Cooper*, No. CIV.A.00-5538, 2001 WL 1287574, *4 (E.D. Pa. Oct. 24, 2001) (same).[3] Thus, in order for the Court to determine whether WSLIC's policy exclusions may apply, and, hence, whether WSLIC must indemnify here, the Court may and should look to facts extrinsic to the *Nordan* complaint.

Furthermore, and for the same reasons as those set forth above, the Court must also look to extrinsic facts to ascertain whether WSLIC may have an *ongoing* duty to defend. Although

---

[3] Attached hereto as Exhibit 1.

6

Blackwater impliedly contends otherwise, simply because WSLIC agreed to provide and is currently fulfilling its initial defense obligation does not mean that it must, as a matter of law, defend Blackwater indefinitely. There is no principle of law "that the duty to defend automatically 'attaches' at the outset of the litigation and cannot afterwards terminate." *Commercial Union Ins. Co. v. Pittsburgh Corning Corp.*, 789 F.2d 214, 218 (3d Cir. 1986). An insurer's initial duty to defend does "not necessarily remain frozen in stasis once it is triggered." *Northland Ins. Co. v. Stranieri*, No. 3:06-CV-1809, 2007 WL 4300643, *8 (M.D. Pa. Dec. 6, 2007)[4] (quoting *Strouss v. Fireman's Fund Ins. Co.*, No. CIV.A.03-5718, 2005 WL 418036, at *8 (E.D. Pa. Feb. 22, 2005).[5] Rather, "the duty to defend terminates when the insurer confines the possibility of recovery to claims outside the coverage of the policy." *Northland Ins. Co.*, at *8 (*quoting Strouss*, at *8).

The rationale for this rule is grounded in the language of the insurance contract between the parties. Where, as here, "the language of the insurance policy links the insurer's duty to defend to its duty to indemnify, absent other considerations, the insurer is not bound to defend where it cannot be bound to indemnify, regardless of when the duty to indemnify comes to an end."[6] *Cooper*, 2001 WL 1287574 at *3; *Northland Ins. Co.*, 2007 WL 4300643 *8 (same); *Strouss*, 2005 WL 418036 at *8 (same). In such a situation, "the insurer may withdraw its defense in the underlying litigation, absent prejudice to the insured." *Strouss*, 2005 WL 418036 at *id*; *Cooper*, 2001 WL 1287574 at *3 ("Under such circumstances, when the insurer is no longer bound to indemnify, the insurer may withdraw its defense even in 'mid-course' of the underlying litigation").

---

[4] Attached hereto as Exhibit 2.
[5] Attached hereto as Exhibit 3.
[6] WSLIC's policy provides that it "will have no duty to defend the Insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply," and thus unambiguously links its defense obligation to its indemnity obligation.

7

In sum, the real issues before the Court are WSLIC's duty to *indemnify* and the related issue of whether it must *continue* to provide Blackwater with a defense. WSLIC is entitled to obtain discovery extrinsic to the *Nordan* complaint on this issue, and to have this evidence considered by the Court. Indeed, as the Court in *Cooper* ruled:

> State Farm may rely upon evidence outside the underlying complaint to prove that it has no duty to indemnify the underlying claim. [Citation omitted.] Once State Farm can confine the claim in the Cooper Action to be outside the coverage of the insurance policy, it no longer has a duty to defend the underlying action. Consequently, this Court may look outside the four corners of the Cooper Action to determine both State Farm's obligation to indemnify and its ongoing duty to defend [the insured].

*Cooper*, 2001 WL 1287574 at *4. Accordingly, WSLIC's application to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f) should be granted.

### C. WSLIC's Proposed Written Discovery is Narrowly Tailored to Secure Facts Which are Material to Indemnity

The majority of the discovery WSLIC seeks, and which the Court will ultimately be asked to consider, may be obtained from materials that have already been generated in the *Nordan* action. According to Blackwater, the *Nordan* litigation is exceedingly well traveled, having had stops in some seventeen "separate but interrelated *fora*." *See* Freed Decl. at Ex. A, pgs. 2-3 (listing individual *fora*).

In particular, but not by way of limitation, the Proposed Written Discovery seeks to secure written discovery, documents, testimony and pleadings. The discovery is designed to obtain facts extrinsic to the *Nordan* complaint which WSLIC reasonably believes may enable it to later demonstrate in a separate motion that one or more of the policy provisions and/or exclusions upon which WSLIC has reserved rights applies, thereby entitling WSLIC to an order that it has no duty to indemnify, and, accordingly, permitting WSLIC to withdraw its defense.

For example,[7] in a submission to the U.S. District Court for Eastern District of North Carolina, Richard P. Nordan, the party plaintiff representing the interests of the four deceased Blackwater employees in the underlying *Nordan* action, clarified the allegations in the underlying complaint and confirmed that he seeks to recover against Blackwater, if at all, based upon Blackwater's allegedly intentional and fraudulent conduct, and <u>not</u> upon any alleged negligent or accidental conduct. A true and correct copy of Mr. Nordan's Memorandum of Law in Opposition to the Blackwater Defendants' Motion to Dismiss is attached to the Freed Decl. as Exhibit B. Specifically, Mr. Nordan states the following:

> On January 5, 2005, Plaintiff Richard P. Nordan [on behalf of decedents] ... filed a Complaint in North Carolina Superior Court, Wake County, alleging two state court causes of action for wrongful death and fraud. The Complaint alleges a very detailed set of facts regarding Defendants' <u>intentional</u> <u>conduct</u> in causing the deaths of [decedents], as well as Blackwater's <u>intentional</u> <u>conduct</u> of fraudulently inducing the Decedents to enter into their respective [service agreements].
>
> \*   \*   \*
>
> The Complaint further alleges that Blackwater engaged in fraudulent conduct by inducing the decedents to enter into their respective [service agreements], and the Defendants <u>knowingly</u> <u>and</u> <u>intentionally</u> caused the wrongful death of the Decedents. <u>Neither of the causes of action are premised upon negligence or accidental conduct</u>.

(*See* Freed Decl. at Ex. B, pgs. 3-4, 7.) (Emphasis added.)

Mr. Nordan's statements implicate the WSLIC policy's "occurrence" requirement, which plainly provides that coverage is extended only for "bodily injury" or "property damage" caused by an "occurrence" (*i.e.*, an "accident"). *See* Phillips Affidavit, Ex. 1, Part B (Form CG 00 57 09

---

[7] The following examples, which are taken from the parties' submissions in one or more of the allegedly "interrelated" *Nordan* proceedings, illustrate the relevance and materiality of some of the information which WSLIC's discovery is designed to secure. WSLIC reserves the right to raise in a subsequent motion the applicability of any and all other policy provisions and exclusions on which it has reserved rights or otherwise, whether raised herein or not.

99, pg. 1/1) (Dkt. No. 60). And, for similar reasons, these facts would also appear to implicate the policy exclusion for "bodily injury" or "property damage" that is "expected or intended from the standpoint of the insured." *See* Phillips Affidavit, Ex. 1, Part B (Form CG 00 01 10 01, pg. 2/16) (Dkt. No. 60).

As another example, the decedents on whose behalf recovery is sought in the *Nordan* action were Blackwater "employees" at the time of their deaths, a point Blackwater has repeatedly made in several of the motions and other submissions it has filed in the *Nordan* action and "related litigation," including a motion to dismiss it filed in the U.S. District Court for Eastern District of North Carolina. In it, Blackwater contends that because the decedents were Blackwater employees, their exclusive remedy is under the statutory compensation scheme provided by the Defense Base Act, 42 U.S.C. § 1651, *et seq.* A true and correct copy of Blackwater's Memorandum of Law in Support of its Motion to Dismiss is attached to the Freed Declaration as Exhibit C.[8]

These facts appear to implicate the WSLIC policy exclusion for "bodily injury" to an "employee" of Blackwater "arising out of and in the course of employment" by Blackwater "or performing duties related to the conduct of [Blackwater's] business." *See* Phillips Affidavit, Ex. 1, Part B (Form CG 00 01 10 01, pg. 2/16) (Dkt. No. 60).

WSLIC is entitled to develop these and any other facts which may bear on its potential duty to indemnify Blackwater in *Nordan*. Accordingly, WSLIC should be permitted to serve the attached Proposed Written Discovery without further delay by Blackwater.

---

[8] In fact, one of the underlying decedents, a Mr. Jerko Zovko, has apparently already been adjudicated by the U.S. Department of Labor as "performing service as an employee for" Blackwater at the time of his death. *See* Freed Decl. at Ex. C.

### D. WSLIC Provisionally Withdraws its Application for Discovery on the Scope, Reasonableness, and Necessity of Defense Costs.

Even though WSLIC is obligated to reimburse only those costs which are (1) reasonable and necessary (2) to the defense of the *Nordan* action, Blackwater nevertheless advises in its principal Memorandum that it seeks an order, as a matter of law, broadly obligating WSLIC to reimburse <u>all</u> costs, both incurred and to be incurred, not only in the defense of *Nordan* but in other "related litigation" as well.[9] WSLIC's Cross Motion thus requested discovery to evaluate the reasonableness and necessity of Blackwater's defense costs, and further, to ascertain which costs were incurred in actions other than in the defense of *Nordan*.

However, in its Reply Memorandum Blackwater concedes that the scope and quantum of defense costs presents a "factual issue ... which is not material or relevant to [its] Motion" (Dkt. No. 65, pg. 2), and that it "<u>does not seek a ruling on the amount of defense costs Westchester owes</u>." (Dkt. No. 65, pg. 3.) (Emphasis in the original.)

WSLIC agrees that the scope and reasonableness of defense costs is a factual issue. Based on Blackwater's express representation that it does not presently seek to adjudicate these issues, and in connection with the pending Motion and Cross Motion <u>only</u>, WSLIC hereby withdraws its Rule 56(f) application for discovery to the limited extent it seeks information pertaining to the amount, reasonableness, appropriateness and/or necessity of the costs, fees and expenses for which Blackwater may ultimately seek reimbursement.

### III. <u>CONCLUSION</u>

There is no basis for the Court to adjudicate the admittedly moot question of whether WSLIC's *initial* defense obligation was triggered by the *Nordan* complaint. WSLIC has recognized this obligation and is presently providing Blackwater with a defense, a fact that is

---

[9] Blackwater's Memorandum states that it seeks "an Order that [WSLIC] is obligated ... to reimburse Blackwater for the costs its has paid and incurred, and will pay and incur in the defense of the underlying [*Nordan*] action ... and related litigation." (Dkt. No. 52, pg. 1.)

11

now acknowledged by Blackwater. Moreover, the parties are in agreement that there is no need for the Court to ascertain the quantum of potentially reimbursable defense costs at this juncture.

Blackwater would nevertheless apparently have the Court believe that its Motion must be decided now, without allowing the parties any discovery. The Court should decline Blackwater's invitation to rush to judgment, because denying the parties their rightful discovery would not only be inequitable, it would also be contrary to the law.

Whether there is or may be indemnity for Blackwater under the WSLIC policy, and, if not, whether WSLIC has an ongoing duty to defend, are the real issues before the Court. On these issues WSLIC is entitled to discovery. Accordingly, WSLIC's Rule 56(f) application to conduct discovery should be granted, and it should be permitted to serve the attached Proposed Written Discovery without any further delay. Oral argument is requested.

Respectfully submitted,

_____
Stephen A. Cozen
Eric D. Freed
C. Tyler Havey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215.665.2000 (tel.)
215.665.2013 (fax)

*Attorneys for Defendant, Westchester Surplus Lines Insurance Company*