# EXHIBIT 1

# EXHIBIT 1

Dockets.Justia.com


**C** State Farm Fire and Cas. Co. v. Cooper
E.D.Pa.,2001.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
STATE FARM FIRE AND CASUALTY
COMPANY, Plaintiff,
v.
In HWA Angela COOPER, Administratrix of the
Estate of Keith Cooper, Deceased, et al. Defendant.
**No. CIV.A. 00-5538.**

Oct. 24, 2001.

*MEMORANDUM*

Reed, S.J.

**\*1** Now before the Court is the motion of plaintiff State Farm Fire and Casualty Company ("State Farm") for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (Document No. 12), the cross-motion of defendant In HWA Angela Cooper ("A.Cooper") for summary judgment (Document No. 14), and the plaintiff's response thereto (Document No. 15). Plaintiff State Farm commenced this action seeking a declaration that it has no obligation to defend or indemnify defendant Stephen Loehrs in the underlying wrongful death action filed against him by defendant A. Cooper. For the reasons set forth below, the motion of plaintiff State Farm for summary judgment will be granted, and cross-motion of defendant A. Cooper for summary judgment will be denied.

**I. Background**

This action arises out of the unfortunate events that occurred on October 27, 1997, when defendant Loehrs and his friends beat and severely injured decedent Keith Cooper. Keith Cooper fell into a coma and eventually died as a result of his injuries on March 22, 1999. Consequently, defendant A. Cooper, Keith Cooper's widow, filed a wrongful death action in the Court of Common Pleas in Delaware County against Loehrs, among other defendants ("Cooper Action"). Count V and VI of the Cooper Action complaint assert wrongful death and survival claims against Loehrs and the other assailants, alleging negligence resulting from their excessive consumption of alcohol. (Cooper Action Complaint ¶

40-1.) Loehrs sought a defense and indemnity to the Cooper Action pursuant to a Homeowner's insurance policy issued by State Farm. After retaining counsel to defend Loehrs pursuant to a reservation of rights, State Farm instituted this action against A. Cooper and Loehrs seeking a declaration that it has no duty to defend or indemnify Loehrs.

**II. Legal Standard**

Federal Rule of Civil Procedure 56(c) states that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."For a dispute to be "genuine," the evidence must be such that a reasonable jury could return a verdict for the nonmoving party.*Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)*. If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts."*Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)*. The non-moving party may not rely merely upon bare assertions, conclusory allegations, or suspicions.*Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir.1982)*.

**III. Analysis**

**A. Language of the Policy**

**\*2** Section II of the insurance policy at issue provides that:

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will: 1. pay up to our limit of liability for the damages for which the insured is legally liable; and 2. provide a defense at our expense by counsel of our choice....

(Policy at 14.) The policy defines an "occurrence" as "an accident, including exposure to conditions, which results in: a. bodily injury; or b.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

property damage; during the policy period."(*Id.* at 2.) In addition, coverage under the policy does not apply to bodily injury which "is either expected or intended by an insured," or "which is the result of willful and malicious acts of the insured."(*Id.* at 15.)

**B. State Farm's Duty to Defend or Indemnify**[FN1]

> **FN1.** The parties agree that Pennsylvania law applies to the interpretation of the insurance policy and determination of State Farm's obligations thereunder.

The interpretation of an insurance policy is governed by the following rules of contract interpretation: (1) terms must be given their ordinary meaning; (2) ambiguous terms should be construed against the insurer; (3) "a term is ambiguous only if 'reasonably intelligent men on considering it in the context of the entire policy would honestly differ as to its meaning[;]' " and (4) the parties' "true intent must be determined not only from the language but from all the surrounding circumstances."*United States Auto. Assoc. v. Elitzky,* 358 Pa.Super. 362, 517 A.2d 982, 986 (Pa.Super.Ct.1986) (quoting *Erie Ins. Exch. v. Transamerica Ins. Co.,* 352 Pa.Super. 78, 507 A.2d 389, 392 (Pa.Super.Ct.1986)). In determining the coverage under an insurance policy, the focus should be on the reasonable expectations of the parties. *Id.* at 985.

**1. Nature of the Underlying Complaint**

State Farm has moved for a declaration that it owes no duty as a matter of law to defend Loehrs because the underlying assault was an intentional act that does not qualify as an "occurrence" to trigger coverage under the policy. "The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage."*Britamco Underwriters v. Weiner,* 431 Pa.Super. 276, 636 A.2d 649, 651 (Pa.Super.Ct.1994). An insurer's duty to defend is determined solely by the allegations of the underlying lawsuit in light of the terms of the policy. *See Gene's Restaurant, Inc. v. Nationwide Ins. Co.,* 519 Pa. 306, 548 A.2d 246 (Pa.1988); *Elitzky,* 517 A.2d at 985 (Pa.Super.Ct.1986)."As long as the complaint comprehends an injury which may be within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a recovery that the policy does not cover."*Elitzky,* 517 A.2d at 985. If the claim alleged

may potentially fall within the coverage of the policy, the insurer is bound to defend, even if the suit is "groundless, false, or fraudulent" and has "no basis in fact." *Weiner,* 636 A.2d at 651. Under Pennsylvania law, the particular cause of action pleaded is "not determinative of whether coverage has been triggered.... Instead, it is necessary to look at the factual allegations contained in the complaint."*Mutual Benefit Ins. Co. v. Haver,* 555 Pa. 534, 725 A.2d 743, 745 (Pa.1999). Thus, the initial inquiry into whether State Farm had a duty to defend Loehrs is confined to the four corners of the Cooper Action Complaint.

The Cooper Action complaint alleges the following facts. On or about October 27, 1999, Keith Cooper was "beaten" by five young men,[FN2] including defendant Loehrs. (Cooper Action Complaint ¶ 10.) The five assailants in question are all currently incarcerated. (*Id.* at ¶¶ 5-9, 725 A.2d 743.) The underlying complaint further alleges that Loehrs and the others were negligent by

> **FN2.** The Cooper Action Complaint in fact alleges an attack by six young men, (Cooper Action Complaint ¶ 10), but proceeds to name only five.

**\*3** a. consuming excessive quantities of alcohol and controlled substances and five of the Defendants [in the Cooper Action] had not attained the age of 21; b. consuming alcoholic beverages while under the legal age of 21; c. ignoring their awareness of their increasing intoxication; and d. other acts which may appear during the course of discovery.
(*Id.* at ¶ 40, 725 A.2d 743.) A. Cooper, the plaintiff in the underlying action, pleads that as a result of this negligence, Keith Cooper suffered fatal injuries. (*Id.* at ¶ 41, 725 A.2d 743.) The plaintiff in the underlying action has stated a claim for negligent, rather than an intentional, infliction of injury. Accordingly, under the allegations of the Cooper Action, A. Cooper appears to have pleaded an act of negligence that qualifies as an "occurrence" within the coverage of the policy, triggering the insurer's duty to defend.

State Farm argues that the factual allegations of the Cooper Action reveal an intentional act because an assault by its nature must be intentional. Inferring intent from an allegation of criminal activity is inappropriate where material issues exist as to the insured's subjective intent. *See Aetna Life and Cas.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Co. v. Barthelemy,* 33 F.3d 189, 192-93 (3d Cir.1994) (citing *Stidham v. Millvale Sportsmen's Club,* 421 Pa.Super. 548, 618 A.2d 945, 953 (Pa.Super.Ct.1992)). "An insured intends an injury if he desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result."[FN3] *Elitzky,* 517 A.2d at 989. Under Pennsylvania law, "imbibed intoxicants must be considered in determining if the actor has the ability to formulate an intent." *Stidham,* 618 A.2d at 953 (citing *Nationwide Mut. Ins. Co. v. Hassinger,* 325 Pa.Super. 484, 473 A.2d 171, 176 (Pa.Super.Ct.1984)) (reversing summary judgment granted to insurer where insured allegedly shot and killed victim during alcohol-induced "black-out")."If the actor does not have the ability to formulate an intent, the resulting act cannot be intentional."*Id.* Consequently, this Court may not infer intent from the mere fact of the assault, where the underlying complaint also alleged that the insured was incapable of forming intent.[FN4]

FN3. State Farm attempts to distinguish between, on one hand, the "subjective intent" test adopted by the *Elitzky* Court to analyze the "intended harm" exclusionary clause, and on the other hand, the test to measure intent for purposes of qualifying the event as an intentional "non-occurrence" not covered under the policy. However, the cases on which State Farm relies neither discuss nor adopt such a distinction. Indeed, the few Pennsylvania cases found that specifically disavow a "subjective intent" test for purposes of general insurance coverage are those that hold that a court may infer intent to harm as a matter of law only in extreme cases where there are allegations of child molestation. *See Aetna Cas. and Sur. Co. v. Roe,* 437 Pa.Super. 414, 650 A.2d 94, 102 (Pa.Super.Ct.1994); *Wiley v. State Farm Fire and Cas. Co.,* 995 F.2d 457 (3d Cir.1993). Outside of the context of sexual assault on children, intent cannot be inferred merely from allegations of a criminal act. *Barthelemy,* 33 F.3d at 192-93.

FN4. Although voluntary intoxication should be considered in determining subjective intent, it is not dispositive; subjective intent may be found even where the insured was intoxicated. *See State Farm Mut. Auto. Ins. Co. v. Martin,* 442 Pa.Super.

442, 660 A.2d 66, 67-68 (1995); *Nationwide Mut. Ins. Co. v. Hassinger,* 325 Pa.Super. 484, 473 A.2d 171, 176 (Pa.Super.Ct.1984).

2. Guilty Plea

Nevertheless, this Court's inquiry does not end here. State Farm's duty to defend is not necessarily frozen in stasis once it is triggered. "There is no principle of Pennsylvania law that the duty to defend automatically 'attaches' at the outset of the litigation and cannot afterwards terminate."*Commercial Union Ins. Co. v. Pittsburgh Corning Corp.,* 789 F.2d 214, 218 (3d Cir.1986). It is the duty of the insurer to defend "until it could confine the claim to a recovery that the policy did not cover."*Cadwallader v. New Amsterdam Cas. Co.,* 396 Pa. 582, 152 A.2d 484, 488 (Pa.1959) (citing *Lee v. Aetna Cas. & Sur. Co.,* 178 F.2d 750 (2d Cir.1949)). Where the language of the policy links the insurer's duty to defend to its duty to indemnify, "absent other considerations, the insurer is not bound to defend where it cannot be bound to indemnify, [ ] regardless of when the duty to indemnify comes to an end."*Pittsburgh Corning,* 789 F.2d at 218 (insurer's duty to defend terminates upon exhaustion of policy limits); *Maguire v. Ohio Cas. Ins. Co.,* 412 Pa.Super. 59, 602 A.2d 893, 895 (Pa.Super.Ct.1992) (holding same). Under such circumstances, when the insurer is no longer bound to indemnify, the insurer may withdraw its defense even in "mid-course" of the underlying litigation.[FN5] *See Pittsburgh Corning,* 789 F.2d at 217-18.

FN5. Nevertheless, the insurer "may not abruptly withdraw from the defense of a pending case if the manner of its withdrawal could prejudice the insured."*Pittsburgh Corning,* 789 F.2d at 217.

The language of the policy in the instant action states that "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage *to which this coverage applies...* [State Farm] will ... provide a defense."(Policy at 14.) (emphasis added.) According to the unambiguous contractual language of the policy, State Farm's duty to defend is coterminous with its duty to indemnify. Accordingly, to the extent State Farm can prove that it is not obligated to indemnify Loehrs for the claim in the underlying action, it may withdraw its defense, as long as it can do so without prejudicing the insured.

**\*4** The determination of the duty to indemnify is not limited to the facial allegations of the underlying complaint. "Unlike the duty to defend, the duty to indemnify cannot be determined merely on the basis of whether the factual allegations of the complaint potentially state a claim against the insured. Rather, there must be a determination that the insurer's policy actually covers a claimed incident."*Am. States Ins. Co. v. State Auto Ins. Co.,* 721 A.2d 56, 63 (Pa.Super.Ct.1998) (quoting *Pacific Indem. Co. v. Linn,* 590 F.Supp. 643 (E.D.Pa.1984), *aff'd,*766 F.2d 754 (3rd Cir.1985)). State Farm may rely upon evidence outside the underlying complaint to prove that it has no duty to indemnify the underlying claim. *See id.*(affirming trial court's acceptance of uncontested affidavit by insurer that vehicle in underlying accident was not within scope of insurance coverage for summary judgment determination of duty to indemnify despite breach of duty to defend). Once State Farm can confine the claim in the Cooper Action to be outside the coverage of the insurance policy, it no longer has a duty to defend the underlying action. Consequently, this Court may look outside the four corners of the Cooper Action complaint to determine both State Farm's obligation to indemnify and its ongoing duty to defend Loehrs.

State Farm argues that Loehrs pleaded guilty to aggravated assault and criminal conspiracy for his part in the attack of Keith Cooper, and that this plea precludes Loehrs from arguing that the attack was not intentional. "[A] guilty plea [to a criminal conviction] constitutes an admission to all of the facts averred in the indictment."*Commonwealth, Dep't of Transp. v. Mitchell,* 517 Pa. 203, 535 A.2d 581, 584-85 (1987). Thus, it may be used "to establish the operative facts in a subsequent civil case based on those same facts."*Id.* Such pleas must be carefully inspected to determine whether the elements of the crime to which the insured has pleaded establish the requisite intent. *Stidham,* 618 A.2d at 952-53 (insured's guilty plea to murder in third degree and aggravated assaulted does not preclude coverage as elements did not establish intent).

Stephen Loehrs pleaded guilty to one count of aggravated assault and one count of criminal conspiracy to commit aggravated assault.[FN6]Under Pennsylvania law, a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally,

knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."18 Pa.C.S. § 2702(a)(1). A criminal conspiracy is defined as follows:

> FN6. State Farm provides an uncontested copy of a transcript to the criminal trial of the other assailants, in which Loehrs testified that he pleaded guilty to "aggravated assault, possession of a deadly, [sic] and conspiracy to commit a crime," and that he understood what conspiracy and aggravated assault meant. (State Farm Exh. 1(D) at 224:5-14, 253: 5-7.) Defendant A. Cooper does not dispute these facts in her cross-motion for summary judgment.

**\*5** A person is guilty of conspiracy with another person or persons to commit a crime if *with the intent of promoting or facilitating its commission* he: 1. agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or 2. agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a) (emphasis added). A guilty plea constitutes a judicial admission, not only of the crime, but of all of the elements of the criminal charge. *See Commonwealth v. Hines,* 496 Pa. 555, 437 A.2d 1180, 1182 (Pa.1981). Therefore, by his plea of guilty, Loehrs admitted that he had intended to cause serious bodily injury to Keith Cooper.

"[S]ummary judgment may be granted based upon a guilty plea in a criminal case, the operative facts of which are identical to those which would be litigated in the civil case, and which, if proved, would establish the civil liability."*Mitchell,* 535 A.2d at 584. The judicial admission by Loehrs constitutes conclusive evidence of the intentional nature of his October 27, 1997 assault on Keith Cooper, the same event at issue in the Cooper Action. Moreover, this admission is bolstered by the testimony of Loehrs at the criminal trial of his co-assailants, in which Loehrs testified that he had gone to the Cooper residence, armed with a bat, "to fight" on the evening of October 27, 1997. (State Farm Exh. 1(D) at 226:22-23, 237:12, 241:14-17.) In addition, with regard to his physical state on the evening of the assault, Loehrs stated in his deposition testimony: "I didn't feel that I was drunk. I felt that I was maybe buzzed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

is the word. I felt that I still had, you know, my faculties about me. I felt okay to make rational decisions."(State Farm Exh. 2 at 22:9-16.) Thus, according to the insured's own admissions, Loehrs had the ability to formulate an intent, and in fact had acted with the intent, to assault the decedent. Consequently, the events of October 27, 1997, do not amount to an accident qualifying as an "occurrence" within the coverage of the policy. The assault also falls within the "intended harm" exclusionary clause of the policy, which bars coverage for bodily injury "which is either expected or intended by an insured."(Policy at 15.)

IV. Conclusion

For the foregoing reasons, I conclude that the beating alleged against Loehrs in the underlying action was an intentional act that does not constitute an occurrence subject to coverage under the State Farm policy and is otherwise excluded from coverage by the insurance policy at issue. I correspondingly conclude that State Farm is not obligated to defend or indemnify Loehrs for his part in the assault. There is no genuine issue of material fact as to the subjective intent of the insured when he assaulted the underlying plaintiff's decedent. Accordingly, the motion of State Farm for summary judgment will be granted, and the motion of A. Cooper for summary judgment will be denied. To the extent State Farm is currently defending Loehrs in the underlying action, State Farm will be allowed to withdraw its defense, but must do so in an orderly manner that will not prejudice the insured.

An appropriate Order follow.

*ORDER*

**\*6** AND NOW, this 24th day of October, 2001, upon consideration of the motion of plaintiff State Farm Fire and Casualty Company ("State Farm") (Doc. No. 12) for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), the cross-motion of defendant In Hwa Angela Cooper ("A.Cooper") for summary judgment (Document No. 14), and the plaintiff's response thereto (Document No. 15), and for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED that the motion of plaintiff State Farm for summary judgment is GRANTED and the cross-motion of defendant A. Cooper is DENIED.

It is therefore the declaration of this Court that plaintiff State Farm owes no duty to defend or indemnify defendant Stephen Loehrs in the underlying action filed by defendant A. Cooper in the Court of Common Pleas of Delaware County, Pennsylvania, No. 99-12915, and State Farm may withdraw its defense in an orderly manner so as not to prejudice Stephen Loehrs. It is FURTHER ORDERED that to the extent any party in the underlying action in the Court of Common Pleas, No. 99-12915, has obtained a judgment or in the future obtains a judgment against Stephen Loehrs requiring the payment of damages, expenses, costs or fees, plaintiff State Farm has no obligation to pay such amount.

E.D.Pa.,2001.
State Farm Fire and Cas. Co. v. Cooper
Not Reported in F.Supp.2d, 2001 WL 1287574 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.