fiction, and found nowhere in the Complaint.

The only other suggestion that the Defendants make in support of their assertion that the Decedents were working for the U.S. Armed Forces is an allegation in their Motion to Dismiss that the "Decedents were on a security mission to transport trucks within Iraq to U.S. Army Camp Ridgeway." [*Defendants' Memo of Law*: Pg. 2] However, simply because the Decedents were attempting to deliver something to a U.S. Army Camp does not mean that they were working subject to a contract with the United States government. By analogy, simply because an individual delivers a package to a U.S. Post Office does not mean the individual is working subject to a contract with the United States government.

In all, this court will be hard-pressed to find the existence of a contract between the Decedents and the United States government, which would bring their scope of employment within category 4 of Section 1651(a). Thus, not only are the Decedents not employees which would subject them to the provisions of the Defense Base Act, but their employment does not fall within any of the six categories articulated therein. Consequently, the Defense Base Act does not apply to the instant action.

### 3. Defendants' Intentional Conduct Does Not Fall Within the Defense Base Act.

The Complaint in this matter alleges two intentional torts for wrongful death and fraud. The factual allegations that support both of these causes of action are based exclusively upon intentional conduct: "BLACKWATER intentionally and knowingly failed to provide them with the protection, tools and information that it initially represented." [*Complaint*: ¶15.] "BLACKWATER intentionally and knowingly sent Helvenston, Teague, Zovko and Batalona

Dockets.Justia.com

into known harm's way without the needed and promised protections." [*Complaint*: ¶15.]

BLACKWATER, JUSTIN McQUOWN and TOM POWELL intentionally, deliberately and with

reckless disregard for their health and safety, sent Helvenston, Teague, Zovko and Batalona, and

each of them, into the very high-risk area of Fallujah, without the required [vehicles, weapons,

intelligence and logistics]." [*Complaint*: ¶69.]

However, the Defense Base Act, and by extension the Longshore and Harbor Workers'

Compensation Act ("LHWCA"), does not apply to intentional conduct, but instead applies only

to accidental or negligent conduct (similar to almost all state workers' compensation acts). In

*Bowen v. Aetna Life and Casualty Company*, 512 So.2d 248 (1987), the Florida Court of Appeals

found that although the Defense Base Act incorporates the Longshore and Harbor Workers

Compensation Act, the exclusivity provision of these Acts did not bar the Plaintiffs causes of

action for intentional torts. Relying upon a First Circuit federal court case construing the

Longshoreman's Act, the court in *Bowen* provided, in relevant part:

> The Defense Base Act incorporates the Longshoreman's Act *33 U.S.C. §901*, et
> seq.
> * * *
> On facts similar to those in this case, the court held that the exclusivity provision
> of the Longshoreman and Harbor Worker's Compensation Act is limited to
> accidental injury arising out of and in the course of employment.
> * * *
> A growing number of courts permit workers to penetrate the exclusive remedy
> shield in employment-related injuries where the basis of the action against the
> employer's insurer is an intentional malicious tort. [Citing a long line of federal
> and state cases.] *Id.* at 249-50.

Even the cases cited by the Defendants in support of their motion to dismiss clearly state

that, while negligent conduct falls within the exclusivity provision of the LHWCA, intentional

conduct does not. [*See Defendants' Memo of Law*: Pgs 7-8.] Therefore, in addition to the

Decedents not being "employees" under the Defense Base Act, and considering that the

Decedents were not engaged in the type of employment covered by the Defense Base Act, the

type of conduct alleged in the Complaint [intentional torts] falls outside the exclusivity

provisions of the Defense Base Act and by extension the Longshore and Harbor Workers'

Compensation Act. Consequently, the Defense Base Act and the LHWCA do not apply to this

case, and Defendants' Motion to Dismiss premised upon those acts must be denied.


**C.    The Decedents' Independent Contractor Service Agreements
Were Induced by Fraud and Are Unenforceable.**

The second basis upon which the Defendants have moved to dismiss the Plaintiff's action

is premised upon the releases, waivers and covenants contained in the Decedents' Independent

Contractor Service Agreements. Ironically, while the Defendants do not want to rely upon the

language in these agreements, which state that the Decedents were independent contractors, the

Defendants attempt to rely upon the language in the agreements which refer to the releases,

waivers and covenants not to sue. Nonetheless, the second cause of action in the Complaint is a

cause of action for rescission of these contracts, in that they were induced by fraud.

For the purpose of the instant motion to dismiss, all of the allegations contained in the

Complaint are deemed true. The Plaintiff has alleged facts that all of the Independent Contractor

Service Agreements were induced by fraud. As such, the Plaintiff is entitled to have these

contracts rescinded. To the extent that the contracts are rescinded, the provisions therein are

unenforceable. More specifically, the releases, waivers and covenants not to sue, upon which the

Defendants' rely, are unenforceable and cannot form a basis for the instant Motion to Dismiss.

Accepting as true the allegations in the Complaint that these contracts were entered into on the

basis of fraud, the contracts are unenforceable, and thus cannot serve as a ground for the

Defendants' Motion to Dismiss. Consequently, the Motion to Dismiss should be denied.

### 1. Only Matters Contained in the Complaint Should Be Considered In Connection with the Motion to Dismiss.

"Generally, when deciding a 12(b)(6) motion, courts may not consider documents that the

Plaintiffs have neither attached to nor incorporated by reference in the Complaint." *R.H. Damon*

*& Co., Inc. v Softkey Software Products, Inc.*, 811 F.Supp. 986, 989 (S.D.N.Y. 1993). "It is

elementary that the district judge, in considering the motions to dismiss the amended complaint,

had no right to consider any facts except those well-pleaded in the amended complaint." *Grand*

*Opera Co. v. Twentieth Century-Fox Film Corp.*, 235 F.2d 303, 307 (7th Cir. 1956).

In the instant case, the Plaintiff has not attached any documents, evidence, or contracts to

the Complaint. Moreover, the Plaintiff has not expressly incorporated by reference any

documents or contracts into the Complaint. This is contrary to the Defendants' position in their

Motion to Dismiss, wherein they claim that since the Independent Contractor Service

Agreements were *mentioned* in the Complaint, they must have been incorporated in by reference.

[*Defendants' Memo of Law*: fn 9]. This is simply not true, and Defendants cite no authority for

their proposition that the mention of a contract within a complaint automatically incorporates the

entire contract into the complaint. In fact, the law is contrary to Defendants' *ipse dixit* logic.

> "A document will not be considered incorporated by reference if only limited
> quotations are used in the Complaint. In *Berk*, the court held that documents
> attached to Defendant's motion to dismiss were not incorporated by reference
> where the complaint just summarizes the contents of the documents. In this
> instance, Plaintiff summarized representations made in the documents and only
> makes use of one short quotation from any of the documents attached to the
> defendant's motion. Thus, the court does not find that the defendant's documents

were incorporated by reference. Therefore, the court will exercise its discretion and not review the documents offered by the Defendant in ruling on its motion to dismiss." *Friedman v. Landsdale Parking Authority*, 151 F.R.D. 42, 44 (E.D. Pa. 1993); *see also Wood v. Brosse U.S.A., Inc.* 788 F.Supp. 772, 775 (S.D.N.Y. 1992) [Court declined to consider an agreement as incorporated into the complaint where plaintiff did not rely upon it in drafting the complaint.]

Nonetheless, in an effort to rely on some of the provisions in the Independent Contractor Service Agreements (and admittedly not others), the Defendants have attached as exhibits to their Memorandum of Law four Independent Contractor Service Agreements. However, the Plaintiff had not seen three of the four of these contracts prior to the service of the Defendants' Motion to Dismiss, and did not rely upon any of these three in the drafting of the Complaint.

Furthermore, there is no evidence currently before this court as to the authenticity of these documents. Considering that the Independent Contractor Service Agreements are not incorporated by reference into the Complaint, were not attached to the Complaint, and since there is no evidence of the authenticity of these documents, the Plaintiff respectfully requests that this court does not consider these matters outside of the pleadings. Consequently, only the factual allegations contained in the Complaint should be considered in connection with the Motion to Dismiss, which, when deemed true, establish that the contracts were entered into as a result of fraud, and thus are unenforceable and cannot form the basis of the Defendants' Motion to Dismiss.

2.     **The Exception to the General Rule Should Not Be Applied in This Case.**

There is an exception to the general rule that matters outside the complaint should not be considered in connection with a motion to dismiss. The exception provides that when the court

considers matters outside of the pleadings in connection with a motion to dismiss, the motion

must be converted into a motion for summary judgment, and handled pursuant to Federal Rules

of Civil Procedure 56. This exception is articulated in Rule 12(b), which provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the
> pleading to state a claim upon which relief can be granted, matters outside the
> pleading are presented to and not excluded by the court, the motion should be
> treated as one for summary judgment and disposed of as provided in Rule 56, and
> all parties shall be given reasonable opportunity to present all material made
> pertinent to such a motion by Rule 56. Federal Rules of Civil Procedure 12(b).

However, the court has complete discretion whether to consider matters outside the

pleadings when reviewing a motion to dismiss. "A court has complete discretion to determine

whether or not to accept any material beyond the pleadings that is offered in conjunction with a

Defendant's Rule 12(b)(6) motion." *Friedman v. Landsdale Parking Authority*, 151 F.R.D. 42,

43 (E.D. Pa. 1993). "Rule 12(b) gives district courts two options when matters outside the

pleadings are presented in response to a 12(b)(6) motion: The court may exclude the additional

matter and decide the motion on the complaint alone or it may convert the motion into one for

summary judgment under *Fed. R. Civ. P. 56* and afford all parties the opportunity to present

supporting material." *Fonte v. Board of Managers of Continental Towers Condominium*, 848

F.2d 24, 25 (2nd Cir. 1988).

It is respectfully submitted that in the context of the instant action, the court should

exercise its discretion and exclude from its consideration the four Independent Contractor

Service Agreements attached by the Defendants to their motion to dismiss, but not incorporated

into the Complaint. In further support for this court exercising its discretion to exclude from its

consideration the Independent Contractor Service Agreements, a district court recently held that

if the validity of an outside document submitted by a Defendant in conjunction with a motion to

dismiss is in question, the court should decline to consider the contested document in connection with the motion to dismiss.

> Plaintiff disputes the validity of the Agreement. Given the opportunity for more factual development, he expects to be able to show that he was misled about the contents of the Release and due to his mental health problems, did not have the mental capacity to enter into a contract at the time. Because Defendant supplied the documents and Plaintiff challenges their validity, the court declines to incorporate the Agreement into the Amended Complaint for the purposes of the Motion to Dismiss. *Pouliot v. Town of Fairfield,* 184 F. Supp. 2d 38, 47 (D. Me. 2002).

In the instant case, the Plaintiff has expressly challenged the validity of the Independent Contractor Services Agreements by its Second Cause of Action for fraud in the inducement of said contracts. Considering that the validity of the contracts is a disputed issue in this case, and due to the lack of authenticity of said documents, this court should exercise its discretion in excluding from its consideration the Independent Contract Service Agreements, but instead decide the Motion to Dismiss based upon the allegations contained in the Complaint.

In the event that this court considers the Independent Contractor Service Agreements in connection with the instant Motion to Dismiss, the instant motion must be converted into a motion for summary judgment and handled pursuant to Rule 56. "As a general rule, if materials outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." *Carter v. Baltimore County,* 2002 U.S. App. LEXIS 14452, *4 (4th Cir. 2002).

However, simply by the Defendants having filed a Motion to Dismiss and attaching documents outside the pleadings, the instant Motion to Dismiss is not automatically converted into a Motion for Summary Judgment. Instead, this court must decide whether to consider said

evidence and, if so, issue an order converting the motion as such. *Finley Lines Joint Protective Board Unit 200 v. Norfolk Southern Corporation*, 109 F.3d 993, 995-96 (4th Cir. 1997); and *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Furthermore, since a motion for summary judgment pursuant to Rule 56 permits the parties to present evidence to establish controverted material facts, the parties are necessarily permitted the opportunity to conduct discovery. *See Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1995) ("Because Gay was not afforded an opportunity for reasonable discovery, the district court's treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion.").

To the extent that this court considers matters outside the pleadings in connection with the Motion to Dismiss, it will necessarily need to enter an order converting the motion into a motion for summary judgment and permit the parties to conduct discovery. As a practical matter, this process would be less efficient than simply denying the Motion to Dismiss and permitting the Defendants to later move for summary judgment.

In all, the Plaintiff respectfully requests that, if the court considers the Independent Contractor Service Agreements submitted by the Defendants in connection with their Motion to Dismiss, the court enter an order converting the instant motion to a motion to summary judgment, and permit the parties to conduct discovery. However, it is reasonably anticipated that there will exist controverted material facts in this case concerning whether the subject agreements were induced by fraud, which will nonetheless ultimately prohibit the granting of a motion for summary judgment.

### D. Plaintiff's Fraud Cause of Action is Plead With Sufficient Particularity.

Defendants' third basis supporting their Motion to Dismiss is premised upon the claim that the Plaintiff's fraud cause of action is not plead with sufficient particularity pursuant to Federal Rules of Civil Procedure 9(b). Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The Complaint contains 55 paragraphs of detailed factual allegations supporting the Plaintiff's two causes of action. In the Complaint, the Plaintiff <u>twice</u> states with particularity the facts concerning the fraudulent misrepresentations by the Defendants. [*Complaint*: ¶¶13-16 and 85-86.] The Plaintiff has alleged that BLACKWATER made false representations as to material facts [*Complaint*: ¶¶83-86]; that BLACKWATER knew these representations were false, or made them recklessly without any knowledge of their truth or falsity, as a positive assertion [*Complaint*: ¶87], that BLACKWATER made these representations with the intent to induce the Decedents to rely upon them [*Complaint*: ¶88], that the Decedents in fact reasonably relied on these misrepresentations of material facts [*Complaint*: ¶89]; and that the Plaintiff suffered damages as a proximate cause of BLACKWATER's fraudulent misrepresentations [*Complaint*: ¶91]. As such, the Plaintiff has alleged all of the necessary elements to state a cause of action for fraud. *See Howell v. Waters*, 82 N.C.App. 481, 484 (1986).

Nonetheless, the Defendants complain that these detailed factual allegations of fraud do not meet the particularity requirement of Rule 9(b). In doing so, the Defendants' claim that the Complaint lacks particularity with respect to the time and place of the circumstances surrounding these fraudulent misrepresentations, and the identity of the person(s) making them. [*Defendants'*

26

*Memo of Law*: pgs 12-13]. However, the Plaintiff's Complaint <u>does</u> in fact allege this level of particularity with respect to its fraud cause of action.

First, with respect to the time of the alleged misrepresentations, the Complaint clearly alleges the time period in which these fraudulent misrepresentations were made. Paragraph 30 of the Complaint indicates that the misrepresentations were made prior to the Decedents entering into their Independent Contractor Service Agreements. [*Complaint* ¶ 30.] Paragraph 31 of the Complaint indicates that the Decedents entered into their Independent Contractor Service Agreements on March 25, 2004. [*Complaint* ¶ 31.] As such, the Complaint has placed the Defendants on notice of the relevant time period in which the fraudulent misrepresentations were made.

Second, the Plaintiff complains that the identify of the person(s) making the misrepresentations has not been alleged in the Complaint. However, Paragraph 85 of the Complaint specifically identifies Brian Berrey and Mike Rush, as the Directors of BLACKWATER, who made the fraudulent misrepresentations, as well as a detailed description of the misrepresentations made by them. [*Complaint*: ¶85.]

Therefore, considering the detailed description of the contents of the fraudulent misrepresentations, as well as the time period and the identity of the individuals making the misrepresentations, the Plaintiff's Complaint pleads its second cause of action for fraud with sufficient particularity pursuant to Rule 9(b).

The *only* factor that the Defendants complain of which may not be included in the Complaint is with respect to the "place" of the misrepresentations. However, while courts have held that time, place, contents and identity of speaker are elements *more than* sufficient to meet

27

the particularity requirement of Rule 9(b), they are not all necessarily needed or required to meet

the Rule 9(b) pleading standard. In fact, Rule 9(b) itself does <u>not</u> require that time, place, content

and identity of speaker be alleged to state a cause of action for fraud. Instead, Rule 9(b) only

requires that the cause of action be stated "with particularity." Federal Rules of Civil Procedure

9(b). "[A]ll that is required is to put the Defendant on sufficient notice of the claims to which a

response is necessary. If the Defendant can prepare an adequate answer to the complaint, the

requirements of Rule 9(b) have been met." *Republic Envtl. Sys. (PA) v. Reichhold Chems.*, 154

F.R.D. 130, 132 (D.Pa. 1994). The requirement of pleading fraud with particularity pursuant to

Rule 9(b) was artfully articulated by the Third Circuit in *Seville Industrial Machinery Corp. v.*

*Southmost Machinery Corp.* 742 F.2d 786, 791 (3rd Cir. 1984).

> We approach this question mindful of our recent admonition that in applying Rule 9(b), focusing exclusively on its particularity language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules. We conclude that the district court subjected [plaintiff's] allegations of fraud to too strict a scrutiny. Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. <u>It is certainly true that the allegations of "date, place or time" fulfill these functions but nothing in the rule requires them.</u> Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud. [Emphasis added.] *Id.* at 791.

In the instant case, the Plaintiff's Complaint alleges in great detail the contents of the

fraudulent misrepresentations, the identity of the speakers, and the time period in which they

were made. To the extent the Complaint does not allege a particular location, the Defendants

have nonetheless been placed on notice of the circumstances surrounding their fraudulent

misrepresentations and are clearly able to fashion a response thereto. Also, it is worth noting that

the individuals who would ordinarily be able to supply any further particularity with respect to

28

the fraudulent conduct of the Defendants (which is frankly unnecessary at this pleading stage), are all deceased. Consequently, the Defendants should not benefit from the deaths of these individuals, by claiming that further particularity concerning their fraudulent conduct is needed.

Finally, Defendants complain that fraud cannot be alleged against groups of defendants. However, the cases cited by the defendants refer to different individuals and unrelated corporate entities. In the instant case, Blackwater Security Consulting, LLC, is a wholly-owned subsidiary of Blackwater Lodge and Training Center, Inc., who is its sole member/manager.[3] As such, considering that one of the BLACKWATER entities is a wholly-owned subsidiary of the other, it is entirely proper for the allegations of fraud to be alleged against both of these BLACKWATER Defendants.

Moreover, the allegations in the Complaint allege that the identity of the individuals making the fraudulent misrepresentations were directors of <u>both</u> BLACKWATER entities. (*Complaint*: ¶¶ 85 and 7]. Therefore, accepting these allegations as true, to the extent that the fraudulent misrepresentations were made by Brian Berrey and Mike Rush, in their capacity as directors of both BLACKWATER entities, the second cause of action for fraud is sufficiently alleged against both BLACKWATER Defendants.

In sum, the Complaint sets forth 55 paragraphs of detailed factual allegations, specifically outlining the fraudulent conduct of the Defendants. Not only is the content of the fraudulent

---

[3] Pursuant to Federal Rules Evidence 201, the Plaintiff respectfully requests that this court take judicial notice of the State of North Carolina, Department of the Secretary of State Application for Certificate of Authority for Limited Liability Company, a true and correct copy of which is attached hereto as Exhibit "A", which indicates that Blackwater Security Consulting, LLC, is wholly-owned and managed by Blackwater Lodge and Training Center, Inc. [*See Affidavit of Marc P. Miles*]

misrepresentations sufficiently articulated, but the time period and the identity of the individuals making those representations has also been alleged. In addition, all other elements of a cause of action for fraud have been plead. Consequently, it is respectfully requested that the court deny the Defendants' Motion to Dismiss the second cause of action under Rule 9(b).

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that this court lacks subject matter jurisdiction over this case and must remand it to state court without consideration of the instant motion to dismiss. Alternately, the motion to dismiss should be denied because: (1) the Defense Base Act does not apply to this action; (2) the releases, waivers and covenants in the Independent Contractor Service Agreements are unenforceable because they were induced by fraud; and (3) the Complaint pleads the circumstances surrounding the Defendants' fraud with sufficient particularity to permit them to fashion a response.

This __21st__ day of February 2005.

CALLAHAN & BLAINE, APLC

By: _____

DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)
MARC P. MILES (Cal. Bar No. 197741)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Fax: (714) 241-4445
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary
Administrator of the separate Estates of STEPHEN
S. HELVENSTON, MIKE R. TEAGUE, JERKO
GERALD ZOVKO and WESLEY J.K.
BATALONA

**KIRBY & HOLT, LLP**

By: _____

DAVID F. KIRBY (N.C. Bar No. 7841)
WILLIAM B. BYSTRYNSKI (N.C. Bar No. 20883)
P.O. Box 31665
Raleigh, North Carolina 27622
(919) 881-2111
Fax: (919) 781-8630
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary
Administrator of the separate Estates of STEPHEN
S. HELVENSTON, MIKE R. TEAGUE, JERKO
GERALD ZOVKO and WESLEY J.K.
BATALONA

**State of North Carolina**
**Department of the Secretary of State**

## APPLICATION FOR CERTIFICATE OF AUTHORITY
## FOR LIMITED LIABILITY COMPANY

Pursuant to §57C-7-04 of the General Statutes of North Carolina, the undersigned limited liability company hereby applies for a Certificate of Authority to transact business in the State of North Carolina, and for that purpose submits the following:

1. The name of the limited liability company is **Blackwater Security Consulting LLC** ;

   and if the limited liability company name is unavailable for use in the State of North Carolina, the name the limited

   liability company wishes to use is _____

2. The state or country under whose laws the limited liability company was formed is: **Delaware**

3. The date of formation was **01/28/02** ; its period of duration is: **perpetual**

4. Principal office information: (*Select either a or b.*)

   a. ☒ The limited liability company has a principal office.

      The street address and county of the principal office of the limited liability company is:

      Number and Street **850 Puddin Ridge Road**
      City, State, Zip Code **Moyock, NC 27958**           County **CAMDEN**

      The mailing address, *if different from the street address*, of the principal office of the corporation is:

      _____

   b. ☐ The limited liability company does not have a principal office.

5. The street address and county of the registered office in the State of North Carolina is:

   Number and Street **850 Puddin Ridge Road**

   City, State, Zip Code **Moyock, NC 27958**           County **CAMDEN**

6. The mailing address, *if different from the street address*, of the registered office in the State of North Carolina is:

   _____

7. The name of the registered agent in the State of North Carolina is: **Gary Jackson**

8. The names, titles, and usual business addresses of the current managers of the limited liability company are:
   *(use attachment if necessary)*

   _Name_                                                      _Business Address_

   Blackwater Lodge and Training          850 Puddin Ridge Rd; Moyock NC 27958
   Center, Inc. (sole Member
                          Manager)

9. Attached is a certificate of existence (or document of similar import), duly authenticated by the secretary of state or other official having custody of limited liability company records in the state or country of formation. **The Certificate of Existence must be less than six months old. A photocopy of the certification cannot be accepted.**

10. If the limited liability company is required to use a fictitious name in order to transact business in this State, a copy of the resolution of its managers adopting the fictitious name is attached.

11. This application will be effective upon filing, unless a delayed date and/or time is specified: _____

This the 17ᵗʰ day of September, 2003

Blackwater Security Consulting LLC
(by its sole member/Mgr. Blackwater Lodge & Training
_____  Center, Inc.)
        Name of Limited Liability Company

_____
        Signature of Manager

Steven F. Capace  (Secretary of
        Type or Print Name          Manager)

Notes:
1. **Filing fee is $250.** This document must be filed with the Secretary of State.

# Delaware

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "BLACKWATER SECURITY CONSULTING LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE THIRD DAY OF SEPTEMBER, A.D. 2003.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.



Harriet Smith Windsor, Secretary of State

3482975   8300

030569264

AUTHENTICATION: 2613700

DATE: 09-03-03

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **Plaintiff's Memorandum of Law in Opposition to the Blackwater Defendants' Motion to Dismiss** in the above-entitled action on all of parties to this cause by depositing a copy, postage prepaid, in the United States Mail, addressed as follows:

Fred F. Fielding
Margaret A. Ryan
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Kirk G. Warner
Mark A. Ash
*Attorneys for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

Ralph J. Caccia
William C. Crenshaw
Don R. Berthiaume
*Attorneys for Justin L. McQuown*
Powell Goldstein, LLP
901 New York Avenue, NW, 3rd Floor
Washington, DC 20001

Patricia L. Holland
Rachel Esposito
*Attorneys for Justin L. McQuown*
Cranfill, Sumner & Hartzog, L.L.P.
P. O. Box 27808
Raleigh, NC 27611-7808

This is 22nd day of February, 2005.

William B. Bystrynski
Kirby & Holt, L.L.P.