# EXHIBIT A

# EXHIBIT A

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Carol C. Carty
215.963.5331
ccarty@morganlewis.com

January 18, 2008

**Via FedEx**

Francis J. Deasey, Esq.
Michael F. Schleigh, Esq.
Deasey, Mahoney & Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Eric D. Freed, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Re: Blackwater Security Consulting, LLC, et al. v. Westchester Surplus Lines Ins. Co., et al., No. 05-6020 (E.D. Pa.)

Dear Counsel:

Please find enclosed for reimbursement, Bates-labeled BLACKW 00001 - BLACKW 01028, and marked CONFIDENTIAL, the invoices for the defense costs that Blackwater incurred in connection with the defense of the *Nordan v. Blackwater* litigation.[1] Also enclosed is a "master invoice," which includes the total amount owed at this time and a breakdown of the charges incurred for each firm representing Blackwater. Please keep these documents confidential.

The enclosed invoices are from a prominent national lead litigation defense counsel in Washington D.C.; a Supreme Court expert; a political question doctrine expert; and a legislative/government contracts expert, who was necessary only because Nordan's counsel requested a congressional investigation into the substance of the ongoing lawsuit. Five law firms were necessary because the actions and knowledge of three individuals (Messrs. McQuown, Potter, and Powell), one of whom is still a named co-defendant, may be imputed to Blackwater in any trial and those individuals for ethical reasons cannot be represented by Blackwater's counsel.

As you will see from the invoices, Blackwater's litigation defense team, which never consisted of more than seven law firms at any one time, worked together with public relations consultants.

---

[1] As the Nordan Litigation is continuing, Blackwater reserves the right to submit additional invoices to Westchester Surplus Lines Insurance Company as it receives them.

Such a team effort was required because of Nordan's counsel's aggressive efforts to influence the outcome of litigation through the press, for which Nordan's counsel was issued a formal "Letter of Warning."

Nordan has pursued the lawsuit in at least the following seventeen (17) separate but interrelated *fora*:

(1) Wade County Trial Court in Raleigh, North Carolina (Judge Stevens) ("Nordan I" and "Nordan II");

(2) North Carolina Appellate Court (appeal of Judge Stevens' discovery order in Nordan I, currently stayed);

(3) U.S. District Court for the Eastern District of North Carolina in Raleigh (Chief Judge Flanagan) (Nordan I);

(4) U.S. District Court for the Eastern District of North Carolina in Wilmington (Senior Judge Fox) (Petition for Order Directing Arbitration and Nordan II);

(5) U.S. Court of Appeals for the 4th Circuit (appeal of Judge Flanagan's Remand Order in Nordan I and Nordan's appeal of Judge Fox's grant of the Petition for Order Directing Arbitration);

(6) U.S. Supreme Court (petition for certiorari to the 4th Circuit in Nordan I);

(7) Alaskan Trial Court (Nordan's seeking enforcement of Judge Stevens' discovery order in Nordan I);

(8) U.S. Department of Labor District Director;

(9) U.S. Department of Labor Office of Administrative Law Judges (Judge Dorsey);

(10) U.S. Department of Labor Office of Administrative Law Judges (Judge Mills);

(11) U.S. Department of Labor Benefits Review Board;

(12) U.S. Court of Appeals for the 2nd Circuit;

(13) U.S. District Court for the Southern District of New York (Judge Holwell);

(14) U.S. House of Representatives (pursuant to a December 13, 2006, letter request by counsel for Nordan);

(15) Arbitration claims filed by Blackwater in the American Arbitration Association's ("AAA") International Centre for Dispute Resolution in New York;

(16) Arbitration claims filed by Nordan's Counsel in the AAA's Southeastern Regional Office (Atlanta);

(17) Office of North Carolina Bar Counsel (resulting thus far in at least one formal "Letter of Warning" to Nordan's counsel for violating "Rule 3.6. Trial Publicity").

As you know, Nordan's counsel is pursuing this lawsuit not only against Blackwater directly, but also against Blackwater indirectly through an individual co-defendant (who was employed by Blackwater at all relevant times, such that the Plaintiff Nordan will inevitably attempt to impute to Blackwater any liability against this individual), as well as against two former Blackwater independent contractors who are not named as a co-defendants but who nevertheless need separate counsel in the various *fora* where Blackwater must defend itself.

Last summer, attorneys for Nordan admitted publicly that they had already spent more than $2.5 million pursuing the Nordan Litigation. See M. Baker, "Families ask for money to continue lawsuit against Blackwater," Raleigh News & Observer (June 6, 2007). Also, the mainstream press has independently, and we think accurately, reported that, "Blackwater has got to win this one to deter other suits" says Scott Silliman, director of the Center on Law, Ethics and National Security at Duke University Law School. "All the other private contracting companies are watching this case." (www.usatoday.com/news/world/iraq/2007-06-10-fallujah-deaths_N.htm).

Given that Westchester has already recognized its defense obligations subject to a reservation of rights, Blackwater believes that mediation will best facilitate a cost effective resolution of the issues in connection with the reimbursement of its defense costs. To that end, Blackwater proposes that the parties use the services of a mediator who is skilled in mediating such matters.

Please promptly let us know how you would like to proceed.

Very truly yours,

*Carol C. Carty*

Carol C. Carty

Enclosures

cc: Howard T. Weir III, Esq.
Dennis J. Valenza, Esq.