IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKWATER SECURITY, CONSULTING, LLC, ET AL. Plaintiffs, | &#124;<br>&#124;<br>&#124;<br>&#124; CIVIL ACTION NO. 05-CV-6020 |
| v. | &#124;<br>&#124; |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, ET AL. Defendants. | &#124;<br>&#124;<br>&#124; |

## ORDER

**AND NOW,** on this ____ day of March, 2008, upon consideration of Defendant Liberty International Underwriters' Motion for Summary Judgment and (Doc. 55 & 62), Plaintiff's Response in Opposition (Doc. 61), **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.[1]

**IT IS FURTHER ORDERED** that the Plaintiff's sur-reply shall be **STRICKEN** from the record and will not be considered by the Court. (Docs. 70, 71 & 73). Defendant's Motion for Leave to File a Supplemental Brief in Support of its Motion for Summary Judgment is **DENIED.** (Doc. 72).

**BY THE COURT**:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] In its Memorandum of Law, Defendant, Liberty International raises several issues that it contends, entitles it to summary judgment on Plaintiff's claims. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under the governing law. Id. A party seeking summary judgment bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. After reviewing the record and the parties briefs, the Court finds that there remain material issues of fact that prevent summary judgment in favor of the Defendant.