IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

BLACKWATER SECURITY, |
CONSULTING, LLC, ET AL. |
    Plaintiffs, |
                            | CIVIL ACTION NO. 05-CV-6020
    v. |
                            |
WESTCHESTER SURPLUS LINES |
INSURANCE COMPANY, ET AL. |
    Defendants. |

**ORDER**

**AND NOW,** on this ____ day of May, 2008, upon consideration of Plaintiff's Motion for Partial Summary Judgment and (Doc. 51), and Defendant Continental's Response in Opposition or in the Alternative Motion for Partial Summary Judgment (Doc. 57), **IT IS HEREBY ORDERED** that both Motions are **DENIED**.[1]

**IT IS FURTHER ORDERED** that the Plaintiff's reply (Doc. 63) and Defendant's sur-reply (Doc. 67) shall be **STRICKEN** from the record and will not be considered by the Court.[2]

**BY THE COURT**:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] In its Memorandum of Law, both parties raise several issues that it contends, entitles them to partial summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under the governing law. Id. A party seeking summary judgment bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. After reviewing the record and the parties briefs, the Court finds that a factual issue exists as to whether the decedents were covered "employees" or independent contractors eligible for only limited coverage. The evidence necessary to resolve the issue is best reserved for discovery, thus making summary judgment at this stage inappropriate.

[2] From the Court's Standing Order dated July 2007 "Judge Tucker generally discourages the filing of reply and sur-reply briefs. Requests for time to do so should be made by written motion."

dockets.Justia.com